UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

LEEWARD CONSTRUCTION COMPANY, LTD.

                                    Petitioner,

                                                    *Case No: 1:12-cv-06280-LAK/GWG*

        -against-

AMERICAN UNIVERSITY OF ANTIGUA --
COLLEGE OF MEDICINE AND MANIPAL
EDUCATION AMERICAS, LLC f/k/a GCLR, LLC

                                    Respondents.

-------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## PETITION/MOTION TO CONFIRM ARBITRATION AWARD

Dated: Poughkeepsie, New York
       August 14, 2012

                                Respectfully Submitted:

                                **LEWIS & GREER, P. C.**
                                Attorneys for Petitioners
                                510 Haight Avenue, P. O. Box 2990
                                Poughkeepsie, New York  12603
                                Telephone: 845-454-1200

OF COUNSEL:
J. Scott Greer, Esq.

## PRELIMINARY STATEMENT

This proceeding arises out of a contract between the Leeward Construction Company, Ltd. ("Petitioner" or "Leeward") and American University of Antigua -- College of Medicine ("Respondent" or "AUA") for the construction of a medical school in St. Johns, Antigua. The General Conditions to the Contract contain an arbitration clause that requires the parties to arbitrate any claim that arises out of or is related to the Contract in accordance with the Construction Industry Rules of the American Arbitration Association. (Exhibit A, p. AUA 000036)On February 3, 2011, the Petitioner initiated an arbitration against the AUA and on June 22, 2012, a panel of three arbitrators certified a Final Award, in favor of the Petitioner, in the amount of EC $2,619,141.97 which converts to US $970,130.19,[1] plus interest at the rate of seven percent (7%) per annum as provided in the Award. (Exhibit B)  The Final Award was modified on August 8, 2012 to correct some minor clerical errors in the Award.  (Exhibit C; Exhibit D) Leeward submits this Memorandum of Law  in support of its Petition and Motion pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Award, 9 U.S.C. §201 *et seq.* for an order confirming the Final Arbitration Award, certified June 22, 2012 and modified on August 8, 2012, and for the entry of a money judgment against the Respondents in the amounts stated in the Award.

## STATEMENT OF FACTS

---

[1] The Arbitration Tribunal awarded damages in Eastern Carribean Dollars ("EC"). As of June 22, 2012 and August 8, 2012, the conversion rate for Eastern Caribbean dollars to United States dollars is 0.3704 United States dollars for each Eastern Caribbean dollar, and United States dollar to Eastern Caribbean dollar is 2.702 Eastern Caribbean dollars for each United States dollar. *See* http://www.likeforex.com. For purposes of this Petition/Motion, the Petitioner will reference the award going forward in both United States Dollars and Eastern Caribbean Dollars.

Leeward is a corporation duly organized and existing under the laws of the Commonwealth of Antigua and Barbuda, with office and principal place of business at All Saints Road, St. Johns, Antigua. The AUA is owned and operated by the Respondent Manipal Education Americas, LLC f/k/a GCLR, LLC, a limited liability company organized and existing under the laws of the State of New York, with office and principal place of business at 1 Battery Park Plaza, 33rd Floor, New York, New York:

On September 25, 2008, Leeward, as contractor, and the AUA, as owner, executed a contract for the construction of a medical school in St. Johns, Antigua.

The General Conditions to the Contract contain an arbitration agreement that reads as follows:

§ 4.6 ARBITRATION

§ 4.6.1 Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Sections 4.3.10, 9.10.4 and 9.10.5, shall, after decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to arbitration.

§ 4.6.2 Claims shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect. The demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association, and a copy shall be filed with the Architect. Location of any Arbitration will be Antigua.

(A copy of the Contract containing the arbitration agreement is annexed to the Petition and Motion as Exhibit "A.")

On February 3, 2011, Leeward commenced an arbitration proceeding with the American Arbitration Association International Center for Dispute Resolution ("AAA") to arbitrate claims arising out of or related to the Contract. Although the Arbitration Agreement provides for the

location of the arbitration to take place in Antigua, the parties stipulated and agreed to conduct the arbitration in Puerto Rico.   Pursuant to the Construction Industry Rules of American Arbitration Association, the AAA appointed a panel of three arbitrators to hear and determine the claims.

The arbitration hearing was heard at the Courtyard Marriott in Isla Verde, Puerto Rico from March 5, 2012 through March 9, 2012 and the Arbitrators declared the hearing closed and the case submitted for resolution on May 22, 2012.  By Final Award certified June 22, 2012 and modified August 8, 2012, the Arbitrators directed the AUA to pay damages to Leeward in the amount of $976,421.37, plus interest at the rate of seven percent (7%) per annum as provided in the Award.  (A copy of the Final Arbitration Award certified on June 22, 2012, is annexed to the Petition/Motion as Exhibit B; a copy of the Resolution dated August 9, 2012 modifying the Final Award is annexed hereto as Exhibit C; and a copy of the August 8, 2012 modified Final Award as modified on August 8, 2012 is annexed hereto as Exhibit D.)

