# Exhibit A

# CHAPTER 33

## THE ARBITRATION ACT

Arrangement of Sections
Section

### PART I

*General Provisions*

1. Short title.
2. Authority of arbitrators and umpires to be irrevocable.
**3.** Death of party.
4. Bankruptcy.
5. Staying court proceedings where there is submission to arbitration.
6. Reference of interpleader issues to arbitration.

### PART II

*Arbitrators and Umpires*

7. When reference is to a single arbitrator.
8. Power of parties in certain cases to supply vacancy.
9. Umpires.
10. Agreements for reference to three arbitrators.
11. Power of court in certain cases to appoint an arbitrator or umpire.
12. Reference to official referee.

### PART III

*Conduct of Proceedings, Witnesses, etc.*

13. Conduct of proceedings, witnesses, etc.

### PART IV

*Provisions as to Awards*

14. Time for making award.
15. Interim awards.

**LAWS OF ANTIGUA AND BARBUDA**

2          **CAP. 33)**          *Arbitration*

16. Specific performance.
17. Awards to be final.
18. Power to correct slips.

## Part V

*Costs, Fees and Interest*

19. Costs.
20. Taxation of arbitrator's or umpire's fees.
21. Interest on awards.

## PART VI

*Special Cases, Remission and Setting Aside of Awards, etc.*

22. Statement of case.
**23.** Power to remit award.
24. Removal of arbitrator and setting aside of award.
25. Power of court to give relief where arbitrator is not impartial or the dispute involves question of fraud.
26. Power of court where arbitrator is removed or authority of arbitrator is revoked.

## Part VII

*Enforcement of Award*

27. Enforcement of award.

## Part VIII

*Miscellaneous*

28. Power of court to extend time for commencing arbitration proceedings.
29. Terms as to costs, etc.
30. Government to be bound.
31. Application of Parts I to VIII to statutory arbitrations.
32. Meaning of "arbitration agreement".

## Part IX

*Enforcement of Certain Foreign Awards*

33. Awards to which Part IX applies.
34. Effect of foreign awards.
35. Conditions for enforcement of foreign awards.

LAWS OF ANTIGUA AND BARBUDA

*Arbitration*                **(CAP. 33**              3

36. Evidence.
37. Meaning of "final award".
38. Saving for other rights, etc.
39. Saving for pending proceedings.
    SCHEDULES.

## FIRST SCHEDULE

Protocol on Arbitration Clauses signed at a Meeting of the Assembly of the League of Nations held on the twenty-fourth day of September, nineteen hundred and twenty-three.

## SECOND SCHEDULE

Convention on the Execution of Foreign Arbitral Awards signed at Geneva on the twenty-sixth day of September, nineteen hundred and twenty-seven.

————————

## ARBITRATION

*(15th August,* 1975.)            **12/1975.**

### PART I

*General Provisions*

**1.** This Act may be cited as the Arbitration Act.    Short title.

**2.** The authority of an arbitrator or umpire appointed by or by virtue of an arbitration agreement shall, unless a contrary intention is expressed in the agreement, be irrevocable except by leave of the High Court.    Authority of arbitrators and umpires to be irrevocable.

**3.** (1) An arbitration agreement shall not be discharged by the death of any party thereto either as respects the deceased or any other party, but shall in such an event be enforceable by or against the personal representative of the deceased.    Death of party.

*4*       *CAP. 33)*          *Arbitration*

(2) The authority of an arbitrator shall not be revoked by the death of any party by whom he was appointed.

**(3)** Nothing in this section shall be taken to affect the operation of any enactment or rule of law by virtue of which any right of action is extinguished by the death of a person.

**Bankruptcy.**

**4.** (1) Where it is provided by a term in a contract to which a bankrupt is a party that any differences arising thereout or in connection therewith shall be referred to arbitration, the said term shall, if the trustee in bankruptcy adopts the contract, be enforceable by or against him so far as relates to any such differences.

(2) Where a person who has been adjudged bankrupt had, before the commencement of the bankruptcy, become a party to an arbitration agreement, and any matter to which the agreement applies requires to be determined in connection with or for the purposes of the bankruptcy proceedings, then, if the case is one to which subsection (1) does not apply, any other party to the agreement or, with the consent of the committee of inspection, the trustee in bankruptcy, may apply to the High Court for an order directing that the matter in question shall be referred to arbitration in accordance with the agreement, and the High Court may if it is of opinion that having regard to all the circumstances of the case, the matter ought to be determined by arbitration, make an order accordingly.

**Staying court proceedings where there is submission to arbitration.**

**5.** (1) If any party to an arbitration agreement or any person claiming through or under him, commences any legal proceedings in any court against any other party to the agreement, or any person claiming through or under him, in respect of any matter agreed to be referred, any party to those legal proceedings may at any time after appearance, before delivering any pleadings or taking any other steps in the proceedings, apply to that court to stay the proceedings, and that court, if satisfied that there is no sufficient reason why the matter should not be referred in accordance with the agreement, and that the applicant, was, at the time when the proceedings were commenced and still remains, ready and willing to do all things necessary to the proper conduct of the arbitration, may make an order staying the proceedings.

