# Exhibit B

GRENADA

IN THE COURT OF APPEAL

HCVAP 2009/014

> In the matter of the Arbitration Act Cap. 19 Sections 18 and 19
>
> And in the matter of an Arbitration between One Call Construction Company Limited (Trading as One Call Collection Service) and Grenada Solid Waste Management Authority

BETWEEN:

ONE CALL CONSTRUCTION COMPANY LIMITED
(Trading as One Call Collection Service)

Appellant

and

GRENADA SOLID WASTE MANAGEMENT AUTHORITY

Respondent

Before:
　　The Hon. Mr. Davidson Kelvin Baptiste　　　　　　　Justice of Appeal

Appearances by written submissions:
　　Mr. James Bristol for the appellant
　　No appearance by the respondent

---

2010:　　September 8.

---

JUDGMENT

[1]　　BAPTISTE, J.A.: The issue arising in this appeal is whether an application to the High Court for an order to remit the award of an Arbitration Tribunal for reconsideration is an appeal. The matter stems from a dispute between the appellant and the respondent which was submitted to arbitration pursuant to the terms of a contract between them. Upon the arbitrators giving their decision the appellants commenced proceedings by way of Fixed Date Claim Form seeking an

1

order remitting the award to the arbitrators for reconsideration or alternatively setting it aside on the ground that the evidence was not fully recorded and the award was bad on its face.

[2]  The proceedings having been filed out of time, the appellant sought and obtained relief from sanctions. This appeal is against part of the decision of the Learned Trial Judge where she held as a matter of law that the claim was for the High Court to review the award of the Arbitration Tribunal and therefore is an appeal to which part 60 of the Civil Procedure Rules 2000 ("CPR") applies.

[3]  The appellant points out that the Arbitration Act of Grenada Cap. 19 makes no provision for an appeal to the High Court. However, section 18 provides for an application to the High Court for the remission of an award and section 19 provides for an application to the High Court to set aside an award for misconduct of an arbitrator. The appellant submits that the claim is not an appeal but is a challenge to the proceedings on the ground that the reference had not been conducted in a fair and proper manner.

[4]  The appellant contends that section 7 of the First Schedule of the Arbitration Act renders an arbitration award final and binding and therefore not appealable. I will address that contention. Over the years the courts have had to examine the meaning of the words "final and binding" in the context of an arbitration agreement. In Essex County Council v Premier Recycling Ltd., Ramsey J stated at paragraph 22:

> "I conclude that the use of the words final and binding in terms of reference of the arbitration are of themselves insufficient to amount to an exclusion of appeal. Such a phrase is just as appropriate, in my judgment, to mean final and binding subject to the provisions of the Arbitration Act 1996."

[5]  In Comer v C and C News Pty Ltd.[1], Yeldham J said at page 5:

> "Although on the face of it, the words final, conclusive and binding upon them being words of considerable width, would appear to be sufficient to

---

[1] Unreported 17th March 1989 (Supreme Court of New South Wales)

2

> exclude a right of appeal, the reality is that the expression final and binding is to be found in s 28, and in the Old Arbitration Act 1902 in the second schedule, as well as in s 16 of the Arbitration Act 1950 (UK). Such expression was employed to bring finality, subject to well-recognised methods of challenging awards, to arbitral proceedings. Certainly such expressions … do not constitute an attempt to oust the jurisdiction of the court – see Ford v Clarkson Holidays Limited [1971] 1 WLR 1412. I think it is correct to submit, as counsel for the plaintiff in the present case did, that the words … merely restate what has long been the rule in relation to arbitrations, namely that an award is final and binding in the traditional sense, and such an award creates a res judicata and an issue estoppel, subject to judicial review by the Court."

[6]   In Shell Egypt West Manzala GmbH & Anor v Dana Gas Egypt Ltd {Comm}[2] Mrs. Justice Gloster stated at paragraph 38:

> "The expression final and binding in the context of arbitration and arbitration agreements has long been used to state the well-recognised rule in relation to arbitration, namely that an award is final and binding in the traditional sense and creates a res judicata between the parties. The expression was used for such purposes in section 16 of the Arbitration Act 1950, which was re-enacted in section 58(1) of the 1996 Act with the added provision contained in section 58(2), that the finality and binding nature of an award does not exclude the possibility of challenging an award, by any available arbitral process of appeal or review or otherwise in accordance with part of the 1996 Act. As stated at page 342 of the 2001 Companion to the Mustill and Boyd's The Law and Practice of Commercial Arbitration in England, Second Edition, this provision was inserted because the reference to finality in section 16 of the Arbitration Act 1950 was sometimes assumed "wrongly" to exclude the possibility of challenging an award."

[7]   I adopt the legal propositions enunciated in the above cases and conclude that in the context of an arbitration agreement and in the context of section 7 of the First Schedule of the Arbitration Act of Grenada, the words "final and binding" restate the long standing rule that an award is final and binding in the traditional sense in that it creates a res judicata and issue estoppel. The words "final and binding" do not by themselves exclude, and in the absence of any other contextual indicators, are insufficient to exclude a right of appeal that may be given under the Arbitration Act.

