UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LEEWARD CONSTRUCTION COMPANY, LTD.

                                   Petitioner,

         -against-

AMERICAN UNIVERSITY OF ANTIGUA --
COLLEGE OF MEDICINE AND MANIPAL
EDUCATION AMERICAS, LLC f/k/a GCLR, LLC

                                 Respondents.
-----------------------------------------------------------------x

Case No. 1:12-CV-06280-LAK/GWG
(ECF CASE)

Honorable Lewis A. Kaplan
United States District Judge

**DECLARATION OF**
<u>**VERONICA A. MCMILLAN**</u>

       **VERONICA A. MCMILLAN**, being duly sworn, deposes and says:

       1.     I am a member of the law firm of Lewis & Greer, P.C., counsel for the Petitioner, Leeward Construction Company, Ltd. (hereinafter "Petitioner"), and am fully familiar with all the facts and circumstances set forth herein.

       2.     I submit this declaration in further support of Petitioner's Notice of Petition, Petition and Memorandum of Law in support of Petitioner's motion to confirm arbitration award filed August 16, 2012. This declaration is also submitted in opposition to Respondents' cross-motion to dismiss pursuant to the *Forum Non Conveniens* Doctrine and Fed. R. Civ. P. 12(b)(6) or in the alternative, to vacate or modify the arbitration award.

### The Parties

       3.     Leeward is a corporation duly organized and existing under the laws of the Commonwealth of Antigua and Barbuda, with office and principal place of business at All Saints Road, St. John's, Antigua.

4. The Respondents contend that the AUA is also a corporation organized and existing under the laws of Antigua and Barbuda. However, they have offered no verifying documentation.

5. The AUA is owned and operated by Manipal Education Americas, LLC f/k/a GCLR, LLC. ("Manipal") Manipal is a limited liability company organized and existing under the laws of the State of New York, with office and principal place of business at 1 Battery Park Plaza, 33rd Floor, New York, New York. (Annexed hereto as Exhibit C is a copy of Manipal's corporate information as maintained by the New York State Secretary of State.)

6. The AUA and Manipal have an exceptionally close relationship. The first page of the AUA's contract with Leeward indicated its address as c/o Greater Caribbean Learning Center, New York, New York 10005. (Exhibit A to the Petition) The AUA's website also demonstrates an extensive connection between the two entities. Screen shots from the AUA's website indicate that the AUA's Admissions, Bursar, and Financial Aid offices as well as its contact information are all based in New York. The employees have email addresses that all end in "auamed.org" which is the AUA's internet address. Further, online applications can be submitted through the website and are paid in US dollars. (A copy of the website printouts is annexed hereto as Exhibit A.)

7. During the arbitration hearings, Manipal (formerly known as GCLR, LLC) disbursed funds on AUA's behalf for fees from its bank accounts in New York. (A copy of the check Lewis & Greer, P.C. received from GCLR, LLC as reimbursement for the AUA's half of the cost of the hearing rooms in Puerto Rico is annexed hereto as Exhibit B.)

8. GCLR, LLC's Chief Financial Officer, Prabhu Marudheri entered a witness statement and testified via Skype from New York on behalf of the AUA. In his witness

statement, Mr. Marudheri acknowledged that GCLR, LLC owns AUA. (A copy of Mr. Marudheri's witness statement is annexed hereto as Exhibit D.)

### The Arbitration Proceeding

9. On September 25, 2008, Leeward, as contractor, and the AUA, as owner, executed a contract for the construction of a medical school in St. Johns, Antigua (the "Contract"). Section 4.6 of the General Conditions to the Contract contained an arbitration agreement that reads as follows:

> § 4.6 ARBITRATION
>
> § 4.6.1  Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Sections 4.3.10, 9.10.4 and 9.10.5, shall, after decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to arbitration.
>
> § 4.6.2  Claims shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect. The demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association, and a copy shall be filed with the Architect. Location of any Arbitration will be Antigua.

(A copy the Contract containing the arbitration agreement is annexed to the Petition as Exhibit A.)

10. On February 3, 2011, Leeward commenced an arbitration proceeding with the American Arbitration Association International Center for Dispute Resolution ("AAA") to arbitrate claims arising out of or related to the Contract. Pursuant to the Construction Industry Rules of American Arbitration Association, the AAA appointed a panel of three arbitrators to hear and determine the claims (the "Tribunal").

11. On or about October 14, 2011, Leeward served and filed an Amended Demand for Arbitration requesting an award for breach of contract in the amount of US $2,518,931.97/EC $6,800,572.28; interest on late payments as provided in the Contract from the date the payments were due until the date the payments were made at the legal rate of interest in Antigua as determined by the Arbitrators; and legal fees and expenses, including the cost and expense of arbitration, as determined by the Arbitrators in accordance with the laws of Antigua. (A copy of Leeward's Amended Demand for Arbitration is annexed to the Declaration of Leonard Sclafani, dated September 25, 2012 as Exhibit C.)

