UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LEEWARD CONSTRUCTION COMPANY, LTD.

                                    Petitioner,

      -against-

AMERICAN UNIVERSITY OF ANTIGUA --
COLLEGE OF MEDICINE AND MANIPAL
EDUCATION AMERICAS, LLC f/k/a GCLR, LLC

                                    Respondents.
------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO AMEND JUDGMENT

Dated: Poughkeepsie, New York
       April 24, 2013

                                             Respectfully Submitted:

                                             **LEWIS & GREER, P. C.**
                                             Attorneys for Petitioners
                                             510 Haight Avenue, P. O. Box 2990
                                             Poughkeepsie, New York  12603
                                             Telephone: 845-454-1200

OF COUNSEL:
J. Scott Greer, Esq.
Veronica A. McMillan, Esq.

## STATEMENT OF FACTS

This proceeding arises out of a contract between Petitioner, Leeward Construction Company, Ltd. ("Petitioner" or "Leeward") and Respondent, American University of Antigua – College of Medicine ("Respondent" or "AUA") for the construction of a medical school in St. Johns, Antigua. The parties' contract contained an arbitration clause requiring that any claim arising out of or related to the Contract be arbitrated in accordance with the Construction Industry Rules of the American Arbitration Association. On February 3, 2011, Leeward initiated an arbitration against the AUA and on June 22, 2012, the arbitration panel certified a Final Award. The Final Award was modified on August 8, 2012 to correct some minor clerical errors in the Award. (McMillan Declaration, ¶¶3 and 4; Exhibit E)

On August 16, 2012, Leeward filed a petition with the Court, pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §201 *et seq.*, for an order confirming Leeward's award and for the entry of a money judgment against the Respondents in the amounts stated in the Award. On September 25, 2012, the Respondents cross-moved pursuant to the doctrine of *Forum Non Conveniens* and Fed. R. Civ. P. 12(b)(6) to dismiss Leeward's petition or in the alternative, to vacate or modify the award pursuant to the Federal Arbitration Act, 9 U.S.C. §1 *et seq.* On October 16, 2012, Leeward filed an amended petition to confirm together with its opposition to Respondents' cross-motion. On November 15, 2012, the Respondents filed their reply to Leeward's amended petition and opposition.

On March 28, 2013, the Court entered a Judgment, *inter alia*, granting Leeward's amended petition to confirm the arbitration and denying Respondent American University of Antigua – College of Medicine's motion to dismiss, modify or vacate the award. (Exhibit A.) The salient facts and findings underlying the Judgment were recited in the Court's Memorandum Opinion filed March 26, 2013. (Exhibit B.) Following the expiration of the automatic fourteen

(14) day stay following the Judgment's entry, Leeward's counsel was informed by the Clerk of this Court that a Writ of Execution could not be issued until such time as the Judgment was amended to include a money judgment. (McMillan Declaration, ¶4)

**THE JUDGMENT SHOULD BE AMENDED
TO INCLUDE A MONEY JUDGMENT AGAINST THE AUA**

Federal Rule of Civil Procedure Rule 59(e) governs motions to amend judgments. Second Circuit courts have recognized three grounds justifying an amendment pursuant to Rule 59(e): "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways. Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992) (citations and quotation marks omitted); . "Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n. 5, (2008) (citation omitted). Whether to grant a Rule 59(e) motion to amend a judgment is "committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir.1983). Here, Leeward merely seeks to amend the Judgment to correct a clear error and prevent a manifest injustice by including the entry of a money judgment so Leeward may ultimately obtain a Writ of Execution. (Exhibit E)

In both its Petition to Confirm and its Amended Petition to Confirm (Exhibit C), Leeward sought to confirm the monetary award granted it in the arbitration award. (Exhibit E) However, the Judgment granting Leeward's Amended Petition did not include the entry of a money judgment in Leeward's favor against the AUA. (Exhibit A) As a result, Leeward cannot enforce the Final Award or the Judgment as a Writ of Execution cannot be issued without the entry of a money judgment. *See* Fed. R. Civ. P. 69. Thus, Leeward moves the Court for an amendment to

3

the Judgment confirming the arbitration award (Exhibit E) to include an entry of a money judgment in accordance with the award to allow Leeward to ultimately collect its judgment.

