UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
LEEWARD CONSTRUCTION COMPANY, LTD.

                              Petitioner,

            -against-

AMERICAN UNIVERSITY OF ANTIGUA --
COLLEGE OF MEDICINE AND MANIPAL
EDUCATION AMERICAS, LLC f/k/a GCLR, LLC,

                          Respondents.
--------------------------------------------------------------x

Case No. 1:12-CV-06280-LAK/GWG
(ECF CASE)

Honorable Lewis A. Kaplan
United States District Judge

**AMENDED**
**PETITION**

       Leeward Construction Company, Ltd., by its attorney Lewis & Greer, P.C. hereby petitions and moves this court pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §201 *et seq.*, for an order confirming a Final Arbitration Award, certified June 22, 2012 and modified August 8, 2012, and for entry of a money judgment against the Respondents for the amounts stated in the Award:

## INTRODUCTION

    1.    This proceeding arises out of a contract between the Petitioner and Respondent, American University of Antigua -- College of Medicine for the construction of a medical school in St. Johns, Antigua.

    2.    The General Conditions to the Contract contain an arbitration clause that requires the parties to arbitrate any claim arising out of or related to the Contract in accordance with the Construction Industry Rules of the American Arbitration Association. (An original copy of the Contract containing the arbitration clause was entered into evidence at the arbitration

RECEIVED
DC
OCT 16 2012
U.S.D.C.
WP

hearing is submitted herewith as Exhibit A.  The arbitration agreement is set forth in Section 4.6

of the General Conditions to the Contract, which is at page AUA 000036.)

3.      On February 3, 2011, the Petitioner initiated an arbitration against the AUA

with respect to claims arising out of or related to the Contract and on June 22, 2012, a panel of

three arbitrators certified a Final Arbitration Award, in favor of the Petitioner, exclusive of

interest at the rate of seven percent (7%) per annum as provided in the Award, in the amount

of EC $2,619,130.19, which converts to US $970,130.19.[1]  The Final Award was modified on

August 8, 2012, to correct some minor clerical errors in the Award.  (A copy of the Final

Award certified June 22, 2012 is submitted herewith as Exhibit B; a copy of the Resolution dated

August 9, 2012, modifying the Final Award is annexed hereto, as Exhibit C; a copy of the Final

Award as modified on August 8, 2012 is annexed hereto as Exhibit D.)

## PARTIES

4.      Petitioner, Leeward Construction Company, Ltd. ("Leeward" or "Petitioner") is a

corporation duly organized and existing under the laws of the Commonwealth of Antigua and

Barbuda, with office and principal place of business at All Saints Road, St. Johns, Antigua.

5.      Respondent American University of Antigua -- College of Medicine ("AUA") is

owned and operated by the Respondent Manipal Education Americas, LLC f/k/a GCLR, LLC

("MEA"), a limited liability company organized and existing under the laws of the State of New

---

[1] The Arbitration Tribunal awarded damages in Eastern Caribbean Dollars ("EC").  As of June 22, 2012 and August 8, 2012, the conversion rate for Eastern Caribbean dollars to United States dollars is 0.3704 United States dollars for each Eastern Caribbean dollar, and United States dollar to Eastern Caribbean dollar is 2.700 Eastern Caribbean dollars for each United States dollar.  *See* http://www.likeforex.com.  For purposes of this Petition/Motion, the Petitioner will reference the award going forward in both United States Dollars and Eastern Caribbean Dollars.

York, with an office and principal place of business at 1 Battery Park Plaza, 33rd Floor, New York, New York, U.S.A. (collectively, hereinafter "Respondents").

## JURISDICTIONAL STATEMENT

6. This Court has jurisdiction over this proceeding pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §203 (the "Convention").

7. This Court also has jurisdiction over the proceeding pursuant to 28 U.S.C. §1332(a)(2) in that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, and costs, and is between citizens of a State and citizens or subjects of a foreign state.

## VENUE

8. Pursuant to 9 U.S.C. §204 and 28 U.S.C. §1391(b)(1) venue is proper in the United States District Court for the Southern District of New York because the MEA is a resident of the District.

## FACTS

9. On September 25, 2008, Leeward, as contractor, and the AUA, as owner, executed a contract for the construction of a medical school in St. Johns, Antigua.

10. The General Conditions to the Contract contain an arbitration clause that reads as follows:

§ 4.6 ARBITRATION

§ 4.6.1 Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Sections 4.3.10, 9.10.4 and 9.10.5, shall, after decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to arbitration.

§ 4.6.2  Claims shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect.  The demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association, and a copy shall be filed with the Architect.  Location of any Arbitration will be Antigua.

11.      On February 3, 2011, Leeward commenced an arbitration proceeding against the AUA with the American Arbitration Association International Center for Dispute Resolution ("AAA") to arbitrate claims arising out of or related to the Contract.

12.      Although the Arbitration Agreement provides for the location of the arbitration to take place in Antigua, the parties stipulated and agreed to conduct the arbitration in Puerto Rico.

13.      Pursuant to the Construction Industry Rules of the American Arbitration Association, the AAA appointed a panel of three arbitrators to hear and determine the claims.

14.      The arbitration hearing at the Courtyard Marriott in Isla Verde, Puerto Rico took place from March 5, 2012 through March 9, 2012 and the arbitrators declared the hearing closed and the case submitted for resolution on May 22, 2012.

15.      By Final Award certified June 22, 2012 and modified on August 8, 2012, the Arbitrators directed the AUA to pay damages to Leeward with interest at the rate of seven percent (7%) per annum as follows (Exhibit B, pp. 31-32):

| Award | Amount in US$/ EC$ | Comments | Date Interest Runs From | Interest Per Diem Amount in US$/ EC$ | Total Accrued Interest Through August 14, 2012 in US$/ EC$ | Total with Interest in US$/ EC$ |
|---|---|---|---|---|---|---|
| a.) Interest on the Payments Due and Unpaid | US$16,526.27/ EC$44,617.37 | This sum shall accrue interest of 7% per annum from the date of issuance of termination of the Project, October 31, 2009. | October 31, 2009 | US$3.17/ EC$8.56 | US$3,266.47/ EC$8,710.78 | US$19,752.75/ EC$53,328.15 |

