# EXHIBIT
# 1

## STAY AGREEMENT

This Stay Agreement (the "Agreement") is made as of May 8, 2013, by and between Leeward Construction Company, Ltd., an Antiguan corporation ("Leeward") and American University of Antigua – College of Medicine, an Antiguan corporation ("AUA").

WHEREAS, Leeward and AUA conducted an arbitration before the American Arbitration Association International Center for Dispute Resolution under Case No. 50 110 T 00075 11 (the "First Arbitration");

WHEREAS, on June 22, 2012, the tribunal issued an arbitration award in the First Arbitration: (a) in favor of Leeward on certain claims it had asserted against AUA; and (b) in favor of AUA on certain counterclaims it had asserted against Leeward, which award was modified on August 8, 2012 (the "Award");

WHEREAS, the monies due and owing Leeward and AUA pursuant to the Award remain outstanding;

WHEREAS, on August 16, 2012, Leeward filed a Petition to confirm the Award in the United States District Court for the Southern District of New York in a proceeding styled entitled *Leeward Construction Company, Ltd. v. American University of Antigua – College of Medicine, et al.*, Case No. 12-CV-06280 (LAK) (the "Action");

WHEREAS, on March 28, 2013, a Judgment was entered in the Action confirming the Award (the "Judgment"), a copy of which is attached hereto as Exhibit 1;

WHEREAS, on April 24, 2013, Leeward filed a motion to amend the Judgment so as to reduce the Judgment to a money judgment in the net amount due Leeward under the Award, with interest (the "Motion to Amend"), which motion seeks the entry of a proposed Amended

1

Judgment in Leeward's favor in the net amount of $910,804.49 as of April 23, 2013, plus interest at a rate of 7% per annum until paid;

WHEREAS, a second arbitration is pending between Leeward and AUA before the American Arbitration Association International Center for Dispute Resolution under Case No. 50 110 T 00118 13 (the "Second Arbitration");

WHEREAS, Leeward has asserted a claim in the amount of US $30,672.80 (exclusive of interest) against AUA in the Second Arbitration, and AUA has asserted a counterclaim against Leeward in the amount of US $1,334,854.21 (exclusive of interest) in the Second Arbitration; and

WHEREAS, AUA and Leeward have reached an agreement that mutually serves to (a) secure payment by AUA of (i) the Judgment or any Amended Judgment that may be entered and (ii) Leeward's claim in the Second Arbitration; and (b) secure payment by Leeward of AUA's counterclaim in the Second Arbitration to the extent of the monies due Leeward under the Judgment;

NOW, THEREFORE, Leeward and AUA agree as follows:

1.      Leeward shall cease any and all efforts to execute on the Judgment, or any Amended Judgment that may be entered (the "Amended Judgment"), pending the issuance of an arbitration award by the tribunal in the Second Arbitration, except that Leeward shall be permitted to file the Motion to Amend to seek entry of an Amended Judgment.

2.      Within seven (7) days of execution of this Agreement, the parties shall file a Stipulation and Consent Order staying execution of the Judgment/Amended Judgment in the

2

form attached hereto as Exhibit 2.  Notwithstanding the express intent of Leeward and AUA to seek entry of the Stipulation and Consent Order, Leeward and AUA shall be bound by the mutual obligations set forth in this Agreement regardless of whether the Court enters the Stipulation and Consent Order submitted.  Leeward and AUA further agree that both shall cooperate in modifying the form of the Stipulation and Consent Order attached hereto as Exhibit 2 to the extent necessary to facilitate its entry by the Court.

      3.      To secure payment of the Judgment/Amended Judgment, AUA shall post security in the form of a bond issued by a surety company authorized by the laws of the State of New York to transact business and certified by the New York State Superintendent of Insurance under the provisions of Insurance Law § 1111 or who holds a certificate of authority from the Secretary of the U.S. Treasury.  The bond shall be in the amount the amount of $1,073,000.00, which is presently sufficient to fully secure both the Judgment/Amended Judgment and Leeward's claim in the Second Arbitration, plus interest on such Judgment/Amended Judgment and such claim at a rate of 7% per annum through April 23, 2015.  To the extent AUA is required to maintain its bond beyond April 23, 2015, AUA shall be obligated to increase the amount of its bond to cover additional interest that may accrue in no less than three (3) month increments, as and when necessary, to ensure that it remains sufficient in amount to fully secure Leeward.  If an increase in the amount of the bond becomes necessary and AUA fails to increase the amount of the bond as required, AUA shall be liable for actual attorneys' fees and expenses incurred by Leeward to seek enforcement of this provision.

4.      Upon issuance of an award by the tribunal in the Second Arbitration, the parties shall determine the net amount due to either Leeward or AUA, taking into consideration: (a) the Judgment/Amended Judgment; and (b) the award, whether in favor of Leeward or AUA, issued in the Second Arbitration.

5.      To the extent Leeward is entitled to a net award, such net award, including interest, shall be paid within sixty (60) days of the issuance of the award in the Second Arbitration by AUA and/or from the security posted by AUA pursuant to Paragraph 3 of this Agreement, with the source of such payment being within AUA's sole discretion. Payment shall be to "Lewis & Greer, P.C., as attorney" and shall be in U.S. dollars, only, subject to the following:

(a)      If AUA moves to vacate or modify the award issued in the Second Arbitration prior to the expiration of the sixty (60) day period, then AUA shall not be obligated to pay Leeward as set forth in this Paragraph unless and until Leeward posts security in the form of a bond issued by a surety company authorized by the laws of the State of New York to transact business and certified by the New York State Superintendent of Insurance under the provisions of Insurance Law § 1111 or who holds a certificate of authority from the Secretary of the U.S. Treasury, to secure the amount of such payment made to Leeward. Such bond shall remain in place during the pendency of AUA's motion to vacate or modify the award issued in the Second Arbitration. If the award is vacated in full only, such bond shall continue to remain in place through any further proceedings until the claims in the Second Arbitration are finally resolved and confirmed. If Leeward elects payment and posts a bond and AUA's motion to vacate or

4

modify is denied, then AUA agrees to reimburse Leeward for the costs incurred to obtain the bond.

(b)     If AUA moves to vacate or modify the award issued by the tribunal in the Second Arbitration as provided in subparagraph (a) and Leeward does not elect to post a bond in exchange for receiving payment while AUA pursues such motion, the stay of execution on the Judgment/Amended Judgment shall remain in place, as will AUA's bond securing such Judgment/Amended Judgment, during the pendency of the AUA's motion to vacate or modify the award issued in the Second Arbitration. If the award is vacated in full only, such stay and such bond shall continue to remain in place through any further proceedings until the claims in the Second Arbitration are finally resolved and confirmed. In the event Leeward thereafter remains entitled to a net award, Leeward shall be paid the net award then due it by AUA and/or from the security provided by AUA within ten (10) days of any court order denying AUA's motion to vacate or, if the award is vacated, upon issuance of any confirmed award that results from further proceedings. Upon receipt of payment of the net award plus interest due and owing in accordance with the Paragraph, Leeward shall thereafter file a Satisfaction of Judgment with the United States District Court for the Southern District of New York. In the event AUA and/or the surety fails to make payment within the time frames set forth in this Paragraph, AUA shall be liable for actual attorneys' fees and expenses incurred to collect the Judgment/Amended Judgment that may be entered, including any enforcement action against the surety/bond.

6. To the extent AUA it entitled to a net award, then sixty (60) days after the issuance of an award in the Second Arbitration, the security posted by AUA shall be released and returned to AUA and AUA's award shall be deemed partially satisfied to the extent of the

5

Judgment/Amended Judgment, inclusive of interest, due to Leeward on the date such award is issued. In that event, the Judgment/Amended Judgment against AUA shall be deemed satisfied in full, and Leeward shall thereafter file a Satisfaction of Judgment with the United States District Court for the Southern District of New York, subject to the following: If Leeward moves to vacate or modify the award issued in the Second Arbitration within sixty (60) days of its issuance, then AUA's bond and Leeward's stay of execution on the Judgment/Amended Judgment shall remain in place during the pendency of a motion by Leeward to vacate or modify the award. If the award is vacated in full only, both AUA's bond and Leeward's stay of execution on the Judgment/Amended Judgment shall continue to remain in place until the claims in the Second Arbitration are finally resolved and confirmed. In the event AUA thereafter remains entitled to a net award, the security posted by AUA shall be released and returned to AUA within ten (10) days of any court order denying Leeward's motion to vacate or, if the award is vacated, upon issuance of any confirmed award that results from further proceedings. AUA's award shall be deemed partially satisfied to the extent of the Judgment/Amended Judgment, inclusive of interest, due to Leeward on the date such decision or award is issued. In such event, the Judgment/Amended Judgment against AUA shall be deemed satisfied in full, and Leeward shall thereafter file a Satisfaction of Judgment with the United States District Court for the Southern District of New York.

7.    In consideration of the stay of execution referenced in Paragraph 1 and 2, above, AUA agrees to waive its right to appeal the Judgment/Amended Judgment. Such waiver shall be effective upon full execution of this Agreement.

6

8.      This Agreement constitutes the entire and complete understanding and agreement between the parties hereto concerning the matters set forth herein, and there are no understandings and agreements, oral or otherwise, that are not reflected herein.  This Agreement may not be clarified, modified, changed or amended except in a writing signed by each of the parties hereto.

9.      Leeward and AUA were represented by counsel and this Agreement was negotiated by counsel.  Each party and counsel for each party to this Agreement have reviewed this Agreement and have participated in its drafting and, accordingly, no party shall attempt to invoke the rule of construction to the effect that ambiguities, if any, are to be resolved against the drafting party.

10.     If any provision of this Agreement, or the application thereof to any person or circumstance, is invalid or unenforceable in any jurisdiction: (a) a substitute and equitable provision shall be substituted therefore in order to carry out, so far as may be valid and enforceable in such jurisdiction, the intent and purpose of the invalid or unenforceable provision; and (b) the remainder of this Agreement and the application of such provision to other persons or circumstances shall not be affected by such invalidity or unenforceability, nor shall the invalidity or unenforceability of such provisions affect the validity or enforceability of such provision, or the application thereof, in any other jurisdiction.

11.     This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to the doctrine of conflicts of law.  The Federal and

7

States Courts within the State of New York shall have exclusive jurisdiction over any claim arising from this Agreement, and Leeward and AUA each consent and agree to be subject to the jurisdiction of said Courts for the limited purpose of adjudicating any such disputes arising out of this Agreement. Further, the parties agree that service of any such action commenced pursuant to this paragraph of the Agreement shall be deemed effective if service is made by FedEx upon Leeward to its counsel of record: J. Scott Greer, Esq., Lewis & Greer, P.C., 510 Haight Avenue, Suite 202, Poughkeepsie, New York 12603, and to AUA to its counsel of record: Jonathan S. Jemison, Esq., Sills Cummis & Gross, P.C., 30 Rockefeller Center, New York, New York 10112.

12.     This Agreement may be executed in one or more counterparts, each of which shall be an original as against the party who signed it, and all of which shall constitute one and the same instrument. Signatures may be transmitted by facsimile or email.

IN WITNESS WHEREOF, the parties have signed this Agreement as of the date first written above.

Leeward Construction Company, Ltd.,

By:
Its:

American University of Antigua – College of Medicine

By
Its

8

# Exhibit 1

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

LEEWARD CONSTRUCTION COMPANY,

Petitioner,

-against-

AMERICAN UNIVERSITY OF ANTIGUA -
COLLEGE OF MEDICINE, and MANIPAL
EDUCATION AMERICAS, LLC f/n/a GCLR, LLC.,

Respondents.

---------------------------------------------------------X

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED: 3/28/13 |

12 **CIVIL** 6280 (LAK)

**JUDGMENT**

Petitioner Leeward Construction Company ("Leeward") having sought to confirm an international arbitration award against Respondents American University of Antigua ("AUA") and Manipal Education Americas ("Manipal"), and the matter having been brought before the Honorable Lewis A. Kaplan, United States District Judge, and the Court, on March 26, 2013, having issued its Memorandum Opinion granting Leeward's amended petition to confirm the arbitration, but only as against AUA, granting Manipal's cross motion to dismiss as to itself without prejudice to Leeward's filing a separate plenary action against it, and denying AUA's cross motion to dismiss, modify, or vacate, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Opinion dated March 26, 2013, Leeward's amended petition to confirm the arbitration is granted, but only as against AUA; Manipal's cross motion to dismiss as to itself is granted without prejudice to Leeward's filing a separate plenary action against it; and AUA's cross motion to dismiss, modify, or vacate is denied; accordingly, the case is closed.

**Dated:** New York, New York
March 28, 2013

**RUBY J. KRAJICK**

BY:

Clerk of Court

Deputy Clerk

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LEEWARD CONSTRUCTION COMPANY, LTD.,

                         Petitioner,

       -against-

AMERICAN UNIVERSITY OF ANTIGUA- COLLEGE
OF MEDICINE AND MANIPAL EDUCATION
AMERICAS, LLC f/k/a GCLR, LLC,

                        Respondents.
-----------------------------------------------------------------X

Civil Action No. 12-CIV-6280

ECF CASE

STIPULATION AND CONSENT
ORDER FOR A STAY OF
EXECUTION

      IT IS HEREBY STIPULATED AND AGREED, by and through the undersigned counsel

for American University of Antigua – College of Medicine  ("AUA") and Leeward Construction

Company, Ltd. ("Leeward"), that Leeward's right to execute on the Judgment entered by this

Court on March 28, 2013, or any Amended Judgment that may be entered thereafter, shall be

stayed pending the resolution of a separate arbitration pending between Leeward and AUA

before the American Arbitration Association International Center for Dispute Resolution under

Case No. 50 110 T 00118 13 (the "Second Arbitration").

1

IT IS HEREBY FURTHER STIPULATED AND AGREED, that the terms of this

Stipulation and Consent Order, including the security AUA shall provide to secure the Judgment

and Amended Judgment, pending resolution of an award in the Second Arbitration are as set

forth in the Stay Agreement entered into by and between the parties as of May 8, 2013.

Dated:  New York, New York
      May __, 2013

LEWIS & GREER, P.C.

By:_____
     Veronica A. McMillan, RN, BSN, Esq.

Attorneys for *Leeward Construction
Company, Ltd.*
510 Haight Avenue, Suite 202
Poughkeepsie, New York 12603
Tel:  (845) 454-1200
Fax:  (845) 454-3315


SILLS CUMMIS & GROSS, P.C.

By:_____
     Jonathan S. Jemison, Esq.

Attorneys for *American University of Antigua –
College of Medicine*
30 Rockefeller Plaza
New York, NY 10112
Tel:  (212) 653-7000
Fax: (212) 643-6500


SO ORDERED:

_____
Judge Lewis A. Kaplan, U.S.D.J.

2

# EXHIBIT
# 2

INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION
AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| **LEEWARD CONSTRUCTION COMPANY, LTD.,**<br><br>Claimant,<br><br>vs.<br><br>**AMERICAN UNIVERSITY OF ANTIGUA –<br>COLLEGE OF MEDICINE,**<br><br>Respondent. | **Case No.: 50 110 T 00075 11** |

## FINAL AWARD



We, THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the Arbitration Agreement entered into between the above named parties and dated September 25, 2008, and having been duly sworn, and having duly heard the proofs and allegations of the Parties, and the parties having agreed that the Arbitrators need to render a reasoned award, do hereby, AWARD, as follows:

## I.    BRIEF PROCEDURAL BACKGROUND:



The present case was brought on February 3, 2011 by Leeward Construction Company, LTD. ("Leeward") against American University of Antigua - College of Medicine ("AUA"), claiming the amount of EC $13,161,137[1] from a dispute that arose out of the construction of a medical school in St. Johns, Antigua.   Leeward claimed that AUA breached their contract and sought remedies under § 4.6 of the Contract, henceforth, demanded arbitration for the disputes set forth in their claim.

