UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

LEEWARD CONSTRUCTION COMPANY, LTD.,

        Petitioner,

        v.

AMERICAN UNIVERSITY OF ANTIGUA –
COLLEGE OF MEDICINE and MANIPAL
EDUCATION AMERICAS, LLC f/k/a GCLR, LLC,

        Respondents.

-------------------------------------------------------------x

Case No. 1:12-CV-06280-LAK/GWG

Honorable Lewis A. Kaplan
United States District Judge

---

## AMERICAN UNIVERSITY OF ANTIGUA'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION SEEKING RELEASE OF SUPERSEDEAS BOND

---

SILLS CUMMIS & GROSS P.C.
101 Park Avenue, 28th Floor
New York, New York 10178

LAW OFFICES OF LEONARD A. SCLAFANI, ESQ.
One Battery Park Plaza, 33rd Floor
New York, New York 10004

*Attorneys for Respondent*
*American University of Antigua*
*College of Medicine*

**Of Counsel and On the Brief:**
James Hirschhorn
Gregory E. Reid
Leonard A. Sclafani

## PRELIMINARY STATEMENT

While the litigation history between the parties is long and somewhat complex, the facts relevant to this motion are simple and undisputed. Respondent American University of Antigua College of Medicine ("AUA") and Petitioner Leeward Construction Company, Ltd. ("Leeward") have participated in two arbitrations arising out of a contract for Leeward to construct AUA's medical school complex in Antigua. Leeward obtained an award in the first arbitration ("Leeward's Award"), and AUA obtained an award in the second arbitration ("AUA's Award"). Both awards were subsequently confirmed by judges of this Court and both District Court judgments are currently on appeal before the Second Circuit.

Judge Kaplan confirmed Leeward's Award in this action and directed the Clerk of Court to enter judgment in the amount of $966,026.79, plus 7% interest per annum ("Leeward's Judgment"). (DE No. 37). On August 16, 2013, Judge Kaplan entered a Stipulation and Consent Order staying enforcement of Leeward's Judgment pending appeal and approving AUA's supersedeas bond in the amount of $1,073,000 to cover the amount of Leeward's Judgment.

On May 1, 2015, Judge Cote confirmed AUA's Award and directed the Clerk of Court to enter judgment in the amount of $1,338,712. See American University of Antigua College of Medicine v. Leeward Construction Company, Ltd., 14-cv-8410 (DLC), DE No. 51. On May 5, 2015, the Clerk entered judgment in the amount of $1,338,712 ("AUA's Judgment"). (DE No. 52).

Both AUA and Leeward appealed their adverse decisions, and both appeals are currently pending before the Second Circuit. However, whereas AUA posted a supersedeas bond staying enforcement of Leeward's Judgment, Leeward has not posted a supersedeas bond staying

enforcement of AUA's Judgment.

AUA obtained the supersedeas bond to protect Leeward's interests during the pendency of the appeal and second arbitration. As a result of Judge Cote's entry of judgment in AUA's favor in an amount that greatly exceeds the amount of Leeward's Judgment, AUA has satisfied its monetary obligations under Leeward's Judgment. The supersedeas bond has served its purpose of protecting Leeward and there is no longer any reason for it to remain in place.

Accordingly, AUA respectfully requests that this Motion to Release Supersedeas Bond be granted, that the supersedeas bond previously posted in this action be released and AUA's security returned, and that the Court enter an order staying enforcement of Leeward's Judgment without bond pending the outcome of the parties' respective appeals.

## JURISDICTION

Jurisdiction is proper in this Court under Federal Rule of Civil Procedure 65.1, Federal Rule of Appellate Procedure 8(b), and Local Civil Rule 65.1.1 because this motion affects a surety's liability on a supersedeas bond.

## STATEMENT OF FACTS

AUA is a corporation duly organized and existing under the laws of Antigua and Barbuda. Manipal Education Americas, LLC, f/k/a GCLR, LLC ("MEA") is a limited liability company duly organized and existing under the laws of the State of New York. MEA is the sole owner of AUA. AUA and MEA are solvent and profitable ongoing concerns with a combined annual income in excess of $30,000,000. (Affidavit of Leonard Sclafani, Esq. ("Sclafani Aff."), ¶ 5).

Leeward was originally organized as a corporation under the laws of Antigua and Barbuda and maintained its principal place of business there. According to Leeward, however, it ceased doing business several years ago, is a defunct business and has no assets other than the contingent asset consisting of its judgment against AUA herein. Leeward's corporate registration expired more than a year ago and Leeward has not renewed it. (Id. at ¶ 6).

Leeward originally brought this proceeding pursuant to 9 U.S.C. §201 *et seq.* to confirm its award in the first arbitration. On March 26, 2013, Judge Kaplan entered an order in this case confirming Leeward's Award. (DE No. 26). AUA filed its notice of appeal on April 29, 2013. (DE No. 32). On June 11, 2013, the Clerk of Court entered Leeward's Judgment in the corrected amount of $966,026.79, plus 7% interest per annum. (DE No. 37).

