UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

LEEWARD CONSTRUCTION COMPANY, LTD.,

       Petitioner-Appellee,

       v.

AMERICAN UNIVERSITY OF ANTIGUA – COLLEGE OF MEDICINE and MANIPAL EDUCATION AMERICAS, LLC f/k/a GCLR, LLC,

       Respondents-Appellants.

------------------------------------------------------------x

Case No. 1:12-CV-06280-LAK/GWG

**AFFIRMATION OF
LEONARD SCLAFANI IN SUPPORT
OF AUA'S MOTION FOR RELEASE
OF SUPERSEDEAS BOND**

Leonard Sclafani, Esq. deposes and says:

1.    I am an attorney duly licensed to practice law in the State of New York and in the U.S. District Courts for the Eastern and Southern Districts of New York. I am the principal of the law firm of Leonard A. Sclafani, Esq., attorneys for Respondents American University of Antigua College of Medicine (hereinafter "AUA") and Manipal Education Americas, LLC, f/k/a GCLR, LLC (hereinafter "MEA"). I am also the Senior Vice President and General Counsel of MEA, agent for AUA and, as such, am fully familiar with all of the facts and circumstances set forth herein.

2.    I submit this Affirmation in support of AUA's within motion for an order directing that the supersedeas bond posted by Appellant AUA be cancelled; that the security that AUA remitted to the surety as a condition for the issuance of the bond be returned to it, and that

enforcement of the judgment appealed from herein be stayed pending the outcome of the parties' respective appeals notwithstanding the release of AUA's supersedeas bond.

3. The basis for this motion in a nutshell is that Appellant AUA recently obtained a judgment against Petitioner-Appellee Leeward Construction Co, Ltd. (hereinafter "Leeward") in the United States District Court for the Southern District of New York in an amount well in excess of the judgment in favor of Leeward that is the subject of AUA's appeal in the instant action. As such, because of AUA's rights of set off of its judgment against Leeward's judgment, even if AUA's appeal herein is denied and Leeward's judgment is affirmed, Leeward will not be owed any amount from AUA, and will not have any right against the supersedeas bond that AUA has posted herein.

4. The facts surrounding this application are not complex and are hereinafter set forth.

5. AUA is a corporation duly organized and existing under the laws of Antigua and Barbuda. MEA is a limited liability company duly organized and existing under the laws of the State of New York. MEA is the sole owner of AUA. AUA and MEA are solvent and profitable ongoing concerns with a combined annual income in excess of $30,000,000.

6. Leeward was originally organized as a corporation under the laws of Antigua and Barbuda and maintained its principal place of business there; however, according to Leeward, it ceased doing business several years ago, is a defunct business, and has no assets other than the contingent asset consisting of its judgment against AUA herein. Leeward's corporate registration expired more than a year ago and Leeward has not renewed it.

7. Leeward originally brought this proceeding pursuant to 9 U.S.C. §201 *et seq.* to confirm an arbitration award predominantly in its favor (hereinafter "Leeward's Award") issued

by the American Arbitration Association International Center for Dispute Resolution (the "ICDR"). In that arbitration, Leeward had claimed that AUA breached its contract with Leeward for the construction by Leeward of the main building of AUA's campus in Antigua by withholding money that it owed to Leeward for elements of the construction project, by failing to pay Leeward a mobilization fee, and by refusing to pay penalties for delays occasioned by AUA. AUA counterclaimed for liquidated delay damages (the "First Arbitration").

8. On March 26, 2013, Judge Kaplan entered an order in this case confirming Leeward's Award. (DE No. 26)

9. On June 11, 2013, the Clerk of Court entered a corrected judgment in the amount of $966,026.79, plus 7% interest per annum ("Leeward's Judgment"). (DE No. 37)

10. Before Judge Kaplan confirmed Leeward's Award, Leeward brought a second arbitration against AUA before the ICDR (the "Second Arbitration"). In that arbitration, Leeward claimed that AUA owed it $30,762.80 as reimbursement for Antigua and Barbuda Sales Tax ("ABST") that Leeward asserted it was due in connection with its work on AUA's campus ("Leeward's ABST Claim"). AUA denied the claim and brought counterclaims for reimbursement on account of ABST that it had paid to Leeward in the sum of $1,338,712 but which was never paid by Leeward to Antigua and Barbuda because AUA was exempt from ABST ("AUA's ABST Counterclaims"). AUA also counterclaimed for damages in the total amount of $978,685.18 due because of defects in Leeward's construction of AUA's main campus building ("AUA's Construction Defects Counterclaims").

