UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LEEWARD CONSTRUCTION COMPANY,
LTD.,

                            Petitioner,

                  -against-

AMERICAN UNIVERSITY OF ANTIGUA –
COLLEGE OF MEDICINE AND MANIPAL
EDUCATION AMERICAS, LLC F/K/A GCLR,
LLC,

                           Respondents.
-----------------------------------------------------------------x

Case No. 1:12-CV-06280-LAK/GWG
(ECF CASE)

## LEEWARD CONSTRUCTION COMPANY, LTD.'S MEMORANDUM OF LAW IN OPPOSITION TO AMERICAN UNIVERSITY OF ANTIGUA'S MOTION SEEKING RELEASE OF *SUPERSEDEAS* BOND

Dated: Poughkeepsie, New York
        June 23, 2015

Respectfully Submitted:

**LEWIS & GREER, P. C.**
*Attorney for Petitioner,*
*Leeward Construction Company, Ltd.*
510 Haight Avenue, P. O. Box 2990
Poughkeepsie, New York 12603
Telephone: 845-454-1200

OF COUNSEL:
Veronica A. McMillan, Esq.
J. Scott Greer, Esq.

# **TABLE OF CONTENTS**

PAGE

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS ................................................................................................... 2

    I.      The Parties ........................................................................................................ 2

    II.     The First Arbitration Proceeding ..................................................................... 3

    III.    The Second Arbitration Proceeding ................................................................. 5

ARGUMENT ........................................................................................................................ 7

    THE AUA IS NOT ENTITLED TO A RELEASE OF ITS
    *SUPERSEDEAS* BOND UNTIL THE APPEALS ARE DETERMINED ........................ 7

    AUA IS NOT ENTITLED TO A CONTINUED STAY OF LEEWARD'S JUDGMENT
    IN THE ABSENCE OF A *SUPERSEDEAS* BOND ........................................................ 8

CONCLUSION ..................................................................................................................... 9

# TABLE OF AUTHORITIES

**CASES**                                                                                             **PAGE(S)**

*Am. Univ. of Antigua v. Leeward Constr. Co.*,
    2015 U.S. Dist. LEXIS 57579 (SDNY 2015) ........................................................ 7

*El Paso Indep. Sch. Distr. v. Richard R.*,
    599 F.Supp.2d 759 (W.D. Tex. 2008) ................................................................. 9

*Goss Int'l Corp. v. Tokyo Kikai Seisakusho, Ltd.*,
    2006 U.S. District LEXIS 55478 (N.D. Iowa 2006) .............................................. 7

*Halliburton Energy Services, Inc. v. NL Industries*,
    703 F.Supp.2d 666 (S.D. Tex. 2010) ................................................................. 7

*Marcoux v. Farm Serv. & Supplies, Inc.*,
    290 F.Supp.2d 457 (SDNY 2003) ..................................................................... 8

*Quaker City Cold Storage Co.*,
    45 F. Supp. 570 (E.D. Pa. 1942) ....................................................................... 8

*Singleton v. Guangzhou Ocean Shipping Co.*,
    1996 U.S. Dist. LEXIS 6776 (E.D. La. 1996) .................................................... 8

**STATUTES**

9 U.S.C. §1 *et seq.* ........................................................................................................ 4

9 U.S.C. §201 *et seq.* ................................................................................................... 4

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 4

Fed. R. Civ. P. 62 ......................................................................................................... 9

Fed. R. Civ. P. 65 ......................................................................................................... 9

Fed. R. Civ. P. 65(c) .................................................................................................... 9

**PRELIMINARY STATEMENT**

As the Court may recall, this proceeding arises out of a contract between the American University of Antigua – College of Medicine ("Petitioner" or "AUA") and Leeward Construction Company, Ltd. ("Respondent" or "Leeward") for the construction of a medical school in St. Johns, Antigua. A dispute arose between the parties and pursuant to the parties' contract, Leeward initiated arbitration proceedings against the AUA with the American Arbitration Association International Center for Dispute Resolution ("AAA") in February, 2011 (the "First Arbitration Proceedings"). The First Arbitration Proceedings resulted in a net award to Leeward in the amount of US $910,804.49 which this Court confirmed in a Memorandum Opinion entered March 26, 2013. The Judgment, entered June 11, 2013, is currently stayed as a result of the AUA's filing a *supersedeas* bond and the Court's August 16, 2013 Stipulation and Consent Order. The AUA's appeal is currently perfected and is scheduled for oral argument before the United States Court of Appeals for the Second Circuit on August 20, 2015.

