UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LEEWARD CONSTRUCTION COMPANY, LTD.

                    Petitioner,

-against-

AMERICAN UNIVERSITY OF ANTIGUA --
COLLEGE OF MEDICINE AND MANIPAL
EDUCATION AMERICAS, LLC f/k/a GCLR, LLC

                    Respondents.
-----------------------------------------------------------------x

Case No. 12-CV-06280-LAK/GWG
(ECF CASE)

**DECLARATION OF
VERONICA A. MCMILLAN**

**VERONICA A. MCMILLAN**, being duly sworn, deposes and says:

1. I am a member of the law firm of Lewis & Greer, P.C., counsel for the Respondent, Leeward Construction Company, Ltd. ("Respondent" or "Leeward"), and am fully familiar with all the facts and circumstances set forth herein.

2. I submit this declaration in opposition to the Respondent's American University of Antigua College of Medicine's motion for an order releasing the *supersedeas* bond posted in this action and staying enforcement of Leeward's judgment without bond pending the outcome of the parties' respective appeals.

## THE PARTIES

3. Leeward is a corporation duly organized and existing under the laws of the Commonwealth of Antigua and Barbuda, with office and principal place of business at All Saints Road, St. John's, Antigua.

4. The Petitioner, American University of Antigua – College of Medicine ("Petitioner" or "AUA") is a corporation organized and existing under the of Antigua and

Barbuda, with office and principal place of business at University Park, Jabberwock Beach Road, Coolidge, Antigua. The AUA also has an office in New York State through its principal/agent.

## THE FIRST ARBITRATION PROCEEDING

5.      The parties entered into a contract in September, 2008 for the construction of a medical school in St. Johns, Antigua (the "Contract") which included an arbitration agreement for claims "arising out of or related to the Contract..." (A copy of the parties' contract is contained within Docket Entry ("D.E.") 2 and 19.)

6.      In February, 2011, Leeward commenced an arbitration proceeding with the American Arbitration Association International Center for Dispute Resolution ("AAA") to arbitrate claims arising out of or related to the Contract (the "First Arbitration Proceedings"). On or about October 14, 2011, Leeward served and filed an Amended Demand for Arbitration requesting an award for breach of contract in the amount of US $2,518,931.97/EC $6,800,572.28[1]; interest on late payments as provided in the Contract from the date the payments were due until the date the payments were made at the legal rate of interest in Antigua as determined by the Arbitrators; and legal fees and expenses, including the cost and expense of arbitration, as determined by the Arbitrators in accordance with the laws of Antigua. (D.E. 12)

7.      In November, 2011, the AUA filed a reply to the Amended Demand that included counterclaims for liquidated delay damages in the amount of US $117,000.00 and in the

---

[1] Leeward's breach of contract claim alleged that the AUA repeatedly breached the contract by failing to issue change orders/change directives for additional contract work; failing to pay for additional work that the AUA authorized and directed Leeward to perform; failing to pay Leeward's payment applications in accordance with the terms of the Contract; failing to certify the Project as substantially complete; failing to issue a final certificate of payment; failing to make final payment to Leeward in accordance with the terms of the Contract; failing to pay the mobilization fee as provided in the Contract; failing to authorize overtime as provided in the Contract; failing to coordinate the work of other contractors as required in the Contract; and failing to properly administer the Contract as provided in the Contract documents.

alternative, actual delay damages in the amount of US $371,955.31/EC $1,004,199.00. (The AUA withdrew its counterclaim for actual delay damages on April 11, 2012.) (D.E. 12)

8. In March, 2012, the Tribunal conducted evidentiary hearings in San Juan, Puerto Rico. On May 22, 2012, the hearings were closed following the submission of the parties' lengthy post-hearing findings of fact and conclusions of law. The Tribunal issued the First Arbitration Award certified June 22, 2012 and modified August 8, 2012, in which the Arbitrators directed the AUA to pay damages to Leeward in the amount of $976,421.37, plus interest at the rate of seven percent (7%) per annum as provided in the Award. The First Arbitration Award also granted the AUA damages in the amount of $58,500.00, plus interest at the rate of 7% per annum as provided in the Award. (D.E. 19)

9. On August 16, 2012, Leeward commenced the instant proceeding for an order confirming the First Arbitration Award and for the entry of a money judgment against AUA in the amounts stated in the First Arbitration Award pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards as codified at 9 U.S.C. §201 *et seq.* (the "Convention").[2] (D.E. 2) On September 25, 2012, AUA cross-moved to dismiss pursuant to the *Forum Non Conveniens* Doctrine and Fed. R. Civ. P. 12(b)(6) or in the alternative, to vacate or modify the award pursuant to the Federal Arbitration Act, 9 U.S.C. §1 *et seq.* (D.E. 9) On March 26, 2013, the Court entered a Memorandum Opinion which, *inter alia*, granted Leeward's petition. (D.E. 26) On June 11, 2013, the Court's Clerk entered the Corrected Amended Judgment. (D.E. 37)

10. On April 29, 2013, AUA filed a Notice of Appeal (D.E. 32) and thereafter, moved

---

[2] The Convention, also known as the "New York Convention" and the "1958 Convention," was enacted on June 10, 1958 and ratified by the United States on December 29, 1970. See *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15-18 n.1. (2d Cir. 1997). The Commonwealth of Antigua and Barbuda ratified the Convention on February 2, 1989. See http://www.uncitral.org/uncitral/en/uncitral_texts/arbitration/NYConvention_status.html.

