UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

LEEWARD CONSTRUCTION COMPANY,
LTD.,

        Petitioner-Appellee,

    v.

AMERICAN UNIVERSITY OF ANTIGUA –
COLLEGE OF MEDICINE and MANIPAL
EDUCATION AMERICAS, LLC f/k/a GCLR,
LLC,

        Respondents-Appellants.

------------------------------------------------------------x

Case No. 1:12-CV-06280-LAK/GWG

Honorable Lewis A. Kaplan
United States District Judge

---

## AMERICAN UNIVERSITY OF ANTIGUA'S REPLY BRIEF
## IN SUPPORT OF ITS MOTION SEEKING RELEASE OF SUPERSEDEAS BOND

---

SILLS CUMMIS & GROSS P.C.
101 Park Avenue, 28th Floor
New York, New York 10178

LAW OFFICES OF LEONARD A.
SCLAFANI, ESQ.
One Battery Park Plaza, 33rd Floor
New York, New York 10004

*Attorneys for Respondent*
*American University of Antigua*
*College of Medicine*

**Of Counsel and On the Brief:**
James Hirschhorn
Gregory E. Reid
Leonard A. Sclafani

## **PRELIMINARY STATEMENT**

Leeward does not dispute that AUA's claim against Leeward has been reduced to a final, enforceable judgment evidencing Leeward's indebtedness to AUA in the amount of $1,338,712 ("AUA's Judgment"). Nor does Leeward dispute that it is insolvent and no longer in business. Rather than attempting to execute its judgment against an empty shell without assets, AUA filed the instant motion seeking to have its judgment credited upon, or set-off against, Leeward's Judgment against AUA ("Leeward's Judgment"). This Court's authority to set-off one judgment against another is well-established under principles of common law as an inherent power of the Court. See Scianna v. Scianna, 205 A.D.2d 750 (N.Y. App. Div. 1994).[1] Here, AUA's right to set-off is clear—AUA's Judgment is fully enforceable against the assets of Leeward, its only asset being its judgment against AUA. Because the amount of AUA's fully enforceable judgment ($1,338,712) far exceeds the amount of Leeward's Judgment against AUA ($966,026.79), even with post-judgment interest at 7% per annum, it necessarily follows that Leeward's Judgment has been satisfied in full via set-off.[2] The *supersedeas* bond has served its purpose and the monetary judgment has been satisfied, yet AUA remains deprived of the use of over $1 million in cash currently securing the bond. In short, there is simply no reason to require AUA to maintain a *supersedeas* bond at substantial cost when the monetary obligations secured by that bond have been satisfied. Therefore, AUA respectfully requests the entry of an Order releasing the *supersedeas* bond.

---

[1] New York state law governing satisfaction and execution of judgments is applicable to this dispute. See Fed R. Civ. P. 64 and 69.

[2] Given that the second arbitration panel determined that AUA had overpaid Leeward, AUA does not concede that Leeward is entitled to post-judgment interest. Nonetheless, AUA's Judgment greatly exceeds the amount of Leeward's Judgment, even assuming post-judgment interest.

**LEGAL ARGUMENT**

In opposition, Leeward argues that AUA is not entitled to an order releasing its *supersedeas* bond because AUA's appeal from Leeward's Judgment has yet to be decided. Leeward disingenuously accuses AUA of seeking to "skip over the appellate step required for the release of its *supersedeas* bond." (Leeward Opp. at 7). On the contrary, AUA is not attempting to skip over anything. AUA is simply seeking a ruling that Leeward's Judgment has been satisfied by offset, thereby releasing the *supersedeas* bond.

**I.   AUA HAS SATISFIED LEEWARD'S JUDGMENT BY SET-OFF**

AUA's *supersedeas* bond specifically states that if AUA satisfies Leeward's Judgment in full, then the bond and the surety's obligation "shall be void." (DE No. 46, at Ex. A). As AUA stated in its opening brief: "Basic math and the law of offset illustrate that AUA has fully satisfied its monetary obligations under Leeward's Judgment. The terms of the *supersedeas* bond are clear, and under these circumstances, mandate that the bond shall terminate because AUA has satisfied Leeward's Judgment." (AUA Brief at 7, DE No. 57). Generally, when a judgment debtor holds its own final, unsatisfied judgment against a judgment creditor, it may properly be set-off against the creditor's judgment. See 47 Am Jur 2d Judgments § 833. This rule promotes fairness and economy of administration by allowing a set-off where, as here, claims have been properly adjudicated and liquidated to a sum certain. Id.

On this point, the law in New York has been clear for more than 80 years, and illustrates that AUA can satisfy Leeward's Judgment by set-off:

> the satisfaction of a judgment may be wholly or partially produced by compelling the judgment creditor to accept in payment a

2

>  judgment against him in favor of the judgment debtor or, in other words, by setting off one judgment against another.

Neenan v. Woodside Astoria Transp. Co., 261 N.Y. 159, 163 (1933); see also Scianna, 205 A.D.2d at 751 (holding that a judgment in favor of the plaintiff and against the defendant in the amount of $36,115.69 satisfied, in their entirety, two previously entered judgments in favor of the defendant and against the plaintiff).