| Award | Amount in US$/ EC$ | Comments | Date Interest Runs From | Interest Per Diem Amount in US$/ EC$ | Total Accrued Interest Through August 14, 2012 in US$/ EC$ | Total with Interest in US$/ EC$ |
|---|---|---|---|---|---|---|
| a.) Interest on the Payments Due and Unpaid | US$16,526.27/ EC$44,617.37 | This sum shall accrue interest of 7% per annum from the date of issuance of termination of the Project, October 31, 2009. | October 31, 2009 | US$3.17/ EC$8.56 | US$3,266.47/ EC$8,710.78 | US$19,752.75/ EC$53,328.15 |
| b.) Damages | US$86,181.02/ EC$232,670.13 | This sum shall accrue interest of 7% per annum from the date of issuance of this Final Award. | June 22, 2012 | US$16.53/ EC$44.62 | US$875.89/ EC$2,364.95 | US$87,056.99/ EC$235,035.08 |
| c.) Overhead and Profit for work deleted, omitted or modified. | US$297,208.68/ EC$802,399.25 | This sum shall accrue interest of 7% per annum from the date of issuance of termination of the Project, October 31, 2009. | October 31, 2009 | US$57.00/ EC$153.88 | US$58,024.91/ EC$156,654.71 | US$355,233.59/ EC$959,053.96 |

4

| | | | | | | |
|---|---|---|---|---|---|---|
| d.) Additional Preliminaries | US$176,968.62/ EC$477,777.04 | This sum shall accrue interest of 7% per annum from the date of issuance of termination of the Project, October 31, 2009. | October 31, 2009 | US$33.94/ EC$91.63 | US$34,550.09/ EC$93,277.79 | US$211,518.71/ EC$571,054.83 |
| e.) Change Order Work | US$70,453.85/ EC$190,210.19 | This sum shall accrue interest of 7% per annum from the date of issuance of termination of the Project, October 31, 2009. | October 31, 2009 | US$13.51/ EC$36.48 | US$13,754.91/ EC$37,135.28 | US$84,208.76/ EC$227,345.47 |
| f.) Retainage | US$218,566.74/ EC$590,083.00 | This sum shall not accrue any interest. Leeward shall submit to AUA all contractually required documentation as set forth in Section 9.10.2 of the General Conditions. Leeward will have a term of not more than 30 calendar days from the date of issuance of this Final Award to submit said documentation. Once Leeward has submitted all required documentation accordingly, AUA shall release the retainage in a term not to exceed 30 calendar days, upon after which such amount shall start accruing interest at the rate of 7% per annum. If Leeward fails to comply with Section 9.10.2, of the General conditions in the time hereby stated and granted the claim for such amount will be considered relinquished. Considering that this case is sub-judice; the herein referred notice may be made by counsel for Leeward to counsel for AUA , or by Leeward to AUA. | August 12, 2012 | US$41.92/ EC$113.17 | US$83.83/ EC$226.33 | US$218,650.58/ EC$590,309.33 |
| | Total Award US$865,905.19 EC$2,337,756.98 | | | | Total Accrued Interest: US$110,516.19 EC$298,369.84 | Total with Interest: US$976,421.37 EC$2,636,126.82 |

## ARGUMENT

Leeward seeks confirmation of the arbitration award and entry of judgment in accordance

therewith pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral

Awards, June 10, 1958 (the "Convention"), 21 U.S.T. 2517, as incorporated in to the Federal Arbitration Act, 9 U.S.C. §§201-208 (the "FAA").[2]

Under the Convention, which applies to international arbitrations, arbitrations between citizens of signatory states must be confirmed except when the court finds one of the grounds for refusal of recognition or enforcement specified in the Convention." *See* 9 U.S.C. §207; *Zeiler v. Deitsch*, 500 F.3d 157, 164 (2d Cir. 2007); *Commercial Risk Reinsurance Company Limited. v. Security Insurance Company of Hartford*, 526 F.Supp. 2d 424, 427 (SDNY 2007). Although the arbitration at issue occurred within the jurisdiction of the United States, the Convention governs confirmation of the arbitration award because Leeward is incorporated under the laws of Antigua, Leeward's principal office and place of business is located in Antigua, the underlying dispute concerns the construction of a medical school in Antigua, and the contract between Leeward and the AUA for the construction of the medical school, specifically provides that Antiguan Law shall apply to the interpretation of the Contract. *See Zeiler,* 500 F3d at 164 (even though the arbitration took place in New York it is international arbitration for the purposes of the FAA, for purposes of the FAA and subject to the Convention given the fact that the parties chose a foreign law to govern the arbitration and the commercial transactions issued in the arbitration had a clear international character); *See Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d at 19 (2d Cir. 1997), (the Convention applies to a domestic arbitration between two non-domestic parties and a United States corporation with respect to the performance of a contract in the Middle East); *Commercial,* 526 F.Supp 2d at 427 (the

---

[2] The Convention, also known as the "New York Convention" and the "1958 Convention" was enacted on June 10, 1958 and ratified by the United States on December 29, 1970. See *Yusuf Ahmed Alghanim & sons, W.L.L. v. Toys "R" Us, Inc.,* 126 F.3d 15 - 18 n.1. (2d Cir. 1997). The Commonwealth of Antigua and Barbuda ratified the Convention on February 2, 1989. *See* http://www.uncitral.org/uncitral/en/uncitral_texts/arbitration/NYConvention_status.html.