(2) Notwithstanding anything in Parts 1 to VIII, if any party to a submission to arbitration made in pursuance of an agreement to which the protocol set out in the First Schedule applies, or any person claiming through or under him, commences any legal proceedings in any court against any other party to the submission, or any person claiming through or under him, in respect of any matter agreed to be referred, any party to those proceedings may at any time after appearance, and before delivering any pleadings or taking any other steps in the proceedings, apply to that court to stay the proceedings, and that court or a judge or magistrate thereof, unless satisfied that the agreement or arbitration has become inoperative or cannot proceed or that there is not in fact any dispute between the parties with regard to the matter agreed to be referred, shall make an order staying the proceedings.

**6.** Where relief by way of interpleader is granted and it appears to the court that the claims in question are matters to which an arbitration agreement, to which the claimants are parties, applies, the court may direct the issue between the claimants to be determined in accordance with the agreement. *Reference of interpleader issues to arbitration.*

## PART II

### *Arbitrators and Umpires*

**7.** Unless a contrary intention is expressed therein, every arbitration agreement shall, if no other mode of reference is provided, be deemed to include a provision that the reference shall be to a single arbitrator. *When reference is to a single arbitrator.*

**8.** Where an arbitration agreement provides that the reference shall be to two arbitrators, one to be appointed by each party, then, unless a contrary intention is expressed therein, if either of the appointed arbitrators refuses to act, or is incapable of acting, or dies, the party who appointed him may appoint a new arbitrator in his place. *Power of parties in certain cases to supply vacancy.*

**9.** (1) Unless a contrary intention is expressed therein, every arbitration agreement shall, where the reference is to two arbitrators, be deemed to include a provision that the two arbitrators shall appoint an umpire immediately after they are themselves appointed. *Umpires.*

LAWS OF ANTIGUA AND BARBUDA

*6*      *CAP. 33)*      *Arbitration*

(2) Unless a contrary intention is expressed therein, every arbitration agreement shall, where such a provision is applicable to the reference, be deemed to include a provision that if the arbitrators have delivered to any party to the arbitration agreement, or to the umpire a notice in writing stating that they cannot agree, the umpire may forthwith enter upon reference in *lieu* of the arbitrators and as if he were a sole arbitrator.

**Agreements for references to three arbitrators.**    **10.** *(1)* Where an arbitration agreement provides that the reference shall be to three arbitrators, one to be appointed by each party and the third to be appointed by the two appointed by the parties, the agreement shall have effect as if it provided for the appointment of an umpire, and not for the appointment of a third arbitrator, by the two arbitrators appointed by the parties.

(2) Where an arbitration agreement provides that the reference shall be to three arbitrators to be appointed otherwise than as mentioned in subsection (1), the award of any two of the arbitrators shall be binding.

**Power of court in certain cases to appoint an arbitrator or umpire.**    **11.** (1) In any of the following cases—

*(a)* where an arbitration agreement provides that the reference shall be to a single arbitrator, and all parties do not, after differences have arisen concur in the appointment of an arbitrator;

*(b)* if an appointed arbitrator refuses to act, or is incapable of acting, or dies, and the arbitration agreement does not show that it was intended that the vacancy should not be supplied and the parties do not supply the vacancy;

*(c)* where the parties or two arbitrators are at liberty to appoint an umpire or third arbitrator and do not appoint him, or where two arbitrators are required to appoint an umpire and do not appoint him; or

(d) where an appointed umpire or third arbitrator refuses to act, or is incapable of acting, or dies, and the arbitration agreement does not show that it was intended that the vacancy should not be supplied and the parties or arbitrators do not supply the vacancy,

___

any party may serve the other parties or the arbitrators, as the case may be, with a written notice to appoint or, as the case may be, concur in appointing, an arbitrator, umpire or third arbitrator, and if the appointment is not made within seven clear days after the service of the notice, the High Court may, on application by the party who gave the notice, appoint an arbitrator, umpire or third arbitrator who shall have the like powers to act in the reference and make an award as if he had been appointed by consent of all parties.

(2)  Where an arbitration agreement provides that the reference shall be to two arbitrators one to be appointed by each party, then, unless a contrary intention appears, if one party fails to appoint an arbitrator, either originally or by way of substitution for an appointed arbitrator who refuses to act or is incapable of acting or dies, for seven clear days after the other party having appointed his arbitrator has served the party making default with notice to make the appointment, the party who gave notice may apply to the High Court and the High Court may, having heard such application, appoint an arbitrator to act, and such arbitrator shall have the like powers as if he had been appointed by the party having power to appoint and who has failed so to appoint.