---

[2] [2009] EWHC 2097

[8]   In arriving at her decision that the claim before the Court was an appeal, the Learned Judge recognized that the word appeal is not found in sections 18 or 19 of the Arbitration Act.  The Learned Judge, however, reasoned that the nature of the order the High Court is authorized to make gave some indication whether the proceedings in the High Court can fairly be called an appeal.  The Learned Judge proceeded to refer to three cases which defined or explained the word "appeal": Ponnamma v Arumogam [1905] AC 390; Board of Education of Cleveland City School District v Cuyahoga County Board of Revision, 34 Ohio State 2d 231, 298 N.E. 2d 125, 128; and Sita v Oliver 1967 2 SA 442 & 447-448; and at paragraph 9 of her judgment quoting from the Board of Education case, stated:

> "Elsewhere an appeal has been judicially defined as 'resort to a superior court to review the decision of an inferior court or administrative agency; a complaint to a higher tribunal of an error or injustice committed by a lower tribunal, in which the error or injustice is sought to be corrected or reversed;"

The learned judge went on to hold that:

> "The claim herein is for the High Court to review the award of a tribunal. The claimant alleges that the award of the tribunal is bad; that it has resulted in unfairness to the claimant and therefore asks that the award be set aside or referred back for reconsideration.  It is therefore an appeal to which Part 60 of the CPR 2000 applies."

Did the Judge err?

[9]   It is pertinent to note that the Arbitration Act gives no right of appeal to the High Court.  An appeal is not to be presumed, it must be given. In resolving this matter regard must be had to the language employed and the substance and meaning of sections 18 and 19 of the Arbitration Act.  In Lane v Esdaile[3] the House of Lords had to consider whether an appeal lay to the House after the Court of Appeal refused to grant special leave under the following provision:

> "No appeal to the Court of Appeal from any interlocutory order…shall, except by special leave of the Court of Appeal, be brought after the expiration of twenty-one days…"

---

[3] [1891] AC 210

Lord Halsbury said:

> "…An appeal is not to be presumed but must be given. I do not mean to say that it must be given by express words, but it must be given in some form or other in which it can be said that it is affirmatively given and not presumed."

Lord Halsbury further stated:

> "But when I look not only at the language used, but at the substance and meaning of the provision, it seems to me that to give an appeal in this case would defeat the whole object of the order or rule itself…"

[10]   The Court has a statutory jurisdiction under section 19(2) of the Arbitration Act to set aside an award where the arbitrator has misconducted himself or the proceedings and where the award has been improperly procured. Section 19(2) states:

> "Where an arbitrator or umpire has misconducted himself or the proceedings, and where an arbitration or award has been improperly procured, the Court may set aside the award."

[11]   The Court also has a statutory jurisdiction under section 18 of the Arbitration Act to remit for reconsideration by the arbitrator any or every matter contained in the reference. Thus section 18(1) states:

> "In all cases where there has been a reference to arbitration the Court may, by order, remit for reconsideration by the arbitrator or umpire any or every matter contained in the reference."

[12]   The power to remit conferred by section 18 can be contrasted with a power to set aside conferred by section 19. The exercise of the power to remit is independent of a finding of misconduct on the part of the arbitrator or umpire. The expression "misconduct" in section 19 of the Act does not necessarily refer to dishonesty or breach of business morality on the part of the arbitrator or umpire. It would also apply to procedural errors or omissions by arbitrators.

[13]   In dealing with the issue of misconduct the appellant's position was that all the evidence was not fully before the tribunal due to an admitted defect in the audio

5

recording process, the agreed method for recording the evidence. The arbitrator must receive all relevant evidence tendered by the parties. The shutting out of evidence which should have been admitted is misconduct and may result in the award being remitted or set aside.[4] Following from this, the exclusion of evidence by a defect in the recording at the proceedings is likewise misconduct. The failure to properly record the evidence is a mistake and an admitted mistake provides a further ground for remission.

[14]   It is clear to me that what was before the Court was not an appeal but an application to remit pursuant to the Act. To found an appeal by virtue of the nature of the orders the High Court is authorized to give in sections 18 and 19 of the Arbitration Act is effectively to presume an appeal where no appeal is given by these sections. Further, in the absence of express words conferring an appeal, I am of the view that neither the language, substance or meaning of sections 18 and 19 gives an appeal. Where the Arbitration Act intended to confer a right of appeal it did so expressly. Thus section 31(3) provides that an appeal lies to the Court of Appeal from any decision of the High Court under this section, but no appeal lies against the decision on a case stated pursuant to subsection 1(a) except with the leave of the Court or the Court of Appeal. To have recourse to part 60 of the CPR 2000 it has to be first established that there is a right of appeal to the High Court given by the substantive law, here, the Arbitration Act. In the absence of such a right of appeal part 60 of the CPR 2000 cannot be engaged. This is borne out by rule 60.1 and rule 60.2(2)(b) of the CPR 2000  Rule 60.1 states that:

> "This part deals with appeals to the High Court from any tribunal or person under any enactment other than appeal by way of case stated."

Rule 60.2(2)(b) states that the appellant's grounds of appeal must state the "enactment enabling an appeal to be made to the Court."

---

[4] Mustill and Boyd Commercial Arbitration, 2nd Edition, page 306

6

[15]　　For all the above reasons the Learned Judge erred when she held that the claim before the Court was an appeal to which part 60 of the CPR 2000 applied.  The appeal is accordingly allowed.


　　　　　　　　　　　　　　　　　　　　　　　　　　Davidson Kelvin Baptiste
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Justice of Appeal