12. Leeward's breach of contract claim alleged that the AUA repeatedly breached the contract by failing to issue change orders/change directives for additional contract work; failing to pay for additional work that the AUA authorized and directed Leeward to perform; failing to pay Leeward's payment applications in accordance with the terms of the Contract; failing to certify the Project as substantially complete; failing to issue a final certificate of payment; failing to make final payment to Leeward in accordance with the terms of the Contract; failing to pay the mobilization fee as provided in the Contract; failing to authorize overtime as provided in the Contract; failing to coordinate the work of other contractors as required in the Contract; and failing to properly administer the Contract as provided in the Contract documents. (Sclafani Declaration, Exhibit C)

13. On or about November 30, 2011, the AUA filed a reply to the Amended Demand that included counterclaims for liquidated delay damages in the amount of US $117,000.00 and in the alternative, actual delay damages in the amount of US $371,955.31/EC $1,004,199.00. (The AUA withdrew its counterclaim for actual delay damages on April 11, 2012.)

14. On December 11, 2011, the Tribunal held a hearing during which the parties stipulated to conduct the evidentiary hearings in San Juan, Puerto Rico, notwithstanding the venue provision in the arbitration agreement requiring that the arbitration take place in Antigua. The arbitration hearings were heard at the Courtyard Marriott in Isla Verde, Puerto Rico from March 5, 2012 through March 9, 2012.

15. Following the close of the hearings, the parties submitted lengthy post-hearing findings of fact and conclusions of law. (A copy of the parties' Proposed Findings of Fact and Conclusions of Law as well as the Respondent's Rebuttal Proposed Findings of Fact and Conclusions of Law submissions are annexed to the Sclafani Declaration as Exhibits D, E, and F; A copy of the Petitioner's Reply Proposed Findings of Fact and Conclusions of Law is annexed hereto as Exhibit E.) The Arbitrators declared the hearings closed and the case submitted for resolution on May 22, 2012.

16. By Final Award certified June 22, 2012 and modified August 8, 2012, the Arbitrators directed the AUA in a to pay damages to Leeward in the amount of $976,421.37, plus interest at the rate of seven percent (7%) per annum as provided in the Award. (A copy of the Final Arbitration Award certified on June 22, 2012, is annexed to the Petition as Exhibit B; a copy of the Resolution dated August 9, 2012 modifying the Final Award is annexed to the Petition as Exhibit C; and a copy of the August 8, 2012 modified Final Award as modified on August 8, 2012 is annexed to the Petition as Exhibit D)

17. On July 10, 2012, the AUA moved the Tribunal to modify the arbitration award claiming that the award contained "technical and computational errors." (A copy of the AUA's motion to modify the arbitration award before the Tribunal is annexed to the Sclafani Declaration as Exhibit G.) As here, the AUA in its motion to modify claimed that the award

contained errors in that the Tribunal improperly 1) awarded Leeward too much money in interest on payments due under the Contract; 2) failed to provide a reasoned award; and 3) exceeded its authority in awarding damages for bad faith and lost profit and overhead because Respondents claimed Leeward never demanded these damages during the arbitration. (Sclafani Declaration, Exhibit G)

18. On July 19, 2012, Leeward filed its opposition to the motion to modify contesting each of the grounds the AUA claimed the award was subject to modification. (A copy of Leeward's July 19, 2012 opposition to the AUA's motion to modify is annexed to the McMillan Declaration as Exhibit F.) Leeward argued that the award did not contain computational errors as the Respondents claim in this regard was based on conjecture and not upon mathematical errors appearing on the face of the award. Second, the Tribunal had in fact, provided a reasoned award as it issued an award that was "something short of findings of fact and conclusions of law but more than a simple result." *Sarofim v. Trust Co. of the West*, 440 F.3d 213, 215, n.1 (5th Cir. 2006) Finally, the Tribunal did not exceed its authority in awarding Leeward damages for bad faith and lost profits and overhead as the general issue of breach of contract was before the Tribunal and therefore, the Tribunal was authorized to consider every breach of contract supported by the evidence even if the fact, law or legal tenet may not have been specifically argued by the parties. (Exhibit F)

19. On August 8, 2012, the Tribunal issued a modified award correcting some minor clerical errors but maintaining the damages awards as initially provided in the June 22, 2012 award. (Exhibits B and D to the Petition)

20. On August 16, 2012, the Petitioner filed its Petition herein. On September 25, 2012, the Respondents filed their cross-motion to dismiss on the basis of, *inter alia*, Fed. R.

Civ. P. 12(b)(6) for Petitioner's alleged failure to state a claim against Manipal. Pursuant to Fed. R. Civ. P. 15(a), the Petitioner is within the allowed time to amend the Petition as of right. While the Petitioner's allegations in the Petition were sufficient to constitute a cause of action against Manipal as AUA's owner, agent and/or alter ego, for enforcement of the arbitration award, the Petitioner has out of an abundance of caution, filed an Amended Petition amending its allegations against Manipal. (Amended Petition is annexed hereto as Exhibit G.)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:          October 16, 2012

_____
Veronica A. McMillan, Esq.