Pursuant to the arbitration award which has been confirmed by this Court, Leeward is entitled to a money judgment against the AUA as follows:

| Award | Amount in US$/ EC$ | Comments | Date Interest Runs From | Interest Per Diem Amount in US$/ EC$ | Total Accrued Interest Through April 23, 2013 in US$/ EC$ | Total with Interest in US$/ EC$ |
|---|---|---|---|---|---|---|
| a.) Interest on the Payments Due and Unpaid | US$16,524.95/ EC$44,617.37 | This sum shall accrue interest of 7% per annum from the date of issuance of termination of the Project, October 31, 2009. | October 31, 2009 | US$3.17/ EC$8.56 | US$4,024.84/ EC$10,867.08 | US$20,549.80/ EC$55,484.45 |
| b.) Damages | US$86,174.12/ EC$232,670.13 | This sum shall accrue interest of 7% per annum from the date of issuance of this Final Award. | June 22, 2012 | US$16.53/ EC$44.62 | US$5,040.60/ EC$13,609.61 | US$91,214.72 EC$246,279.74 |
| c.) Overhead and Profit for work deleted, omitted or modified. | US$297,184.91/ EC$802,399.25 | This sum shall accrue interest of 7% per annum from the date of issuance of termination of the Project, October 31, 2009. | October 31, 2009 | US$57.00/ EC$153.88 | US$72,382.84/ EC$95,433.68 | US$369,567.75/ EC$997,832.93 |
| d.) Additional Preliminaries | US$176,954.46/ EC$477,777.04 | This sum shall accrue interest of 7% per annum from the date of issuance of termination of the Project, October 31, 2009. | October 31, 2009 | US$33.94/ EC$91.63 | US$43,099.32/ EC$116,368.16 | US$220,053.78/ EC$594,145.20 |
| e.) Change Order Work | US$70,448.22/ EC$190,210.19 | This sum shall accrue interest of 7% per annum from the date of issuance of termination of the Project, October 31, 2009. | October 31, 2009 | US$13.51/ EC$36.48 | US$17,158.48/ EC$46,327.91 | US$87,606.70/ EC$236,538.10 |

| | | | | | | |
|---|---|---|---|---|---|---|
| f.) Retainage | US$218,549.26/ EC$590,083.00 | This sum shall not accrue any interest. Leeward shall submit to AUA all contractually required documentation as set forth in Section 9.10.2 of the General Conditions. Leeward will have a term of not more than 30 calendar days from the date of issuance of this Final Award to submit said documentation. Once Leeward has submitted all required documentation accordingly, AUA shall release the retainage in a term not to exceed 30 calendar days, upon after which such amount shall start accruing interest at the rate of 7% per annum. If Leeward fails to comply with Section 9.10.2, of the General conditions in the time hereby stated and granted the claim for such amount will be considered relinquished. Considering that this case is sub-judice; the herein referred notice may be made by counsel for Leeward to counsel for AUA , or by Leeward to AUA. | August 12, 2012 | US$41.92/ EC$113.17 | US$10,646.04/ EC$28,744.32 | US$229,195.30/ EC$618,827.32 |
| | **Total Award** US$865,835.92 EC$2,337,756.98 | | | | **Total Accrued Interest:** US$152,352.13 EC$411,350.75 | **Total with Interest:** US$1,018,188.05 EC$2,749,107.73 |

These amounts have been updated to include interest through April 23, 2013 pursuant to the arbitration award. (Exhibit E) For the Court's convenience, Leeward has provided a proposed Amended Judgment. (Exhibit D) The Amended Judgment also accounts for the amounts awarded to AUA against Leeward in the amount of $58,500.00 with 7% interest thereon from the 22nd day of June, 2012, totaling $107,383.56 (McMillan Declaration, ¶9; Exhibit E) Deducting the AUA's award from Leeward's total award nets a judgment amount to Leeward of $910,804.49 plus 7% interest until the judgment is paid. (McMillan Declaration, ¶10; Exhibit E)

5

To correct a clear error and, in the alternative, to avoid a manifest injustice, Leeward respectfully requests that the Court amend the Judgment, pursuant to Federal Rule of Civil Procedure Rule 59(e) to include a money judgment to Leeward in the amount of $910,804.49 plus 7% interest until the judgment is paid.

## CONCLUSION

For the reasons set forth herein, Petitioner Leeward Construction Company, Ltd. respectfully requests this Court to amend the Judgment to include the entry of a money judgment in accordance with the amounts provided in the arbitration award issued in Petitioner's favor and against the Respondent, American University of Antigua – College of Medicine.

Dated: April 24, 2013
      Poughkeepsie, New York

                                        Veronica A. McMillan, Esq. (VM1107)
                                        **LEWIS & GREER, P.C.**
                                        *Attorney for Petitioner,*
                                        *Leeward Construction Company, Ltd.*
                                        510 Haight Avenue, Suite 202
                                        Poughkeepsie, New York 12603
                                        Telephone: (845) 454-1200

To:    Jonathan Jemison, Esq.
        Sills, Cummis & Gross, P.C.
        *Attorney for Respondents,*
        *American University of Antigua -- College of Medicine*
        *and Manipal Education Americas, LLC f/k/a GCLR, LLC,*
        The Legal Center
        One Riverfront Plaza
        Newark, New Jersey 07102-5400