4

| | | | | | | |
|---|---|---|---|---|---|---|
| b.) Damages | US$86,181.02/ EC$232,670.13 | This sum shall accrue interest of 7% per annum from the date of issuance of this Final Award. | June 22, 2012 | US$16.53/ EC$44.62 | US$875.89/ EC$2,364.95 | US$87,056.99/ EC$235,035.08 |
| c.) Overhead and Profit for work deleted, omitted or modified. | US$297,208.68/ EC$802,399.25 | This sum shall accrue interest of 7% per annum from the date of issuance of termination of the Project, October 31, 2009. | October 31, 2009 | US$57.00/ EC$153.88 | US$58,024.91/ EC$156,654.71 | US$355,233.59/ EC$959,053.96 |
| d.) Additional Preliminaries | US$176,968.62/ EC$477,777.04 | This sum shall accrue interest of 7% per annum from the date of issuance of termination of the Project, October 31, 2009. | October 31, 2009 | US$33.94/ EC$91.63 | US$34,550.09/ EC$93,277.79 | US$211,518.71/ EC$571,054.83 |
| e.) Change Order Work | US$70,453.85/ EC$190,210.19 | This sum shall accrue interest of 7% per annum from the date of issuance of termination of the Project, October 31, 2009. | October 31, 2009 | US$13.51/ EC$36.48 | US$13,754.91/ EC$37,135.28 | US$84,208.76/ EC$227,345.47 |
| f.) Retainage | US$218,566.74/ EC$590,083.00 | This sum shall not accrue any interest. Leeward shall submit to AUA all contractually required documentation as set forth in Section 9.10.2 of the General Conditions. Leeward will have a term of not more than 30 calendar days from the date of issuance of this Final Award to submit said documentation. Once Leeward has submitted all required documentation accordingly, AUA shall release the retainage in a term not to exceed 30 calendar days, upon after which such amount shall start accruing interest at the rate of 7% per annum. If Leeward fails to comply with Section 9.10.2, of the General conditions in the time hereby stated and granted the claim for such amount will be considered relinquished. Considering that this case is sub-judice; the herein referred notice may be made by counsel for Leeward to counsel for AUA , or by Leeward to AUA. | August 12, 2012 | US$41.92/ EC$113.17 | US$83.83/ EC$226.33 | US$218,650.58/ EC$590,309.33 |

| | Total Award US$865,905.19 EC$2,337,756.98 | | | | Total Accrued Interest: US$110,516.19 EC$298,369.84 | Total with Interest: US$976,421.37 EC$2,636,126.82 |
|---|---|---|---|---|---|---|

16.     Leeward has complied with the terms and conditions of the Final Award, including the requirements for the payment of contract retainage as set forth in paragraph 1(f) of the Award (Exhibit B, pp. 31-32). (An affidavit of compliance is submitted herewith as Exhibit C.)

17.     Upon information and belief, MEA, AUA's owner, is an agent and/or alter-ego of the AUA as a result of:

(a)     a disregard of the corporate formalities between the AUA and MEA;

(b)     inadequately capitalization of the AUA and/or the AUA and MEA have intermingled their funds (A copy of a check from GCLR, LLC to Lewis & Greer, P.C. is submitted herewith as Exhibit E; Copies of wire transfer receipts from a New York bank account to Leeward are submitted herewith as Exhibit F.)

(c)     an overlap in personnel between the AUA and MEA; and

(d)     a common office space, address and/or telephone number for the AUA and MEA, in that MEA's New York offices are used to run the AUA's operation (Screenshots of the AUA's website are submitted herewith as Exhibit G.).

As a result of the foregoing, as an agent and/or alter-ego of the AUA, MEA is bound by the Final Award.

18.     Pursuant to the Final Award, Leeward is entitled to Judgment against the Respondents in amount of US $976,421.37/EC $2,636,126.82, which includes interest as provided in the Award through August 14, 2012, no part of which has been paid, although duly demanded.

**WHEREFORE**, for reasons set forth herein, Petitioner Leeward Construction Company, Ltd. petitions and moves this Court to confirm the Final Arbitration Award and enter a judgment against the Respondent as follows:

a.     Interest on payments due and unpaid in the amount of US $16,526.27/EC$ 44,617.37 plus interest at the rate of 7% per annum from October 31, 2009.

b.     Damages in the amount of US $86,181.02/EC $232,670.13 plus interest at the rate of 7% per annum from June 22, 2012.

c.     Overhead and profit for work deleted, omitted or modified in the amount of US $297,208.68/EC $802,399.25 plus interest at the rate of 7% per annum from October 31, 2009.

d.     Additional preliminaries in the amount US $176,968.62/EC $477,777.04 plus interest at the rate of 7% per annum from October 31, 2009.

e.     Change order work in the amount of US $70,453.85/EC $190,210.19, plus interest at the rate of 7% per annum from October 31, 2009.

f.     Retainage in the amount of US $ 218,566.74/EC$ 590,083.00 plus interest at the rate of 7% per annum from August 12, 2012.

g.     Such other and further relief as the Court may deem just and proper.

Dated: October 16, 2012
        Poughkeepsie, New York

Veronica A. McMillan, Esq. (VM1107)
**LEWIS & GREER, P.C.**
*Attorney for Petitioner,*
*Leeward Construction Company, Ltd.*
510 Haight Avenue, Suite 202
Poughkeepsie, New York 12603
Telephone: (845) 454-1200

To:     Michael B. Goldsmith, Esq.
        Katherine Lieb, Esq.
        Sills, Cummis & Gross, P.C.
        *Attorney for Respondents,*
        *American University of Antigua -- College of Medicine*
        *and Manipal Education Americas, LLC f/k/a GCLR, LLC,*
        30 Rockefeller Plaza
        New York, New York 10112
        Telephone: (212) 643-7000

**EXHIBIT A**



# AMERICAN UNIVERSITY OF ANTIGUA

## COLLEGE OF MEDICINE

### FOR

### AUA COLLEGE OF MEDICINE

## PROJECT MANUAL
## (Contract)

### VOLUME ONE
Contract Forms and
Conditions of Contract and Schedules

September 2008

American University of Antigua Contract Manual

AUA 000001

# ᴀ AIA® Document A101™ – 1997

## Standard Form of Agreement Between Owner and Contractor
where the basis of payment is a STIPULATED SUM

AGREEMENT made as of the ⅄ᵗ day of September          in the year of    2008
(In words, indicate day, month and year)

BETWEEN the Owner:
(Name, address and other information)

AUA College of Medicine
c/o Greater Caribbean Learning Center
New York, NY 10005

and the Contractor:
(Name, address and other information)

Leeward Construction Company Limited
All Saints Road, P.O. Box 1400
St. Johns, Antigua

The Project is:
(Name and location)

American University of Antigua
College of Medicine

The Architect is:
(Name, address and other information)

Sundaram Architects Pvt. Ltd.
No. 19 Kumara Krupa Road
Bangalore – 560001 India

The Owner and Contractor agree as follows.