AUA filed a response on March 4, 2011, stating that Leeward's claim was so vague, confusing and contradictory that AUA was not in the position to understand the basis for the claims.

The Panel was selected and sworn on July 6th, 2011, comprised by Attorneys José R. Capó, Jorge R. Jiménez and Professional Engineer Héctor M. Varela.  Attorney Jiménez was designated Chair of the Panel.

On October 14, 2011, Leeward filed an Amended Demand for Arbitration seeking EC $6,800.572.28 in damages.  AUA filed its Answering Statement and Counterclaim on November 30, 2011.

---

[1] Whenever reference is made to a monetary sum, same shall be understood to be represented in Eastern Caribbean (EC) dollars, unless otherwise stated.

On December 12, 2011, Leeward filed a Statement objecting AUA's claims for liquidated damages and delay damages, arguing that such claims have been presented untimely. On December 23, 2011, AUA's filed a Statement in opposition to the motion presented by Leeward to dismiss AUA's counterclaims, asserting the timeliness of its claims.

Afterwards both parties commenced discovery proceedings and filed numerous motions including dispositive motions, the resolution of which the Panel held in abeyance until the holding of the Hearings to be decided as part of the Final Award. We will discuss same in detail in **Section III** of this Award. The Hearings were held in the Marriott Courtyard in Isla Verde, Puerto Rico, from March 5th through March 9th 2012. On April 11, 2012, AUA withdrew from its Answering Statement and Counterclaim the portion that sought actual damages and left only those claims for liquidated damages in the amount of US $117,000 and for attorneys' fees and expenses. As per their request, the parties submitted their Proposed Findings of Facts and Conclusions of Law on April 20, 2012. The parties also submitted rebuttal briefs on May 4th, 2012.

The Panel declared the hearings closed and the case submitted for resolution on May 22, 2012.

This case was administered under the AAA Construction Industry Arbitration Rules ("CIAR") as amended and in effect October 1, 2009.

## II.   UNCONTESTED FACTS:



1.     Leeward is a corporation duly organized and existing under the laws of the Commonwealth of Antigua and Barbuda, with office and principal place of business at All Saints Road, St. Johns, Antigua.

2.     AUA is owned by the GCLR, LLC, a limited liability company organized and existing under the laws of the State of New York, with office and principal place of business at 1 Battery Park Plaza, 33rd Floor, New York, New York, U.S.A.

3.     In the Spring of 2008, AUA and Leeward began to negotiate the terms of a contract to construct the structural works portion of the AUA's new medical school campus in Antigua.

4.     AUA and Leeward entered into a Letter of Intent on or about April 21, 2008 which was signed by Neal Simon, President of AUA, and Andy Green, Managing Director of Leeward. A copy of the April 21, 2008 Letter of Intent was marked as LC 69.

5.     AUA and Leeward entered into a second Letter of Intent on or about May 10, 2008, which was signed by Corey Greenberg, Chief Operating Officer of AUA, and Andy Green, Managing Director of Leeward. A copy of the May 10, 2008 Letter of Intent was marked as LC 70.

6.     On September 25, 2008, Leeward (as contractor) and AUA (as project owner) executed a contract for the construction of the College of Medicine in St. John's

Antigua for the fixed price of EC $27,436,824.00, subject to additions and deductions as provided in the Contract Documents, under the AIA Contract Document (A101-1997).

7.     The parties agreed that the commencement date for the works was May 1, 2008.

8.     Leeward had to achieve substantial completion of the entire work in 364 calendar days or as follows:

| Portion of the work | Substantial Completion Date |
|---|---|
| Classroom block | 29/01/2009 |
| Lab Block | 06/03/2009 |
| Service Block | 29/01/2009 |
| Library and Admin. Block | 30/04/2009 |

9.     Lt. Colonel Roche Antony was AUA's representative for the project and signed the Contract Documents on AUA's behalf.

10.     Neil Dickinson was Leeward's Project Manager for the project and signed the Contract Documents on Leeward's behalf.

11.     Sundaram Architects Pvt., Ltd. ("SAPL" or the Architect") was the architect that designed AUA's new Medical School Campus.  A.S. Nagesh served as the Architect's representative.

12.     Leeward and AUA also entered into a number of Separate Contracts, including a contract to install the doors and windows dated July 13, 2009 (marked as LC 228) and a contract of laying floor tiles dated July 13, 2009 (marked as LC 229).

13.     On February 3, 2011, Leeward filed a Demand for Arbitration seeking EC$13,161,137.00 in damages.

14.     On October 14, 2011, Leeward filed an Amended Demand for Arbitration seeking EC$6,800,572.28 in damages.

III.     **TRIAL EXHIBITS:**

A) Leeward's Trial Exhibits

   *Exhibit list 1-245 as amended by the Joint Post-Hearing Motion, dated April 12, 2012.*

B) AUA's Trial Exhibits

   *Exhibit list 1-71 as amended by the Joint Post-Hearing Motion, dated April 12, 2012.*

## IV. WITNESSES:

A) Leeward's Witnesses

1. Robert Winwood-Senior Quantity Surveyor for Leeward, from Sept. 1, 2008-August 14, 2009. He was responsible for administration and surveying of the work with respect to the Construction of the AUA Project.

2. Eric Linde-Director of Leeward. Over 45 years of hands on experience in the Construction Industry in Antigua and US.

3. Neil Dickinson-Projects Director for Leeward from March 1, 2007 to Feb. 17, 2009, then managing director until Oct. 9, 2009, and was responsible for contract negotiations and administration of the works with respect to the Construction of the AUA Project.



4. Andy Green-Managing Director of Leeward.

B) AUA's Witnesses

1. Prabhu Marudheri-Executive Director of Finance for GCLE, LLC, an agent for AUA.



2. Peter McLeod-Partner with DHP Associates, a firm of Chartered Quantity Surveyors and Project Managers located in the Bahamas.

3. A.S.Nagesh-Architects' representative.

4. Lt. Col. Roche Antony-General Manager on behalf of AUA, for the project.

## V. INTERLOCUTORY MATTERS:

1. Controversy:

Leeward's request to strike the testimony of AUA's witness Peter McLeod based on the fact that same is expert testimony, which AUA had represented it would not be using. The Panel must decide if said testimony is factual or expert testimony.

Panel's Decision:

*Refer to the Panel's Decision in section VI. (A-25).*

2. Controversy:

AUA's motion requesting dismissal of Leeward's claims for amounts unpaid or due under the contracts for additional work. The Panel must decide if: (1) Leeward's claim for unpaid

4

balances and monies owed for additional works was included in the Amended Demand for Arbitration, henceforth, providing AUA with due process; and (2) if the parties submitted to arbitration said claims in this proceeding.

Panel's Decision:

After reviewing both parties' arguments and careful analysis of the questions posed, this Panel finds that all claims arising from the Separate Contracts are not subject to this Arbitration. We find in favor of AUA and conclude that the arbitration clause that both parties agreed to, only reached claims arising out of or relating to the original Contract. Nothing in the Separate Contracts evidence intent from the parties to subject same to arbitration, nor does the record show that AUA agreed to arbitrate disputes under the Separate Contracts.

3. Controversy:

AUA's motion requesting that Leeward's claims be dismissed for untimely filing. This Panel must decide if dismissal is appropriate against Leeward, because Leeward's claim for final payment was initiated in violation of the 21 day notice requirement, and because Leeward's 16-20 month delay in commencing arbitration was unreasonable.

Panel's Decision:

After due analysis, this Panel denies AUA's motion requesting that Leeward's claims be dismissed for untimely filing.

4. Controversy:

Leeward's motion requesting that AUA's counterclaim be dismissed for untimely filing. This Panel must determine if AUA filed the counterclaim within the time period stated under Section R-4(c)(ii) of the AAA's CIAR.

Panel's Decision:

After due analysis, this Panel denies Leeward's motion requesting that AUA's counterclaim be dismissed for untimely filing.

## VI. CONTROVERSIES SUBMITTED TO THE PANEL FOR RESOLUTION:

### A. Claimant's (Leeward's) controversies submitted to arbitration:

1. Controversy:

Whether the Contract is a fixed price contract subject to additions or deletions by change order or whether the Contract price is based upon measured works?

Panel's Decision:

The Panel rules that the Contract is a fixed price contract subject to additions and deletions. Leeward is entitled to receive compensation for work performed. Even though the Contract provides that additions and deletions should be made by formal change orders, from the evidence considered by the Panel it appears that both parties waived this requirement.

2. Controversy:

Whether AUA breached the Contract with respect to the issuance of change orders, certificates of substantial completion, certificate of final completion, the review, certification, and payment of payment requisitions, the determination of claims, and the administration of the Contract?

Panel's Decision:

This Panel finds that both parties failed in their contractual responsibility to follow and enforce the General Conditions of the Contract AIA 201-1997. The respective liability of each party with respect to certain claims will be addressed in this Final Award.

3.   Controversy:

Whether AUA breached the Contract by failing to timely pay the amount due on payment requisitions?

   Panel's Decision:

This Panel finds that AUA did breach the Contract on this matter. In many instances AUA had concerns regarding the quantities invoiced, however, there were reasonable alternatives in case the parties did not reach an agreement to issue the partial payments, as stated in Article 9.5.1 of the Contract. This Panel rules that holding the entire amount was far from reasonable and fair.

4.   Controversy:

If AUA breached the Contract by failing to timely pay the amount due on payment requisitions, is Leeward entitled to interest on the late payments at the legal rate under the laws of Antigua and if so, whether I0% per annum is the proper rate?

   Panel's Decision:

This Panel finds that Leeward is entitled to interest on the payments due and unpaid as set forth under sections 7.2 and 13.6.1 of the Contract and General Conditions. However, this Panel agrees with AUA in that the interest agreed upon by the parties was the "legal rate" and therefore interest shall be calculated at 7% per annum.

5.   Controversy:

If the Contract was for a fixed price, is Leeward entitled to payment for work that AUA omitted, deleted or modified from the Contract's original scope of work?

   Panel's Decision:

No. Leeward is only entitled to payment for work performed. However, this Panel finds that Leeward is entitled to damages in the amount of EC $ 232,670.13 for work that was deleted

7

from the Contract and then assigned to Leeward under Separate Contracts, under the bad faith doctrine.

6.   Controversy:

If the Contract price is based upon measured works, what adjustments should be made to the Contract sum for work omitted, deleted or modified from the Contract's original scope of work despite the AUA's failure and refusal to issue change orders?



   Panel's Decision:

The amount of credit to be allowed by the Contractor to the Owner for a deletion or change which results in a decrease in the Contract Sum shall be the actual net cost.

7.   Controversy:

If the Contract was based upon measured works, is Leeward entitled to overhead and/or profit for work omitted, deleted or modified from the Contract's original scope of work and if so, what amount is Leeward entitled to for overhead and/or profit on omitted, deleted or modified work?

   Panel's Decision:

The amount of credit to be allowed by the Contractor to the Owner for a deletion or change which results in a decrease in the Contract Sum shall be the actual net cost.  When both additions and credits covering related work or substitutions are involved in a change, the allowance for overhead and profit shall be figured on the basis of net increase, if any, with respect to that change, i.e., AIA Document A201-1997 General Conditions of the Contract for Construction, Section 7.3.7.  Therefore, Leeward is entitled to overhead and profit for work omitted, deleted or modified as claimed, except for the $185,425.07 of overhead and profit for the Doors & Windows and Flooring works that were deleted from the Contract's original scope of work and then given to Leeward under a Separate Contract.

8.   Controversy:

What amount is Leeward entitled to for additions to the Contract that should have been added pursuant to change orders had AUA properly issued change orders on the Project?

Panel's Decision:

This Panel finds that Leeward is entitled to receive compensation for work performed, despite any formal change orders, based on Measured Work and the Bill of Quantities (BOQ).

9.   Controversy:

Whether AUA was responsible for project delays that impaired Leeward's ability to substantially complete the Contract work by the substantial completion dates in the Contract, as extended?

Panel's Decision:

After a careful study and analysis of the witness statements as well as the evidence presented, the Panel finds that both parties were equally responsible for the project delays. Leeward failed to reach substantial completion of the project in the time that was agreed upon.  The numerous delays and changes to the drawings and the fact that AUA had knowledge of Leeward's request for extension of time, draw us to determine equal responsibility for both parties regarding the delays in the substantial completion.

10.  Controversy:

If AUA is responsible for project delays that impaired Leeward's ability to complete the project by the substantial completion dates in the Contract as extended, then what amount is Leeward entitled to for additional preliminaries as a result of the AUA's actions?

Panel's Decision:

This Panel finds that both parties were equally responsible for the project delays. Consequently, we find AUA responsible for 50% of the Additional Preliminaries in the

amount of EC \$477,777.04 and such amount is hereby granted in favor of Leeward.

11. Controversy:

Whether Leeward was responsible for the project delays that caused it to fail to substantially complete the work by the Contract's deadlines?

Panel's Decision:

No. *Refer to Panel Decisions in* **Section VI. (A-9) and (A-10),** *above.*

12. Controversy:

If Leeward is responsible for the project delays that caused it to fail to substantially complete the work by the Contract's deadlines, what amount is due from Leeward to AUA for liquidated damages?

Panel's Decision:

*Refer to Panel Decisions in* **Section VI. (A- 9), (A-10) and (B-36),** *above.*

13. Controversy:

Whether Leeward substantially complied with the notice of claim provision in the Contract?

Panel's Decision:

By reason of the conduct of the parties during the development, construction and liquidation of the Project, the Panel concludes that the time limit for the notice of claims stipulated in Section 4.3.2 of the General Conditions was waived, as well as Section 4.6.3 of the General Conditions referring to the initiation of an arbitration process. This decision is applicable to both parties.

14. Controversy:

If Leeward did not substantially comply with the notice of claim provision in the Contract, whether AUA waived compliance with such provision?

Panel's Decision:

*See Panel's Decision of Controversy in* **Section VI. (A-13),** *above.*

10

15.   Controversy:

Whether AUA substantially complied with the notice of claim provision in the Contract?

Panel's Decision:

*See Panel Decisions in* **Section VI. (A-14) and (A-15),** *above.*

16.   Controversy:

Whether Leeward is entitled to pre-judgment interest on its damages as a result of the AUA's breach of the Contract?



Panel's Decision:

This Panel is awarding pre-judgment interest to Leeward from October 31, 2009, as detailed in the Award, at the rate of 7% per annum.

17.   Controversy:

If Leeward is entitled to pre-judgment interest on its damages, is 10% per annum the appropriate rate of interest to be charged under the laws of Antigua and if so, from what date should the interest begin to run?

Panel's Decision:

Yes. *But see Panel's Decision to Controversy* **16,** *above.*

18.   Controversy:

Whether Leeward is entitled to payment in the amount of US $30,743.20/EC $83,000.00 for the AUA's acknowledged error in the calculation of ABST payments?

Panel's Decision:

This Panel finds that the ABST error was mutually acknowledged by both parties, and not having been originally claimed and submitted as a controversy in this Arbitration and having been discovered and in good faith informed by AUA representatives during the Hearings,

11

the Panel concludes that this claim should be corrected outside of the context of this Arbitration.

19.  Controversy:

If Leeward is not entitled to any other damages in this proceeding, whether Leeward is entitled to the payment of US $218,566.74/EC $590,083.00 in retainage?

   Panel's Decision:

After careful consideration regarding the works that were deleted from the Contract and then assigned to Leeward under Separate Contracts, this Panel finds that Leeward is entitled to damages under the bad faith doctrine.  Therefore, this Panel grants Leeward damages in an amount equal to EC $232,670.13.  As per Leeward's claim for retainage, refer to the Panel's Decision in section VI. (B-29), infra.

20.  Controversy:

If AUA breached the Contract, is Leeward entitled to damages as specified in Claimant's Proposed Findings of Fact and Conclusions of Law Paragraphs 130, 131, or 133 or some other amount?