Before Judge Kaplan confirmed Leeward's Award, Leeward commenced a second arbitration against AUA. (Sclafani Aff., ¶ 10). In the second arbitration, Leeward claimed that AUA owed it $30,762.80 as reimbursement for Antigua and Barbuda Sales Tax ("ABST" and "Leeward's ABST Claim"). AUA denied the claim and brought counterclaims for reimbursement of ABST that it had paid to Leeward but that it asserted it did not owe in the sum of $1,338,712 ("AUA's ABST Counterclaims"). AUA also counterclaimed for damages in the total amount of $978,685.18 due because of defects in Leeward's construction of AUA's main campus building ("AUA's Construction Defects Counterclaims"). (Id.)

While the second arbitration was proceeding, Leeward and AUA participated in mediation at the Second Circuit that resolved certain issues between the parties.[1] In short,

---

[1] Although not relevant to the current application, the Court may recall that AUA filed an Order to Show Cause on June 28, 2013 seeking a stay of enforcement of Leeward's Judgment under the terms of the Stay Agreement previously executed by the parties. (DE No. 38). During oral argument, Judge Kaplan noted that Leeward's argument that the Stay Agreement was unenforceable was "probably a dead loser." (DE # 48). However, because

3

through mediation at the Second Circuit, the parties agreed to enter into a Standstill Agreement. See American University of Antigua College of Medicine v. Leeward Construction Company, Ltd., 14-cv-8410 (DLC), DE No. 39, Ex. 3. Under the Standstill Agreement, AUA agreed to post a supersedeas bond in connection with its appeal of Leeward's Judgment, which would effectively stay enforcement of Leeward's Judgment pending a final disposition of AUA's appeal. Leeward agreed, among other things, to cease any and all efforts to execute on Leeward's Judgment so long as the supersedeas bond remained in place.

Also as a result of mediation at the Second Circuit, the parties further agreed to avoid the time and expense of prosecuting AUA's appeal while the second arbitration was pending by entering into a series of Local Rule 42.1 stipulations withdrawing the appeal without prejudice, subject to reinstatement by agreed upon dates. (See 2d Circuit Docket No. 13-1708, DE Nos. 53, 57, 62, 64, 70). In this regard, the parties recognized that, if AUA prevailed on either of its ABST or Construction Defects Counterclaims in the second arbitration, because of Leeward's insolvency, the best that AUA could achieve would be freedom from paying Leeward's Judgment whether or not AUA prevailed on its appeal of that judgment. The Standstill Agreement and the Rule 42.1 stay allowed the parties to arbitrate AUA's Counterclaims to see if AUA would prevail while AUA's appeal was held in abeyance. (Sclafani Aff., ¶ 14).

On August 16, 2013, the mediation at the Second Circuit and resulting Standstill Agreement culminated in Judge Kaplan entering a Stipulation and Consent Order staying enforcement of Leeward's Judgment pending appeal and approving AUA's supersedeas bond in the amount of $1,073,000 to cover the amount of Leeward's Judgment. (DE No. 46). The

---

Leeward's Judgment had already been rendered in that action and the case closed, the Court questioned whether it had jurisdiction to stay Leeward's Judgment, indicating AUA might need to achieve the relief it was seeking through collateral litigation. (DE # 48, June 28, 2013 Tr. at 9:5-18, 19:22-20:8).

supersedeas bond provides AUA's and the surety's promise to satisfy Leeward's Judgment in full. The supersedeas bond specifically states that if AUA satisfies Leeward's Judgment in full then the bond and the surety's obligation "shall be void." (Id. at Ex. A).

Thereafter, the parties continued to arbitrate their respective claims and defenses in the second arbitration and, on September 18, 2014, the Tribunal issued a decision and final award ("AUA's Award") denying Leeward's ABST Claim on its merits, rejecting Leeward's numerous defenses to AUA's ABST Counterclaims and granting AUA's ABST Counterclaims in the amount of $1,388,712. The arbitrators declined to grant summary judgment to either party on AUA's Construction Defects Counterclaims, leaving them subject to further arbitration. (Sclafani Aff., ¶ 16).

From the date that the arbitrators issued AUA's Award, there has been no further arbitration on these remaining counterclaims because Leeward has failed and refused to pay its share of the costs of the arbitration in excess of $25,000. (Id. at ¶ 17). Because Leeward's claim in the arbitration was dismissed as per AUA's Award and, in any case, is not for much more than the amount of the fees that it owes, it has every incentive to refuse payment and leave AUA without a remedy in arbitration. In so refusing to pay its fees and expenses, Leeward has effectively prevented AUA from obtaining an award on its Construction Defects Counterclaims.