11. The pendency of the Second Arbitration led to an array of procedural issues and disputes between the parties, many of which have been previously briefed in this action, but which are only tangentially related to AUA's present application. These issues were resolved on

July 11, 2013 when, through mediation at the Second Circuit, the parties agreed to enter into a Standstill Agreement.  See American University of Antigua College of Medicine v. Leeward Construction Company, Ltd., 14-cv-8410 (DLC), DE No. 39, Ex. 3.

12. Under the Standstill Agreement, AUA agreed to post a supersedeas bond in connection with its appeal of Leeward's Judgment, which would effectively stay enforcement of Leeward's Judgment pending a final disposition of AUA's appeal. Leeward agreed, among other things, to cease any and all efforts to execute on Leeward's Judgment so long as the supersedeas bond remained in place.

13. Also as a result of mediation at the Second Circuit, the parties further agreed to avoid the time and expense of prosecuting AUA's appeal while the Second Arbitration was pending by entering into a series of Local Rule 42.1 stipulations withdrawing the appeal without prejudice, subject to reinstatement by agreed upon dates. (See 2d Circuit Docket No. 13-1708, DE 53, 57, 62, 64, 70).

14. In this regard, the parties recognized that, if AUA prevailed on either of its ABST or Construction Defects Counterclaims in the Second Arbitration, because of Leeward's insolvency, the best that AUA could achieve would be freedom from paying Leeward's Judgment whether or not AUA prevailed on its appeal of that judgment. The Standstill Agreement and the Rule 42.1 stay allowed the parties to arbitrate AUA's Counterclaims to see if AUA would prevail while AUA's appeal was held in abeyance.

15. On August 16, 2013, the mediation at the Second Circuit and resulting Standstill Agreement culminated in Judge Kaplan entering a Stipulation and Consent Order staying enforcement of Leeward's Judgment pending appeal and approving AUA's supersedeas bond in the amount of $1,073,000 to cover the amount of Leeward's Judgment. (DE No. 46).

16. Thereafter, the parties continued to arbitrate their respective claims and defenses in the Second Arbitration and, on September 18, 2014, the Tribunal issued a decision and partial final award (the "AUA Award") denying Leeward's ABST Claim on its merits, rejecting all of Leeward's defenses to AUA's ABST Counterclaims, and granting AUA's ABST Counterclaims in the amount of $1,388,712. The arbitrators declined to grant summary judgment to either party on AUA's Construction Defects Counterclaims, leaving them subject to further arbitration.

17. From the date that the arbitrators issued the AUA Award to the present, there has been no further arbitration on these remaining counterclaims because Leeward has failed and refused to pay its share, in excess of $25,000, of the costs of the arbitration of AUA's Construction Defects Claims.  In so refusing to pay its fees and expenses, Leeward has effectively prevented AUA from obtaining an award on its Construction Defects Claims.

18. On October 21, 2014, AUA filed a petition in the United States District Court for the Southern District of New York seeking confirmation of AUA's Award and entry of judgment thereon. American University of Antigua College of Medicine v. Leeward Construction Company, Ltd., 14-cv-8410 (DLC). A copy of AUA's Award can be found at 14-cv-8410, Docket No. 1-16. Leeward, in turn, filed opposition and a cross-motion seeking to deny enforcement of, to vacate and to modify, the AUA Award. Among the grounds for its opposition raised by Leeward was the claim that the arbitrators' award was not "final" because AUA's Construction Defects Counterclaims remained to be arbitrated. The parties' respective motions were fully submitted on January 9, 2015.

19. On May 1, 2015, Judge Cote confirmed the AUA Award and directed the Clerk of Court to enter judgment in the amount of $1,338,712. See American University of Antigua College of Medicine v. Leeward Construction Company, Ltd., 14-cv-8410 (DLC), DE No. 51.

20. On May 5, 2015, the Clerk entered judgment in the amount of $1,338,712 ("AUA's Judgment"). (DE No. 52).

21. On May 14, 2015, Leeward filed a notice of appeal of AUA's Judgment. Leeward has not posted a supersedeas bond staying enforcement of AUA's Judgment.

22. On February 2, 2015, however, AUA was forced to reinstate its appeal in this action because Leeward refused to consent to any further extension of the Local Rule 42.1 stay. Had AUA not reinstated its appeal, Leeward would have been able to draw down on the supersedeas bond that AUA had posted in connection with its appeal and dissipate the funds before AUA was able to obtain a judgment on its award and advance its right of offset of the amount of its award against Leeward's Judgment.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

     /s/ Leonard A. Sclafani
     LEONARD A. SCLAFANI

Dated: June 10, 2015