Following the Court's decision in the instant proceedings, the parties engaged in a second arbitration which Leeward commenced to recover a small amount of money (US $30,762.00) outstanding after the First Arbitration Proceedings (the "Second Arbitration Proceedings"). In the Second Arbitration Proceedings, AUA asserted for the first time claims seeking a refund of Antigua and Barbuda Sales Tax ("ABST") it paid on the project in the amount of US $1,330,722.00[1] construction defect claims related to the project. AUA's claims in the Second Arbitration Proceedings amount to several million dollars in alleged damages above and beyond those it alleged in the First Arbitration Proceedings. On September 18, 2014, the Tribunal issued a Partial Final Award which, *inter alia*, dismissed Leeward's claim and granted the AUA's

---

[1] AUA's ABST is stated as EC$3,614,552 to which the application of the conversion rate of $1.00 USD = $2.70 EC equates to US $1,338,722. *See* www.themoneycenverter.com.

1

ABST claim. The Partial Final Award included a twenty page vigorous Dissenting Opinion in which one of the three members of the Tribunal pointed out five significant problems with the Partial Final Award.  In a second confirmation proceeding (1:14-CV-8410 (Denise L. Cote, USDJ)), this Court confirmed the Partial Final Award and issued a judgment against Leeward in the amount of US $1,338,712.00 (the "Second Judgment"), which Leeward has appealed to the United States Court of Appeals for the Second Circuit.[2]

The AUA now moves this Court for an order releasing its *supersedeas* bond and staying Leeward's enforcement of the First Judgment pending the "outcome of the parties' respective appeals."  The AUA is not entitled to the relief request herein as its appeal from the First Judgment has not been decided and AUA is not entitled to a stay of the First Judgment in the absence of a bond. Leeward respectfully requests that the Court deny AUA's motion in its entirety.

## STATEMENT OF FACTS

### I. The Parties

Leeward is a corporation duly organized and existing under the laws of the Commonwealth of Antigua and Barbuda, with office and principal place of business at All Saints Road, St. Johns, Antigua.  The AUA is a corporation duly organized and existing under the laws of Antigua and Barbuda, with office and principal place of business at University Park, Jabberwock Beach Road, Coolidge, Antigua.  The AUA also has an office in New York State through its principal/agent Manipal Education Americas, LLC f/k/a GCLR, LLC.

---

[2] The court should note that Leeward is moving the Second Circuit Court of Appeals for an order requiring that the appeals be heard in tandem by the same panel of the Court.

2

## II. The First Arbitration Proceeding

The parties entered into a contract in September, 2008 for the construction of a medical school in St. Johns, Antigua (the "Contract") which included an arbitration agreement for claims "arising out of or related to the Contract..." (A copy of the parties' contract is contained within Docket Entry ("D.E.") 2 and 19.) In February, 2011, Leeward commenced the First Arbitration Proceedings with the AAA to arbitrate claims arising out of or related to the Contract. On or about October 14, 2011, Leeward served and filed an Amended Demand for Arbitration requesting an award for breach of contract in the amount of US $2,518,931.97/EC $6,800,572.28[3]; interest on late payments as provided in the Contract from the date the payments were due until the date the payments were made at the legal rate of interest in Antigua as determined by the Arbitrators; and legal fees and expenses, including the cost and expense of arbitration, as determined by the Arbitrators in accordance with the laws of Antigua. (D.E. 12) In November, 2011, the AUA filed a reply to the Amended Demand that included counterclaims for liquidated delay damages in the amount of US $117,000.00 and in the alternative, actual delay damages in the amount of US $371,955.31/EC $1,004,199.00. (The AUA withdrew its counterclaim for actual delay damages on April 11, 2012.) (D.E. 12)