3

the Court for a stay of enforcement of the First Judgment pending the outcome of its appeal. (D.E.38) On August 9, 2013, AUA filed a *supersedeas* bond in the amount of $1,073,000. (D.E.45) On August 16, 2013, the Court entered a Stipulation and Consent Order staying the enforcement of the First Judgment pending the outcome of AUA's appeal. (D.E. 46)

11.     On February 13, 2015, the AUA perfected its appeal with the filing of its Brief and Special Appendix as well as the Joint Appendix. On March 16, 2015, Leeward filed its opposition brief and on March 30, 2015, the AUA filed its reply brief. The appeal is currently scheduled for oral argument before the Court on August 20, 2015 at 10:00a.m.

## THE SECOND ARBITRATION PROCEEDING

12.     On February 7, 2013, Leeward commenced a second arbitration proceeding against AUA with the American Arbitration Association International Center for Dispute Resolution to arbitrate a small amount of money ($30,762.00) outstanding after the First Arbitration Proceedings (the "Second Arbitration Proceedings"). During the First Arbitration Proceedings, the AUA admitted it was liable to pay to Leeward the outstanding amount as a result of a mis-tabulation during invoicing on the project. Neither party was aware of the outstanding amount until the AUA pointed it out during the hearings. Thus, the First Arbitration Proceedings Tribunal held that it could not award the amount to Leeward because it was not part of the First Arbitration Proceedings. Leeward attempted to obtain payment from the AUA for this amount but was refused. (AUA's Petition to Confirm filed in the district court under Case No. 1:14-CV-8410 is annexed hereto as Exhibit 1; Leeward's February 7, 2011 Demand for Arbitration is annexed to Exhibit 1 as Exhibit B.)

13.     In response, the AUA asserted, for the very first time, claims for the refund of all

4

ABST that it paid to Leeward on the project as well as various construction defect claims. The AUA's new claims amounted to several million dollars in damages that it failed to assert during the First Arbitration Proceedings. (Exhibit 1, Exhibits C and D; A copy of the AUA's August 1, 2013 Amended Answer and Counterclaims is annexed hereto as Exhibit 2.)

14. The parties agreed to submit their claims to the Tribunal for decision in the nature of motions for summary judgment. In its motion, Leeward argued that AUA's ABST claim should be dismissed because (a) the AUA was required under the Contract, read in conjunction with the ABST Act, to pay Leeward ABST; (b) the doctrine of *res judicata* bars the ABST claim; (c) the AUA lacks standing to bring the ABST claim; (d) the doctrines of waiver and/or modification bar the ABST claim; and (e) the ABST claim does not arise under the Contract and, therefore, is not subject to arbitration. With regard to the AUA's defective work claims, Leeward argued that the claims were subject to dismissal because (a) the doctrine of *res judicata* bars the Defective Work claims; (b) the AUA failed to comply with the required notice provision under the Contract and, as a result, the Defective Work claims are untimely; and (c) the windows portion of the Defective Work claims is not subject to arbitration because the windows work was performed under a separate contract. The AUA moved for summary judgment on its ABST claim and for dismissal of several of Leeward's defenses.

15. On February 6, 2014, the Tribunal issued a decision which failed to resolve any of the major issues in the proceeding. On April 28, 2014, at the joint request of the parties, the Tribunal conducted a day-long oral argument in Miami, Florida in which it heard from counsel for both parties. On September 18, 2014, the Tribunal issued a Partial Final Award which, *inter alia*, dismissed Leeward's claim and granted AUA's ABST claim. The Partial Final Award contained a lengthy dissenting opinion which detailed the errors in the Partial Final Award. (A copy of the

complete Partial Final Award, including the dissenting opinion is annexed hereto as Exhibit 3.)

15. On October 21, 2014, AUA commenced a proceeding in the district court styled *American University of Antigua – College of Medicine v. Leeward Construction Company, Ltd.*, 14-CV-8410-DLC, for an order confirming the Second Arbitration Award and for the entry of a money judgment against Leeward in the amount stated in the Second Arbitration Award pursuant to the Convention. On December 12, 2014, Leeward cross-moved to deny enforcement, vacate or modify the award and reinstate Leeward's claim as the Tribunal in making the Second Arbitration Award exceeded the scope of its authority, the Second Arbitration Award was non-final and ambiguous and constitutes a manifest disregard of the law. On May 1, 2015, the district court entered a Memorandum Opinion which, *inter alia*, granted AUA's petition. *See Am. Univ. of Antigua v. Leeward Constr. Co.*, 2015 U.S. Dist. LEXIS 57579 (SDNY 2015) (A copy of the opinion is annexed hereto as Exhibit 4.) On May 5, 2015, the district court's Clerk entered a Judgment in AUA's favor in the amount of $1,338,712.00 (the "Second Judgment"). (A copy of the Second Judgment is annexed hereto as Exhibit 5.)

18. On May 14, 2015, Leeward filed a Notice of Appeal to this Court under Docket No. 15-1595cv. On June 11, 2015, the Court issued an Order setting August 25, 2015 as the date on or before which Leeward must file the Joint Appendix and its brief in support of its appeal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:   June 23, 2015

_____
Veronica A. McMillan, Esq.