The fact that Leeward has appealed AUA's judgment does not change the analysis. Leeward has not moved to stay the judgment or provided the *supersedeas* bond required by Fed. R. Civ. P. 62 for a stay. Absent a stay or the posting of a *supersedeas* bond, the judgment is fully enforceable after the fourteen-day automatic stay granted by Rule 62(a), despite the pending appeal. See, e.g., Marcoux v. Farm Serv. & Supplies, Inc., 290 F. Supp. 2d 457, 485 (S.D.N.Y. 2003). A judgment that can be enforced by execution, like AUA's judgment here, can also be enforced by set-off.

Moreover, set-off is especially appropriate here because Leeward is insolvent. See 47 Am Jur 2d Judgments § 834 ("Setoff is often allowed where an insolvent party who has obtained a judgment also has a counterjudgment against him or her; courts reason that it would be inequitable to allow an insolvent judgment creditor to collect on his or her award without paying the counterjudgment.") (collecting cases).

Applying the law of set-off to these facts, because AUA's fully enforceable judgment is in an amount far greater than the amount of Leeward's Judgment, AUA has fully satisfied the monetary obligations secured by the *supersedeas* bond. That AUA is deemed to have satisfied Leeward's Judgment via set-off is not a waiver of AUA's appeal. AUA is paying Leeward's Judgment by set-off, without prejudice to AUA's appeal.

3

## II. BECAUSE AUA HAS SATISFIED ITS MONETARY OBLIGATIONS UNDER LEEWARD'S JUDGMENT, THE *SUPERSEDEAS* BOND SHOULD BE RELEASED

Leeward does not address the argument that AUA's Judgment satisfies Leeward's Judgment in its entirety, opting instead to argue that AUA cannot obtain a release of its *supersedeas* bond until AUA's appeal to the Second Circuit is decided. Simply put, Leeward is wrong. AUA's *supersedeas* bond is conditioned upon the satisfaction in full of Leeward's Judgment. The full satisfaction of Leeward's Judgment is the event that triggers the discharge of the *supersedeas* bond. It makes no difference whether full satisfaction is accomplished through a cash payment, a successful appeal, or by set-off. Cf. Goss Int'l Corp. v. Tokyo Kikai Seisakusho, Ltd., No. 00-cv-35 (LRR), 2006 WL 4757279, at *3 (N.D. Iowa Aug. 9, 2006) ("Courts release supersedeas bonds *when the bond has served its purpose* and no outstanding judgment remains.") (emphasis added).

Leeward is correct that in the typical case a *supersedeas* bond is not released until the appeal has been decided and the judgment paid in full. But that is because in the typical case *the judgment appealed from is not satisfied before the appeal is decided.* Leeward does not cite a single case—and our research has not uncovered one—where the monetary obligations secured by a *supersedeas* bond were fully satisfied and the Court declined to release the bond. (See Leeward Opp. at 8 (citing Singleton v. Guangzhou Ocean Shipping Co., 1996 U.S. Dist. LEXIS 6776 (E.D. La. 1996) (releasing *supersedeas* bond after successful appeal because defendant was "no longer liable to plaintiff"); In re Quaker City Cold Storage Co., 45 F. Supp. 570 (E.D. Pa. 1942) (holding that surety cannot use judgment debtor's bankruptcy as a reason to avoid payment on a *supersedeas* bond and reasoning that "[t]he principal risk against which such bonds are intended as a protection is insolvency. To hold that the very contingency against which they

4

guard shall, if it happen, discharge them, seems to us bad law and worse logic.")).

The governing principle and common thread connecting all of these cases is that Courts uniformly release *supersedeas* bonds once the financial obligations secured by the bond are satisfied. Conversely, as Leeward's own authority highlights, Courts decline to release *supersedeas* bonds when the judgment creditor is still in need of protection against the risk that the judgment will go unpaid. The reason for this is clear—the purpose of a *supersedeas* bond is to protect "against the risk of lack of funds to satisfy the judgment." Revlon, Inc. v. Carson Prods. Co., 647 F. Supp. 905, 905-06 (S.D.N.Y. 1986). Once that risk is no longer present, because the judgment has been satisfied, the *supersedeas* bond is deemed to have served its prophylactic purpose and there is no longer any reason for it to remain in place. See Halliburton Energy Services, Inc. v. NL Industries, 703 F. Supp. 2d 666, 670-71 (S.D. Tex. 2010) (releasing a *supersedeas* bond because monetary portion of the judgment was satisfied, not because of the undisputed fact that the appeal was decided).

Lastly, Leeward's attempt to cast doubt upon and collaterally attack Judge Cote's well-reasoned decision confirming AUA's arbitration award is a misguided effort to distract from the issues actually before the Court. Leeward's likelihood of success appeal, or lack thereof, cannot change the fact that AUA's judgment is presently fully enforceable against Leeward's assets, its only asset being its judgment against AUA. By arguing that AUA cannot satisfy Leeward's Judgment via set-off and obtain a release of its *supersedeas* bond, Leeward is effectively seeking to obtain the benefit of a stay without posting a bond.

5

## CONCLUSION

For the forgoing reasons, AUA respectfully requests that an order issue stating that Leeward's Judgment against AUA has been satisfied in its entirety by AUA's fully enforceable judgment, directing the release of AUA's *supersedeas* bond, and directing the surety thereon to remit to AUA the security that it has posted to the surety in order to induce it to issue the bond.

Respectfully submitted,

SILLS CUMMIS & GROSS P.C.

By: /s/ James Hirschhorn
     JAMES HIRSCHHORN

*Attorneys for Respondent*
*American University in Antigua College of Medicine*

Dated: New York, New York
     June 30, 2015