Convention applies to arbitration proceedings held in the United States involving at least one party that is not a United States citizen).

The confirmation of an arbitration award pursuant to the Convention and the FAA is a summary proceeding that merely converts what is already a final arbitration award into an enforceable judgment of the Court. *See Yusuf*, 126 F.3d at 23 (*citing Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984). The primary goal of arbitration is to resolve disputes efficiently without long and expensive litigation, and in furtherance of that goal, review of arbitration awards is extremely limited and the showing required to avoid summary confirmation is extremely high. *Id.* The Court must summarily confirm an arbitration award governed by the Convention unless the party opposing confirmation meets its heavy burden of proving one of the seven defenses for vacating the award under Article V(1) of the Convention. *See Zieler* 500 F.3d at 164; *Yusuf* 126 F.3d at 19.[3]  In addition, when an international arbitration governed by the Convention takes place within the United States, the court may also vacate the arbitration award upon any of the grounds set forth in Section 10 of the FAA for vacating a domestic arbitration. *See Zieler*, 500 F.3d at 164 (*Yusuf*, 126 F.3d at 21-23); 9 U.S.C. §10.

Annexed as Exhibit "A" to the Petition and Motion to Confirm the Arbitration Award is a signed copy of the Contract containing the Arbitration Agreement. Also annexed to the Petition and Motion as Exhibit "B" is a copy of the Final Award, certified on June 22, 2012; a copy of the

---

[3] Under Article V of the Convention, the grounds for vacating an arbitration award are: (a) incapacity of a party to the Arbitration Agreement; (b) failure to provide proper notice of the appointment of the arbitrator or of the arbitration proceeding; (c) the award exceeds the scope of the arbitration agreement; (d) the composition of the arbitral authority or procedure was not in accordance with the arbitration agreement; or (e) "the award has not yet become binding on the parties, or has been satisfied or suspended by a competent authority of the country in which, or under the law of which, that award was made."

Article V(2) of the Convention further provides that a court may refuse to enforce an arbitration award if the subject matter of the dispute is not capable of resolution by arbitration or if recognition or enforcement of the award would be contrary to public policy. *See Yusuf*, 126 F.3d at 19.

7

Resolution dated August 9, 2012 modifying the award as Exhibit "C;" and a copy of the Final Award, as modified on August 8, 2012 as Exhibit "D."

Pursuant to the Final Award, Leeward is entitled to Judgment in amount of US $976,421.37/EC $2,636,126.82 which includes interest as provided in the Award through August 14, 2012, no part of which has been paid, although duly demanded.

## CONCLUSION

For the reasons set forth herein, we respectfully request this Court to confirm the arbitration award in favor of the Petitioner, Leeward Construction Company, Ltd. and against the Respondent, American University of Antigua -- College of Medicine and to enter judgment against the Respondents.

Dated: August 14, 2012
       Poughkeepsie, New York

                                                J. Scott Greer, Esq. (JG2203)
                                                **LEWIS & GREER, P.C.**
                                                *Attorney for Petitioner,*
                                                *Leeward Construction Company, Ltd.*
                                                510 Haight Avenue, Suite 202
                                                Poughkeepsie, New York 12603
                                                Telephone: (845) 454-1200

To:     Mark S. Olinsky, Esq.
          Jonathan Jemison, Esq.
          Sills, Cummis & Gross, P.C.
          *Attorney for Respondents,*
          *American University of Antigua -- College of Medicine*
          *and Manipal Education Americas, LLC f/k/a GCLR, LLC,*
          The Legal Center
          One Riverfront Plaza
          Newark, New Jersey 07102-5400

US District        SOUTHERN DISTRICT OF NY

**COURT**

**STATE OF NEW YORK, COUNTY OF**        **Index No.**        **Year**

---

LEEWARD CONSTRUCTION COMPANY LIMITED

Petitioner,

-against-

AMERICAN UNIVERSITY OF ANTIGUA - COLLEGE OF MEDICINE,

Respondent..

---

**MEMORANDUM OF LAW IN SUPPORT OF NOTICE OF PETITION/MOTION TO CONFIRM ARBITRATION AWARD**

---

LEWIS & GREER, P.C.

*Attorney(s) for*

*Leeward Construction Company Ltd.*

*Office and Post Office Address, Telephone*

510 Haight Avenue, Suite 202

POUGHKEEPSIE, NEW YORK 12603

(845) 454-1200

---

**To**

Signature (Rule 130-1.1-a)

_____

Print name beneath

Service of a copy of the within is hereby admitted.

**Dated:** _____

**Attorney(s) for**

---

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order                 of which the within is a true copy
will be presented for settlement to the HON.     one of the judges of the
within named Court, at
on                  at             M.

Dated,

Yours, etc.

LEWIS & GREER, P.C.