**12.**  Where an arbitration agreement provides that the reference shall be to an official referee, any official referee to whom application is made shall, subject to any order of the High Court as to transfer or otherwise, hear and determine the matters agreed to be referred.

Reference to official referee.

### PART III

*Conduct of Proceedings, Witnesses, Etc.*

**13.**  (1) Unless a contrary intention is expressed therein, every arbitration agreement shall, where such a provision is applicable to the reference, be deemed to contain a provision that the parties to the reference, and all persons claiming through them respectively, shall subject to any legal objection, submit to be examined by the arbitrator or umpire, on oath or affirmation, in relation to the matters in dispute, and shall, subject as aforesaid, produce before the arbitrator or umpire all documents within their possession or power respectively which may be required or called for, and do

Conduct of proceedings, witnesses, etc.

*8*       **CAP. 33)**              *Arbitration*

all other things which during the proceedings on the reference the arbitrator or umpire may require.

(2) Unless a contrary intention is expressed therein, every arbitration agreement shall, where such a provision is applicable to the reference, be deemed to contain a provision that the witnesses on the reference shall, if the arbitrator or umpire thinks fit, be examined on oath or affirmation.

**(3)** An arbitrator or umpire shall, unless a contrary intention is expressed in the arbitration agreement, have power to administer oaths to, or take the affirmation of, the parties to and witnesses on a reference under the agreement.

(4) Any party to a reference under an arbitration agreement may sue out a writ of *subpoena ad testificandum* or writ of *subpoena duces tecum*, but no person shall be compelled under any such writ to produce any document which he could not be compelled to produce on the trial of an action, and the High Court may order that a writ of *subpoena ad testificandum* or of *subpoena duces tecum* shall issue to compel the attendance before an arbitrator or umpire of a witness wherever he may be within Antigua and Barbuda.

(5) The High Court may also order that a writ of *habeas corpus ad testificandum* shall issue to bring up a prisoner for examination before an arbitrator or umpire.

(6) The High Court shall have, for the purpose of and in relation to a reference, the same power of making orders in respect of—

    *(a)* security for costs;

    *(b)* discovery of documents and interrogatories;

    *(c)* the giving of evidence by affidavit;

    *(d)* examination on oath of any witness before an officer of the High Court or any other person and the issue of a commission or request for the examination of a witness out of the jurisdiction;

    *(e)* the preservation, interim custody or sale of any goods which are the subject matter of the reference;

    *(f)* securing the amount in dispute in the reference;

(*g*) the detention, preservation or inspection of any property or thing which is the subject of the reference or as to which any question may arise therein, and authorising for any of the purposes aforesaid any persons to enter upon or into any land or building in the possession of any party to the reference, or authorising any samples to be taken or any observation to be made or experiment to be tried which may be necessary or expedient for the purpose of obtaining full information or evidence; and

*(h)* interim injunctions or the appointment of a receiver,

as it has for the purpose of and in relation to an action or matter in the High Court:

Provided that nothing in this subsection shall be taken to prejudice any power which may be vested in an arbitrator or umpire of making orders with respect to any of the matters aforesaid.

## Part IV

### *Provisions as to Awards*

**14.**  (1) Subject to the provisions of section 23(2), and anything to the contrary in the arbitration agreement, an arbitrator or umpire shall have power to make an award at any time.

Time for making award.

(2) The time, if any, limited for making an award, whether under this Act or otherwise, may from time to time be enlarged by order of the High Court, whether that time has expired or not.

(3) The High Court may, on the application of any party to a reference, remove an arbitrator or umpire who fails to use all reasonable dispatch in entering on and proceeding with the reference and making an award, and an arbitrator or umpire who is removed by the High Court under this subsection shall not be entitled to receive any remuneration in respect of his services.

For the purposes of this subsection, the expresssion "proceeding with a reference" includes, in a case where two

LAWS OF ANTIGUA AND BARBUDA

*10*          **CAP. 33)**          *Arbitration*

arbitrators are unable to agree, giving notice of that fact to the parties and to the umpire.

**Interim awards.**       **15.**   Unless a contrary intention is expressed therein, every arbitration agreement shall, where such a provision is applicable to the reference, be deemed to contain a provision that the arbitrator or umpire may, if he thinks fit, make an interim award, and any reference in this Part of this Act to an award includes a reference to an interim award.

**Specific performance.**       **16.**   Unless a contrary intention is expressed therein, every arbitration agreement shall, where such a provision is applicable to the reference, be deemed to contain a provision that the arbitrator or umpire shall have the same power as the High Court to order specific performance of any contract other than a contract relating to land or any interest in land.

**Awards to be final.**       **17.**   Unless a contrary intention is expressed therein, every arbitration agreement shall, where such a provision is applicable to the reference, be deemed to contain a provision that the award to be made by the arbitrator or umpire shall be final and binding on the parties and the persons claiming under them respectively.