ADDITIONS AND DELETIONS:
The author of this document has added information needed for its completion. The author may also have revised the text of the original AIA standard form. An Additions and Deletions Report that notes added information as well as revisions to the standard form text is available from the author and should be reviewed. A vertical line in the left margin of this document indicates where the author has added necessary information and where the author has added to or deleted from the original AIA text.

This document has important legal consequences. Consultation with an attorney is encouraged with respect to its completion or modification.

AIA Document A201-1997, General Conditions of the Contract for Construction, is adopted in this document by reference. Do not use with other general conditions unless this document is modified.

This document has been approved and endorsed by The Associated General Contractors of America.

AIA Document A101™ – 1997. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991 and 1997 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 13:24:55 on 09/24/2008 under Order No.1000356699_1 which expires on 5/16/2009, and is not for resale.
User Notes:                                                                                      (1908669884)

1

AUA 000005

## ARTICLE 1   THE CONTRACT DOCUMENTS

The Contract Documents consist of this Agreement, Conditions of the Contract (General, Supplementary and other Conditions), Drawings, Specifications, Addenda issued prior to execution of this Agreement, other documents listed in this Agreement and Modifications issued after execution of this Agreement; these form the Contract, and are as fully a part of the Contract as if attached to this Agreement or repeated herein. The Contract represents the entire and integrated agreement between the parties hereto and supersedes prior negotiations, representations or agreements, either written or oral. An enumeration of the Contract Documents, other than Modifications, appears in Article 8.

## ARTICLE 2   THE WORK OF THIS CONTRACT

The Contractor shall fully execute the Work described in the Contract Documents, except to the extent specifically indicated in the Contract Documents to be the responsibility of others.

## ARTICLE 3   DATE OF COMMENCEMENT AND SUBSTANTIAL COMPLETION

§ 3.1 The date of commencement of the Work shall be the date of this Agreement unless a different date is stated below or provision is made for the date to be fixed in a notice to proceed issued by the Owner.
*(Paragraphs deleted)*
Commencement Date is 1st May, 2008

§ 3.2 The Contract Time shall be measured from the date of commencement.

§ 3.3 The Contractor shall achieve Substantial Completion of the entire Work not later than the three hundred and sixty four (364) calendar days from the date of commencement, or as follows:
*(Paragraphs deleted)*

| Portion of Work | Substantial Completion Date |
| --- | --- |
| Classroom Block | 29/01/2009 |
| Lab Block | 06/03/2009 |
| Service Block | 29/01/2009 |
| Library and Admin. Block | 30/04/2009 |

, subject to adjustments of this Contract Time as provided in the Contract Documents.

### 3.3.1 Liquidated Damages

The Owner will suffer financial damage if the project is not substantially complete within the dates noted herein or any authorized extension there of granted by the Architect in accordance with Article 8.3 of the General Conditions of the Contract.

The Contractor shall be liable for and shall pay or allow to the Owner due sum herein stipulated as fixed, agreed and Liquidated Damages for each calendar day of delay until the work is substantially complete.

One Thousand Five Hundred US Dollars (US$1,500.00)

The owner may deduct any such sum (s) upon certification by the Architect from any monies due or to become due to the Contractor.

## ARTICLE 4   CONTRACT SUM

§ 4.1 The Owner shall pay the Contractor the Contract Sum in current funds for the Contractor's performance of the Contract. The Contract Sum shall be *Twenty seven million four hundred thirty six thousand eight* (EC $ 2 7, 4 3 6, 8 24 .) *hundred twenty four EC dollars.* subject to additions and deductions as provided in the Contract Documents.

Init.   AIA Document A101™ – 1997. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991 and 1997 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 13:24:55 on 09/24/2008 under Order No.1000356699_1 which expires on 5/16/2009, and is not for resale.
User Notes:   (1906665884)

2

§ 4.2 The Contract Sum is based upon the following alternates, if any, which are described in the Contract Documents and are hereby accepted by the Owner:
*(Paragraphs deleted)*

§ 4.3 Unit prices, if any, are as follows:

| Description | Units | Price ($ 0.00) |
|---|---|---|

As contained in the Bills of Quantities (Volume 1 of Project Manual)

The unit rates and other prices in the Project Manual shall determine the value of extra work or changes as applicable. They shall be considered complete including as appropriate all materials and equipment, labour, installation costs, overhead and profit and shall be considered uniformly for either additions or deductions subject to the provisions of Article 7 of the General Conditions of the Contractor.

Note: Amounts included in the Contract Sum for Preliminaries/General conditions- 'Time related recurring, setup and Management' Costs are to be based on actuals provided these are approved one week in advance by the Owner.

ARTICLE 5   PAYMENTS
§ 5.1 PROGRESS PAYMENTS
§ 5.1.1 Based upon Applications for Payment submitted to the Architect by the Contractor and Certificates for Payment issued by the Architect, the Owner shall make progress payments on account of the Contract Sum to the Contractor as provided below and elsewhere in the Contract Documents.

§ 5.1.2 The period covered by each Application for Payment shall be one calendar month ending on the last day of the month, or as follows:

§ 5.1.3 Provided that an Application for Payment prepared by the Contractor , agreed with the Owner and is received by the Architect not later than the   Seventh (7th )   day of a month, the Owner shall make payment to the Contractor not later than the   twenty second (22nd)   day of the same month. If an Application for Payment is received by the Architect after the application date fixed above, payment shall be made by the Owner not later than   fifteen   (15th ) days after the Architect receives the Application for Payment.

§ 5.1.4 Each Application for Payment shall be based on the most recent schedule of values submitted by the Contractor in accordance with the Contract Documents. The schedule of values shall allocate the entire Contract Sum among the various portions of the Work. The schedule of values shall be prepared in such form and supported by such data to substantiate its accuracy as the Architect may require. This schedule, unless objected to by the Architect, shall be used as a basis for reviewing the Contractor's Applications for Payment.

§ 5.1.5 Applications for Payment shall indicate the measured works of each B/Q portion of the Work as of the end of the period covered by the Application for Payment.