   Panel's Decision:

The Panel finds that both parties breached the Contract and therefore, in some instances share direct responsibility for same.  As such, this Panel will not grant damages to Leeward as requested, but as specifically provided in the Award on page 31.

21.  Controversy:

Whether the additional works contracts Leeward entered into with AUA are subject to arbitration?

   Panel's Decision:

The Panel finds that the additional works contracts are not subject to this Arbitration.

22. Controversy:

If the additional works contracts are subject to arbitration, then what is the amount due from AUA to Leeward for the unpaid balances on the additional works contracts?

Panel's Decision:

The Panel finds that the Separate Contracts Leeward entered into with AUA are not subject to this Arbitration.



23. Controversy:

Whether the arbitration was commenced within a reasonable time not to exceed the statute of limitations for breach of contract actions under the laws of Antigua?

Panel's Decision:

The Panel finds that this Arbitration was commenced timely.

24. Controversy:

What is the statute of limitations for breach of contract actions under the laws of Antigua?

Panel's Decision:

The Panel finds that this Arbitration was commenced within the six (6) year term.

25. Controversy:

Whether the Panel should strike the AUA's witness statement of Peter McLeod on the grounds that Mr. McLeod's witness statement constitutes an expert opinion that AUA failed to disclose until the eve of the hearing after representing to the Panel during a telephone conference on December 15, 2011 that it did not foresee the use of expert witness testimony?

Panel's Decision:

This Panel finds that Peter McLeod's testimony is not that of an expert witness. Therefore, all parts of his witness statement and testimony rendered based on his opinion as an expert are stricken from the record. However, this Panel considered as factual the testimony

13

offered by Peter McLeod which relates to his personal knowledge and intervention in the negotiation of the Contract Documents, and will give it the probatory value it deems appropriate.

26.  Controversy:



Whether Leeward is entitled to attorneys' fees, arbitration fees, expenses and compensation as provided under the laws of Antigua or otherwise?

Panel's Decision:

Considering that both parties shared responsibility regarding some of the controversies submitted and in the management of the Contract, the Panel finds no compelling reason to grant attorney's fees, arbitration fees, expenses and compensation as provided under the laws of Antigua or otherwise.  Each party shall bear their own attorneys' fees, arbitration expenses and such the like.

**B.  RESPONDENTS (AUA'S) CONTROVERSIES SUBMITTED TO ARBITRATION:**

1.  Controversy:

Is Leeward barred from seeking to be paid EC $1,604,617 for work it did not perform as a result of design changes and site conditions (like the chain link fence) (the "Omitted Work") because Leeward failed to initiate a claim within 21 days of its accrual in accordance with Section 4.3.2 of the General Conditions, given that Leeward was aware of the facts giving rise to such a Claim throughout the course of construction and no later than October 2009, but initiated it no sooner than December 17, 2010 - 14 months later?

Panel's Decision:

The Panel finds that Leeward is barred from seeking to be paid for work it did not perform, not because it failed to initiate a claim, but because the evidence received and considered by the Panel is that the Contract was a fixed sum contract subject to additions and deductions, and Leeward would be paid for work it actually performed, based on the BOQ.

In regards to the "timeliness" of Leeward's claim, it is the determination of the Panel that both parties breached various provisions of the Contract and are, therefore, barred from enforcing said provisions against each other.

2.   Controversy:

Even if Leeward had initiated a claim timely, is Leeward entitled to be paid for the Omitted Work on the ground that AUA did no document changes in the scope of Leeward's work by issuing formal change orders in the manner provided by Section 7 of the General Conditions, or did the parties waive the formal change order procedure by implementing another method, i.e., the monthly requisition process, to document additions and deductions to the Contract Sum, as evidenced by the parties' course of conduct throughout the duration of the Project?

   Panel's Decision:

*See Panel's Decision to Controversy 1, supra.*

3.   Controversy:

Is Leeward barred from pursuing its new alternative claim that it be paid overhead and profit on the Omitted Work for one or more of the following separate reasons:

   a)  Because Leeward asserted its new alternative claim for the first time in its post-trail submission, in violation of Section R-6(b) of the AAA's CIAR, thereby depriving AUA of a fair opportunity to proffer a defense? **Or**

   b)  Because Leeward failed to initiate a claim within 21 days of its accrual in accordance with Section 4.3.2 of the General Conditions, given that Leeward was aware of the facts giving rise to such a claim throughout the course of the construction and no later than October 2009, but never initiated a claim and raised the issue for the first time in Leeward's April 2012 Proposed Findings of Facts and Conclusion of Law? **Or**

   c)  Because the new claim was not asserted in Leeward's February 3, 2011 Demand for Arbitration or its October 14, 2011 Amended Demand for Arbitration, but instead raised for the first time on April 20, 2012, in violation of Section 4.6.5 of the General Conditions, which provides that the "party filing a notice of demand for arbitration must assert in the demand all claims then known to that party on which arbitration is permitted to be demanded"?

15

### Panel's Decision:

This Panel will not exclude any claim under the sole contention of timeliness. Therefore, Leeward is not barred from pursuing its claim for the payment of overhead and profit on the Omitted Work.

4.   **Controversy:**

Even if Leeward had initiated its new alternative claim for overhead and profit on the Omitted Work timely in accordance with the Contract Documents and the CIAR, is Leeward entitled to be paid overhead and profit on the Omitted Work given the testimony that the parties intended to use the Bills of Quantities to value changes to the scope of the work necessitated by design changes and site conditions, and given that Leeward never sought to be paid its overhead and profit Omitted Work?

### Panel's Decision:

Yes. This Panel finds that Leeward is entitled to overhead and profit for work omitted, deleted or modified, except for the $185,425.07 of overhead and profit for the Doors & Windows and Flooring works that were deleted from the Contract's original scope of work and then given to Leeward under a Separate Contract.

5.   **Controversy:**

Is Leeward barred from seeking to be paid for the Flooring Work that AUA deleted from Leeward's scope of work because Leeward failed to initiate a claim within 21 days of its accrual in accordance with Section 4.3.2 of the General Conditions, given that Leeward admits it was aware of the facts giving rise to such a claim no later than April 21, 2009, but initiated a claim no sooner than December 17, 2010 – 20 months later?

### Panel's Decision:

The Panel finds that both parties were at fault with their mutual responsibilities in following and enforcing the General Conditions of the Contract, therefore, this Panel will not exclude

16

any claim under the sole contention of timeliness.  The evidence also showed that Leeward in many instances notified AUA of its claims, even though it was not in the manner set forth in the Contract.  Therefore, the Panel finds that Leeward is entitled to receive compensation for work performed; however, with regard to the Flooring Work, which is part of the Separate Contracts, same is not subject to this Arbitration.

6.    Controversy:

Even if Leeward had initiated a claim timely, is Leeward entitled to be paid for the Flooring Work that AUA deleted from Leeward's scope of work on the ground that AUA did not document the deletion of this work by issuing formal change orders in the manner provided by Section 7 of the General Conditions, or did the parties waive the formal change order procedure by implementing another method, i.e., the monthly requisition process, to document additions and deductions to the Contract Sum, as evidenced by the parties' course of conduct throughout the duration of the Project?

Panel's Decision:

The Panel finds that the Separate Contracts are not subject to this Arbitration.  Therefore, this Panel will not grant remedies for the Flooring Work.

7.    Controversy:

Is Leeward barred from pursuing its new alternative claim that it be paid overhead and profit on the Flooring Work (EC $1,741,032 * 18% = EC $313,385.76) for one or more of the following separate reasons:

> a) Because Leeward asserted this new alternative claim for the first time in its post-trial submissions, in violation of CIAR R-6(b), thereby depriving AUA of a fair opportunity to proffer a defense?  **Or**
>
> b) Because Leeward failed to initiate a claim within 21 days of its accrual in accordance with Section 4.3.2 of the General Conditions, given that Leeward was aware of the facts giving rise to such a claim on April 21, 2009 and no later than October 2009, but never initiated a claim and raised the issue for the first time in Leeward's April 20, 2012 Proposed Findings of Fact and Conclusions of Law?  **Or**

17

c) Because the new alternative claim was not asserted in Leeward's February 3, 2011 Demand for Arbitration or its October 14, 2011 Amended Demand for Arbitration, but instead raised for the first time on April 20, 2012, in violation of Section 4.6.5 of the General Conditions, which provides that the "party filing a notice of demand for arbitration must assert in the demand all claims then known to that party on which arbitration is permitted to be demanded"?

Panel's Decision:

The Panel finds that each party is barred from alleging non-compliance against each other regarding the terms of the Contract under the sole contention of timeliness and, therefore, will consider all claims brought without regard to timeliness. However, this Panel finds that Leeward is entitled to overhead and profit for work omitted, deleted or modified, but not for the Flooring Work, which was given to Leeward under a Separate Contract.

8.    Controversy:

Even if Leeward had initiated its alternative claim for overhead and profit on the Flooring Work timely under the Contract Documents and the CIAR, is Leeward entitled to be paid EC $313,385.76 in overhead and profit on the Flooring Work given that Leeward entered into a separate contract with AUA on July, 2009 to perform this work, and was paid under the terms of that separate contract?

Panel's Decision:

No. *Refer to Panel's Decision in Section VI. (B-7), above.*

9.    Controversy:

There is no decision to render with respect to the Modified Work Delta of negative EC $14,294.10. Leeward is not seeking to recover any money reflected in this delta, which reflects that Leeward was paid more by seeking payment for work "as built" and in accordance with the "final measure" that it would have received had it been paid based upon the measurements in the initial Bills of Quantities.

18

Panel's Decision:

This Panel finds that Controversy number 9, as stated by AUA, does not require the Panel's decision for it does not constitute a claim. In the alternative, the Panel finds the claim to be inadmissible and therefore, dismissed and denied.

10. Controversy:

Is Leeward barred from pursuing its May 11, 2009 Claim for an Extension of Time and the accompanying Additional Preliminaries in the amount of EC $955,554.08 (the difference between the EC $5,891,857.68 in Preliminaries sought by Leeward and the EC $4,936,303.60 approved and paid by AUA) because it failed to initiate the claim within 21 days of its accrual in accordance with Section 4.3.2 of the General Conditions, given that Leeward admits that it was aware on January, 2009 that it was not going to complete its work within the Contract Time?

Panel's Decision:

No. Although this Panel finds that both parties were not in strict compliance with the Contract and Contract documents, Leeward is not barred from its claim regarding the responsibility for delays and substantial completion. Consequently, this Panel finds AUA responsible for 50% of the Additional Preliminaries amounting to EC $477,777.04 and such amount is hereby granted in favor of Leeward.

11. Controversy:

Is Leeward barred from pursuing its Claim for an Extension of Time and the accompanying Additional Preliminaries in the amount of EC $955,554.08 because it failed to commence arbitration within a reasonable amount of time after its accrual in accordance with Section 4.6.3 of the General Conditions, given that the Claim accrued in January 2009 and Leeward waited until February 3, 2011 – 25 months later – to commence arbitration?

19

Panel's Decision:

No. *Refer to Panel's' Decision in Controversy number 10, above, where the controversy relative to the Additional Preliminaries is resolved.*

12.   Controversy:

Even if Leeward had initiated its Claim for Additional Preliminaries timely and commenced arbitration in a reasonable amount of time, is Leeward entitled to Additional Preliminaries based upon the ground asserted in its May 11, 2009 Claim, *i.e.*, that it had been denied access to a $500,000.00 (EC $1,350,000.02) set aside for Non-Productive Overtime, given the absence of any evidence that such an account was agreed to by the parties or that the alleged lack of access to overtime impacted the critical path and caused the damages asserted?

Panel's Decision:

Yes. *Refer to the Panel's Decision in Controversy number 10, above.*

13.   Controversy:

Aside from the Claim for Additional Preliminaries based on the alleged denial of Non-Productive Overtime initiated on May 11, 2009, did Leeward timely initiate any other claims for an extension of the Contract Time or an increase in the Contract Sum for the Additional Preliminaries in accordance with Section 4.3 of the General Conditions based on any other alleged theory of delay?

Panel's Decision:

This Panel finds that each party is barred from alleging non-compliance with the terms of the Contract and, therefore, will consider all claims brought without regards to timeliness. AUA shall refer to the Award as to claims granted, on pages 31-32.

14.    Controversy:

If so, did Leeward establish that each such claim for delay satisfied each of the following elements: (a) caused by AUA; (b) impacted the critical path; and (c) resulted in a specific loss of time or amount of damages?

Panel's Decision:

After a careful study and analysis of the witness statements as well as the evidence presented, the Panel finds that both parties were responsible for the project delays. Leeward failed to reach substantial completion of the project in the time that was agreed upon. However, the numerous delays and changes to the drawings and the fact that AUA had knowledge of Leeward's request for extension of time, draw us to determine equal fault for each party regarding the delays in the substantial completion. Moreover, AUA shall refer to the Award on pages 31-32, as to the claims granted.

15.    Controversy:

is Leeward barred from seeking to be paid EC $190,210.19 more than the EC $1,232,008.91 it was already paid for additional work it documented as "Change Orders" in the monthly payment applications because Leeward failed to initiate a Claim within 21 days of its accrual in accordance with Section 4.3.2 of the General Conditions, given that Leeward was aware of the facts giving rise to such a claim no later than October 26, 2009, but initiated a Claim no sooner than December 17, 2010 – 14 months later?

Panel's Decision:

The Panel finds that Leeward is entitled to payment for all work performed under the Contract subject to this Arbitration, without consideration to the timeliness of the claims.

16.    Controversy:

Even if Leeward had timely initiated a claim to be paid an additional EC $190,210.19 for Change Order work, is Leeward entitled to be paid this money given that Leeward did not

21

make a demand for payment contemporaneous with the payment of its Draft Final Account and given that Leeward did not otherwise submit evidence to substantiate its right to payment?

Panel's Decision:

From the evidence presented at trial, the Panel finds that Leeward is entitled to the additional EC $190,210.19. Consequently, the Panel grants Leeward's claim for EC $190,210.19.

17. Controversy:

Is Leeward barred from pursuing its claim to recover EC $19,475.40 for the Whitsuntide Holiday because it failed to commence arbitration within a reasonable amount of time after its accrual in accordance with Section 4.6.3 of the General Conditions, given that the claim accrued on June 1, 2009 and Leeward waited until February 3, 2011 – 21 months later – to commence arbitration?

Panel's Decision:

The Panel finds that Leeward is not barred from any of its claims based on timeliness. However, claims pertaining to delays in the completion of the Project are subject to the Panel Decisions in *Section VI. (B-14) and (B-15), above.*

18. Controversy:

Even if Leeward had commenced arbitration in a reasonable amount of time, is Leeward entitled to EC $19,475.40 in damages for closing the construction site on June 1, 2009 for the Whitsuntide Holiday given that the holiday occurred after the May 14, 2009 deadline for Leeward to complete its work under the Contract Documents?

Panel's Decision:

No. Refer to the Panel's Decision in *Section VI. (B-14), above.*

22

19.   Controversy:

Is Leeward barred from seeking payment for an additional EC $162,372.12 in "claims" out of the EC $181,847.52 sought in the Amended Demand for Arbitration because Leeward failed to initiate a Claim within 21 days of its accrual in accordance with Section 4.3.2 of the General Conditions, given that Leeward was aware of the facts giving rise to such a claim no later than October 26, 2009, but initiated a Claim no sooner than December 17, 2010 – 14 months later?

Panel's Decision:

This Panel finds that each party is barred from alleging non-compliance with the terms of the Contract and therefore, will consider all claims brought without regards to timeliness, except those that were specifically distinguished by the Panel's legal reasoning in each of the controversies submitted for resolution in the Award on page 31.

20.   Controversy:

Even if Leeward had timely initiated a claim, is Leeward entitled to recover an additional EC $162,372.12 in "claims" given that Leeward was already paid that precise amount, EC $162,372.12, for these identical "claims," as confirmed by the Draft Final Account submitted by Leeward, certified by the Architect, and paid by AUA?