On October 21, 2014, AUA filed a petition in the United States District Court for the Southern District of New York seeking confirmation of its Award and entry of judgment thereon. See American University of Antigua College of Medicine v. Leeward Construction Company, Ltd., 14-cv-8410 (DLC). Leeward, in turn, filed opposition and a cross-motion seeking to deny enforcement of, to vacate and to modify, AUA's Award. Among the grounds for its opposition

5

raised by Leeward was the claim that the arbitrators' award was not "final" because AUA's Construction Defects Counterclaims remained to be arbitrated. The parties' respective motions were fully submitted on January 9, 2015. On May 1, 2015, Judge Cote confirmed AUA's Award in the second arbitration and directed the Clerk of Court to enter judgment in the amount of $1,338,712. See Docket No. 14-cv-8410 (DLC), DE No. 51. On May 5, 2015, the Clerk entered judgment in the amount of $1,338,712 ("AUA's Judgment"). (DE No. 52). On May 14, 2015, Leeward filed a notice of appeal of AUA's judgment. However, Leeward has not posted a supersedeas bond staying enforcement of AUA's Judgment.

Additionally, on February 2, 2015, AUA was forced to reinstate its appeal in this action because Leeward refused to consent to any further extension of the Local Rule 42.1 stay. (Sclafani Aff., ¶ 22). Had AUA not reinstated its appeal, Leeward would have been able to draw down on the supersedeas bond that AUA had posted in connection with its appeal and dissipate the funds before AUA was able to obtain a judgment on its award and advance its right of offset of the amount of its award against Leeward's Judgment.

## LEGAL ARGUMENT

Under Rule 62(d), "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . ." Fed R. Civ. P. 62(d). The purpose of a supersedeas bond is to preserve the status quo and protect Leeward against the potential risks associated with being forced to forgo execution on a judgment during the course of an unsuccessful appeal, namely, "against the risk of lack of funds to satisfy the judgment." Revlon, Inc. v. Carson Prods. Co., 647 F. Supp. 905, 905-06 (S.D.N.Y. 1986); see also Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979) ("the bond secures the prevailing party against any loss

6

sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal"). "Courts release supersedeas bonds *when the bond has served its purpose and no outstanding judgment remains.*" Goss Int'l Corp. v. Tokyo Kikai Seisakusho, Ltd., No. 00-cv-35 (LRR), 2006 WL 4757279, at *3 (N.D. Iowa Aug. 9, 2006) (emphasis added).

AUA's supersedeas bond has served its purpose of protecting Leeward and there is no longer any reason for it to remain in place. The amount of AUA's fully enforceable judgment ($1,338,712) far exceeds the amount of Leeward's Judgment against AUA ($966,026.79), even with post-judgment interest at 7% per annum. Accordingly, even if AUA is not successful on its appeal of Leeward's Judgment and it becomes enforceable, AUA would not owe Leeward any amount, and Leeward, therefore, would have no right to draw down on AUA's supersedeas bond. Regardless of the outcome of AUA's appeal of Leeward's Judgment, AUA will not be required to pay Leeward any portion of it. Basic math and the law of offset illustrate that AUA has fully satisfied its monetary obligations under Leeward's Judgment. The terms of the supersedeas bond are clear, and under these circumstances, mandate that the bond shall terminate because AUA has satisfied Leeward's Judgment.

Moreover, AUA is still possessed of its Construction Defects Counterclaims against Leeward, which are also in an amount in excess of Leeward's Judgment against AUA. That Leeward, having had its claim against AUA in the second arbitration denied and having lost to AUA on AUA's ABST Counterclaims in that arbitration, has wholly frustrated AUA in the advancement of AUA's Construction Defects Counterclaims by failing and refusing to pay over $24,000 in fees and expenses that it owes to the arbitrators, provides ample basis for this Court to deduce that even Leeward has no real expectation of success on its appeal of AUA's judgment against it or AUA's remaining Construction Defects Counterclaims. Simply put, it is

7

unfathomable that the totality of the litigation between the parties will result in AUA actually having to pay any amount of money to Leeward.

Lastly, as of the date hereof, AUA's Judgment is fully enforceable against the assets of Leeward; its only assets being its judgment against AUA and whatever rights it has in the supersedeas bond. All stays of enforcement of AUA's judgment under Rule 62 of the Federal Rules of Civil Procedure and New York State law have expired. Conversely, AUA and MEA are solvent and profitable ongoing concerns with a combined annual income in excess of $30,000,000. Thus, even in the highly unlikely event that (1) Judge Cote's well-reasoned decision confirming AUA's Award is over-turned <u>and</u> (2) AUA is unsuccessful on its nearly $1 million in Construction Defects Counterclaims that Leeward is actively preventing from proceeding, the risk that AUA will lack funds to pay Leeward is infinitesimal.

## CONCLUSION

For the forgoing reasons, AUA respectfully requests that an order issue directing the release of AUA's supersedeas bond, directing the surety thereon to remit to AUA the security that it has posted to the surety in order to induce it to issue the bond, and staying enforcement of Leeward's Judgment without bond pending the outcome of the parties' respective appeals notwithstanding the release of AUA's supersedeas bond, together with such other and further relief as this Court deems just and equitable.

Respectfully submitted,

SILLS CUMMIS & GROSS P.C.

By: /s/ James Hirschhorn
    JAMES HIRSCHHORN

8

*Attorneys for Respondent*
*American University in Antigua College of Medicine*

Dated: New York, New York
June 9, 2015