In March, 2012, the Tribunal conducted evidentiary hearings in San Juan, Puerto Rico. On May 22, 2012, the hearings were closed following the submission of the parties' lengthy post-hearing findings of fact and conclusions of law. The Tribunal issued the First Arbitration

---

[3]Leeward's breach of contract claim alleged that the AUA repeatedly breached the contract by failing to issue change orders/change directives for additional contract work; failing to pay for additional work that the AUA authorized and directed Leeward to perform; failing to pay Leeward's payment applications in accordance with the terms of the Contract; failing to certify the Project as substantially complete; failing to issue a final certificate of payment; failing to make final payment to Leeward in accordance with the terms of the Contract; failing to pay the mobilization fee as provided in the Contract; failing to authorize overtime as provided in the Contract; failing to coordinate the work of other contractors as required in the Contract; and failing to properly administer the Contract as provided in the Contract documents.

3

Award certified June 22, 2012 and modified August 8, 2012, in which the Arbitrators directed the AUA to pay damages to Leeward in the amount of $976,421.37, plus interest at the rate of seven percent (7%) per annum as provided in the Award. The First Arbitration Award also granted the AUA damages in the amount of $58,500.00, plus interest at the rate of 7% per annum as provided in the Award. (D.E. 19)

On August 16, 2012, Leeward commenced the instant proceeding for an order confirming the First Arbitration Award and for the entry of a money judgment against AUA in the amounts stated in the First Arbitration Award pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards as codified at 9 U.S.C. §201 *et seq.* (the "Convention").[4] (D.E. 2) On September 25, 2012, AUA cross-moved to dismiss pursuant to the *Forum Non Conveniens* Doctrine and Fed. R. Civ. P. 12(b)(6) or in the alternative, to vacate or modify the award pursuant to the Federal Arbitration Act, 9 U.S.C. §1 *et seq.* (D.E. 9) On March 26, 2013, the Court entered a Memorandum Opinion which, *inter alia*, granted Leeward's petition. (D.E. 26) On June 11, 2013, the Court's Clerk entered the Corrected Amended Judgment. (D.E. 37)

On April 29, 2013, AUA filed a Notice of Appeal (D.E. 32) and thereafter, moved the Court for a stay of enforcement of the First Judgment pending the outcome of its appeal. (D.E.38) On August 9, 2013, AUA filed a *supersedeas* bond in the amount of $1,073,000. (D.E.45) On August 16, 2013, the Court entered a Stipulation and Consent Order staying the enforcement of the First Judgment pending the outcome of AUA's appeal. (D.E. 46) On

---

[4] The Convention, also known as the "New York Convention" and the "1958 Convention," was enacted on June 10, 1958 and ratified by the United States on December 29, 1970. See *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15-18 n.1. (2d Cir. 1997). The Commonwealth of Antigua and Barbuda ratified the Convention on February 2, 1989. See http://www.uncitral.org/uncitral/en/uncitral_texts/arbitration/NYConvention_status.html.

February 13, 2015, the AUA perfected its appeal with the filing of its Brief and Special Appendix as well as the Joint Appendix. On March 16, 2015, Leeward filed its opposition brief and on March 30, 2015, the AUA filed its reply brief. The appeal is currently scheduled for oral argument before the Court on August 20, 2015 at 10:00a.m.

### III.    The Second Arbitration Proceeding

On February 7, 2013, Leeward commenced a second arbitration proceeding against AUA with the American Arbitration Association International Center for Dispute Resolution to arbitrate a small amount of money ($30,762.00) outstanding after the First Arbitration Proceedings (the "Second Arbitration Proceedings"). During the First Arbitration Proceedings, the AUA admitted it was liable to pay to Leeward the outstanding amount as a result of a mis-tabulation during invoicing on the project. Neither party was aware of the outstanding amount until the AUA pointed it out during the hearings. Thus, the First Arbitration Proceedings Tribunal held that it could not award the amount to Leeward because it was not part of the First Arbitration Proceedings. Leeward attempted to obtain payment from the AUA for this amount but was refused. (McMillan Declaration, Exhibit 1)  In response, the AUA asserted, for the very first time, claims for the refund of all ABST that is paid to Leeward on the project as well as various construction defect claims. The AUA's new claims amounted to several million dollars in damages that it failed to assert during the First Arbitration Proceedings. (McMillan Declaration, Exhibits 1 and 2)