**Power to correct slips.**       **18.**   Unless a contrary intention is expressed in the arbitration agreement, the arbitrator or umpire shall have power to correct in an award any clerical mistake or error arising from any accidental slip or omission.

## PART V

### *Costs, Fees and Interest*

**Costs.**       **19.**   (1) Unless a contrary intention is expressed therein, every arbitration agreement shall be deemed to include a provision that the costs of the reference and award shall be in the discretion of the arbitrator or umpire who may direct to and by whom and in what manner those costs or any part thereof shall be paid, and may tax or settle the amount of costs to be so paid or any part thereof, and may award costs to be paid as between solicitor and client.

LAWS OF ANTIGUA AND BARBUDA

*Arbitration*　　　*(CAP. 33*　　　11

(2) Any costs directed by an award to be paid shall, unless the award otherwise directs, be taxable in the High Court.

**(3)** Any provision in an arbitration agreement to the effect that the parties or any party thereto shall in any event pay their or his own costs of the reference or award or any part thereof shall be void. and Parts I to VIII shall. in the case of an arbitration agreement containing any such provision, have effect as if that provision were not contained therein:

Provided that nothing in this subsection shall invalidate such a provision when it is part of an agreement to submit to arbitration a dispute which has arisen before the making of that agreement.

(4) If no provision is made by an award with respect to the costs of the reference, any party to the reference may, within fourteen days of the publication of the award or such further time as the High Court may direct, apply to the arbitrator for an order directing by and to whom those costs shall be paid, and thereupon the arbitrator shall, after hearing any party who may desire to be heard, amend his award by adding thereto such directions as he may think proper with respect to the payment of the costs of the reference.

**20.** (1) If in any case an arbitrator or umpire refuses to deliver his award except on payment of the fees demanded by him, the High Court may, on application for the purpose, order that the arbitrator or umpire shall deliver the award to the applicant on payment into court by the applicant of the fees demanded, and further that the fees demanded shall be taxed by the Taxing Master and that out of the money paid into court there shall be paid out to the arbitrator or umpire by way of fees such sum as may be found reasonable on taxation and that the balance of the money, if any, shall be paid out to the applicant.

Taxation of arbitrators or Umpires fees.

(2) An application for the purposes of this section may be made by any party to the reference unless the fees demanded have been fixed by a written agreement between him and the arbitrator or umpire.

LAWS OF ANTIGUA AND BARBUDA

*12*      *CAP. 33)*          *Arbitration*

---

*(3)* A taxation of fees under this section may be reviewed in the same manner as a taxation of costs.

(4) The arbitrator or umpire shall be entitled to appear and be heard on any taxation under this section.

**Interest on awards.**

**21. A** sum directed to be paid by an award shall, unless the award otherwise directs, carry interest as from the date of the award **and** at the same rate **as** a judgment debt.

## PART VI

### *Special Cases, Remission and Setting Aside of Awards, etc.*

**Statement of case.**

**22.** (1) An arbitrator or umpire may, and shall if so directed by the High Court, state—

(a) any question of law arising in the course of the reference; or

(*b*) an award or any part of an award, in the form of a special case for the decision of the High Court.

*(2)* A special case with respect to an interim award or with respect to a question of law arising in the course of a reference may be stated, or may be directed by the High Court to be stated, notwithstanding that proceedings under the reference are still pending.

*(3)* A decision of the High Court under this section shall be deemed to be a judgment of the Court and, with the leave of the Court of Appeal, an appeal shall lie to the Court of Appeal from such judgment.

**Power to remit award.**

**23.** (1) In all cases of reference to arbitration the High Court may from time to time remit the matters referred, or any of them to the reconsideration of the arbitrator or umpire.

*(2)* Where an award is remitted, the arbitrator or umpire shall, unless the order otherwise directs, make his award within three months after the date of the order.

LAWS OF ANTIGUA AND BARBUDA

*Arbitration* *(CAP. 33* 13

**24.** (1) Where an arbitrator or umpire has miscon- Removal of
ducted himself or the proceedings, the High Court may arbitrator and
remove him. setting aside of
award.

(2) Where an arbitrator or umpire has misconducted
himself or the proceedings, or an arbitration or award has
been improperly procured, the High Court may set the award
aside.

(3) Where an application is made to set aside an award,
the High Court may order that any money made payable
by the award shall be brought into court or otherwise secured
pending the determination of the application.

**25.** (1) Where an agreement between any parties pro- Power of court to
vides that disputes which may arise in the future between give relief where
them shall be referred to an arbitrator named or designated arbitrator is not
in the agreement, and after a dispute has arisen any party impartial or the
applies, on the ground that the arbitrator so named or dispute involves
designated is not or may not be impartial, for leave to revoke question of
the authority of the arbitrator or for an injunction to restrain fraud.
any other party or the arbitrator from proceeding with the
arbitration, it shall not be a ground for refusing the applica-
tion that the said party at the time when he made the agree-
ment knew, or ought to have known, that the arbitrator,
by reason of his relation towards any other party to the agree-
ment or of his connection with the subject referred, might
not be capable of impartiality.