§ 5.1.6 Subject to other provisions of the Contract Documents, the amount of each progress payment shall be computed as follows:

    .1    Take that portion of the Contract Sum properly allocable to completed Work as determined by multiplying the percentage completion of each portion of the Work by the share of the Contract Sum allocated to that portion of the Work in the schedule of values, less retainage of five  (  5 % ). Pending final determination of cost to the Owner of changes in the Work, amounts not in dispute shall be included as provided in Section 7.3.8 of AIA Document A201-1997;

    .2    Add that portion of the Contract Sum properly allocable to materials and equipment delivered and suitably stored at the site for subsequent incorporation in the completed construction (or, if approved

**Init.**

**/**

AIA Document A101™ – 1997. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991 and 1997 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 13:24:55 on 09/24/2008 under Order No.1000356699_1 which expires on 8/16/2009, and is not for resale.
User Notes:                                                                                                   (1908669884)

**3**

AUA 000007

in advance by the Owner, suitably stored off the site at a location agreed upon in writing), less retainage of   five   ( 5 % );

.3    Subtract the aggregate of previous payments made by the Owner; and

.4    Subtract amounts, if any, for which the Architect has withheld or nullified a Certificate for Payment as provided in Section 9.5 of AIA Document A201-1997.

§ 5.1.7 The progress payment amount determined in accordance with Section 5.1.6 shall be further modified under the following circumstances:

.1    Add, upon Substantial Completion of the Work, a sum sufficient to increase the total payments to ninety seven and one half percent (97½%) of the Contract Sum, less such amounts as the Architect shall determine for incomplete Work, retainage applicable to such work and unsettled claims; and *(Section 9.8.5 of AIA Document A201-1997 requires release of applicable retainage upon Substantial Completion of Work with consent of surety, if any.)*

.2    Add, if final completion of the Work is thereafter materially delayed through no fault of the Contractor, any additional amounts payable in accordance with Section 9.10.3 of AIA Document A201-1997.

.3    Provided that any part of the works is certified as substantially complete in accordance with article 9.8 of the General Conditions and before the completion of the whole of the works then the retention shall be reduced by the proportional value of the works complete relative to the value of the whole works.

§ 5.1.8 Reduction or limitation of retainage, if any, shall be as follows:
*(Paragraphs deleted)*
    1. Limit of – 5% Contract Sum
    2. Release of Retention – 50% upon Certificate of Substantial Completion

§ 5.1.9 Except with the Owner's prior approval, the Contractor shall not make advance payments to suppliers for materials or equipment which have not been delivered and stored at the site.

A Mobilisation Advance, equal to 12% of the contract sum (less advances issued at time of contract signing), will be paid within 7 days of receipt of an executed copy of this agreement. The arrangement/formula for pay back of this advance shall be in equal installments resulting in the advance being paid back in its entirety 3 months prior to Substantial Completion of the library works. Prior to release of this payment a detailed breakdown of expenditure against this advance is to be submitted to the Owner. Subsequent advance payments for major material order will be considered on an 'as needed' basis conditional upon receipt of supporting documentation.

An option to secure an Advance Payment Bond in the amount of the Mobilisation payment is to be priced and submitted to the Owner for review.

§ 5.2 FINAL PAYMENT
§ 5.2.1 Final payment, constituting the entire unpaid balance of the Contract Sum, shall be made by the Owner to the Contractor when:

.1    the Contractor has fully performed the Contract except for the Contractor's responsibility to correct Work as provided in Section 12.2.2 of AIA Document A201-1997, and to satisfy other requirements, if any, which extend beyond final payment; and

.2    a final Certificate for Payment has been issued by the Architect.

§ 5.2.2 The Owner's final payment to the Contractor shall be made no later than 30 days after the issuance of the Architect's final Certificate for Payment, or as follows:

**Init.**

**AIA Document A101™ – 1997.** Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991 and 1997 by The American Institute of Architects. **All rights reserved. WARNING: This AIA Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law.** This document was produced by AIA software at 13:24:55 on 09/24/2008 under Order No.1000356699_1 which expires on 5/16/2009, and is not for resale.
**User Notes:**                                                                                          (1908669884)

4

**ARTICLE 6 TERMINATION OR SUSPENSION**

**§ 6.1** The Contract may be terminated by the Owner or the Contractor as provided in Article 14 of AIA Document A201-1997.

**§ 6.2** The Work may be suspended by the Owner as provided in Article 14 of AIA Document A201-1997.

**ARTICLE 7 MISCELLANEOUS PROVISIONS**

**§ 7.1** Where reference is made in this Agreement to a provision of AIA Document A201-1997 or another Contract Document, the reference refers to that provision as amended or supplemented by other provisions of the Contract Documents.

**§ 7.2** Payments due and unpaid under the Contract shall bear interest from the date payment is due at the rate stated below, or in the absence thereof, at the legal rate prevailing from time to time at the place where the Project is located.
*(Insert rate of interest agreed upon, if any.)*

( ) per annum

*(Usury laws and requirements under the Federal Truth in Lending Act, similar state and local consumer credit laws and other regulations at the Owner's and Contractor's principal places of business, the location of the Project and elsewhere may affect the validity of this provision. Legal advice should be obtained with respect to deletions or modifications, and also regarding requirements such as written disclosures or waivers.)*

**§ 7.3** The Owner's representative is:
*(Name, address and other information)*

Lt.Col Roché Anthony/ Mr. Corey Greenberg

**§ 7.4** The Contractor's representative is:
*(Name, address and other information)*

Mr. Neil Dickinson

**§ 7.5** Neither the Owner's nor the Contractor's representative shall be changed without ten days written notice to the other party.

**§ 7.6** Other provisions:

**ARTICLE 8 ENUMERATION OF CONTRACT DOCUMENTS**

**§ 8.1** The Contract Documents, except for Modifications issued after execution of this Agreement, are enumerated as follows:

**§ 8.1.1** The Agreement is this executed 1997 edition of the Standard Form of Agreement Between Owner and Contractor, AIA Document A101-1997.

**§ 8.1.2** The General Conditions are the 1997 edition of the General Conditions of the Contract for Construction, AIA Document A201-1997.

**§ 8.1.3** The Supplementary and other Conditions of the Contract are those contained in the Project Manual dated September 2008 , and are as follows

AIA Document A101™ – 1997. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991 and 1997 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 13:24:55 on 09/24/2008 under Order No.1000356699_1 which expires on 5/16/2009, and is not for resale.
User Notes: (1908669884)

Init.

5

| Document | Title | Pages |
|---|---|---|
| SUPPLEMENTARY CONDITIONS – Clause 1-24 | A101 | 6-10 |

**§ 8.1.4** The Specifications are those contained in the Project Manual dated as in Section 8.1.3, and are as follows:
*(Either list the Specifications here or refer to an exhibit attached to this Agreement.)*

*(Table deleted)*

**§ 8.1.5** The Drawings are as follows, and are dated      unless a different date is shown below:
*(Either list the Drawings here or refer to an exhibit attached to this Agreement.)*
REFER TO 'LIST OF DRAWINGS' contained in the PROJECT MANUAL
*(Table deleted)*

**§ 8.1.6** The Addenda, if any, are as follows:

| Number | Date | Pages |
|---|---|---|

Portions of Addenda relating to bidding requirements are not part of the Contract Documents unless the bidding requirements are also enumerated in this Article 8.