Panel's Decision:

This Panel finds that Leeward was rightfully paid for extra work, and for the "claims" (adverse weather and holiday) for a total of EC $1,232,008.91 in Change Orders and EC $162,372.12 in 'Claims' paid in the Draft Final Account.

21.   Controversy:

Is Leeward barred from seeking EC $1,000,000 allegedly due and owing from the Cash Allowance portion of the Contract Sum because Leeward failed to initiate a Claim within 21 days of its accrual in accordance with Section 4.3.2 of the General Conditions, given that

23

Leeward was aware of the facts giving rise to such a claim no later than October 26, 2009, but initiated a claim no sooner than December 17, 2010 – 14 months later?

Panel's Decision:

This Panel finds that each party is barred from alleging non-compliance with the terms of the Contract and therefore, will consider all claims brought without regards to timeliness, except those that were specifically distinguished by the Panel's legal reasoning in each of the controversies submitted for resolution in this Award.

22.    Controversy:

Even if Leeward had timely initiated such a claim, is Leeward entitled to recover EC $1,000,000 from the Cash Allowance component of the initial Contract Sum for contingent costs, including craneage, scaffolding and overtime, given that the EC $2,262,166.51 that Leeward billed for and received for such contingent costs includes the EC $1,000,000 allocated to contingent costs in the EC $27,436,824 Contract Sum, which Leeward uses as costs?

Panel's Decision:

This Panel finds that Leeward is not entitled to its claim for Cash Allowance because the evidence received and considered demonstrated to the Panel that, Leeward was paid EC $2,262,166.51 in Cash Allowance, with included the EC $1,000,000.00 claim.

23.    Controversy:

Is Leeward barred from pursuing to recover overhead and profit on the EC $191,090 in Doors and Windows Work deleted by AUA from Leeward's scope of work because it failed to commence arbitration within a reasonable amount of time after its accrual in accordance with Section 4.6.3 of the General Conditions, given that the claim accrued on April 21, 2009 and Leeward waited until February 3, 2011 – 22 months later – to commence arbitration?

24

Panel's Decision:

This Panel finds that Leeward is barred from pursuing the overhead and profit on the EC $191,090 in Doors and Windows Work deleted by AUA because such work was then given to Leeward under a Separate Contract and, therefore, is not subject to this Arbitration. Refer to the Panel's Decision in Section **V. (2)**.



24.    Controversy:

Even if Leeward had commenced arbitration in a reasonable amount of time on its claim for overhead and profit on the Doors and Windows Work, is Leeward entitled to recover EC $34,396.20 as and for its overhead and profit on this work given that the unit rates contained in the initial Bills of Quantities were "provisional sum rates" and given that Leeward entered into a separate contract with AUA in July 2009 to perform this work?

Panel's Decision:

No. *Refer to Panel's Decision in Controversy number **23**, above.*

25.    Controversy:

Is Leeward barred from pursuing its claim to recover overhead and profit on the EC $1,735,589 in Painting Work deleted by AUA from Leeward's scope of work because Leeward failed to commence arbitration within a reasonable amount of time after its accrual in accordance with Section 4.6.3 of the General Conditions, given that the claim accrued on April 21, 2009 and Leeward waited until February 3, 2011 – 22 months later – to commence arbitration?

Panel's Decision:

The Panel finds that each party is barred from alleging non-compliance with the terms of the Contract and, therefore, will consider all claims brought without regards to timeliness, except those that were specifically distinguished by the Panel's legal reasoning in each of the controversies submitted for resolution in this Final Award.

26. <u>Controversy:</u>

Even if Leeward had commenced arbitration in a reasonable amount of time on its claim for overhead and profit on the Painting Work, is Leeward entitled to recover EC $312,406.02 as and for its overhead and profit on this work given that Leeward would have incurred more in liquidated damages had the Painting Work not been removed from Leeward's scope of work than it seeks to recover in overhead and profit for this work?



<u>Panel's Decision:</u>

Yes. *Refer to the Panel's Decision in Section VI. (A-7).*

27. <u>Controversy:</u>

Is Leeward barred from seeking to recover monies allegedly due and owing under the Separate Contracts in the arbitration for either of the following separate reasons:

> a) Claims under the Separate Contracts are not arbitrable because AUA did not agree to arbitrate them; Or
>
> b) In the event Leeward's payment claims under the Separate Contracts fall within the scope of the arbitration provision (Section 4.6.1 of the General Conditions), because Leeward failed to initiate any claims within 21 days of their accrual in accordance with Section 4.3 of the General Conditions.

<u>Panel's Decision:</u>

Yes. This Panel finds in favor of AUA in that works that were performed under Separate Contracts are not subject to this Arbitration

28. <u>Controversy:</u>

Even if Leeward's claims under the Separate Contracts are subject to arbitration, and even if Leeward had initiated claims timely, has Leeward established that AUA only paid Leeward EC $1,359,035.40, in the aggregate, on the Separate Contracts and owes it an additional EC $202,943 on these contracts based upon the proposed contract amounts, particularly considering the evidence presented by AUA that Leeward was to be paid as per actual work (not the proposed amounts), and that Leeward was paid EC $1,452,261.32 for that work?

26

Panel's Decision:

No. *See Panel Decisions in Section VI. (A-7 and (B-2).*

29.   Controversy:

Is Leeward entitled to an award for the EC $590,083 that AUA holds as retainage given that Leeward has not provided evidence that it satisfied its obligations under Section 9.10.2 of the General Conditions to provide "an affidavit that payrolls, bills for materials and equipment, and other indebtedness connected with the Work for which the Owner or the Owner's property might be responsible or encumbered have been paid or otherwise satisfied."?

Panel's Decision:

This Panel finds that the only issue regarding the retainage is the submittance by Leeward to AUA of the required documents.  Therefore, this Panel hereby Orders Leeward to comply with Section 9.10.02 of the General Conditions, as applicable to the particular Project within the term provided in the Award on pages 31-32 and, thereafter, AUA must pay the remaining 2.5% of the Contract Sum equal to EC $590,083.00, without interest, if paid within the time allowed.

30.   Controversy:

Should the mutual accounting mistake discovered by AUA on the eve of trial that resulted in Leeward receiving EC $83,059.56 less than was reflected in the Draft Final Account be part of any arbitration award, and potentially subject to the assessment of interest, given that Leeward never notified AUA of the error, or specifically demanded payment, or asserted any claim to recover this amount?

27

Panel's Decision:

This Panel determines that the ABST error was mutually acknowledged by both parties, and not having it been submitted as a controversy of this Arbitration and having it been discovered and in good faith informed by an AUA representative during the hearings, we conclude that this issue should be resolved outside of the context of this Arbitration.

31.   Controversy:

Is Leeward entitled to an award of interest for any portion of Leeward's EC $6,701,390.33 demand? If so, when should interest begin to run given Leeward's long delay in commencing arbitration on the three claims it actually initiated during the Project (i.e., Additional Preliminaries, Whitsuntide Holiday and Overhead and Profit on the Painting Work and Doors and Windows Work) and given Leeward's failure to identify the remainder of its claims until filing its Amended Demand for Arbitration dated October 14, 2011?

Panel's Decision:

This Panel finds that Leeward is entitled to the claims recognized in this Award as herein stated. These claims shall accrue interest at the rate of 7% per annum, since the date of termination of the Project, October 31, 2009, as determined by the Panel; except for those claims that are specifically without interest.

32.   Controversy:

Did Leeward establish that AUA failed to pay one or more monthly payment applications timely, and if so, then what is the date of each such late payments and is Leeward entitled to an award of interest on any alleged late payments?

Panel's Decision:

Yes. *See Panel's Decision in Controversy (A-3) in Section VI.*

28

33.   Controversy:

Is Leeward entitled to an award of interest on any allegedly late mobilization payments, or were its claims with respect to this issue settled in January 2009 as set forth in AUA Ex. 67 at AUA 003269?

Panel's Decision:

The Panel finds that the disputes regarding mobilization were resolved with a payment by AUA in December 22, 2009 and a settlement was reached by the parties in January 13, 2009.

34.   Controversy:

To the extent Leeward is awarded any interest, should the rate of interest equal the statutory judgment rate in Antigua of 5%, given that the Contract Documents refer to the "legal rate" in Antigua?

Panel's Decision:

The Panel finds that Leeward is entitled to interest on the payments due and unpaid as set forth under Section 13.6.1 of the Contract and General Conditions as of October 3, 2009. However, this Panel finds that the interest shall be calculated at 7% per annum.

35.   Controversy:

Is Leeward entitled to recover any of its legal fees and expenses in prosecuting its claims or in defending AUA's counterclaim for Liquidated Damages?

Panel's Decision:

Upon careful consideration and considering that both parties were equally at fault (Leeward 50%- AUA 50%) regarding some of the controversies submitted and in the management of the Contract, the Panel finds no compelling reason to grant attorney's fees, arbitration fees, expenses and compensation as provided under the laws of Antigua or otherwise.   Each party shall bear their own attorneys' fees, arbitration expenses and such the like.

29

36.   Controversy:

Is AUA entitled to an award of Liquidated Damages in the amount of US $117,000.00 based upon Leeward's failure to achieve Substantial Completion within the Contract Time, but instead doing so 78 days later?

Panel's Decision:

After a careful analysis and evaluation of the witness statements as well as the evidence presented to the Panel, we find that both parties shared responsibilities for the project delays and, consequently, Leeward is responsible for 50% of the Liquidated Damages in the amount of EC $ 157,950.00[2], and such amount is hereby granted in favor of AUA.

37.   Controversy:

Is AUA entitled to setoff Liquidated Damages from the retainage it currently holds?

Panel's Decision:

No.  The Panel finds neither spurious allegations in Leeward's claims, nor intentional wrongdoing to award damages to AUA.  Consequently, AUA is denied its claim to setoff Liquidated Damages.

38.   Controversy:

Is AUA entitled to recover any of its legal fees and expenses in defending the claims asserted by Leeward and in prosecuting its counterclaim for Liquidated Damages?

Panel's Decision:

Upon careful consideration and considering that both parties were at fault regarding some of the controversies submitted and in the management of the Contract, the Panel finds no compelling reason to grant attorney's fees, arbitration fees, expenses and compensation as

---

[2] As per AUA's counterclaim for Liquidated Damages, the amount was expressed in US dollars and not EC dollars, therefore, considering the current currency conversion, said amount was calculated at $315,900.00 of which 50% is granted to AUA for $157,950.00.

provided under the laws of Antigua or otherwise. Each party shall bear their own attorneys' fees, arbitration expenses and such the like.

**AWARD**

Accordingly, we ORDER and AWARD as follows:

1. Within thirty (30) days from the date of issuance of this Final Award Respondent AUA shall pay to Claimant Leeward the following amounts:

| | | |
|---|---|---|
| a) Interest on the Payments Due and Unpaid | EC $44,617.37 | This sum shall accrue interest of 7% per annum from the date of issuance of termination of the Project, October 31, 2009. |
| b) Damages | EC $232,670.13 | This sum shall accrue interest of 7% per annum from the date of issuance of this Final Award. |
| c) Overhead and Profit for work deleted, omitted or modified | EC $802,399.25 | This sum shall accrue interest of 7% per annum from the date of termination of the Project, October 31, 2009 |
| d) Additional Preliminaries | EC $477,777.04 | This sum shall accrue interest of 7% per annum from the date of termination of the Project, October 31, 2009 |
| e) Change Order Work | EC $190,210.19 | This sum shall accrue interest of 7% per annum from the date of termination of the Project, October 31, 2009 |
| f) Retainage | EC $590,083.00 | This sum shall not accrue any interest. Leeward shall submit to AUA all contractually required documentation as set forth in Section 9.10.2 of the General Conditions. Leeward will have a term of not more than 30 calendar days from the date of issuance of this Final Award to submit said documentation. Once Leeward has submitted all required documentation accordingly, AUA shall release the retainage in a term not to exceed 30 calendar days, upon after which such amount shall start accruing interest at the rate of 7% per annum. If Leeward fails to comply with Section 9.10.2, of the General Conditions in the time hereby stated and granted the claim for such amount will be considered |

31

relinquished. Considering that this case is sub-judice, the herein referred notice may be made by counsel for Leeward to counsel for AUA, or by Leeward to AUA.

2. As per AUA's counterclaim for Liquidated Damages, this Panel grants 50% of such in the amount of EC $157,950.00, which will accrue interest at the rate of 7% per annum from the date of this Final Award.

3. The administrative fees and expenses of the International Centre for Dispute Resolution (ICDR) totaling $17,550.00 shall be borne by the parties as incurred. The compensation and expenses of the Panel totaling $151,992.75 shall be borne by the parties as incurred.

4. The terms of this Final Award shall be complied within thirty (30) days from the date of this Final Award.

This Final Award is in full settlement of all claims and counterclaims submitted to this Arbitration.

This Final Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute together one and the same instrument.

Per the arbitration clause, the location of the arbitration is Antigua; however, the parties jointly agreed for the Hearings to be held in Isla Verde, Puerto Rico. We hereby certify that, for the purposes of Article I of the New York Convention of 1958, on the Recognition and Enforcement of Foreign Arbitral Awards, this Final Award was made in Isla Verde, Puerto Rico, on June 22, 2012, amended *nunc pro tunc* on this 8 day of August, 2012.

32

8 | 8 | 2012
Date

Jorge R. Jiménez, Esq.
Panel Chairman

8 | 8 | 2012
Date

Héctor M. Varela, P.E.
Arbitrator

8 | 8 | 2012
Date

José R. Capó, Esq.
Arbitrator

State of Puerto Rico
County of San Juan    Affidavit # 301

On this __8__ day of August, 2012 before me personally came and appeared Jorge R.
Jiménez, to me known and known to me to be the individual described in and who executed
the foregoing instrument and acknowledge to me that he executed the same.

8 | 8 | 2012
Dated

Notary Public



State of Puerto Rico
County of San Juan    Affidavit # 302

On this __8__ day of August, 2012 before me personally came and appeared Héctor M.
Varela, to me known and known to me to be the individual described in and who executed
the foregoing instrument and acknowledge to me that he executed the same.

8 | 8 | 2012
Dated

Notary Public



State of Puerto Rico
County of San Juan    Affidavit # 303

On this __8__ day of August, 2012 before me personally came and appeared José R. Capó,
to me known and known to me to be the individual described in and who executed the
foregoing instrument and acknowledge to me that he executed the same.

8 | 8 | 2012
Dated

Notary Public



33

# RECIBO





9397
07/05/2012
$3.00
$3 Sello Asistencia Legal
51261-2012-0705-53394916

301

# RECIBO







9397
07/05/2012
$3.00
$3 Sello Asistencia Legal
51261-2012-0705-53394919

# 302

# RECIBO





9397
07/05/2012
$3.00
$3 Sello Asistencia Legal
51261-2012-0705-53394922

# 303

# EXHIBIT
# 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

LEEWARD CONSTRUCTION COMPANY,

Petitioner,

-against-

AMERICAN UNIVERSITY OF ANTIGUA -
COLLEGE OF MEDICINE, and MANIPAL
EDUCATION AMERICAS, LLC f/n/a GCLR, LLC.,

Respondents.

---------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/28/13

12 **CIVIL** 6280 (LAK)

**JUDGMENT**

Petitioner Leeward Construction Company ("Leeward") having sought to confirm an international arbitration award against Respondents American University of Antigua ("AUA") and Manipal Education Americas ("Manipal"), and the matter having been brought before the Honorable Lewis A. Kaplan, United States District Judge, and the Court, on March 26, 2013, having issued its Memorandum Opinion granting Leeward's amended petition to confirm the arbitration, but only as against AUA, granting Manipal's cross motion to dismiss as to itself without prejudice to Leeward's filing a separate plenary action against it, and denying AUA's cross motion to dismiss, modify, or vacate, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Opinion dated March 26, 2013, Leeward's amended petition to confirm the arbitration is granted, but only as against AUA; Manipal's cross motion to dismiss as to itself is granted without prejudice to Leeward's filing a separate plenary action against it; and AUA's cross motion to dismiss, modify, or vacate is denied; accordingly, the case is closed.