The parties agreed to submit their claims to the Tribunal for decision in the nature of motions for summary judgment. In its motion, Leeward argued that AUA's ABST claim should be dismissed because (a) the AUA was required under the Contract, read in conjunction with the

ABST Act, to pay Leeward ABST; (b) the doctrine of *res judicata* bars the ABST claim; (c) the AUA lacks standing to bring the ABST claim; (d) the doctrines of waiver and/or modification bar the ABST claim; and (e) the ABST claim does not arise under the Contract and, therefore, is not subject to arbitration. With regard to the AUA's defective work claims, Leeward argued that the claims were subject to dismissal because (a) the doctrine of *res judicata* bars the Defective Work claims; (b) the AUA failed to comply with the required notice provision under the Contract and, as a result, the Defective Work claims are untimely; and (c) the windows portion of the Defective Work claims is not subject to arbitration because the windows work was performed under a separate contract. The AUA moved for summary judgment on its ABST claim and for dismissal of several of Leeward's defenses.

On February 6, 2014, the Tribunal issued a decision which failed to resolve any of the major issues in the proceeding. On April 28, 2014, at the joint request of the parties, the Tribunal conducted a day-long oral argument in Miami, Florida in which it heard from counsel for both parties. On September 18, 2014, the Tribunal issued a Partial Final Award which, *inter alia*, dismissed Leeward's claim and granted AUA's ABST claim. The Partial Final Award contained a lengthy dissenting opinion which detailed the errors in the Partial Final Award. (McMillan Declaration, Exhibit 3)

On October 21, 2014, AUA commenced a proceeding in the district court styled *American University of Antigua – College of Medicine v. Leeward Construction Company, Ltd.*, 14-CV-8410-DLC, for an order confirming the Second Arbitration Award and for the entry of a money judgment against Leeward in the amount stated in the Second Arbitration Award pursuant to the Convention. On December 12, 2014, Leeward cross-moved to deny enforcement, vacate or modify the award and reinstate Leeward's claim as the Tribunal in making the Second Arbitration Award exceeded the scope of its authority, the Second Arbitration Award was non-

6

final and ambiguous and constitutes a manifest disregard of the law. On May 1, 2015, the district court entered a Memorandum Opinion which, *inter alia*, granted AUA's petition. *See Am. Univ. of Antigua v. Leeward Constr. Co.*, 2015 U.S. Dist. LEXIS 57579 (SDNY 2015) (McMillan Declaration, Exhibit 4) On May 5, 2015, the district court's Clerk entered a Judgment in AUA's favor in the amount of $1,338,712.00 (the "Second Judgment"). (McMillan Declaration, Exhibit 5) On May 14, 2015, Leeward filed a Notice of Appeal to this Court under Docket No. 15-1595cv. On June 11, 2015, the Court issued an Order setting August 25, 2015 as the date on or before which Leeward must file the Joint Appendix and its brief.

## ARGUMENT

### POINT I
### THE AUA IS NOT ENTITLED TO A RELEASE OF ITS *SUPERSEDEAS* BOND UNTIL THE APPEALS ARE DETERMINED

A *supersedeas* bond is designed to "preserve the status quo while protecting the non-appealing party's rights pending appeal." *Halliburton Energy Services, Inc. v. NL Industries*, 703 F.Supp.2d 666, 669 (S.D. Tex. 2010) "A *supersedeas* bond posted for a stay of execution of judgment should be released once all appeals are exhausted, the stay has been lifted and full payment has been made." *Goss Int'l Corp. v. Tokyo Kikai Seisakusho, Ltd.*, 2006 U.S. District LEXIS 55478, *7-8 (N.D. Iowa 2006) In the motion at hand, the AUA seeks to skip over the appellate step required for the release of its *supersedeas* bond.