(2) Where an agreement between any parties provides
that disputes which may arise in the future between them
shall be referred to arbitration, and a dispute which so arises
involves the question whether any such party has been guilty
of fraud, the High Court shall, so far as may be necessary
to enable that question to be determined by the High Court,
have power to order that the agreement shall cease to have
effect and power to give leave to revoke the authority of any
arbitrator or umpire appointed by or by virtue of the
agreement.

(3) In any case where by virtue of this section the High
Court has power to order that an arbitration agreement shall
cease to have effect or to give leave to revoke the authority

LAWS OF ANTIGUA AND BARBUDA

14          **CAP. 33)**          Arbitration

of an arbitrator or umpire, the High Court may refuse to stay any action brought in breach of the agreement.

**Power of court where arbitrator is removed or authority of arbitrator is revoked.**

**26.** (1) Where an arbitrator (not being a sole arbitrator), or two or more arbitrators (not being all the arbitrators), or an umpire who has not entered on the reference is or are removed by the High Court, the High Court may, on the application of any party to the arbitration agreement, appoint a person or persons to act as arbitrator or arbitrators or umpire in place of the person or persons so removed.

(2) Where the authority of an arbitrator or arbitrators or umpire is revoked by leave of the High Court, or a sole arbitrator or all the arbitrators or an umpire who has entered on the reference is or are removed by the High Court, the High Court may, on the application of any party to the arbitration agreement, either—

(*a*) appoint a person to act as sole arbitrator in place of the person or persons removed, or

(*b*) order that the arbitration agreement shall cease to have effect with respect to the dispute referred.

(3) A person appointed under this section by the High Court as an arbitrator or umpire shall have the like power to act in the reference and to make an award as if he had been appointed in accordance with the terms of the arbitration agreement.

(4) Where it is provided (whether by means of a provision in the arbitration agreement or otherwise) that an award under an arbitration agreement shall be a condition precedent to the bringing of an action with respect to any matter to which the agreement applies, the High Court, if it orders (whether under this section or under any other enactment) that the agreement shall cease to have effect as regards any particular dispute, may further order that the provision making an award a condition precedent to the bringing of an action shall also cease to have effect as regards that dispute.

## PART VII

### *Enforcement of Award*

**27.** An award on an arbitration agreement may, by leave of the High Court or a judge thereof, be enforced in the same manner as a judgment or order of the High Court to the same effect, and where leave is so given, judgment may be entered in terms of the award.

*Enforcement of award.*

## PART VIII

### *Miscellaneous*

**28.** Where the terms of an agreement to refer future disputes to arbitration provide that any claims to which the agreement applies shall be barred unless notice to appoint an arbitrator is given or an arbitrator is appointed or some other step to commence arbitration proceedings is taken within a time fixed by the agreement, and a dispute arises to which the agreement applies, the High Court, if it is of the opinion that in the circumstances of the case undue hardship would otherwise be caused, and notwithstanding that the time so fixed has expired, may, on such terms, if any, as the justice of the case may require, but without prejudice to the provisions of any enactment limiting the time for the commencement of arbitration proceedings, extend the time for such period as it thinks proper.

*Power of court to extend time for commencing arbitration proceedings.*

**29.** Any order made under Parts I to VIII may be made on such terms as to costs or otherwise as the authority making the order thinks just:

*Terms as to costs etc.*

Provided that this section shall not apply to any order made under section 5(2).

**30.** Parts I to VIII (except the provisions of section 5(2) shall apply to any arbitration to which the Government is a party.

*Government to be bound.*

**31.** (1) Parts I to VIII except the provisions thereof specified in subsection (2) hereof, shall apply to every arbitration under any other Act (whether passed before or after the commencement of this Act) as if the arbitration were pursuant to an arbitration agreement and as if that other Act were an arbitration agreement, except in so far

*Application of I to statutory arbitrations.*

LAWS OF ANTIGUA AND BARBUDA

16          **CAP. 33)**          Arbitration

as this Act is inconsistent with that other Act or with any rules or procedure authorised or recognised thereby.

(2) The provisions referred to in subsection (1) are sections 3(1), 4, 5(2), 6, 19(3), 25, 26 and 28.

**Meaning of "Arbitration agreement".**

**32.** In Parts I to VIII, unless the context otherwise requires, the expression "arbitration agreement" means a written agreement to submit present or future differences to arbitration, whether an arbitrator is named therein or not.