**§ 8.1.7** Other documents, if any, forming part of the Contract Documents are as follows:
*(List here any additional documents that are intended to form part of the Contract Documents. AIA Document A201-1997 provides that bidding requirements such as advertisement or invitation to bid, Instructions to Bidders, sample forms and the Contractor's bid are not part of the Contract Documents unless enumerated in this Agreement. They should be listed here only if intended to be part of the Contract Documents.)*

Bills of Quantities
Advance Payment Bond (if option accepted by owner via change order)
Performance Bond (if Option accepted by owner via change order)


SUPPLEMENTARY CONDITIONS

1.   **GENERAL:**

The General Conditions of the Contract shall be A.I.A. Document A201, 1997 Edition, except as hereafter modified by these Supplementary Conditions.


2.   **Reference Article 2, Clause 2.1.2:**

Delete Clause 2.1.2 in its entirety.


3.   **Reference Article 3, Clause 3.6 ADD Sub-Paragraphs 3.6.2-5:**

3.6.2   The project is not subject to Antiguan import permits and payments of custom duties upon goods, material and equipment delivered for use in the work. This includes any applicable CST.

3.6.3   The Contractor shall be responsible for obtaining clearance through Customs for any such material and equipment purchased by him for use in the works and the Owner shall endorse such clearance requirements.

3.6.4   The Contractor will be responsible for handling or moving equipment and/or material to the job site except those purchased directly by the Owner.

AIA Document A101™ – 1997. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991 and 1997 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 13:24:55 on 09/24/2008 under Order No.1000356699_1 which expires on 5/16/2009, and is not for resale.
User Notes:                                                                                              (1908969884)

Init.   6

3.6.5   Equipment and/or material purchased in the Antigua wherein the purchase price includes duty, such duty shall be borne by the Contractor. Where required, the Contractor shall pay duty upon equipment and/or materials imported into Antigua which do not or will not become a permanent part of the work.

4.   **Reference Article 3, Clause 3.7 Sub-Paragraph 3.7.1:**

Delete as written and insert in lieu thereof the following:

3.7.1   The Owner will secure and pay for the Government Building Permit. All other permits and licences necessary for the proper execution and completion of the work shall be secured and paid for and maintained as a responsibility of the Contractor.

5.   **Reference Article 3, Clause 3.8 Sub-Paragraph 3.8.2:**

Delete as written and insert in lieu thereof the following:

3.8.2   Unless otherwise provided in the Contract Documents:

.1   materials and equipment under an allowance shall be selected promptly by the Owner to avoid delay in the Work;

.2   allowances shall cover the cost to the Contractor, less any applicable trade discount, of the materials and equipment required by the allowance delivered at the site and all applicable duties and taxes together with the Contractor's costs for unloading and handling on the site, labour installation costs, overhead, profit and other expenses. Where such allowances cover work to be carried out by specialist sub-contractors, these allowances shall include the handling costs on the site, labour installation costs, overhead, profit and other expenses of such sub-contractors.

.3   whenever costs are more than or less than allowances, the Contract Sum shall be adjusted accordingly by Change Order. The amount of the Change Order shall reflect the difference between actual costs and the allowances under Clause 3.8.2.2.

.4   the Contractor shall include for carrying out works under a Cash Allowance in his Construction Schedule.

6.   **Reference Article 4, Clause 4.3.9:**

Delete Clause 4.3.9 in its entirety.

7.   **Reference Article 4, Clause 4.4. Amend Sub-Paragraphs 4.4.1, 4.4.5 & 4.4.6:**

Delete all references to "Mediation".

8.   **Reference Article 4, Clause 4.4-Delete Sub-Paragraph 4.4.8.**

9.   **Delete Clause 4.5 in its entirety.**

AIA Document A101™ – 1997. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991 and 1997 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 13:24:55 on 09/24/2008 under Order No.1000356699_1 which expires on 5/16/2009, and is not for resale.
User Notes:   (1908669884)

AUA 000011

10.   Reference Article 4, Clause 4.6. Amend Sub-Paragraphs 4.6.1 & 4.6.2:

    4.6.1        Delete "Prior to arbitration......... with the provisions of Paragraph 5.4" in its entirety.

    4.6.2        Delete "not resolved by mediation" from first sentence.

11.   Reference Article 8, Clause 8.2.2

    8.2.2   Delete references to 'mechanics lien'

12.   Reference 8.3, Clause 8.3.1

    Delete reference to "Mediation".

13.   Reference Article 9, Clause 9.6 ADD Paragraph 9.6.8:

    9.6.8        The Contractor, upon receipt of each progress payment from the Owner, shall promptly furnish the Owner with a receipt indicating the amount paid and the date payment was received.

14.   Reference Article 11, Clause 11.1 Sub-Paragraph 11.1.1.6:

    Delete as written and insert in lieu thereof the following:

    11.1.1.6    Claims for damages because of bodily injury, death of any person or property damage arising out of the ownership, maintenance or use of any motor vehicle either on or off the site including motor vehicles using public highways; and

15.   Reference Article 11, Clause 11.1 ADD Sub-Paragraph 11.1.4:

    11.1.4        The Contractor shall in addition to the foregoing of Article 11.1 maintain such insurances as required by the Laws of Antigua and the Owner.

        .1      The Contractor shall maintain Liability cover at not less than the following limits:

                Bodily Injury & Accidental Death:
                        EC\$1,000,000 per occurrence.

                Property Damage: EC\$1,500,000 per occurrence.

        .2      The Contractor's liability insurance shall also include the interests of the Owner and un-named subcontractors in the work.  The above noted interests to be endorsed on all other policies of insurance maintained by the Contractor in respect of the Work.

        .3      The Contractor's liability insurance shall incorporate the following "cross liability" clause into the policy wording:

                "It is hereby agreed and declared that for the purpose of this policy each of the parties comprising the insured shall be considered as a separate and distinct unit and the words "The Insured" shall be considered as applying to each party in the same manner as if a separate policy had been issued to each of the said parties

AIA Document A101™ – 1997. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991 and 1997 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 13:24:55 on 09/24/2008 under Order No.1000356699_1 which expires on 5/16/2009, and is not for resale.
User Notes:                                               (1908669884)

Init.