**Dated:** New York, New York
March 28, 2013

**RUBY J. KRAJICK**

Clerk of Court

BY:

Deputy Clerk

THIS DOCUMENT WAS ENTERED

# EXHIBIT
# 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/23/13
```

------------------------------------------------------------x

LEEWARD CONSTRUCTION COMPANY, LTD.,

                                      Petitioner,

-against-

AMERICAN UNIVERSITY OF ANTIGUA-
COLLEGE OF MEDICINE and MANIPAL
EDUCATION AMERICAS, LLC f/k/a GCLR, LLC,

                                    Respondents,

------------------------------------------------------------x

**AMENDED JUDGMENT**

12 CIVIL 6280 (LAK)

# 13/1085

      Petitioner Leeward Construction Company, Ltd. ("Leeward") having sought to confirm an international arbitration award against Respondents American University of Antigua (AUA") and Manipal Education Americas, LLC ("Manipal"), and the matter having been brought before the Honorable Lewis A. Kaplan, United States District Judge, and the Court, on March 26, 2013, having issued its Memorandum Opinion granting Leeward's amended petition to confirm the arbitration, but only as against AUA, granting Manipal's cross motion to dismiss as to itself without prejudice to Leeward's filing a separate plenary action against it, and denying AUA's cross motion to dismiss, modify, or vacate, it is

      **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Opinion dated March 26, 2013, Leeward's amended petition to confirm the arbitration is GRANTED, but only as against AUA, and Leeward is awarded a judgment against the AUA as follows:

a)      the sum of $16,524.95[1] with 7% interest thereon from the 31st day of October 2009 through April 23, 2013, totaling $20,549.80;

b)      the sum of $86,174.12 with 7% interest thereon from the 22nd day of June 2012 thought April 23, 2013, totaling $91,214.72;

c)      the sum of $297,184.91 with 7% interest thereon from the 31st day of October 2009 through April 23, 2013, totaling $369,567.75;

d)      the sum of $176,954.46 with 7% interest thereon from the 31st day of October 2009 through April 23, 2013, totaling $220,053.78;

e)      the sum of $70,448.22 with 7% interest thereon from the 31st day of October 2009 through April 23, 2013, totaling $87,606.70;

f)      and the sum of $218,549.26 with 7% interest thereon from the 12th day of August 2012 through April 23, 2013, totaling $229,195.30; and

g)      the total of the above referenced being $1,018,188.05;

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Opinion, dated March 26, 2013, the AUA is awarded a judgment against Leeward in the sum of $58,500.00 with 7% interest thereon from the 22nd day of June, 2012, totaling $107,383.56 and deducting this amount from Leeward's judgment yields a judgment to Leeward in the amount of $910,804.49 and it is further

**ORDERED, ADJUDGED AND DECREED:** That Leeward is hereby awarded a judgment in the amount of $910,804.49 plus interest at a rate of 7% per annum until the judgment is paid.

---

[1] All dollar amounts in the Judgment have been converted from East Caribbean Dollars, as they were issued in the original arbitration award, at the current conversion rate of $1 U.S. Dollar to $2.700 East Caribbean Dollars.

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Opinion dated March 26, 2013, Manipal's cross motion to dismiss as to itself is GRANTED without prejudice to Leeward's filing a separate plenary action against it; and it is further

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Opinion dated March 26, 2013, AUA's cross motion to dismiss, modify, or vacate is DENIED; and accordingly, the case is closed.

Dated: ~~April~~ May 23 ___, 2013
New York, New York

Enter,

Ruby J. Krasick
CLERK

By ____
Dep. Clerk

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

3

# EXHIBIT
# 5

```
┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #: _____    │
│ DATE FILED: 6/11/13         │
└─────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

LEEWARD CONSTRUCTION COMPANY, LTD.,

                         Petitioner,

              -against-

AMERICAN UNIVERSITY OF ANTIGUA-
COLLEGE OF MEDICINE and MANIPAL
EDUCATION AMERICAS, LLC f/k/a GCLR, LLC,

                    Respondents,

------------------------------------------------------------------------x

**CORRECTED**
**AMENDED JUDGMENT**

12 CIVIL 6280 (LAK)

$#13,085$

Petitioner Leeward Construction Company, Ltd. ("Leeward") having sought to confirm
an international arbitration award against Respondents American University of Antigua (AUA")
and Manipal Education Americas, LLC ("Manipal"), and the matter having been brought before
the Honorable Lewis A. Kaplan, United States District Judge, and the Court, on March 26, 2013,
having issued its Memorandum Opinion granting Leeward's amended petition to confirm the
arbitration, but only as against AUA, granting Manipal's cross motion to dismiss as to itself
without prejudice to Leeward's filing a separate plenary action against it, and denying AUA's
cross motion to dismiss, modify, or vacate, it is

      **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's
Memorandum Opinion dated March 26, 2013, Leeward's amended petition to confirm the
arbitration is GRANTED, but only as against AUA, and Leeward is awarded a judgment against
the AUA as follows:

a)     the sum of $16,524.95[1] with 7% interest thereon from the 31st day of October 2009 through June 11, 2013, totaling $20,763.14;

b)     the sum of $86,174.12 with 7% interest thereon from the 22nd day of June 2012 thought June 11, 2013, totaling $92,105.77;

c)     the sum of $297,184.91 with 7% interest thereon from the 31st day of October 2009 through June 11, 2013, totaling $373,404.58;

d)     the sum of $176,954.46 with 7% interest thereon from the 31st day of October 2009 through June 11, 2013, totaling $222,338.36;

e)     the sum of $70,448.22 with 7% interest thereon from the 31st day of October 2009 through June 11, 2013, totaling $88,516.23;

f)     and the sum of $218,549.26 with 7% interest thereon from the 12th day of August 2012 through June 11, 2013, totaling $231,425.45; and

g)     the total of the above referenced being $1,028,553.54;

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Opinion, dated March 26, 2013, the AUA is awarded a judgment against Leeward in the sum of $58,500.00 with 7% interest thereon from the 22nd day of June, 2012, totaling $62,526.76 and deducting this amount from Leeward's judgment yields a judgment to Leeward in the amount of $966,026.79 and it is further

**ORDERED, ADJUDGED AND DECREED:** That Leeward is hereby awarded a judgment in the amount of $966,026.79 plus interest at a rate of 7% per annum until the judgment is paid.

---

[1] All dollar amounts in the Judgment have been converted from East Caribbean Dollars, as they were issued in the original arbitration award, at the current conversion rate of $1 U.S. Dollar to $2.700 East Caribbean Dollars.

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Opinion dated March 26, 2013, Manipal's cross motion to dismiss as to itself is GRANTED without prejudice to Leeward's filing a separate plenary action against it; and it is further

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Opinion dated March 26, 2013, AUA's cross motion to dismiss, modify, or vacate is DENIED; and accordingly, the case is closed.

Dated:　　June ___, 2013
　　　　　 New York, New York

Enter,

_____

_____

**THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____**

3

# EXHIBIT
# 6

**Jonathan Jemison**

| | |
|---|---|
| **From:** | NYSD_ECF_Pool@nysd.uscourts.gov |
| **Sent:** | Thursday, June 27, 2013 10:30 AM |
| **To:** | CourtMail@nysd.uscourts.gov |
| **Subject:** | Activity in Case 1:12-cv-06280-LAK Leeward Construction Company, Ltd. v. American University of Antigua--College of Medicine et al |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Southern District of New York**

**Notice of Electronic Filing**

The following transaction was entered on 6/27/2013 at 10:30 AM EDT and filed on 6/27/2013

| | |
|---|---|
| **Case Name:** | Leeward Construction Company, Ltd. v. American University of Antigua--College of Medicine et al |
| **Case Number:** | 1:12-cv-06280-LAK |
| **Filer:** | |
| **WARNING: CASE CLOSED on 03/28/2013** | |
| **Document Number:** | No document attached |

**Docket Text:**
**Writ of Execution Issued as to American University of Antigua - College of Medicine on 6/27/2013 Judgment # 13,1085 in the amount of $ 966,026.79 in favor of Leeward Construction Company Ltd. against American University of Antigua - College of Medicine. (Signed by Clerk of Court Ruby Krajick on 6/27/2013) (jno)**

**1:12-cv-06280-LAK Notice has been electronically mailed to:**

Jonathan Scott Jemison   jjemison@sillscummis.com

J. Scott Greer   jsgreer@lewisgreer.com

Veronica Ann McMillan   vamcmillan@lewisgreer.com

Katherine Marguerite Lieb   klieb@sillscummis.com

**1:12-cv-06280-LAK Notice has been delivered by other means to:**

# EXHIBIT
# 7

*Lewis & Greer, P.C.*
*Attorneys at Law*

Lou Lewis
J. Scott Greer
Veronica A. McMillan*

Joan Quinn**
Paul E. Denbaum
Alana R. Bartley*

*Also Admitted in New Jersey
**Also Admitted in Massachusetts

510 Haight Avenue
Poughkeepsie, New York 12603

(845) 454-1200
fax (845) 454-3315
www.lewisgreer.com

Mailing Address
─────
P.O. Box 2990
Poughkeepsie, NY 12603

February 7, 2013

**VIA FEDERAL EXPRESS**

American Arbitration Association
Case Filing Services
1101 Laurel Oak Road, Suite 100
Voorhees, New Jersey 08043

Re:   Leeward Construction Company Limited v. American University of Antiuga,
      College of Medicine
      Our File No.: 966-04

Dear Sir or Madam:

This office represents Leeward Construction Company Limited with regard to its claim against the American University of Antigua — College of Medicine ("AUA") in the amount of EC $83,059.56 (US $30,762.80). Enclosed please find a Notice of Arbitration/Demand for Arbitration that Leeward served upon the AUA on February 7, 2013. Also enclosed is the initial standard filing fee in the amount of $975.00.

This matter relates directly to a previous arbitration that was administered through the International Centre for Dispute Resolution, Case No. 50 110 T 00075 11. This case was heard before and determined by Jorge R. Jimenez, Esq., Hector M. Varela, PE, MBA, FASCE, and Jose Rafael Capo Lopez, Esq. In an effort to be cost effective and expeditious, we respectfully request the ICDR to assign this current matter to Mr. Jimenez or one of the other arbitrators from the panel.

Very truly yours,

**LEWIS & GREER, P.C.**

J. Scott Greer

JSG/mlb
Enclosures
cc: Neal S. Simon, President - American University of Antigua (*via Certified Mail, RRR*)
    Leonard Sclafani, Esq., - *Attorney for Respondent* (*via Certified Mail, RRR*)
    A.S. Nagesh - Sundaram Architects (*via Federal Express*)
    Eric Linde, Chairman - Leeward Const. Co. (*via Federal Express*)

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

### CONSTRUCTION INDUSTRY ARBITRATION RULES
### Demand for Arbitration

*MEDIATION: If you would like the AAA to contact the other parties and attempt to arrange a mediation, please check this box. ☐ There is no additional administrative fee for this service.*

| | | | | | | |
|---|---|---|---|---|---|---|
| Name of Respondent | | | Name of Representative (if known) | | | |
| American University of Antigua - College of Medicine | | | Leonard Sclafani, Esq. | | | |
| Address: | | | Name of Firm (if applicable) | | | |
| c/o Manipal Education Americas, LLC, Agent for AUA | | | American University of Antigua - College of Medicine | | | |
| | | | Representative's Address: | | | |
| One Battery Park Plaza, 33rd Floor | | | One Battery Park Plaza, 33rd Floor | | | |
| City | State | Zip Code | City | State | Zip Code | |
| New York | NY | 10004 | New York | NY | 10004 | |
| Phone No. | | Fax No. | Phone No. | | Fax No. | |
| 212-661-8849 | | | 212-661-8849 | | | |
| Email Address: | | | Email Address: | | | |

The named claimant, a party to an arbitration agreement dated September 25, 2008 , which provides for arbitration under the Construction Industry Rules of the American Arbitration Association, hereby demands arbitration.

ARBITRATION CLAUSE: Please indicate whether the contract containing the dispute resolution clause governing this dispute is a standard industry form contract (such as AIA, ConsensusDOCS or AGC) or a customized contract for the specific project.

Contract Form: AIA Document 201-1997

THE NATURE OF THE DISPUTE
See attached.

| | |
|---|---|
| Dollar Amount of Claim $ <br> EC $83,059.56/US $30,762.80 | Other Relief Sought: ☒ Attorneys Fees ☒ Interest <br> ☒ Arbitration Costs ☐ Punitive/ Exemplary ☐ Other _____ |

Amount Enclosed $ 975.00 ___ In accordance with Fee Schedule: ☐Flexible Fee Schedule ☒Standard Fee Schedule

PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE:
Jorge R. Jimenez, Esq.; Hector M. Varela, PE, MBA, FASCE; or Jose Rafael Capo Lopez, Esq.

Hearing locale requested San Juan, Puerto Rico ___ Project site AUA College of Medicine, Antigua

Estimated time needed for hearings overall: ___ Specify type of business: Claimant General Contractor ___

___ hours or 1.00 days ___ Respondent Medical School ___

You are hereby notified that a copy of our arbitration agreement and this demand are being filed with the American Arbitration Association with a request that it commence administration of the arbitration. The AAA will provide notice of your opportunity to file an/answering statement.

| | | | | | | |
|---|---|---|---|---|---|---|
| Signature (may be signed by a representative) *[signature]* | | Date: 2/7/2013 | Name of Representative | | | |
| | | | J. Scott Greer, Esq. | | | |
| Name of Claimant | | | Name of Firm (if applicable) | | | |
| Leeward Construction Company Limited | | | Lewis & Greer, P.C. | | | |
| Address (to be used in connection with this case) | | | Representative's Address | | | |
| All Saints Road, PO Box 1400 | | | 510 Haight Avenue, Suite 202 | | | |
| City | State | Zip Code | City | State | Zip Code | |
| St. Johns, Antigua | | | Poughkeepsie | NY | 12603 | |
| Phone No. | | Fax No. | Phone No. | | Fax No. | |
| 268-462-0071 | | | 845-454-1200 | | 845-454-3315 | |
| Email Address: | | | Email Address: | | | |
| info@leeward.ag | | | jsgreer@lewisgreer.com | | | |

To begin proceedings, please send a copy of this Demand and the Arbitration Agreement, along with the filing fee as provided for in the Rules, to: American Arbitration Association, Case Filing Services, 1101 Laurel Oak Road, Suite 100 Voorhees, NJ 08043. Send the original Demand to the Respondent.

Please visit our website at www.adr.org if you would like to file this case online. AAA Case Filing Services can be reached at 877-495-4185.

# AMERICAN ARBITRATION ASSOCIATION
## CONSTRUCTION INDUSTRY ARBITRATION RULES
## DEMAND FOR ARBITRATION

Date: February 7, 2013

TO:   Neal S. Simon, President
      American University of Antigua, College of Medicine
      c/o Manipal Education Americas, LLC,
      Agent for American University of Antigua, College of Medicine
      Kasturba Medical College International Center
      One Battery Park Plaza, 33rd Floor
      New York, NY 10004

**PLEASE TAKE NOTICE THAT** Leeward Construction Company, Ltd. ("Leeward"), a

party to a written agreement dated September 25, 2008 (the "Contract"), which, *inter alias* provides

that:

§ 4.6 ARBITRATION

§ 4.6.1  Any Claim arising out of or related to the Contract, except

Claims relating to aesthetic effect and except those waived as

provided for in Sections 4.3.10, 9.10.4 and 9.10.5, shall, after

decision by the Architect or 30 days after submission of the Claim to

the Architect, be subject to arbitration.