Leeward received the First Judgment in June, 2013. But for the AUA's posting the *supersedeas* bond, Leeward's judgment would have been executed and paid two years ago. Instead, Leeward has been stayed from executing on the First Judgment, during which time the AUA obtained the Second Judgment which is now seeks to use as a basis for release of its

*supersedeas* bond. The AUA fails to cite any support for its conclusion that the Second Judgment, which is also on appeal, automatically subsumes the First Judgment during the pendency of the appeals, thereby negating the need for the *supersedeas* bond. The appellate process is far from exhausted. Until such time as the AUA's appeal to the Second Circuit is decided, it is not entitled to release of its *supersedeas* bond. *See, e.g., Singleton v. Guangzhou Ocean Shipping Co.*, 1996 U.S. Dist. LEXIS 6776 (E.D. La. 1996); *In re Quaker City Cold Storage Co.*, 45 F. Supp. 570 (E.D. Pa. 1942) (The surety on an appeal is not released from liability thereon by the discharge of the principal in bankruptcy or insolvency proceedings pending the appeal and before the entry of judgment in the appellate court) Leeward respectfully requests that the Court deny the AUA's motion and require it to maintain the *supersedeas* bond until its appeal before the United States Court of Appeals for the Second Circuit is determined.

### POINT II
### AUA IS NOT ENTITLED TO A CONTINUED STAY OF LEEWARD'S JUDGMENT IN THE ABSENCE OF A *SUPERSEDEAS* BOND

Incredibly, in addition to seeking to have its *supersedeas* bond released, the AUA also asks the Court to stay the enforcement of the First Judgment "pending the outcome of the parties' respective appeals." Again, the AUA is not entitled to such relief. The AUA has provided no proof upon which the Court could conclude that it should depart from the standard requirement of granting a stay only while a *supersedeas* bond in the full amount of the judgment is in place. *See, e.g., Marcoux v. Farm Serv. & Supplies, Inc.*, 290 F.Supp.2d 457 (SDNY 2003). There is absolutely no basis for the AUA to seek the release of its *supersedeas* bond and then also seek a stay of the First Judgment pending the outcome of not only its appeal to the Second Circuit but Leeward's appeal to the Second Circuit.

In its supporting papers, the AUA intimates that it is financially solvent and accordingly, could satisfy the First Judgment easily thereby obviating the need for the bond. However, the AUA has not provided any evidence of its solvency other than a self-serving statement in its counsel's affirmation in which he asserts that the AUA generates $30 million in revenue annually. In the absence of actual evidence of the AUA's financial solvency, its counsel's statement is of no consequence. *See, e.g., El Paso Indep. Sch. Distr. v. Richard R.*, 599 F.Supp.2d 759 (W.D. Tex. 2008) Further, even if the AUA does generate significant revenues annually, it still is not exempted from the requirement under Fed.R.Civ.P. 62 that to obtain a stay of enforcement during the pendency of an appeal, the appellant must post a *supersedeas* bond.

By way of analogy, AUA's request is similar to a request for an injunction pursuant to Fed. R. Civ. P. 65. However, even with a motion for an injunction, AUA would still be required to post security. *See* Fed. R. Civ. P. 65(c). Thus, there is no basis for AUA's request that the First Judgment be stayed pending the outcome of the parties' appeals.

## CONCLUSION

For the reasons set forth herein, Respondent Leeward Construction Company, Ltd. respectfully requests that this Court deny American University of Antigua – College of Medicine's motion for an order releasing the *supersedeas* bond posted in this action and staying enforcement of judgment without bond pending the outcome of the parties' respective appeals.

Dated: June 23, 2015
       Poughkeepsie, New York

Veronica A. McMillan, Esq.
**LEWIS & GREER, P.C.**
*Attorney for Respondent,*
*Leeward Construction Company, Ltd.*

                                          510 Haight Avenue, Suite 202
                                        Poughkeepsie, New York 12603
                                        Telephone: (845) 454-1200

To:     Leonard A. Sclafani, Esq.
         Law Offices of Leonard A. Sclafani, Esq.
         *Attorney for Petitioner,*
         *American University of Antigua -- College of Medicine*
         1 Battery Park Plaza, 33rd Floor
         New York, New York 10004
         Telephone: (212) 696-9880

         James Hirschhorn, Esq.
         SILLS CUMMIS & GROSS, P.C.
         *Attorney for Petitioner,*
         *American University of Antigua – College of Medicine*
         101 Park Avenue, 28th Floor
         New York, New York 10178