## PART IX

### Enforcement *of* Certain Foreign *Awards*

**Awards to which Part IX applies.**

**33.** (1) This Part applies to any award made, whether before or after the coming into force of this Act,

(a) in pursuance of an agreement for arbitration to which the protocol set out in the First Schedule hereto applies; and

(b) between persons of whom one is subject to the jurisdiction of some one of such Powers as Her Majesty, being satisfied that reciprocal provisions have been made in respect of Antigua and Barbuda, may by Order in Council declare to be parties to the Convention set out in the Second Schedule hereto, and of whom the other is subject to the jurisdiction of some other of the Powers aforesaid, and

(c) in one of such territories as Her Majesty, being satisfied that reciprocal provisions in respect of Antigua and Barbuda have been made, may by Order in Council declare to be territories to which the said convention applies;

and an award to which this Part applies is in this Part referred to as "a foreign award".

(2) Her Majesty may by a subsequent Order in Council vary or revoke any Order previously made under this section.

(3) Any Order in Council under section one of the Arbitration (Foreign Awards) Act, 1930 of the United

LAWS OF ANTIGUA AND BARBUDA

*Arbitration*          **(CAP. 33**          *17*

Kingdom which is in force at the commencement of this Act shall have effect as if it had been made under this section.

**34.**   (1) A foreign award shall, subject to the provisions of this Part, be enforceable in Antigua and Barbuda either by action or in the same manner as the award of an arbitrator is enforceable by virtue of section *27*.

*Effect of foreign awards.*

*(2)* Any foreign award which would be enforceable under this Part shall be treated as binding for all purposes on the persons between whom it was made, and may accordingly be relied on by any of those persons by way of defence, set off or otherwise in any legal proceedings in Antigua and Barbuda, and any references in this Part to enforcing a foreign award shall be construed as including references to relying on an award.

**35.**   (1) In order that a foreign award may be enforceable under this Part it must have—

*Conditions for enforcement of foreign awards.*

   *(a)* been made in pursuance of an agreement for arbitration which was valid under the law by which it was governed;

   *(b)* been made by the tribunal provided for in the agreement or constituted in manner agreed upon by the parties;

   (c) been made in conformity with the law governing the arbitration procedure;

   *(d)* become final in the country in which it was made;

   *(e)* been in respect of a matter which may lawfully be referred to arbitration under the laws of Antigua and Barbuda,

and the enforcement thereof must not be contrary to public policy or the laws of Antigua and Barbuda.

(2) Subject to the provisions of this subsection, a foreign award shall not be enforceable under this Part if the court dealing with the case is satisfied that—

   *(a)* the award has been annulled in the country in which it was made;

18          **CAP. 33)**          Arbitration

(b) the party against whom it is sought to enforce the award was not given notice of the arbitration proceedings in sufficient time to enable him to present his case, or was under some legal incapacity and was not properly represented; or

(c) the award does not deal with all the questions referred or contains decisions on matters beyond the scope of the agreement for arbitration:

Provided that, if the award does not deal with all the questions referred, the court may, if it thinks fit, either postpone the enforcement of the award or order its enforcement subject to the giving of such security by the person seeking to enforce it as the court may think fit.

(3) If a party seeking to resist the enforcement of a foreign award proves that there is any ground other than the non-existence of the conditions specified in paragraphs (a), (b) and (c) of subsection (1), or the existence of the conditions specified in paragraphs (*b*) and (*c*) of subsection (2), entitling him to contest the validity of the award the court may, if it thinks fit, either refuse to enforce the award or adjourn the hearing until after the expiration of such period as appears to the court to be reasonably sufficient to enable that party to take the necessary steps to have the award annulled by the competent tribunal.

**Evidence.**          **36.**   (1) The party seeking to enforce a foreign award must produce—

(a) the original award or a copy thereof duly authenticated in manner required by the law of the country in which it was made; and

(*b*) evidence proving that the award has become final; and

(c) such evidence as may be necessary to prove that the award is a foreign award and that the conditions mentioned in paragraphs (a), (b), and (c) of section 35(1) are satisfied.

(2) In any case where any document required to be produced under subsection (1) is in a foreign language, it shall

be the duty of the party seeking to enforce the award to produce a translation certified as correct by a diplomatic or consular agent of the country to which that party belongs, or certified as correct in such other manner as may be sufficient to the laws of Antigua and Barbuda.

(3) Subject to the provisions of this section, rules of court may be made under section seventeen of the Supreme Court Order with respect to the evidence which must be furnished by a party seeking to enforce an award under this Part.

U.K.S.I. 1967 No. 223.

**37.** For the purposes of this Part of this Act, an award shall not be deemed final if any proceedings for the purpose of contesting the validity of the award are pending in the country in which it was made.

Meaning of ''final'' award.

**38.** Nothing in this Part of this Act shall—

Saving for other rights, etc.

(a) prejudice any rights which any person would have had of enforcing in Antigua and Barbuda any award or of availing himself in Antigua and Barbuda of any award if neither this Part nor Part I of the Arbitration (Foreign Awards) Act, 1930 of the United Kingdom had been enacted; or

(b) apply to any award made on an arbitration agreement governed by the law of Antigua and Barbuda.