8

AUA 000012

and the company hereby agrees to waive all rights of subrogation or action which the company may have or acquire against either of the aforesaid parties arising out of any accident in respect of which any claim is made hereunder".

16.   Reference Article 11, Clause 11.4, Paragraph 11.4.1 and Sub-Paragraphs 11.4.1.1 through 11.4.1.4:

Delete as written and insert in lieu thereof the following:

11.4.1          The Contractor shall purchase and maintain property insurance upon the entire Work at the site to the full insurable value thereof.

.1       Such insurance shall be in a company or companies against which the Owner and/or his agents have no reasonable objection. This insurance shall include the interests of the Owner, the Owner's Agents, the Contractor, Sub-contractors and Sub-subcontractors in the Work and shall insure against the perils of fire and extended coverage and shall include "all risk" insurance for physical loss or damage including, without duplication of coverage, theft, vandalism and malicious mischief, collapse, falsework, temporary buildings and debris removal including demolition occasioned by enforcement of any applicable legal requirements, and shall cover reasonable compensation for Architect's and other appointed consultancy services and expenses required as a result of such insured loss.

.2       If not covered under all risk insurance or otherwise provided in the Contract Documents, the Contractor shall effect and maintain similar insurance on portions of the Work stored off the site or in transit when such portions of the Work are to be included in an Application for Payment under Sub-Paragraph 9.3.2

.3       If by the terms of this insurance any mandatory deductibles are required, or if the Contractor should elect, with the concurrence of the Owner, to increase the mandatory deductible amounts or purchase this insurance with voluntary deductible amounts, the Contractor shall be responsible for payment of the amount of the deductible in the event of a paid claim.

17.   Reference Article 11, Clause 11.4, Paragraph 11.4.4: Delete entirely.

18.   Reference Article 11, Clause 11.4, Paragraph 11.4.6:

Delete as written and insert in lieu thereof the following:-

11.4.6          The Contractor shall file two certified copies of all policies with the Owner before exposure to loss can occur. If the Owner is damaged by the failure of the Contractor to maintain such insurance and to so notify the Owner, then the Contractor shall bear all reasonable costs properly attributable thereto and such costs shall not be reimbursed by the Owner.

19.   Reference Article 11, Clause 11.4 ADD Paragraph 11.4.11

11.4.11         The Contractor shall insure all materials and equipment to be incorporated in the project from the time of dispatch from the premises of the supplier or distributor until delivered to the project site for the full value thereof. Certificates of insurance shall be made available to the Owner upon request.

Init.   AIA Document A101™ – 1997. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991 and 1997 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 13:24:55 on 09/24/2008 under Order No.1000356699_1 which expires on 5/16/2009, and is not for resale.
User Notes:                                                                                                (1908699684)

9

AUA 000013

20. **Reference Article 11, Clause 11.4 ADD Paragraphs 11.4.12 & 11.4.13**

11.4.12   Notwithstanding the foregoing of Article 11.4 with regard to insuring against damage by hurricane, the Contractor, on becoming aware of a hurricane warning, is to take all reasonable precautions including securing loose materials and plant, protecting windows and other openings, etc., to minimize the damage likely to be caused thereby.

11.4.13   The cost to the Contractor of installing temporary hurricane protection to partially or substantially completed portions of the building shall be paid by the Owner on the basis of cost plus an agreed percentage to cover overhead and profit. Such amount shall be agreed between the Contractor and the Owner.

21. **Reference Article 13, Clause 13.1 Sub-Paragraph 13.1.1:**

Delete as written and insert in lieu thereof the following:

13.1.1   The Contract shall be governed by and construed according to the laws for the time being in force in Antigua.

22. **Reference General Conditions, ADD Article 15**

15.1   QUALITY AND QUANTITY OF THE WORK

15.1.1   The quality and quantity of the work included in the Contract Sum shall be deemed to be that which is shown upon the contract drawings and described in Project Manual Volumes One but nothing contained in these documents shall override, modify, or affect in any way whatsoever the application or interpretation of that which is contained in these conditions.

15.1.2   Any error in description or omission of items from the Project Manual shall not vitiate this contract but shall be corrected and deemed to be a change required by the Architect and Owner.

23. **Reference General Conditions, ADD Article 16**

16.1   IMMIGRATION

16.1.1   Attention of the Contractor is called to the Laws of Antigua as to require work and entry permits for persons entering the Country. The Contractor shall make any and all arrangements for such permits and assume full responsibility for compliance with such laws.

24. **Reference General Conditions, ADD Article 17**

17.1   HEADINGS

17.1.1   The headings to the clauses shall not form part of this contract or affect the interpretation thereof.

AIA Document A101™ – 1997. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991 and 1997 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 18:24:55 on 09/24/2008 under Order No.10003566999_1 which expires on 5/16/2009, and is not for resale.
User Notes:                                                                                          (1906669884)

Init.

10

This Agreement is entered into as of the day and year first written above and is executed in at least three original copies, of which one is to be delivered to the Contractor, one to the Architect for use in the administration of the Contract, and the remainder to the Owner.

OWNER *(Signature)*                              CONTRACTOR *(Signature)*

American University of Antigua                  Leeward Construction Co. Ltd.
*(Printed name and title)*                      *(Printed name and title)*

LT COL RICHEANTONY                              NEIL DICKINSON   PROJECTS DIRECTOR
This Agreement entered into as of the day and year first written above

General Manager. Project

AIA Document A101™ – 1997. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991 and 1997 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 13:24:55 on 09/24/2008 under Order No.1000356699_1 which expires on 5/16/2009, and is not for resale.
User Notes:                                                                    (1000569884)

Init.

11

# ΑΙΑ® Document A201™ – 1997

## General Conditions of the Contract for Construction

for the following PROJECT:
(Name and location or address):
American University of Antigua
College of Medicine

THE OWNER:
(Name and address):
AUA College of Medicine
c/o Greater Caribbean Learning Center
New York, NY 10005

THE ARCHITECT:
(Name and address):
Sundaram Architects PVT, Ltd.
No. 19 Kumara Krupa Road.
Bangalore 560-001
India

**ADDITIONS AND DELETIONS:**
The author of this document has added information needed for its completion. The author may also have revised the text of the original AIA standard form. An *Additions and Deletions Report* that notes added information as well as revisions to the standard form text is available from the author and should be reviewed. A vertical line in the left margin of this document indicates where the author has added necessary information and where the author has added to or deleted from the original AIA text.