§ 4.6.2  Claims shall be decided by arbitration which, unless the

parties mutually agree otherwise, shall be in accordance with the

Construction Industry Arbitration Rules of the American Arbitration

Association currently in effect.  The demand for arbitration shall be

filed in writing with the other party to the Contract and with the

American Arbitration Association, and a copy shall be filed with the

Architect.  Location of any Arbitration will be Antigua.

(A copy of the "Agreement to Arbitrate" as set forth in the General Conditions to the Contract, is annexed hereto) hereby demands arbitration of the following disputes, which are subject to arbitration thereunder:

This dispute arises out of the construction of a medical school in St. Johns, Antigua. On September 25, 2008, Leeward, as general contractor, entered into a Contract with the Respondent, American University of Antigua — College of Medicine (the "AUA"), as owner, for the construction of the medical school for the fixed price of EC $27,436,824.00, subject to additions and deductions as provided in the contract documents.

**CLAIMANT** seeks recovery of contract funds in the amount of EC$83,059.56/US$30,762.80[1] that were inadvertently mis-tabulated as Antigua and Barbuda Sales Tax during the requisition process. The Respondent admitted owing these funds at a prior related arbitration proceeding entitled *Leeward Construction Company, Inc. v. American University of Antigua, College of Medicine*, Case No. 50 110 T 00075 11, Jose R. Capo, Esq., Jorge R. Jimenez, Esq. and Hector M. Varela, PE, MBA, FASCE. The relevant facts as previously determined by the Arbitration Tribunal are set forth in the Arbitration Award dated June 22, 2012, as modified by The Final Arbitration Award dated August 8, 2012. The issue concerning the ABST is set forth on pages 11-12 and 27-28 of the Award. (A copy of the award as modified is attached hereto and incorporated herein.)

CLAIMANT seeks cost of arbitration

CLAIMANT seeks attorneys fees.

---

[1] The Arbitration Tribunal awarded damages in Eastern Carribean Dollars ("EC"). As of June 22, 2012 and August 8, 2012, the conversion rate for Eastern Caribbean dollars to United States dollars is 0.3704 United States dollars for each Eastern Caribbean dollar, and United States dollar to Eastern Caribbean dollar is 2.700 Eastern Caribbean dollars for each United States dollar. *See* http://www.likeforex.com. For purposes of this Petition/Motion, the Petitioner will reference the award going forward in both United States Dollars and Eastern Caribbean Dollars.

**PLEASE TAKE FURTHER NOTICE** that in accordance with §4.61 of the General Conditions to the Contract, a written claim, dated November 20, 2012 and supplemented on December 21, 2012, upon which this demand for arbitration is founded, was served upon Sundaram Architects Pvt. Ltd. ("Sundaram Architects") and the AUA, and that the AUA having the power to pay the claims have neglected or refused to make payment thereof for more than thirty (30) days after such presentment.

**YOU ARE HEREBY NOTIFIED** that a copy of this Demand for Arbitration with a copy of the agreement to arbitrate will be filed with the International Center for Dispute Resolution, American Arbitration Association, Case Filing Services, 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043, USA location, with a request that it commence administration of the arbitration pursuant to the Construction Industry Rules. Under the rules, you may file a Statement of Defense within the time specified in the rules after notice from the administrator.

Dated: February 7, 2013
      Poughkeepsie, New York

                                    Leeward Construction Co. Ltd.

                                    By:_____
                                        J. Scott Greer, Esq.
                                        **Lewis & Greer, P.C.**
                                        *Attorney for Claimant,*
                                        *Leeward Construction Co. Ltd.*
                                        510 Haight Avenue, P.O. Box 5990
                                        Poughkeepsie, New York 12603
                                        Tel: (845) 454-1200
                                        email: jsgreer@lewisgreer.com

cc:    Eric Linde, Chairman
       Leeward Construction Co. Ltd.
       All Saints Road, P.O. Box 1400
       St. Johns, Antigua
       Tel: (268) 462-0071
       email: info@leeward.ag

§ 4.4.5 The Architect will approve or reject Claims by written decision, which shall state the reasons therefor and which shall notify the parties of any change in the Contract Sum or Contract Time or both. The approval or rejection of a Claim by the Architect shall be final and binding on the parties but subject to mediation and arbitration.

§ 4.4.6 When a written decision of the Architect states that (1) the decision is final but subject to mediation and arbitration and (2) a demand for arbitration of a Claim covered by such decision must be made within 30 days after the date on which the party making the demand receives the final written decision, then failure to demand arbitration within said 30 days' period shall result in the Architect's decision becoming final and binding upon the Owner and Contractor. If the Architect renders a decision after arbitration proceedings have been initiated, such decision may be entered as evidence, but shall not supersede arbitration proceedings unless the decision is acceptable to all parties concerned.

§ 4.4.7 Upon receipt of a Claim against the Contractor or at any time thereafter, the Architect or the Owner may, but is not obligated to, notify the surety, if any, of the nature and amount of the Claim. If the Claim relates to a possibility of a Contractor's default, the Architect or the Owner may, but is not obligated to, notify the surety and request the surety's assistance in resolving the controversy.

§ 4.4.8 If a Claim relates to or is the subject of a mechanic's lien, the party asserting such Claim may proceed in accordance with applicable law to comply with the lien notice or filing deadlines prior to resolution of the Claim by the Architect, by mediation or by arbitration.

### § 4.5 MEDIATION
§ 4.5.1 Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Sections 4.3.10, 9.10.4 and 9.10.5 shall, after initial decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to mediation as a condition precedent to arbitration or the institution of legal or equitable proceedings by either party.

§ 4.5.2 The parties shall endeavor to resolve their Claims by mediation which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Mediation Rules of the American Arbitration Association currently in effect. Request for mediation shall be filed in writing with the other party to the Contract and with the American Arbitration Association. The request may be made concurrently with the filing of a demand for arbitration but, in such event, mediation shall proceed in advance of arbitration or legal or equitable proceedings, which shall be stayed pending mediation for a period of 60 days from the date of filing, unless stayed for a longer period by agreement of the parties or court order.

§ 4.5.3 The parties shall share the mediator's fee and any filing fees equally. The mediation shall be held in the place where the Project is located, unless another location is mutually agreed upon. Agreements reached in mediation shall be enforceable as settlement agreements in any court having jurisdiction thereof.

### § 4.6 ARBITRATION
§ 4.6.1 Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Sections 4.3.10, 9.10.4 and 9.10.5, shall, after decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to arbitration. Prior to arbitration, the parties shall endeavor to resolve disputes by mediation in accordance with the provisions of Section 4.5.

§ 4.6.2 Claims not resolved by mediation shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect. The demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association, and a copy shall be filed with the Architect. Location of any Arbitration will be Antigua.

§ 4.6.3 A demand for arbitration shall be made within the time limits specified in Sections 4.4.6 and 4.6.1 as applicable, and in other cases within a reasonable time after the Claim has arisen, and in no event shall it be made after the date when institution of legal or equitable proceedings based on such Claim would be barred by the applicable statute of limitations as determined pursuant to Section 13.7.

Init.

/

AIA Document A201™ – 1997. Copyright © 1911, 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1966, 1970, 1976, 1987 and 1997 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 13:26:35 on 09/24/2008 under Order No.1000356699_1 which expires on 5/16/2009, and is not for resale.
User Notes:                                                                                           (2404291990)

21

LC000036

AUA 000036

# EXHIBIT
# 8

**Jonathan Jemison**

| | |
|---|---|
| **From:** | Leonard Sclafani <lsclafani@auamed.org> |
| **Sent:** | Friday, February 15, 2013 2:48 PM |
| **To:** | CardenasC@adr.org |
| **Cc:** | J. Scott Greer |
| **Subject:** | Leeward Construction Company, Ltd. v. American University College of Medicine, 50 110 T 00118 13 |

Dear Ms. Cardenas,

 I am writing as counsel to American University of Antigua College of Medicine ("AUACOM") in order to request an extension of 30 days to submit our client's Answering Statement and to provide comments to the two issues that you raise in your correspondence dated February 12, 2013. Our client is in the process of compiling counterclaims arising from Leeward's incompetent, defective and deficient construction of the project that underlies Leeward Construction Company's claim.  These counterclaims will far exceed the $75,000 damages threshold for appellation of the Fast Track Procedures that otherwise would be applicable to that claim. We had not contemplated bringing those claims earlier (or in as part of the arbitration referred to in Leeward's Statement of Claim) because of our belief that they would be time barred under the parties' contract. However, Leeward now claims that the arbitrators in the parties recently concluded arbitration ruled as part of their award that the parties had waived the limitations on the time within which claims must be made under the contract, thereby leaving AUACOM free to raise its counterclaims free of any defense that the counterclaims are time barred under the parties' agreement. Given the complexity of AUACOM's counterclaims, we will require the time that I herein request to  make them.

 As, pursuant to your correspondence, AUACOM's Answering Statement and comments are due on Tuesday, February 17, 2013 and Monday, February 18, 2013 is a US holiday, I respectfully request that this application be given expeditious consideration.

Very truly yours,

LEONARD A. SCLAFANI, ESQ

Law Offices of Leonard A. Sclafani, Esq.
One Battery Park Plaza, 33rd Fl.
New York, New York 10004
212-696-9880

# EXHIBIT

# 9

*Lewis & Greer, P.C.*
*Attorneys at Law*

Lou Lewis
J. Scott Greer
Veronica A. McMillan*

Joan Quinn**
Paul E. Denbaum
Alana R. Bartley*

*Also Admitted in New Jersey
**Also Admitted in Massachusetts

510 Haight Avenue
Poughkeepsie, New York 12603

(845) 454-1200
Fax (845) 454-3315
www.lewisgreer.com

Mailing Address

P.O. Box 2990
Poughkeepsie, NY 12603

February 19, 2013

**_VIA ELECTRONIC DELIVERY ONLY_**
Ms. Carolina Cárdenas, LL.M.
Attorney-at-Law, Colombia
ICDR Senior Case Manager
IACAC Case Manager
International Centre for Dispute Resolution
1633 Broadway, 10th Floor
New York, NY 10019

 Re:  Leeward Construction Company Limited v. American University of Antigua,
   College of Medicine
   Case No.: 50 110 T 00118 13
   Our File No.:  966-04

Dear Ms. Cárdenas:

 This office represents Leeward Construction Company Limited with regard to the above-referenced matter. We write to oppose the AUA's request for a thirty (30) day extension of time to submit its Answering Statement herein, which is contained in Leonard Sclafani, Esq.'s February 15, 2013 email communication to your office.

 Leeward opposes the AUA's request for one simple reason: Any claims the AUA might allege at this juncture related to Leeward's performance on the project are barred. In his email, Mr. Sclafani explains that the AUA would like to assert counterclaims related to allegedly defective work performed on the project. The AUA acknowledges while it was aware of its alleged claims prior to the previous arbitration, it did not give contractual notice of its claims nor did it assert the alleged counterclaims in the prior arbitration. In fact, according to Mr. Sclafani's February 15, 2013 email, the AUA elected not to raise the alleged defective work claims in the prior proceeding because of its belief that the claims were time barred. (In contrast, the AUA did not alert Leeward to the ABST error claimed herein until the arbitration hearings in March, 2012.) To properly assert these claims, the AUA should have (a) given notice of its alleged claims as per the contract and (b) asserted them in the prior arbitration. Its failure to do so renders the claims barred under the parties' contract as well as by the common law doctrine of *res judicata*. We respectfully request that the AUA's request for an extension be denied.

Ms. Carolina Cárdenas, LL.M.
February 19, 2013
Page 2 of 2

In addition, we hereby reiterate our request that the International Center for Dispute Resolution assign this matter to Jorge R. Jimenez, Esq., Hector M. Varela, PE, MBA, FASCE, and/or Jose Rafael Capo Lopez, Esq., the panelists who heard the previous arbitration under Case No. 50 110 T 00075 11. Assigning this matter to the prior panelist(s) will be more cost effective and expeditious.

Very truly yours,

LEWIS & GREER, P.C.

Veronica A. McMillan

VAM/mlb
cc:  Leonard Sclafani, Esq., - Attorney for Respondent *(via electronic delivery only)*
     Eric Linde, Chairman - Leeward Const. Co. *(via electronic delivery only)*

# EXHIBIT
# 10

AMERICAN ARBITRATION ASSOCIATION
INTERNATIONAL CONSTRUCTION INDUSTRY ARBITRATION RULES
ANSWER AND COUNTERCLAIM

TO: Leeward Construction Company, Ltd.
    c/o Lewis & Greer, P.C.
    Attorneys for Claimant
    510 Haight Avenue
    Poughkeepsie, New York 12603

Re: 50 110 T 00118 13
    Leeward Construction Corp. v. American University of Antigua College of
Medicine

PLEASE TAKE NOTICE that American University of Antigua College of Medicine
hereby answers the Statement of Claim of Leeward Construction Company, Ltd. and
Counterclaims as follows:

Claimant claims entitlement to EC$83, 059.56/US$30,762/80 which said sum
derives from an alleged "mis-tabulation as Antigua and Barbuda Sales Tax ("ABST")
during the requisition process.
    There is no issue that the sum was paid to Leeward. The claim here is that the
sum was paid as reimbursement for ABST that AUA allegedly owed to Leeward, but
was subsequently added to the amount that was paid to Leeward as a progress
payment so that, when Leeward was paid on the following requisition, the amount
allegedly "mis-tabulated" was deducted from that requisition leaving Leeward short
on the payment of the requisition in the amount of the sum above stated.
    AUA asserts herein, first, that Leeward has not provided any evidence that it
actually paid the Government of Antigua and Barbuda the ABST in connection with
the requisition at issue or in connection with any prior or subsequent requisition.
    AUA further asserts that, even if Leeward establishes that it paid this, or any
other amount of ABST, it was its responsibility and obligation to do so under the
terms of the parties contract, such that the amount that Leeward was paid for the
requisition at issue was correctly added to the amount of its progress payment.
Leeward was not entitled to a separate or additional payment for reimbursement of
ABST.
    AUA further asserts by way of a defense and a counterclaim that it paid ABST to
Leeward in addition to, and not as a part of its progress payments in all but the one
from which Leeward's claim herein originates in the sum of EC$3,614,552.41 as a
result of error, mis-tabulation and mutual mistake, despite that Leeward provided
no proof of payment of the tax and, in any event, was, itself, obligated to pay the tax
without reimbursement by AUA.
    Lastly, AUA asserts that it submitted its claim for a reimbursement of the said
sum to the Project Architect, R. Sundaram, Sundaram Architects as required by the
parties contract; and that the Project Architect has approved the claim. AUA is
therefore entitled to this sum. (see the attached correspondence)

In this regard, AUA states the following:

Section 3.6.1 of the General Conditions to the Contract, entitled "Taxes," unambiguously obligates the Contractor, Leeward, to "pay sales, consumer, use and similar taxes for the Work provided by the Contractor ... ." This obligation plainly includes the Antigua and Barbuda Sales Tax ("ABST"). Notwithstanding this clear mandate, as evidenced by the payment applications submitted by Leeward (e.g., Ex. A to Leeward's December 21, 2012 letter to the Project Architect), throughout the Project Leeward charged AUA ABST at a rate of 15% for all the work Leeward performed on the Project. As the invoices AUA approved for payment reflect, AUA paid the ABST charged by Leeward. See Ex. 1, hereto. Our records reflect that Leeward wrongfully charged, and AUA mistakenly paid, no less than EC $3,614,552.41 in ABST. Accordingly, AUA is entitled to a ruling that Leeward was obligated to pay ABST, and Leeward, in turn, is therefore obligated to reimburse AUA for all the ABST it collected from AUA.