**39.** Any proceedings instituted under Part I of the Arbitration (Foreign Awards) Act, 1930, of the United Kingdom which are not completed at the commencement of this Act may be carried on and completed under this Part of this Act as if they had been instituted thereunder.

Saving for pending proceedings.

## SCHEDULES

### FIRST SCHEDULE  Sections 5, **33**

Protocol on Arbitration Clauses signed at a Meeting of the Assembly of the League of Nations held on the twenty-fourth day of September, nineteen hundred and twenty-three.

The undersigned, being duly authorised, declare that they accept, on behalf of the countries which they represent, the following provisions—

LAWS OF ANTIGUA AND BARBUDA

*20*        *CAP. 33)*        *Arbitration*

---

**1.**   Each of the Contracting States recognises the validity of an agreement whether relating to existing or future differences between parties, subject respectively to the jurisdiction of different Contracting States by which the parties to a contract agree to submit to arbitration all or any differences that may arise in connection with such contract relating to commercial matters or to any other matter capable of settlement by arbitration, whether or not the arbitration is to take place in a country to whose jurisdiction none of the parties is subject.

Each Contracting State reserves the right to limit the obligations mentioned above to contracts which are considered as commercial under its national law. Any Contracting State which avails itself of this right will notify the Secretary-General of the League of Nations, in order that the other Contracting States may be so informed.

**2.**   The arbitral procedure, including the constitution of the arbitral tribunal, shall be governed by the will of the parties and by the law of the country in whose territory the arbitration takes place.

The Contracting States agree to facilitate all steps in the procedure which require to be taken in their own territories, in accordance with the provisions of their law governing arbitral procedure applicable to existing differences.

**3.**   Each Contracting State undertakes to ensure the execution by its authorities and in accordance with the provisions of its national laws of arbitral awards made in its own territory under the preceding articles.

**4.**   The tribunals of the Contracting Parties, on being seized of a dispute regarding a contract made between persons to whom Article 1 applies and including an arbitration agreement whether referring to present or future differences which is valid in virtue of the said article and capable of being carried into effect, shall refer the parties on the application of either of them to the decisions of the arbitrators.

Such reference shall not prejudice the competence of the judicial tribunal in case the agreement or the arbitration cannot proceed or become inoperative.

**5.**   The present Protocol, which shall remain open for signature by all States, shall be ratified. The ratifications shall be deposited as soon as possible with the Secretary-General of the League of Nations, who shall notify such deposit to all the signatory States.

**6.** The present Protocol shall come into force as soon as two ratifications have been deposited. Thereafter it will take effect, in the case of each Contracting State, one month after the notification by the Secretary-General of the deposit of its ratification.

**7.** The present Protocol may be denounced by any Contracting State on giving one year's notice. Denunciation shall be effected by a notification addressed to the Secretary-General of the League, who will immediately transmit copies of such notification to all the other signatory States and inform them of the date on which it was received. The denunciation shall take effect one year after the date on which it was notified to the Secretary-General, and shall operate only in respect of the notifying State.

**8.** The Contracting States may declare that their acceptance of the present Protocol does not include any or all of the undermentioned territories: that is to say, their colonies, overseas possessions or territories, protectorates or the territories over which they exercise a mandate.

The said State may subsequently adhere separately on behalf of any territory thus excluded. The Secretary-General of the League of Nations shall be informed as soon as possible of such adhesions. He shall notify such adhesions to all signatory States. They will take effect one month after the notification by the Secretary-General to all signatory States.

The Contracting States may also denounce the Protocol separately on behalf of any of the territories referred to above. Article 7 applies to such denunciation.

SECOND SCHEDULE  Section **33**

Convention on the Execution of Foreign Arbitral Awards signed at Geneva on the twenty-sixth day of September, nineteen hundred and twenty-seven.

### Article 1

In the territories of any High Contracting Party to which the present Convention applies, an arbitral award made in pursuance of an agreement whether relating to existing or future differences (hereinafter called "a submission to arbitration") covered

LAWS OF ANTIGUA AND BARBUDA

**22**       **CAP. 33)**       *Arbitration*

---

by the Protocol on Arbitration Clauses, opened at Geneva on 24 September 1923, shall be recognised as binding and shall be enforced in accordance with the rules of the procedure of the territory where the award is relied upon, provided that the said award has been made in a territory of one of the High Contracting Parties to which the present Convention applies and between persons who are subject to the jurisdiction of one of the High Contracting Parties.

To obtain such recognition or enforcement, it shall, further, be necessary:

(*a*) That the award has been made in pursuance of a submission to arbitration which is valid under the law applicable thereto;

(*b*) That the subject-matter of the award is capable of settlement by arbitration under the law of the country in which the award is sought to be relied upon;

(*c*) That the award has been made by the Arbitral Tribunal provided for in the submission to arbitration or constituted in the manner agreed upon by the parties and in conformity with the law governing the arbitration procedure;

(*d*) That the award has become final in the country in which it has been made, in the sense that it will not be considered as such if it is open to *opposition appel* or *pourvoi en cassation* (in the countries where such forms of procedure exist) or if it is proved that any proceedings for the purpose of contesting the validity of the award are pending;

(*e*) That the recognition or enforcement of the award is not contrary to the public policy or to the principles of the law of the country in which it is sought to be relief upon.