This document has important legal consequences. Consultation with an attorney is encouraged with respect to its completion or modification.

This document has been approved and endorsed by The Associated General Contractors of America

TABLE OF ARTICLES

1      GENERAL PROVISIONS

2      OWNER

3      CONTRACTOR

4      ADMINISTRATION OF THE CONTRACT

5      SUBCONTRACTORS

6      CONSTRUCTION BY OWNER OR BY SEPARATE CONTRACTORS

7      CHANGES IN THE WORK

8      TIME

9      PAYMENTS AND COMPLETION

10     PROTECTION OF PERSONS AND PROPERTY

11     INSURANCE AND BONDS

12     UNCOVERING AND CORRECTION OF WORK

13     MISCELLANEOUS PROVISIONS

14     TERMINATION OR SUSPENSION OF THE CONTRACT

AIA Document A201™ – 1997. Copyright © 1911, 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1966, 1970, 1976, 1987 and 1997 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 13:26:35 on 09/24/2008 under Order No.1000356699_1 which expires on 5/16/2009, and is not for resale.
User Notes:                                                                                                            (2404291990)

Init.

/

1

INDEX
(Numbers and Topics in Bold are Section Headings)

Acceptance of Nonconforming Work
9.6.6, 9.9.3, 12.3
Acceptance of Work
9.6.6, 9.8.2, 9.9.3, 9.10.1, 9.10.3, 12.3
Access to Work
3.16, 6.2.1, 12.1
Accident Prevention
4.2.3, 10
Acts and Omissions
3.2, 3.3.2, 3.12.8, 3.18, 4.2.3, 4.3.8, 4.4.1, 8.3.1,
9.5.1, 10.2.5, 13.4.2, 13.7, 14.1
Addenda
1.1.1, 3.11
Additional Costs, Claims for
4.3.4, 4.3.5, 4.3.6, 6.1.1, 10.3
Additional Inspections and Testing
9.8.3, 12.2.1, 13.5
Additional Time, Claims for
4.3.4, 4.3.7, 8.3.2
ADMINISTRATION OF THE CONTRACT
3.1.3, 4, 9.4, 9.5
Advertisement or Invitation to Bid
1.1.1
Aesthetic Effect
4.2.13, 4.5.1
Allowances
3.8
All-risk Insurance
11.4.1.1
Applications for Payment
4.2.5, 7.3.8, 9.2, 9.3, 9.4, 9.5.1, 9.6.3, 9.7.1, 9.8.5,
9.10, 11.1.3, 14.2.4, 14.4.3
Approvals
2.4, 3.1.3, 3.5, 3.10.2, 3.12, 4.2.7, 9.3.2, 13.4.2, 13.5
Arbitration
4.3.3, 4.4, 4.5.1, 4.5.2, 4.6, 8.3.1, 9.7.1, 11.4.9,
11.4.10
Architect
4.1
Architect, Definition of
4.1.1
Architect, Extent of Authority
2.4, 3.12.7, 4.2, 4.3.6, 4.4, 5.2, 6.3, 7.1.2, 7.3.6, 7.4,
9.2, 9.3.1, 9.4, 9.5, 9.8.3, 9.10.1,  9.10.3, 12.1, 12.2.1,
13.5.1, 13.5.2, 14.2.2, 14.2.4
Architect, Limitations of Authority and
Responsibility
2.1.1, 3.3.3, 3.12.4, 3.12.8, 3.12.10, 4.1.2, 4.2.1,
4.2.2, 4.2.3, 4.2.6, 4.2.7, 4.2.10, 4.2.12, 4.2.13, 4.4,
5.2.1, 7.4, 9.4.2, 9.6.4, 9.6.6
Architect's Additional Services and Expenses
2.4, 11.4.1.1, 12.2.1, 13.5.2, 13.5.3, 14.2.4
Architect's Administration of the Contract

3.1.3, 4.2, 4.3.4, 4.4, 9.4, 9.5
Architect's Approvals
2.4, 3.1.3, 3.5.1, 3.10.2, 4.2.7
Architect's Authority to Reject Work
3.5.1, 4.2.6, 12.1.2, 12.2.1
Architect's Copyright
1.6
Architect's Decisions
4.2.6, 4.2.7, 4.2.11, 4.2.12, 4.2.13, 4.3.4, 4.4.1, 4.4.5,
4.4.6, 4.5, 6.3, 7.3.6, 7.3.8, 8.1.3, 8.3.1, 9.2, 9.4,
9.5.1, 9.8.4, 9.9.1, 13.5.2, 14.2.2, 14.2.4
Architect's Inspections
4.2.2, 4.2.9, 4.3.4, 9.4.2, 9.8.3, 9.9.2, 9.10.1, 13.5
Architect's Instructions
3.2.3, 3.3.1, 4.2.6, 4.2.7, 4.2.8, 7.4.1, 12.1, 13.5.2
Architect's Interpretations
4.2.11, 4.2.12, 4.3.6
Architect's Project Representative
4.2.10
Architect's Relationship with Contractor
1.1.2, 1.6, 3.1.3, 3.2.1, 3.2.2, 3.2.3, 3.3.1, 3.4.2, 3.5.1,
3.7.3, 3.10, 3.12, 3.16, 3.18, 4.1.2, 4.1.3, 4.2,
4.3.4, 4.4.1, 4.4.7, 5.2, 6.2.2, 7, 8.3.1, 9.2, 9.3, 9.4,
9.5, 9.7, 9.8, 9.9,  10.2.6, 10.3, 11.3, 11.4.7, 12,
13.4.2, 13.5
Architect's Relationship with Subcontractors
1.1.2, 4.2.3, 4.2.4, 4.2.6, 9.6.3, 9.6.4, 11.4.7
Architect's Representations
9.4.2, 9.5.1, 9.10.1
Architect's Site Visits
4.2.2, 4.2.5, 4.2.9, 4.3.4, 9.4.2, 9.5.1, 9.9.2, 9.10.1,
13.5
Asbestos
10.3.1
Attorneys' Fees
3.18.1, 9.10.2, 10.3.3
Award of Separate Contracts
6.1.1, 6.1.2
Award of Subcontracts and Other Contracts for
Portions of the Work
5.2
Basic Definitions
1.1
Bidding Requirements
1.1.1, 1.1.7, 5.2.1, 11.5.1
Boiler and Machinery Insurance
11.4.2
Bonds, Lien
9.10.2
Bonds, Performance, and Payment
7.3.6.4, 9.6.7, 9.10.3, 11.4.9, 11.5
Building Permit
3.7.1
Capitalization
1.3
Certificate of Substantial Completion

AIA Document A201™ – 1997. Copyright © 1911, 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1966, 1970, 1976, 1987 and 1997 by The American
Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized
reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the
maximum extent possible under the law. This document was produced by AIA software at 13:26:35 on 09/24/2008 under Order No.1000356699_1 which
expires on 5/16/2009, and is not for resale.
User Notes:                                                                                                (2404291990)

Init.