In its November 20, 2012 claim, Leeward contends that AUA conceded during a prior arbitration that it was obligated to pay Leeward EC $83,083.24 in progress payment, because that payment was a payment for ABST in connection with Payment Requisition No. 22 and wrongfully applied. However, Leeward's claim for this money, and the alleged concession made by AUA's counsel during opening arguments at the prior arbitration, are both premised on the mistaken belief that AUA was responsible to pay ABST and on the assumption to Leeward actually paid Antigua EC $ 83,083.24 for the ABST collected at that time.[1]

As set forth in Leeward's December 21, 2012 supplemental submission to the Project Architect on its claim herein, what the parties called at the arbitration the "ABST Error" and what Leeward has now labeled a "mis-tabulation" was a product of the manner in which Leeward tracked payments on the Project. Generally speaking, Leeward issued monthly payment applications for the work it completed on the Project since the last payment application, which amounts were based upon measuring the work done and applying the predetermined unit rates set forth in the Bill of Quantities that was made a part of the Contract. Leeward's payment application would calculate the amount earned to date for its Work and then subtract the total amount that had been paid to date. Leeward would then bill AUA for this difference, separately charge AUA 15% in ABST and request payment for the sum. AUA would then pay the sum, including ABST.

Leeward would determine how much had been paid to date by keeping a running tally of the prior progress payments, exclusive of ABST, which it submitted with its payment applications. With respect to the EC $ 83,083.24 ABST payment at issue, Leeward, according to its claim, mistakenly recorded the total amount paid by AUA, including ABST, in its running tally. As a result, when Leeward issued the following payment application, the amount of money Leeward reflected as having been paid by AUA in prior progress payments was EC $ 83,083.24 more than it should have been.

---

[1]   AUA's wrongful payment of ABST, in general, was not at issue in the prior arbitration.

The so-called concession was simply an acknowledgment of this alleged error and by implication assumed that AUA was obligated to pay the misapplied ABST in the first place, nothing more.  Because, as demonstrated above, AUA was not obligated to pay ABST, Leeward's misapplication of the money serves to reimburse AUA for a small fraction of the ABST Leeward wrongfully collected.

In sum, AUA respectfully requests that Leeward's claim be denied and that an award issue in AUA's favor declaring for the amount of the ABST that Leeward was wrongfully paid; to wit, EC $3,614,552.

Dated:  February 27, 2013
New York, New York

American University of Antigua College of Medicine

By: _____
Leonard A. Sclafani, Esq.
Law Offices of Leonard A. Sclafani, Esq.
Attorneys for Respondent AUA
One Battery Park Plaza, 33rd Fl.
New York, New York 10004
(Tel.) 212-696-988
email: l.a.s@mindspring.com

**ABST Payments**

$50,075.05
$65,398.08
$36,694.52
$36,586.04
$46,519.90
$120,969.00
$176,431.68
$70,116.02
$9,666.98
$143,779.67
$137,766.27
$409,676.77
$550,835.46
$230,721.53
$410,551.87
$415,282.54
$196,410.71
$209,080.45
$190,590.53
$83,083.24
$8,586.66
$15,729.44
**$3,614,552.41**



# SUNDARAM ARCHITECTS PVT. LTD.

ARCHITECTURE • ENGINEERING • PLANNING • INTERIORS • SERVICES

Fax : 001-845-454-3315

Date : 27.02.2013

### Kind attn: Veronica A. McMillan,

M/s. Lewis & Greer, P.C.
Attorneys at Law,
510 Haight Avenue,
POUGHKEEPSIE,
NEW YORK 12603, USA

Dear Sirs,

### Leeward Claim with respect to ABST

It is verified that AUA paid the ABST charged by Leeward. The amount is $3,614,552.41

As per contract Leeward has to pay all taxes including ABST.

It is a fact that AUA has paid Leeward ABST taxes although Leeward should pay the taxes.

Please advise Leeward to return the ABST collected from AUA to AUA.

Thanking you,

Yours faithfully,
For Sundaram Architects Pvt. Ltd.

R. SUNDARAM



#19, Kumara Krupa Road, Bangalore - 560 001, India
Tel  : +91 (0)80 2238 0701 / 2238 0702 / 2238 0703
Fax : +91 (0)80 2225 2339  Email : edp@sundaramarchitects.com

SUNDARAM CONSULTANTS
GROUP

**ABST Payments**

|                |
|---------------:|
| $50,075.05     |
| $65,398.06     |
| $36,694.52     |
| $36,586.04     |
| $46,519.90     |
| $120,969.00    |
| $176,431.68    |
| $70,116.02     |
| $9,666.98      |
| $143,779.67    |
| $137,766.27    |
| $409,676.77    |
| $550,835.46    |
| $230,721.53    |
| $410,551.87    |
| $415,282.54    |
| $196,410.71    |
| $209,080.45    |
| $190,590.53    |
| $83,083.24     |
| $8,586.66      |
| $15,729.44     |
| **$3,614,552.41** |

# American University of Antigua
## College of Medicine
### Check Request Form

Name: MIKE JOHNSON

Department: CONSTRUCTION

Date: 4/18/08

PHASE 1 + HOUSING CONTRACT : LEEKARD CONSTRUCTION

INTERIM PAYMENT # 1.00          333, 833. 67

QBST          50 075. 05

EC$ 383 908 72

Vendor's name: LEEKARD CONSTRUCTION COMPANY LTD.

Vendor's TIN / SS#:

Make check payable to: LEEKARD CONSTRUCTION COMPANY LTD.

Contact name: NEIL DICKERSON.

Contact phone #: 729/0072

Payment address: ALL SAINTS ROAD,
P.O. BOX, 1400
ST. JOHN'S
ANTIGUA

| | US $'s | EC $'s |
|---|---|---|
| Check amount: | | 383908.72 |

APPROVED FOR PAYMENT PENDING AGREEMENT OF BILL
OF QUANTITIES RATES + COMPLETION OF CONTRACT.

Requestor's Signature: John

Request Date: 4/18/08

Dean's Approval:

Approval Date:

Finance Approval:

Approval Date:

LC000242
AUA000431

# American University of Antigua
## College of Medicine
## Check Request Form

### AUA Employee Information

| | |
|---|---|
| Name: | Mike Johnson |
| Department: | Construction |
| DATE | May 30th, 2008 |

### Phase 1: Classroom /Library/Nurses: Leeward Construction

| | |
|---|---|
| Interim Payment # 2.00/A | 435,986.79 |
| ABST | 65,398.02 |
| Subtotal | 501,384.81 |
| LESS: Payment A/C: Corey Greenberg email 5/22/08 | 300,000.00 |
| | EC $ 201,384.81 |

### Vendor Information

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN / SS# | |
| Make check payable to: | Leeward Construction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Raod |
| | P.O. Box, 1400 |
| | St. John's |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | | 201,384.81 |

### Additional Comments

Approved For Payment Pending Agreement of Bill of Quantities Rates & Completion of Contract.

### Approval

| | |
|---|---|
| Requestor's Signature: | |
| Request Date: | 5/30/08 |
| Dean's Approval: | |
| Approval Date: | |
| Finance Approval: | |
| Approval Date: | |

LC000270
AUA000456

# American University of Antigua
## College of Medicine
## Check Request Form

### AUA Employee Information

| | |
|---|---|
| **Name:** | Mike Johnson |
| **Department:** | Construction |
| **DATE** | May 30th, 2008 |

### Phase 1: Classroom /Library/Nurses: Leeward Construction

| | |
|---|---|
| Interim Payment #3.00 | 244,630.15 |
| ABST | 36,694.52 |
| | EC $ 281,324.67 |

### Vendor Information

| | |
|---|---|
| **Vendor's name:** | Leeward Construction Company Ltd. |
| **Vendor's TIN / SS#** | |
| **Make check payable to:** | Leeward Construction Company Ltd. |
| **Contact name:** | Neil Dickenson |
| **Contact phone #:** | 729-0072 |
| **Payment address:** | All Saints Raod |
| | P.O. Box, 1400 |
| | St. John's |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| **CHEQUE AMOUNT** | | 281,324.67 |

### Additional Comments

Approved For Payment Pending Agreement of Bill of Quantities Rates & Completion of Contract.

### Approval

| | |
|---|---|
| **Requestor's Signature:** | _(signature)_ |
| **Request Date:** | 5/30/08 |
| **Dean's Approval:** | |
| **Approval Date:** | |
| **Finance Approval:** | |
| **Approval Date:** | |

LC000294

AUA000479

# American University of Antigua
# College of Medicine
# Check Request Form

## AUA Employee Information

| | |
|---|---|
| Name: | Mike Johnson |
| Department: | Construction |
| DATE | May 30th, 2008 |

### Phase 1: Classroom /Library/Nurses: Leeward Construction

| | |
|---|---|
| Interim Payment #4.00 | 243,906.96 |
| ABST | 36,586.04 |
| | EC $ 280,493.00 |

## Vendor Information

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN / SS# | |
| Make check payable to: | Leeward Construction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Raod |
| | P.O. Box, 1400 |
| | St. John's |
| | Antigua |

| US $'s | EC $'s |
|---|---|
| CHEQUE AMOUNT | 280,493.00 |

## Additional Comments

Approved For Payment Pending Agreement of Bill of Quantities Rates & Completion of Contract

### Approval

| | |
|---|---|
| Requestor's Signature: | |
| Request Date: | 5/30/08 |
| Dean's Approval: | |
| Approval Date: | |
| Finance Approval: | |
| Approval Date: | |

LC000317
AUA000500

# American University of Antigua
# College of Medicine
# Check Request Form

## AUA Employee Information

| | |
|---|---|
| Name: | Mike Johnson |
| Department: | Construction |
| DATE | 13-Jun-08 |

## Phase 1: Classroom /Library/Nurses: Leeward Construction

| | |
|---|---|
| Interim Payment #5.00 | 310,132.65 |
| ABST | 46,519.90 |
| Total Payment | EC $ 356,652.55 |

## Vendor Information

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN / SS# | |
| Make check payable to: | Leeward Construction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Raod |
| | P.O. Box, 1400 |
| | St. John's |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | | 356,652.55 |

## Additional Comments

Approved For Payment Pending Agreement of Bill of Quantities Rates & Completion of Contract.

Retention received to 5% in Accordance with Letter of Intent.

### Approval

| | |
|---|---|
| Requestor's Signature: | |
| Request Date: | 6/13/08 |
| Dean's Approval: | |
| Approval Date: | |
| Finance Approval: | |
| Approval Date: | |

LC000342
AUA000525

# American University of Antigua
# College of Medicine
# Check Request Form

### AUA Employee Information

| | |
|---|---|
| **Name:** | Mike Johnson |
| **Department:** | Construction |
| **DATE** | 13-Jun-08 |

### Phase 1: Classroom /Library/Nurses: Leeward Construction

| | | |
|---|---|---|
| Interim Payment #6.00 Mobilization | | 806,460.00 |
| ABST | | 120,969.00 |
| | Total Payment | EC $ 927,429.00 |

### Vendor Information

| | |
|---|---|
| **Vendor's name:** | Leeward Construction Company Ltd. |
| **Vendor's TIN / SS#** | |
| **Make check payable to:** | Leeward Construction Company Ltd. |
| **Contact name:** | Neil Dickenson |
| **Contact phone #:** | 729-0072 |
| **Payment address:** | All Saints Raod |
| | P.O. Box, 1400 |
| | St. John's |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| **CHEQUE AMOUNT** | | 927,429.00 |

### Additional Comments

Approved For Payment Pending Agreement of Bill of Quantities Rates & Completion of Contract.

### Approval

| | |
|---|---|
| **Requestor's Signature:** | _[signature]_ |
| **Request Date:** | 6/13/08 |
| **Dean's Approval:** | |
| **Approval Date:** | |
| **Finance Approval:** | |
| **Approval Date:** | |

LC000372
AUA000555

# American University of Antigua
# College of Medicine
# Check Request Form

## AUA Employee Information

| | |
|---|---|
| Name: | Mike Johnson |
| Department: | Construction |
| DATE | July 25th, 2008 |

### Phase 1: Classroom/Library/Nurses: Leeward Constrcution

| | |
|---|---|
| Interim Payment #7.00 Measured Works/Materials on Site. | 1,176,211.22 |
| ABST | 176,431.68 |
| Total Payment | 1,352,642.90 |

## Vendor Information

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN / SS# | |
| Make check payable to: | Leeward Consstruction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Road |
| | P.O. Box, 1400 |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | | 1,352,624.90 |

## Additional Comments

Approved for payment pending agreement of BOR date and Pre-line, and correlation of contract.    [signature] 7/25/08.

## Approval

| | | |
|---|---|---|
| Requestor's Signature: | [signature] | [signature] 7/25/08 |
| Request Date: | 7/25/08 | Neil Roche Anthony |
| ___'s Approval: | | |
| Approval Date: | | |
| Finance Approval: | | |
| Approval Date: | | |

LC000377
AUA000560

# American University of Antigua
## College of Medicine
## Check Request Form

**AUA Employee Information**

| | |
|---|---|
| Name: | Mike Johnson |
| Department: | Construction |
| DATE | July 25th,2008 |

**Phase 1: Classroom/Library/Nurses: Leeward Construction**

| | |
|---|---|
| Interim Payment #9.00 Measured Works/Materials on Site. | 467,440.11 |
| ABST | 70,116.02 |
| Total Payment | 537.556.13 |

**Vendor Information**

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN / SS# | |
| Make check payable to: | Leeward Consstruction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Road |
| | P.O. Box, 1400 |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | | 537,556.13 |

**Additional Comments**

N>/

7 14/08 08.

**Approval**

| | |
|---|---|
| Requestor's Signature: | |
| Request Date: | 8/14/08 |
| Dean's Approval: | Aaked for Payment. 08/14/08 |
| Approval Date: | LT Col Roche Literary, Govt, Projects |
| Finance Approval: | |
| Approval Date: | |

LC000453
AUA000615

# American University of Antigua
# College of Medicine
# Check Request Form

## AUA Employee Information

| | |
|---|---|
| **Name:** | Lt Col Roche Antony |
| **Department:** | Construction |
| **DATE** | September 18th,2008 |

## Phase 1: Classroom/Library/Nurses: Leeward Construction

| | |
|---|---|
| Interim Payment #10.00 Measured Works/Materials on Site. | 64,446.50 |
| ABST | 9,666.98 |
| Prelims From 8/3/08 to 30/4/08 | 199,853.39 |
| **Total** | **EC $ 273,966.87** |

## Vendor Information

| | |
|---|---|
| **Vendor's name:** | Leeward Construction Company Ltd. |
| **Vendor's TIN / SS#** | |
| **Make check payable to:** | Leeward Construction Company Ltd. |
| **Contact name:** | Neil Dickenson |
| **Contact phone #:** | 729-0072 |
| **Payment address:** | All Saints Raod |
| | P.O. Box, 1400 |
| | St. John's |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| **CHEQUE AMOUNT** | | 273,966.87 |

## Additional Comments

*Nil .*

## Approval

| | |
|---|---|
| **Requestor's Signature:** | Certified for payment EC $273,966.87 |
| **Request Date:** | |
| **Dean's Approval:** | 19 Sep 2008. |
| **Approval Date:** | |
| **Finance Approval:** | |
| **Approval Date:** | |

LC000523
AUA000684

# American University of Antigua
## College of Medicine
### Check Request Form



**AUA Employee Information**

| | |
|---|---|
| Name: | Lt Col Roche Antony |
| Department: | Construction |
| DATE | October 14th,2008 |

Phase 1: Classroom/Library/Nurses: Leeward Construction

| | |
|---|---|
| Interim Payment #10.00 Measured Works/Materials on Site. | 958,531.17 |
| ABST | 143,779.67 |

| | |
|---|---|
| Total | EC $ 1,102,310.84 |

**Vendor Information**

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN / SS# | ABSTNO:TIN0502142 |
| Make check payable to: | Leeward Construction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Road |
| | P.O. Box, 1400 |
| | St. John's |
| | Antigua . |

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | | 1,102,310.84 |

**Additional Comments**

Passed for payment EC$ 1,102,310.84
(EC$ One million one hundred two thousand three hundred ten and eighty four cents only )

**Approval**

| | |
|---|---|
| Requestor's Signature: | (Lt Col ROCHE ANTONY, Sr. Projects.) 14 Oct 2008 . |
| Request Date: | |
| Dean's Approval: | |
| Approval Date: | |
| Finance Approval: | |
| Approval Date: | |