### Article 2

Even if the conditions laid down in Article 1 hereof are fulfilled. recognition and enforcement of the award shall be refused if the Court is satisfied—

(*a*) That the award has been annulled in the country in which it was made;

(*b*) That the party against whom it is sought to use the award was not given notice of the arbitration proceedings in sufficient time to enable him to present his case or that, being under a legal incapacity, he was not properly represented;

*(c)* That the award does not deal with the differences contemplated by or falling within the terms of the submission to arbitration or that it contains decisions on matters beyond the scope of the submission to arbitration.

If the award has not covered all the questions submitted to the arbitral tribunal, the competent authority of the country where recognition or enforcement of the award is sought can, if it think fit, postpone such recognition or enforcement or grant it subject to such guarantees as that authority may decide.

### Article 3

If the party against whom the award has been made proves that, under the law governing the arbitration procedure, there is a ground, other than the grounds referred to in Article 1(*a*) and *(c)*, and Article 2(*b*) and *(c)*, entitling him to contest the validity of the award in a Court of Law, the Court may, if it thinks fit, either refuse recognition or enforcement of the award or adjourn the consideration thereof, giving such party a reasonable time within which to have the award annulled by the competent tribunal.

### Article 4

The party relying upon an award or claiming its enforcement must supply in particular—

(1) The original award or a copy thereof duly authenticated, according to the requirements of the law of the country in which it was made;

(2) Documentary or other evidence to prove that the award has become final, in the sense defined in Article 1(*d*), in the country in which it was made;

(3) When necessary, documentary or other evidence to prove that the conditions laid down in Article 1, paragraph 1 and paragraph 2(*a*) and *(c)* have been fulfilled.

Translation of the award and of the other documents mentioned in this Article into the official language of the country where the award is sought to be relied upon may be demanded. Such translation must be certified correct by a diplomatic or consular agent of the country to which the party who seeks to rely upon the award belongs or by a sworn translator of the country where the award is sought to be relied upon.

LAWS OF ANTIGUA AND BARBUDA

**CAP. 33)**                    *Arbitration*

### Article 5

The provisions of the above Articles shall not deprive any interested party of the right of availing himself of an arbitral award in the manner and to the extent allowed by the law or the treaties of the country where such award is sought to be relied upon.

### Article 6

The present Convention applies only to arbitral awards made after the coming into force of the Protocol on Arbitration Clauses, opened at Geneva on 24th September, 1923.

### Article 7

The present Convention, which will remain open to the signature of all the signatories of the Protocol of 1923 on Arbitration Clauses, shall be ratified.

It may be ratified only on behalf of those Members of the League of Nations and non-Member States on whose behalf the Protocol of 1923 whall have been ratified.

Ratifications shall be deposited as soon as possible with the Secretary-General of the League of Nations, who will notify such deposit to all the signatories.

### Article 8

The present Convention shall come into force three months after it shall have been ratified on behalf of two High Contracting Parties. Thereafter, it shall take effect, in the case of each High Contracting Party, three months after the deposit of the ratification on its behalf with the Secretary-General of the League of Nations.

### Article 9

The present Convention may be denounced on behalf of any Member of the League or non-Member State. Denunciation shall be notified in writing to the Secretary-General of the League of Nations, who will immediately send a copy thereof, certified to be in conformity with the notification, to all the other Contracting Parties, at the same time informing them of the date on which he received it.

The denunciation shall come into force only in respect of the High Contracting Party which shall have notified it and one year after such notification shall have reached the Secretary-General of the League of Nations.

The denunciation of the Protocol on Arbitration Clauses shall entail *ipso* facto  the denunciation of the present Convention.

LAWS OF ANTIGUA AND BARBUDA

*Arbitration*          (CAP. 33          25

Article 10

The present Convention does not apply to the Colonies, Protectorates or territories under suzerainty or mandate of any High Contracting Party unless they are specially mentioned.

The application of this Convention to one or more of such Colonies, Protectorates or territories to which the Protocol on Arbitration Clauses, opened at Geneva on 24th September, 1923, applies, can be effected at any time by means of a declaration addressed to the Secretary-General of the League of Nations by one of the High Contracting Parties.

Such declaration shall take effect three months after the deposit thereof.

The High Contracting Parties can at any time denounce the Convention for all or any of the Colonies, Protectorates or territories referred to above. Article 9 hereof applies to such denunciation.

Article 11

A certified copy of the present Convention shall be transmitted by the Secretary-General of the League of Nations to every Member of the League of Nations and to every non-Member State which signs the same.