2

9.8.3, 9.8.4, 9.8.5
**Certificates for Payment**
4.2.5, 4.2.9, 9.3.3, 9.4, 9.5, 9.6.1, 9.6.6, 9.7.1, 9.10.1,
9.10.3, 13.7, 14.1.1.3, 14.2.4
Certificates of Inspection, Testing or Approval
13.5.4
Certificates of Insurance
9.10.2, 11.1.3
**Change Orders**
1.1.1, 2.4.1, 3.4.2, 3.8.2.3, 3.11.1, 3.12.8, 4.2.8, 4.3.4,
4.3.9, 5.2.3, 7.1, 7.2, 7.3, 8.3.1, 9.3.1.1, 9.10.3,
11.4.1.2, 11.4.4, 11.4.9, 12.1.2
Change Orders, Definition of
7.2.1
**CHANGES IN THE WORK**
3.11, 4.2.8, 7, 8.3.1, 9.3.1.1, 11.4.9
Claim, Definition of
4.3.1
**Claims and Disputes**
3.2.3, 4.3, 4.4, 4.5, 4.6, 6.1.1, 6.3, 7.3.8, 9.3.3, 9.10.4,
10.3.3
Claims and Timely Assertion of Claims
4.6.5
Claims for Additional Cost
3.2.3, 4.3.4, 4.3.5, 4.3.6, 6.1.1, 7.3.8, 10.3.2
Claims for Additional Time
3.2.3, 4.3.4, 4.3.7, 6.1.1, 8.3.2, 10.3.2
Claims for Concealed or Unknown Conditions
4.3.4
Claims for Damages
3.2.3, 3.18, 4.3.10, 6.1.1, 8.3.3, 9.5.1, 9.6.7, 10.3.3,
11.1.1, 11.4.5, 11.4.7, 14.1.3, 14.2.4
Claims Subject to Arbitration
4.4.1, 4.5.1, 4.6.1
Cleaning Up
3.15, 6.3
Commencement of Statutory Limitation Period
13.7
Commencement of the Work, Conditions Relating to
2.2.1, 3.2.1, 3.4.1, 3.7.1, 3.10.1, 3.12.6, 4.3.5, 5.2.1,
5.2.3, 6.2.2, 8.1.2, 8.2.2, 8.3.1, 11.1, 11.4.1, 11.4.6,
11.5.1
Commencement of the Work, Definition of
8.1.2
**Communications Facilitating Contract
Administration**
3.9.1, 4.2.4
Completion, Conditions Relating to
1.6.1, 3.4.1, 3.11, 3.15, 4.2.2, 4.2.9, 8.2, 9.4.2, 9.8,
9.9.1, 9.10, 12.2, 13.7, 14.1.2
**COMPLETION, PAYMENTS AND**
9
Completion, Substantial
4.2.9, 8.1.1, 8.1.3, 8.2.3, 9.4.2, 9.8, 9.9.1, 9.10.3,
9.10.4.2, 12.2, 13.7
Compliance with Laws

1.6.1, 3.2.2, 3.6, 3.7, 3.12.10, 3.13, 4.1.1, 4.4.8, 4.6.4,
4.6.6, 9.6.4, 10.2.2, 11.1, 11.4, 13.1, 13.4, 13.5.1,
13.5.2, 13.6, 14.1.1, 14.2.1.3
Concealed or Unknown Conditions
4.3.4, 8.3.1, 10.3
Conditions of the Contract
1.1.1, 1.1.7, 6.1.1, 6.1.4
Consent, Written
1.6, 3.4.2, 3.12.8, 3.14.2, 4.1.2, 4.3.4, 4.6.4, 9.3.2,
9.8.5, 9.9.1, 9.10.2, 9.10.3, 11.4.1, 13.2, 13.4.2
**CONSTRUCTION BY OWNER OR BY
SEPARATE CONTRACTORS**
1.1.4, 6
Construction Change Directive, Definition of
7.3.1
**Construction Change Directives**
1.1.1, 3.12.8, 4.2.8, 4.3.9, 7.1, 7.3, 9.3.1.1
Construction Schedules, Contractor's
1.4.1.2, 3.10, 3.12.1, 3.12.2, 4.3.7.2, 6.1.3
Contingent Assignment of Subcontracts
5.4, 14.2.2.2
Continuing Contract Performance
4.3.3
Contract, Definition of
1.1.2
**CONTRACT, TERMINATION OR
SUSPENSION OF THE**
5.4.1.1, 11.4.9, 14
Contract Administration
3.1.3, 4, 9.4, 9.5
Contract Award and Execution, Conditions Relating
to
3.7.1, 3.10, 5.2, 6.1, 11.1.3, 11.4.6, 11.5.1
Contract Documents, The
1.1, 1.2
Contract Documents, Copies Furnished and Use of
1.6, 2.2.5, 5.3
Contract Documents, Definition of
1.1.1
**Contract Sum**
3.8, 4.3.4, 4.3.5, 4.4.5, 5.2.3, 7.2, 7.3, 7.4, 9.1, 9.4.2,
9.5.1.4, 9.6.7, 9.7, 10.3.2, 11.4.1, 14.2.4, 14.3.2
Contract Sum, Definition of
9.1
Contract Time
4.3.4, 4.3.7, 4.4.5, 5.2.3, 7.2.1.3, 7.3, 7.4, 8.1.1, 8.2,
8.3.1, 9.5.1, 9.7, 10.3.2, 12.1.1, 14.3.2
Contract Time, Definition of
8.1.1
**CONTRACTOR**
3
Contractor, Definition of
3.1, 6.1.2
**Contractor's Construction Schedules**
1.4.1.2, 3.10, 3.12.1, 3.12.2, 4.3.7.2, 6.1.3
Contractor's Employees

Init.

AIA Document A201™ – 1997. Copyright © 1911, 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1966, 1970, 1976, 1987 and 1997 by The American
Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized
reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the
maximum extent possible under the law. This document was produced by AIA software at 13:26:35 on 09/24/2008 under Order No.1000356699_1 which
expires on 5/16/2009, and is not for resale.
User Notes:                                                                                                                         (2404291990)

3

AUA 000018