AUA000769



# American University of Antigua
## College of Medicine
### Check Request Form

| AUA Employee Information | |
|---|---|
| **Name:** | Lt Col Roche Antony |
| **Department:** | Construction |
| **DATE** | November 17th, 2008 |

### Phase 1: Classroom/Library/Nurses: Leeward Construction

| | |
|---|---|
| Interim Payment #12.00 Measured Works/Materials on Site. | $718,588.47 |
| ABST | $107,788.27 |
| Outstanding ABST Application #10 | $29,978.00 |
| **Total** | **$856,354.74** |

| Vendor Information | |
|---|---|
| **Vendor's name:** | Leeward Construction Company Ltd. |
| **Vendor's TIN / SS#** | ABSTNO:TIN0502142 |
| **Make check payable to:** | Leeward Construction Company Ltd. |
| **Contact name:** | Neil Dickenson |
| **Contact phone #:** | 729-0072 |
| **Payment address:** | All Saints Road |
| | P.O. Box, 1400 |
| | St John's |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| **CHEQUE AMOUNT** | | 856,354.74 |

| Additional Comments |
|---|
| B/c Closure was effect by LC with effect from 2d October 2008 to 8 to November 2008. Its have been in hold for one week for the month of Oct in the payment approvals. Without prejudice, this amount is released against total contract/completion period of 52 weeks. ~~~ 14/November 2008 |

| Approval | |
|---|---|
| **Requestor's Signature:** | Asked for payment EC$ 856,354.74. (EC dollars eight hundred |
| **Request Date:** | fifty six thousand three hundred fifty four and seventy four cents only.) ~~~ 14 Nov 2008 |
| **Dean's Approval:** | |
| **Approval Date:** | |
| **Finance Approval:** | |
| **Approval Date:** | |

AUA000856



# American University of Antigua
## College of Medicine
### Check Request Form

**7.07 Employee Information**

| | |
|---|---|
| **Name:** | Lt Col Roche Antony |
| **Department:** | Construction |
| **DATE** | December 16th, 2008 |

**Phase 1: Classroom/Library/Nurses: Leeward Construction**

| | |
|---|---|
| Interim Payment #13.00 Measured Works/Materials on Site. | $2,731,178.48 |
| ABST | $409,676.77 |
| Less Mobilisation Advance | $1,956,460.00 |
| **Total** | **$1,184,395.25** |

**Vendor Information**

| | |
|---|---|
| **Vendor's name:** | Leeward Construction Company Ltd. |
| **Vendor's TIN / SS#** | ABSTNO:TIN0502142 |
| **Make check payable to:** | Leeward Construction Company Ltd. |
| **Contact name:** | Neil Dickenson |
| **Contact phone #:** | 729-0072 |
| **Payment address:** | All Saints Road |
| | P.O. Box, 1400 |
| | St. John's |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| **CHEQUE AMOUNT** | | 1,184,395.25 |

**Additional Comments**

Taxes for Payment EC$1,184,395.25 only.
Eastern Caribbean Dollars One million one hundred eighty four Thousand three hundred ninety five and twenty five cents only $.

**Approvals**

| | |
|---|---|
| **Requestor's Signature:** | Chris |
| **Request Date:** | 16 December, 2008 |
| **Dean's Approval:** | |
| **Approval Date:** | |
| **Finance Approval:** | |
| **Approval Date:** | |

AUA000956



### AUA Employee Information

| | |
|---|---|
| Name: | Lt Col Roche Antony |
| Department: | Construction |
| DATE: | January 13th, 2009 |

#### Phase 1: Classroom/Library/Nurses: Leeward Construction

| | |
|---|---|
| Interim Payment #14.00 Measured Works/Materials on Site | $3,672,236.40 |
| ABST 15% | $550,835.46 |
| Less Mobilisation Advance | $3,292,418.00 |
| Total | $930,653.85 |

### Vendor Information

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN / SS#: | ABST NO: TTN0502142 |
| Make check payable to: | Leeward Construction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Road |
| | P.O. Box 1400 |
| | St. John's |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | | 930,653.85 |

#### Additional Comments

Please for payment EC $ 930,653.85 only
(EC$ Nine hundred thirty thousand six hundred fifty three and eighty five cents only )

| | |
|---|---|
| Requestor's Signature: | _Approval_ |
| Request Date: | Lt Col Roche Antony, 13 January 2009 |
| Dean's Approval: | |
| Approval Date: | |
| Finance Approval: | |
| Approval Date: | |

AUA001142





**AUA Employee Information**

| | |
|---|---|
| Name: | Lt Col Roche Antony |
| Department: | Construction |
| DATE | February 18th, 2009 |

### Phase I: Classroom/Library/Nurses: Leeward Construction

| | |
|---|---|
| Interim Payment #15.00 Measured Works/Materials on Site. | $11,993,466.76 |
| Less 5% Retention | $599,673.34 |
| Previous Payments | $9,855,649.87 |
| Subtotal | $1,538,143.55 |
| ABST 15% | $230,721.53 |
| Total Payment | $1,768,865.09 |

**Vendor Information**

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN / SS# | ABST NO: TIN 0502142 |
| Make check payable to: | Leeward Construction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Road |
| | P.O. Box 1400 |
| | St. John's |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | | 1,768,865.09 |

**Additional Comments**

Saved for payment EC$ 1,768,865.09 only.

**Approvals**

| | |
|---|---|
| Requestor's Signature: | |
| Request Date: | 18 February 2009 |
| Dean's Approval: | |
| Approval Date: | |
| Finance Approval: | |
| Approval Date: | |

AUA001163

①

**AUA Employee Information**

| | |
|---|---|
| Name: | Lt Col Roche Antony |
| Department: | Construction |
| DATE | March 11th, 2009 |

**Phase 1: Classroom/Library/Nurses: Leeward Construction**

| | |
|---|---|
| Interim Payment #16.00 Measured Works/Materials on Site. | $14,874,552.22 |
| Less 5% Retention | $743,726.61 |
| Previous Payments | $11,393,793.12 |
| Subtotal | $2,737,012.49 |
| ABST 15% | $410,551.87 |
| Total Payment | $3,147,564.36 |

**Vendor Information**

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN / SSR | ABST NO: TIN0502142 |
| Make check payable are | Leeward Construction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Road |
| | P.O. Box, 1400 |
| | St. John's |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | | 3,147,564.36 |

**Additional Comment**

...ased for payment €C$ 3,147,564.36 only .

NOTE: Payment due by dot March 2009.

**Approval**

| | |
|---|---|
| Requestor's Signature: | _[signature]_  11 MARCH 2009 . |
| Request Date: | G Col Roche Antony, General Manager. Project |
| Dean's Approval: | |
| Approval Date: | |
| Finance Approval: | |
| Approval Date: | |

AUA001183



## AUA Employee Information

| | |
|---|---|
| Name: | Lt Col Roche Antony |
| Department: | Construction |
| DATE | April 17th, 2009 |

### Phase 1: Classroom /Library /Nurses: Leeward Construction

| | |
|---|---|
| Interim Payment #17.00 Measured Works/Materials on Site. | $17,716,317.09 |
| Less 5% Retention | $885,815.85 |
| Previous Payments | $14,130,805.61 |
| Subtotal | $2,699,695.63 |
| Retention Release ( Classroom 50%) | $38,951.85 |
| Retention Release ( Service 50%) | $29,902.91 |
| ABST 15% | $415,282.54 |
| Total Payment | $3,183,832.95 |

## Vendor Information

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN / SS# | ABST NO: TIN0502142 |
| Make check payable to: | Leeward Construction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Road |
| | P.O. Box, 1400 |
| | St John's |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | | 3,183,832.95 |

## Additional Comments

Aked for payment EC$ 3,183,832.95

## Approval

| | |
|---|---|
| Requestor's Signature | ~Tin~ Lt Col Reese Antony |
| Request Date: | 17 April 2009 |
| Dean's Approval: | |
| Approval Date: | |
| Finance Approval: | |
| Approval Date: | |

AUA001204

## AUA Employee Information

| | |
|---|---|
| Name: | Lt Col Roche Antony |
| Department: | Construction |
| DATE | April 17th, 2009 |

## Phase 1: Classroom/Library/Nurses: Leeward Construction

| | |
|---|---|
| Interim Payment #18.00 Measured Works/Materials on Site. | $19,094,021.50 |
| Less 5% Retention | $954,701.08 |
| Previous Payments | $16,899,356.01 |
| Subtotal | $1,239,946.42 |
| Retention Release ( Classroom 50%) | $40,368.71 |
| Retention Release ( Service 50%) | $29,071.62 |
| ABST 15% | $196,410.71 |
| Total Payment | $1,505,815.46 |

## Vendor Information

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN / SS# | ABSTNO:TIN0502142 |
| Make check payable to: | Leeward Construction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Road |
| | P.O. Box, 1400 |
| | St. John's |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | | 1,505,815.46 |

## Additional Comments

Noted for payment EC $ 1, 505, 815. 46

## Approval

| | |
|---|---|
| Requestor's Signature: | Tony Lt Col Roche Antony |
| Request Date: | 11 May, 2009. |
| Dean's Approval: | |
| Approval Date: | |
| Finance Approval: | |
| Approval Date: | |

AUA001413



### AUA Employee Information

| | |
|---|---|
| Name: | Lt Col Roche Antony |
| Department: | Construction |
| DATE | June 19th, 2009 |

### Phase 1: Classroom/Library/Nurses: Leeward Construction

| | |
|---|---|
| Interim Payment #19.00 Measured Works/Materials on Site. | $20,561,252.75 |
| Less 5% Retention | $1,028,062.64 |
| Previous Payments | $18,208,760.76 |
| Subtotal | $1,324,429.35 |
| Retention Release | $69,440.33 |
| ABST 15% | $209,080.45 |
| Total Payment | $1,602,950.13 |

### Vendor Information

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN / SS#: | ABSTNO:TIN0502142 |
| Make check payable to: | Leeward Construction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Road |
| | P.O. Box, 1400 |
| | St. John's |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | | 1,602,950.13 |

### Additional Comments

Passed for payment EC$1,602,950.13 only

### Approval

| | |
|---|---|
| Requestor's Signature: | Lt Col Roche Antony |
| Request Date: | 19 June 2009. |
| Dean's Approval: | |
| Approval Date: | |
| Finance Approval: | |
| Approval Date: | |

AUA001639

# American University of Antigua
## College of Medicine
### Check Request Form

**AUA Employee Information**

| | |
|---|---|
| Name: | Lt Col Roche Antony |
| Department: | Construction |
| DATE | July 17th, 2009 |

**Phase 1: Classroom/Library/Nurses: Leeward Construction**

| | |
|---|---|
| Interim Payment #20.00 Measured Works/Materials on Site. | $21,898,730.18 |
| Less 5% Retention | $1,094,936.51 |
| Previous Payments | $19,602,630.44 |
| Subtotal | $1,201,163.24 |
| Retention Release | $69,440.33 |
| ABST 15% | $1,270,603.57 |
| Total Payment | $1,461,194.10 |

**Vendor Information**

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN / SS# | ABSTNO:TIN0502142 |
| Make check payable to: | Leeward Construction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Road |
| | P.O. Box, 1400 |
| | St. John's |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | | 1,461,194.10 |

**Additional Comments**

Running bill. application #20. Pay for EC$1,461,194.10 only

**Approval**

| | |
|---|---|
| Requestor's Signature: | *[signature]* Lt Col Roche Antony |
| Request Date: | 17 July 2009 |
| Dean's Approval: | |
| Approval Date: | |
| Finance Approval: | |
| Approval Date: | |

AUA001659

# American University of Antigua
## College of Medicine
### Check Request Form



EXHIBIT

**AUA Employee Information**

| | |
|---|---|
| Name: | Lt Col Roche Antony |
| Department: | Construction |
| DATE | September 26th, 2009 |

**Phase 1: Classroom/Library/Nurses; Leeward Construction**

| | |
|---|---|
| Contract value | 27,436,824.00 |
| Interium Payment # 22 measured works | 22,897,758.49 |
| Retention 5% | 1,144,887.92 |
| Previous payment | 21,714,181.86 |
| Sub Total | 38,688.71 |
| Retention  Release 90% | 515,199.56 |
| Total | 553,888.27 |
| ABST 15 % | 83,083.24 |
| Total payable | 636,971.51 |

**Vendor Information**

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN / SS# | ABSTNO:TIN0502142 |
| Make check payable to: | Leeward Construction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Rd. |
| | St. John's |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | | 636,971.51 |

**Additional Comments**

*Asked for payment EC$636.971.51 against payment application # 22 .*

**Approval**

| | |
|---|---|
| Requestor's Signature: | *Lt Col Roche Antony* |
| Request Date: | *26 September, 2009* |
| Dean's Approval: | |
| Approval Date: | |
| Finance Approval: | |

AUA 000370

# American University of Antigua
## College of Medicine
## Check Request Form



### AUA Employee Information

| | |
|---|---|
| Name: | Lt Col Roche Antony |
| Department: | Construction |
| DATE | September 30th, 2009 |

Phase 1: Classroom/Library/Nurses; Leeward Construction

| | |
|---|---|
| Contract value in EC $ | 27,436,824.00 |
| Interium Payment # 22- measured works | 22,897,758.49 |
| Retention 5% | 1,144,887.92 |
| 50% of retention to be released after substantial compltion | 572,443.96 |
| Retention released along with invioce no 22 (90% of above amt.) | 515,199.56 |
| Release of balance 10% Retention release | 57,244.40 |
| ABST 15 % | 8,586.66 |
| Total payable | EC $ 65831.06 |

### Vendor Information

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN/SS# | ABST NO:TIN0502142 |
| Make check payable to: | Leeward Construction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Rd. |
| | St. John's |
| | Antigua |

| | US $'s | EC $'s |
|---|---|---|
| CHEQUE AMOUNT | — | 65,831.06 |

### Additional Comments

raised for payment EC $ 65,831.06 on Substantial completion of Structural works balance 10% of award 2½ %

### Approval

Requestor's Signature:

Request Date: Lt Col Roche Antony  30 September 2009

Dean's Approval:

Approval Date:

Finance Approval:

Approval Date:

AUA001682

# American University of Antigua
## College of Medicine
### Check Request Form

**AUA Employee Information**

| | |
|---|---|
| Name: | Lt Col Roche Antony |
| Department: | Construction |
| DATE: | October 22nd, 2009 |

### Phase 1: Classroom/Library/Nurses: Leeward Construction

| | |
|---|---|
| Interim Payment Draft Final Account Measured Works/Materials on Site. | $23,603,320.00 |
| Less 5% Retention | $1,180,166.00 |
| Previous Payments | $22,908,374.09 |
| Subtotal | −$485,220.09 |
| Retention Release | $590,083.00 |
| Total Payment | $104,862.91 |
| ABST 15% | $15,729.44 |
| Total Payment | $120,592.35 |

**Vendor Information**

| | |
|---|---|
| Vendor's name: | Leeward Construction Company Ltd. |
| Vendor's TIN / SS# | ABSTNO:TIN0502142 |
| Make check payable to: | Leeward Construction Company Ltd. |
| Contact name: | Neil Dickenson |
| Contact phone #: | 729-0072 |
| Payment address: | All Saints Road |
| | P.O. Box, 1400 |
| | St. John's |
| | Antigua |

| CHEQUE AMOUNT | US $'s | EC $'s. |
|---|---|---|
| | | 120,592.35 |

**Additional Comments**

Asset for payment EC$120,592.35 Only toward interim draft final account of New Construct. EC$590,000.00 fully Received

**Approval**

| | |
|---|---|
| Requestor's Signature: | LT Col Roche Antony |
| Request Date: | 22 October 2009 |
| Dean's Approval: | |
| Approval Date: | |
| Finance Approval: | |
| Approval Date: | |

AUA002854