UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------
LEEWARD CONSTRUCTION COMPANY,
LTD.,

                    Plaintiff,

       v.

AMERICAN UNIVERSITY OF ANTIGUA –       Case No. 1:12-CV-06280-LAK/GWG
COLLEGE OF MEDICINE and MANIPAL
EDUCATION AMERICAS, LLC f/k/a GCLR,
LLC,

              Defendants

-----------------------------------------------------x

---

### AMERICAN UNIVERSITY OF ANTIGUA'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION UNDER FED. R. CIV. R. 60(b)(5) AND LOCAL CIVIL RULE 54.3 FOR AN ORDER THAT JUDGMENT HAS BEEN SATISFIED AND RELEASED

---

                         SILLS CUMMIS & GROSS P.C.
                         101 Park Avenue, 28th Floor
                         New York, New York 10178

                         LAW OFFICES OF LEONARD A.
                         SCLAFANI, ESQ.
                         One Battery Park Plaza, 33rd Floor
                         New York, New York 10004

                         *Attorneys for Defendant*
                         *American University of Antigua*
                         *College of Medicine*

**Of Counsel and On the Brief:**
    James Hirschhorn
    Gregory E. Reid
    Leonard A. Sclafani

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................1

STATEMENT OF FACTS ..............................................................................3

ARGUMENT ...............................................................................................7

I.    THIS COURT IS AUTHORIZED TO ORDER ENTRY OF SATISFACTION OF ITS JUDGMENT ..................................................7

II.   AUA HAS SATISFIED THE LEEWARD LTD. JUDGMENT BY SETOFF ..............................................................................................8

        A.    The AUA Judgment Satisfies The Leeward Judgment..............9

        B.    The Leeward Judgment Has Been Satisfied Since Leeward Wrongfully Retained AUA's Funds In 2008-09 ......11

III.  BECAUSE AUA HAS SATISFIED ITS MONETARY OBLIGATIONS UNDER THE LEEWARD JUDGMENT, THE BOND IS RELEASED ..................................................................12

IV.  LEEWARD INC.'S PURPORTED SECURITY INTEREST IN THE BOND AND THE LEEWARD LTD. JUDGMENT IS VOID AS A FRAUDULENT TRANSFER UNDER THE NEW YORK DEBTOR AND CREDITOR LAW ...............................................................15

        A.    The Purported Security Interest Is Not Supported By Fair Consideration And Was Created While Leeward Ltd. Was Both Insolvent And A Defendant ...................................15

        B.    The Security Interest Was Created With Actual Intent To Hinder, Delay and Defraud AUA Of Its Rights Under The AUA Judgment ...............................................................18

        C.    Leeward Is Entitled To Its Attorneys' Fees On This Application ..............................................................................20

V.   LEEWARD INC.'S PURPORTED SECURITY INTEREST IN THE BOND AND THE LEEWARD LTD. JUDGMENT IS INVALID AND UNENFORCEABLE UNDER THE NY-UCC ................................21

VI.  AUA IS ENTITLED TO PRELIMINARY INJUNCTIVE RELIEF RESTRAINING LEEWARD'S EFFORT TO COLLECT THE BOND .....23

CONCLUSION ...........................................................................................26

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

American University of Antigua v. Leeward Construction Company, Ltd.,
 2015 U.S. Dist. LEXIS 57579 (S.D.N.Y. May 5, 2015) .................. 6fn. 1, 10, 11

Atlanta Shipping Corp., Inc. v. Chemical Bank, 818 F.2d 240 (2d Cir. 1987) .......15

Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.,
 579 F.3d 1268 (11th Cir. 2009) ...........................................................8

Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania,
 934 F.2d 30 (2d Cir. 1991) ...............................................................23

Breeden v. Bennett (In re Bennett Funding Group, Inc.),
 220 B.R. 743 (Bankr. N.D.N.Y. 1997) ..............................................19

Brenntag Int'l Chems., Inc. v. Bank of India, 175 F.3d 245 ..................................24

Cappiello v. ICD Publ'ns, Inc., 2012 U.S. Dist. LEXIS 161729 (E.D.N.Y.
 Nov. 2, 2012), aff'd 543 Fed. Appx. 107 (2d Cir. 2013) ....................8

Centauri Shipping Ltd. v W. Bulk Carriers KS, 528 F. Supp. 2d 186
 (S.D.N.Y. 2007) ..............................................................................25

Chevron Corp. v. Donziger, 974 F. Supp. 2d 362 (S.D.N.Y. 2014)........................24

Citigroup Global Mkts, Inc. v. VCG Special Opportunities Master Fund,
 Ltd., 598 F.3d 30 (2d Cir. 2010).........................................................23

CRP/Extell Parcel I, L.P. v. Cuomo, 394 F. App'x 779 (2d Cir. 2010).................24

Feist v. Druckerman, 70 F.2d 333 (2d Cir. 1934)....................................................18

Goscienski ex rel. Frier v. Larosa (In re Montclair Homes),
 200 B.R. 84 (Bankr. E.D.N.Y. 1996) ................................................15

Goss Int'l Corp. v. Tokyo Kikai Seisakusho, Ltd.,
 No. 00-cv-35 (LRR), 2006 WL 4757279 (N.D. Iowa Aug. 9, 2006)................12

Gowan v. Novator Credit Mgmt. (In re Dreier LLP), 452 B.R. 467
( Bankr. S.D.N.Y. 2011) ...................................................................20

Halliburton Energy Services, Inc. v. NL Industries, 703 F. Supp. 2d 666
(S.D. Tex. 2010)...............................................................................13

In re Flutie New York Group, 310 B.R. 31 (Bankr. S.D.N.Y. 2010).....................18

In re Nirvana Restaurant Inc., 337 B.R. 495 (Bankr. S.D.N.Y. 2006)...................18

In re Sharp Int. Corp., 403 F.3d. 43 (2d Cir. 2005) .................................................15

Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc. 596 F.2d 70 (2d Cir. 1979) .........24

King v. Tuxedo Enters., Inc., 975 F. Supp. 448 (E.D.N.Y. 1997) .........................21

Krispy Kreme Doughnut Corp. v. Satellite Donuts, LLC, 725 F. Supp. 2d
389 (S.D.N.Y. 2010).........................................................................23

Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299 (11th Cir. 2013)...........7

Micalden Invs. S.A. v. Rostropovich, 535 F. Supp. 2d 433 (S.D.N.Y. 2008) ........21

Official Committee of Unsecured Creditors v. J.P. Morgan Chase Bank (In
re M. Fabrikant & Sons, Inc.), 394 B.R. 721 (Bankr. S.D.N.Y. 2008)..............15

Philip Morris USA Inc. v. Scott, 561 U.S. 1301 (2010).........................................24

Picard v. Merkin (In re Bernard L. Madoff Inv. Sec. LLC), 440 B.R. 243
(Bankr. S.D.N.Y. 2011) ...................................................................20

Revlon, Inc. v. Carson Prods. Co., 647 F. Supp. 905 (S.D.N.Y. 1986) .................13

Salomon v. Kaiser (In re Kaiser), 722 F.2d 1574 (2d Cir. 1983)...........................18

Singleton v. Guangzhou Ocean Shipping Co., 1996 U.S. Dist. LEXIS 6776
(E.D. La. 1996) .................................................................................13

Sklaroff v. Rosenberg, 125 F.Supp.2d 67 (S.D.N.Y. 2000)...................................17

Torres-Troche v. Municipality of Yauco, 873 F.2d 499 (1st Cir. 1989)..................8

WestLB AG v. BAC Fla. Bank, 2012 U.S. Dist. LEXIS 108594
(S.D.N.Y. Aug. 2, 2012) ...................................................................25

STATE CASES

124 Ferry Street Realty Corp. v. Lefkowitz, 86 A.D.2d 928 (3rd Dept. 1982).......12

Julien J. Studley, Inc. v. Lefrak, 66 A.D.2d 208 (2nd Dept. 1979)........................16

Lack v. Kreiner, 91 A.D.2d 813 (3rd Dept. 1982)...................................................16

Lashua v. LaDuke, 272 A.D.2d 750, 707 N.Y.S.2d 542 (3d Dep't 2000) ..............21

McMahon v. Levitt, 47 A.D.2d 976 (3rd Dept. 1975)..............................................12

Neenan v. Woodside Astoria Transp. Co., 261 N.Y. 159 (1933).............................9

Scianna v. Scianna, 205 A.D.2d 750 (2nd Dept. 1994)............................................9

STATE STATUTES

CPLR § 5222.................................................................................................................4

DCL § 271...................................................................................................................18

DCL § 272...................................................................................................15, 20, 26

DCL § 273...................................................................................................................17

DCL § 273-a...........................................................................................................16, 17

DCL § 276...................................................................................................................18

DCL § 276-a...........................................................................................................20, 26

NYUCC § 9-203(b)(1)-(3)....................................................................................2, 6, 21

RULES

Local Civil Rule 54.3 ...................................................................................1, 7, 14

Fed. R. Civ. P. 60(b)(5).........................................................................................1, 7, 8, 14

OTHER AUTHORITIES

47 Am Jur 2d Judgments § 834................................................................................9

47 Am Jur 2d Judgments § 833................................................................................9

## PRELIMINARY STATEMENT

This is an application under Fed. R. Civ. P. 60(b)(5) and Local Civil Rule 54.3(d) for an order declaring that the Corrected and Amended Final Judgment in this action dated June 11, 2013, is satisfied, releasing the *supersedeas* bond entered to secure satisfaction of that judgment pending appeal, restraining Leeward Construction Co. Ltd. from any effort to collect that bond, and declaring that a purported security interest in the bond granted by Leeward Ltd. to an affiliated corporation is void as a fraudulent transfer.

Last Friday, June 24, 2016, after years of litigation, the Second Circuit Court of Appeals seemingly had the final and definitive word resolving a series of disputes between Defendant American University of Antigua College of Medicine ("AUA") and Plaintiff Leeward Construction Company, Ltd. ("Leeward Ltd."). AUA and Leeward Ltd. have participated in two arbitrations arising out of a contract for Leeward Ltd. to construct AUA's medical school complex in Antigua. Leeward Ltd. obtained an award in the first arbitration (the "Leeward Judgment"), and AUA obtained an award in the second arbitration (the "AUA Judgment"). Both arbitration awards were confirmed by this Court, and on June 24 the Second Circuit affirmed both judgments of confirmation. The AUA Judgment is larger than the Leeward Judgment, even if post-judgment interest is taken into account. As a matter of law, it offsets and satisfies the Leeward Judgment. Even before the

entry of the AUA Judgment, the Leeward Judgment was offset by the fact that Leeward had wrongfully had the use of AUA's funds for four years before the Leeward Judgment was entered.  Leeward Ltd. is therefore obliged to execute a satisfaction and release the *supersedeas* bond.

Leeward Ltd. has refused to do so.  Instead, its counsel has demanded that the surety pay the bond to an affiliated corporation, Leeward Construction Co., Inc. ("Leeward Inc."), pursuant to a purported security interest in the bond that was recorded while the appeals of the two judgments were pending.  This purported security interest created by Leeward Ltd. to benefit is affiliate Leeward Inc. after final judgment had been entered against Leeward Ltd. is not supported by consideration and was created with actual intent to hinder, delay and defraud AUA. It is void as a fraudulent transfer and invalid under the New York Uniform Commercial Code.

Accordingly, this Court should order that the Corrected and Amended Final Judgment in this action has been satisfied by the offsetting judgment in AUA's favor in <u>American University of Antigua v. Leeward Construction Company, Ltd</u>. ("AUA Action"), Civil Action No. 14-cv-8410(DLC), discharge the *supersedeas* bond, and restrain Leeward Ltd. or persons acting in concert with it from attempting to obtain payment from the surety on the bond.

## STATEMENT OF FACTS

This motion involves two offsetting arbitration awards that arose out of the contract between Leeward Ltd. and AUA to build a medical school campus for AUA in Antigua.  This case involved a dispute over the amount of payment due Leeward Ltd. for services under the construction contract.  The arbitration confirmed in the AUA Action involved Leeward Ltd.'s wrongful collection from AUA of $1,338,712 purportedly due as Antigua and Barbuda Sales Tax ("ABST") which was not due, was never paid to the Antiguan government by Leeward, and was wrongfully retained by Leeward for its own use.  <u>American University of Antigua v. Leeward Construction Company, Ltd.</u>, 2015 U.S. Dist. LEXIS 57579 (S.D.N.Y. May 5, 2015) at *2-*4.

In this action the Court confirmed Leeward's Award and directed the Clerk to enter judgment in the amount of $966,026.79, plus 7% interest per annum.  (Dkt. # 37). On August 16, 2013, this Court entered a Stipulation and Consent Order staying enforcement of the Leeward Ltd. Judgment pending appeal and approving AUA's *supersedeas* bond in the amount of $1,073,000 ("the Bond") to cover the amount of the Leeward Ltd. Judgment. (Declaration of Leonard Sclafani, dated July 1, 2016 ("Sclafani Dec.") ¶ 22-23; Dkt. # 46).

On May 1, 2015, Judge Cote confirmed AUA's Award and directed the Clerk of Court to enter judgment in the amount of $1,338,712. See <u>American</u>

University of Antigua College of Medicine v. Leeward Construction Company, Ltd., 14-cv-8410 (DLC), DKT. # 51.  On May 5, 2015, the Clerk entered judgment in the amount of $1,338,712 (the "AUA Judgment"). (Dkt. # 52).  Leeward Ltd. did not post a *supersedeas* bond staying enforcement of the AUA Judgment.  On January 7, 2016, AUA served on the surety, SureTec Insurance Co. ("SureTec"), a Restraining Notice under CPLR § 5222 declaring that the proceeds of the Bond are due to AUA in satisfaction of the AUA Judgment and restraining SureTec from making any payment on the bond to Leeward Ltd.  (Sclafani Dec. ¶ 35, Ex. H).

 Both AUA and Leeward Ltd. appealed their adverse decisions, and the Second Circuit heard both appeals on January 6, 2016.  On June 24, 2016, the Second Circuit affirmed both judgments.  Leeward Construction Co., Ltd. v. American University of Antigua, No. 13-1708-cv and American University of Antigua v. Leeward Construction Co., Ltd., No 15-1595-cv. (Sclafani Dec. Exhs. F and G).

 The AUA Judgment, even without interest, is greater in amount than the Leeward Ltd. Judgment *with interest*.  (Sclafani Dec. ¶ 31).  The liability of Leeward Ltd. to AUA under the Leeward Ltd. Judgment more than fully offsets any liability of AUA to Leeward Ltd. under the Leeward Ltd. Judgment, and thereby satisfies the Leeward Ltd. Judgment in full.  Thus, the Bond issued by

SureTec to secure payment by AUA on the Leeward Ltd. Judgment has been satisfied by setoff and should be discharged in accord with its terms.

On the same day the Second Circuit issued its decisions, June 24, 2016, counsel for AUA wrote to SureTec's registered agent, with a copy to counsel for Leeward Ltd., informing SureTec of the decisions of the Court of Appeals and reiterating that the Restraining Notice AUA filed upon SureTec's registered agent on January 7, 2016 remains in force.  (Sclafani Dec. ¶ 36, Ex. I).  The Restraining Notice identifies the interest of Leeward Ltd. in the Bond.  It prohibits SureTec from making any disposition of the Bond or its proceeds except to the Sheriff of New York County or the United States Marshal for the Southern District of New York until the earlier of the expiration of one year or until the AUA Judgment is satisfied.

On June 24, 2016 and June 27, 2016, Leonard A. Sclafani, AUA General Counsel, attempted to contact Lewis Greer, counsel for Leeward Ltd., by telephone, in order to discuss the final resolution of the two underlying arbitrations by the setoff of the AUA Judgment against the Leeward Ltd. Judgment.  (Sclafani Dec. ¶ 37).  Mr. Greer's office stated that he was not available.  Id.

On June 27, 2016, Mr. Greer served on SureTec and on its registered agent, a demand that SureTec pay the Bond to Leeward **Inc**.—Leeward Ltd.'s corporate affiliate – on the ground of a purported security interest in the Leeward Ltd.

Judgment and the Bond held by Leeward Inc. (Sclafani Dec. ¶ 38, Ex. J).  Attached to the foregoing demand letter was a copy of a purported UCC Financing Statement filed with the New York Secretary of State at 1:40 p.m. on February 11, 2016.  (Sclafani Dec. ¶ 39, Ex. K).

In other words, 9 months after AUA obtained a fully enforceable judgment evidencing Leeward Ltd.'s indebtedness to AUA in the amount of $1,338,712, Leeward Inc. purported to perfect a security interest in its empty shell of a subsidiary's only asset, its judgment against AUA.[1]  The Financing Statement makes no reference to any underlying security agreement between Leeward Ltd. and Leeward Inc. and does not indicate that any value was given for the purported security interest.

On June 29, 2016, AUA served Leeward's counsel with a demand that Leeward Ltd. execute a Satisfaction of Judgment and Release of Bond on the ground that the AUA Judgment satisfied the Leeward Judgment.  (Sclafani Dec. ¶ 40, Ex. L).  On the same day, Leeward's counsel refused on the ground that its purported security interest gave it priority over AUA's rights under the AUA Judgment.  (Sclafani Dec. ¶ 41, Ex. M).

---

[1]     Leeward, Ltd. has not transacted business since 2009 and has allowed its Antigua corporation registration to lapse.  (Sclafani Dec. ¶ 4).  Its only known asset is the Leeward Judgment.  See American University of Antigua v. Leeward Constr. Co., Ltd, 2015 U.S. Dist. LEXIS 57579 (S.D.N.Y. May 5, 2015) at *3-*4.

Leeward Inc. is using the Financing Statement in a naked attempt to render Leeward Ltd. insolvent to prevent AUA, as the judgment creditor on the AUA judgment, from using the AUA Judgment to satisfy the Leeward Judgment and discharge the Bond.  Both Leeward entities are dominated and controlled by Eric Linde, who is attempting to use the corporate identities of Leeward Inc. and Leeward Ltd. to orchestrate a fraud whereby he walks away with a $1 million windfall despite the fact that the Court of Appeals affirmed that Mr. Linde's company owes AUA $1,338,712 in restitution of money wrongfully collected and retained.

## **ARGUMENT**

## I.   **THIS COURT IS AUTHORIZED TO ORDER ENTRY OF SATISFACTION OF ITS JUDGMENT**

Federal Rule of Civil Procedure 60(b)(5) provides that:

> On motion, and on just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons: . . .

> (5) the judgment has been satisfied, released or discharged; . . .

In turn, Local Civil Rule 54.3 provides:

> Satisfaction of a money judgmen entered or registered in this district shall be entered by the Clerk as follows: . . .

> (d) Pursuant to an order of satisfaction entered by the Court;

Under these rules, the Court is authorized to determine whether a tender of payment has satisfied a judgment.  See Lamonica v. Safe Hurricane Shutters, Inc.,

711 F.3d 1299, 1318 (11th Cir. 2013); <u>Cappiello v. ICD Publ'ns, Inc.</u>, 2012 U.S. Dist. LEXIS 161729 (E.D.N.Y. Nov. 2, 2012), <u>aff'd</u> 543 Fed. Appx. 107 (2d Cir. 2013).   Rule 60(b)(5) "should not be interpreted so strictly that it forecloses a litigant from alerting a court to the prior satisfaction of a final judgment." <u>Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.</u>, 579 F.3d 1268, 1273 n. 6 (11th Cir. 2009).   In particular, the rule may be used to credit one judgment in full or partial satisfaction of another.   <u>Torres-Troche v. Municipality of Yauco</u>, 873 F.2d 499, 5091 n. 7 (1st Cir. 1989).   This Court therefore has authority under Rule 60(b)(5) to determine that the AUA Judgment satisfies the Leeward Judgment entered in this case.

## II.   AUA HAS SATISFIED THE LEEWARD LTD. JUDGMENT BY SETOFF

AUA's *supersedeas* bond specifically states that if AUA satisfies the Leeward Judgment in full, then the bond and the surety's obligation "shall be void." The condition of the Bond is that AUA:

> . . . shall satisfy judgment herein in full, if for any reason the appeal  is dismissed or if the judgment is affirmed, and shall satisfy in full such modification of the judgment and such costs as the Appellate Court may adjudge and award, then this obligation shall be void, otherwise the same shall be and remain in full force and virtue.

(Sclafani Dec. ¶ 22, Ex. D).   Simple arithmetic and the law of setoff demonstrate that AUA has fully satisfied its monetary obligations under the Leeward Judgment.

The terms of the Bond are clear, and under these circumstances, mandate that the bond shall terminate because AUA has satisfied the Leeward Judgment.

### A.    The AUA Judgment Satisfies The Leeward Judgment

Generally, when a judgment debtor holds its own final, unsatisfied judgment against a judgment creditor, it may properly be set off against the creditor's judgment. See 47 Am Jur 2d Judgments § 833. This rule promotes fairness and economy of administration by allowing a setoff where, as here, claims have been properly adjudicated and liquidated to a sum certain. Id.

On this point, the law in New York has been clear for more than 80 years, and establishes that AUA can satisfy Leeward Ltd.'s Judgment by setoff:

> the satisfaction of a judgment may be wholly or partially produced by compelling the judgment creditor to accept in payment a judgment against him in favor of the judgment debtor or, in other words, by setting off one judgment against another.

Neenan v. Woodside Astoria Transp. Co., 261 N.Y. 159, 163 (1933); see also Scianna v. Scianna, 205 A.D.2d 750 (2nd Dept. 1994) (holding that a judgment in favor of the plaintiff and against the defendant in the amount of $36,115.69 satisfied, in their entirety, two previously entered judgments in favor of the defendant and against the plaintiff).

Moreover, setoff is especially appropriate here because Leeward Ltd. is insolvent.  See 47 Am Jur 2d Judgments § 834 ("Setoff is often allowed where an

insolvent party who has obtained a judgment also has a counterjudgment against him or her; courts reason that it would be inequitable to allow an insolvent judgment creditor to collect on his or her award without paying the counterjudgment.") (collecting cases).

This Court has already assumed that the AUA Judgment offsets the Leeward Judgment.  In <u>American University of Antigua v. Leeward Constr. Co., Ltd.</u>, 2015 U.S. Dist. LEXIS 57579 (S.D.N.Y. May 5, 2015), AUA moved to attach Leeward's claim to the Bond as security for payment of the AUA Judgment on the ground that Leeward, Ltd. was insolvent.  Upon entering the AUA Judgment, the Court denied the motion for attachment as moot.  <u>Id.</u> at *20.  The only basis on which the AUA Judgment rendered the motion for attachment moot was that it offset the pre-existing Leeward Judgment.

Leeward Ltd. has likewise conceded that the AUA Judgment offsets the Leeward Judgment.  Paragraph 6 of the 2013 Stay Agreement between Leeward Ltd. and AUA provides that if AUA obtains a final judgment confirming an arbitration award greater than the Leeward Judgment, the Leeward Judgment will be deemed satisfied and Leeward will file a Satisfaction of Judgment.  (Sclafani Dec. ¶¶ 14-15).  Those conditions have come to pass but Leeward has not complied with the Stay Agreement.

10

The AUA Judgment is for $1,338,712.  (Sclafani Dec. Ex. E).   Even if interest were credited on the Leeward Judgment at 7% simple interest per year, the sum due is only $1,187,239.17.  (Sclafani Dec. ¶ 31).   Applying the law of setoff to these facts, because the AUA Judgment is in an amount far greater than the amount of the Leeward Ltd. Judgment, AUA has fully satisfied the monetary obligations secured by the *supersedeas* Bond.

### B.   The Leeward Judgment Has Been Satisfied Since  Leeward Wrongfully Retained AUA's Funds In 2008-09

The AUA Judgment has finally determined that Leeward Ltd. had the wrongfull use of $1,338,712 of AUA's funds since 2009.  It confirmed the finding of the AUA Award that in 2008 and 2009, Leeward Ltd. had surcharged AUA 15% on all invoices, purportedly for Antigua Barbuda Sales Tax owed by Leeward.  In fact, Leeward did not owe any ABST because the construction project was located in Antigua's Free Trade and Processing Zone.  Leeward Ltd. never paid any ABST to Antigua.  Instead, it kept retained the $1,338,712 for its own purposes.  At the end of 2009, Leeward Ltd. ceased doing business.  American University of Antigua v. Leeward Construction Company, Ltd., 2015 U.S. Dist. LEXIS 57579 (S.D.N.Y. May 5, 2015) at *2-*4.  This Court confirmed the arbitrators' award that Leeward Ltd. had been unjustly enriched by $1,338,712.  Id. at *7-*8, *20-*21.

Leeward Ltd. therefore had the wrongful use of $1,338,712 of AUA's funds since 2009, an amount that more than offsets the $966,026.79 that AUA was found

11

to owe Leeward under the Leeward Judgment.  A fully liquidated claim creates a setoff even before judgment is entered.  124 Ferry Street Realty Corp. v. Lefkowitz, 86 A.D.2d 928 (3rd Dept. 1982); McMahon v. Levitt, 47 A.D.2d 976 (3rd Dept. 1975). The misappropriation of AUA's funds more than satisfied the Leeward Judgment even before it was entered, and the amount of misappropriation is a liquidated sum.  Because the Leeward Judgment was satisfied at the moment of entry, no interest is due on the principal amount of the judgment.

**III.  BECAUSE AUA HAS SATISFIED ITS MONETARY OBLIGATIONS UNDER THE LEEWARD JUDGMENT, THE BOND IS RELEASED**

The Bond is conditioned upon the satisfaction in full of the Leeward Ltd. Judgment. The full satisfaction of the Leeward Ltd. Judgment is the event that triggers the discharge of the Bond.  It makes no difference whether full satisfaction is accomplished through a cash payment, a successful appeal, or by setoff. Cf. Goss Int'l Corp. v. Tokyo Kikai Seisakusho, Ltd., No. 00-cv-35 (LRR), 2006 WL 4757279, at *3 (N.D. Iowa Aug. 9, 2006) ("Courts release supersedeas bonds *when the bond has served its purpose* and no outstanding judgment remains.") (emphasis added).  It also makes no difference whether Leeward Ltd. has attempted to pledge its rights to the Bond to an affiliated corporation.  The threshold inquiry is whether AUA has satisfied the Leeward Ltd. Judgment, thereby voiding the Bond by its plain and unambigious terms.  *Only if* the Leeward Ltd. Judgment has not been

satisfied does Leeward Inc.'s purported security interest in the Bond warrant discussion.  For the reason stated above, the AUA Judgment satisfies the Leeward Judgment.

AUA's research has not uncovered a single case where the monetary obligations secured by a *supersedeas* bond were fully satisfied and the Court declined to release the bond.  See e.g., Singleton v. Guangzhou Ocean Shipping Co., 1996 U.S. Dist. LEXIS 6776 (E.D. La. 1996) (releasing *supersedeas* bond after successful appeal because defendant was "no longer liable to plaintiff").

The  common thread connecting the cases addressing whether to release a *supersedeas* bond is that Courts uniformly release *supersedeas* bonds once the financial obligations secured by the bond are satisfied.  Conversely, Courts decline to release *supersedeas* bonds when the judgment creditor is still in need of protection against the risk that the judgment will go unpaid.  The reason for this is clear—the purpose of a *supersedeas* bond is to protect "against the risk of lack of funds to satisfy the judgment." Revlon, Inc. v. Carson Prods. Co., 647 F. Supp. 905, 905-06 (S.D.N.Y. 1986).  Once that risk is no longer present, because the judgment has been satisfied, the *supersedeas* bond is deemed to have served its prophylactic purpose and there is no longer any reason for it to remain in place. See Halliburton Energy Services, Inc. v. NL Industries, 703 F. Supp. 2d 666, 670-71 (S.D. Tex. 2010) (releasing a *supersedeas* bond because monetary portion of the

13

judgment was satisfied, not because of the undisputed fact that the appeal was decided).

Finally, Leeward Inc. cannot change the terms of the Bond and obtain a payment that Leeward Ltd. is not entitled to by asserting a security interest in the Bond. The purported security interest cannot convey a greater right to payment than Leeward Ltd. has under the Bond. "In accordance with basic personal property conveyancing principles, the baseline rule is that a security interest attaches only to whatever rights a debtor may have, broad or limited as those rights may be." NY-UCC § 9-203, Official Comment 6.

Here, the Bond undeniably served its purpose. Leeward Ltd. is no longer in need of protection against the risk that the judgment will go unpaid. It is undisputed that pursuant to the Second Circuit's June 24, 2016 rulings, *Leeward Ltd. owes AUA money*. But through bad faith gamesmanship, Eric Linde is attempting to abuse the corporate form to have Leeward Inc. grab the $1,073,000 Bond and then leave AUA to attempt to collect its $1,338,712 judgment against Leeward Ltd.'s empty shell. Fortunately, Mr. Linde's fraudulent practices cannot change the plain language of the Bond or the fact that Leeward Ltd.'s Judgment has been satisfied.

For the foregoing reasons, AUA respectfully requests that the Court enter an Order pursuant to Federal Rule of Civil Procedure 60(b)(5) and Local Civil Rule

54.3 finding that the Leeward Ltd. Judgment has been satisfied and releasing the

Bond.

> ### IV.    LEEWARD INC.'S PURPORTED SECURITY INTEREST IN THE BOND AND THE LEEWARD LTD. JUDGMENT IS VOID AS A FRAUDULENT TRANSFER UNDER THE NEW YORK DEBTOR AND CREDITOR LAW

Even if Leeward Inc. complied with the requirements of NY-UCC § 9-203

to create a valid security interest in the Bond —which it did not—such an interest

would be void as a fraudulent transfer under multiple provisions of the New York

Debtor and Creditor Law.

> ### A.    The Purported Security Interest Is Not Supported By Fair Consideration And Was Created While Leeward Ltd. Was Both Insolvent And A Defendant

New York Debtor & Creditor Law ("DCL") § 272 defines "fair

considereation" as value given "as a fair equivalent . . . and in good faith."  An

insider or corporate affiliate does not act in good faith, and hence does not give

"fair consideration" for a conveyance, even if there is an antecedent debt, when the

effect is to prefer insider creditors.  See In re Sharp Int. Corp., 403 F.3d 43, 54-55

(2d Cir. 2005); Atlanta Shipping Corp., Inc. v. Chemical Bank, 818 F.2d 240, 248-

49 (2d Cir. 1987); Official Committee of Unsecured Creditors v. J.P. Morgan

Chase Bank (In re M. Fabrikant & Sons, Inc.), 394 B.R. 721, 735 n. 14 (Bankr.

S.D.N.Y. 2008) ("Insider preferences by an insolvent transferor, even when made

to satisfy valid debts, lack good faith").  Goscienski ex rel. Frier v. Larosa (In re

15

<u>Montclair Homes</u>), 200 B.R. 84, 97 (Bankr. E.D.N.Y. 1996) (transfer to corporation wholly owned by insider lacked good faith); <u>Lack v. Kreiner</u>, 91 A.D.2d 813 (3rd Dept. 1982) (transfer to controlling shareholder while insolvent fraudulent).  "The manipulation of corporate assets by the respondents in the face of the petitioner's rights by preferring the interests of those in control of the corporation reflects bad faith and deprives the respondents of the status of transferees for fair consideration."  <u>Julien J. Studley, Inc. v. Lefrak</u>, 66 A.D.2d 208, 215 (2nd Dept. 1979) (rejecting the transferee's argument that the transfer was in good faith because it had provided all of the transferor's capital by intercorporate loans).

Even if Leeward Inc. were to conjure up an intercorporate debt owed by Leeward Ltd., that debt would not constitute fair consideration for the purported security interest because its result would be to make the claim of insider Leeward Inc. superior to the claim of third party creditor AUA.  Whether intercorporate contributions of capital were made in the form of equity or of nominal loans, the decisions hold, their recovery is subordinate to the rights of a third party judgment creditor.

Without fair consideration, the purported security interest violates DCL § 273-a, which provides:

> every conveyance made without fair consideration when
> the person making it is a defendant in an action for

money damages or a judgment in such an action has been
docketed against him, is fraudulent as to the plaintiff in
that action without regard to the actual intent of the
defendant if, after final judgment for the plaintiff, the
defendant fails to satisfy the judgment.

The purpose of this statute is to provide a remedy for a creditor who has brought an action for money damages against a party who, after being named a defendant in that action, conveys assets to a third party for less than fair consideration, leaving the ultimate judgment unpaid.  See Sklaroff v. Rosenberg, 125 F.Supp.2d 67 (S.D.N.Y. 2000).

Leeward Ltd. was not only the defendant in American University of Antigua v. Leeward Construction Co., Ltd., Civil Action No. 14-cv-8410 (DLC).  An unstayed final judgment against Leeward Ltd. in that action for $1,338,712 had already been docketed on May 5, 2015, nine months before the Financing Statement was recorded with the New York Secretary of State on February 11, 2016.  The grant without fair consideration of a purported security interest to an affiliate under common control plainly violates DCL § 273-a.

It also violates DCL § 273, which prohibits transfers without fair consideration when the transferor either is or thereby will be made insolvent. There can be no dispute that Leeward Ltd. was insolvent at the time it professed to grant Leeward Inc. a security interest in the proceeds of the Bond.  It had not transacted any business since 2009 and had allowed its corporate registration to

lapse.  (Sclafani Dec. ¶ 4).  Its only known asset is its right to payment under the Leeward Judgment and the Bond, and that is several hundred thousand dollars less than its liability under the AUA Judgment.  Because the present value of its sole asset is less than its matured debt to AUA, it is insolvent.  DCL § 271.  The purported security interest only renders it more so.   A transfer by an insolvent entity is fraudulent irrespective of any actual intent.  See Feist v. Druckerman, 70 F.2d 333 (2d Cir. 1934).  When an entity has reason to believe that it will incur debts that would be beyond its ability to pay when the debts matured, and was rendered insolvent or inadequately capitalized by the transfer, such transfer is fraudulent and can be set aside.   In re Nirvana Restaurant Inc., 337 B.R. 495 (Bankr. S.D.N.Y. 2006).

> **B.    The Security Interest Was Created With Actual Intent To Hinder, Delay and Defraud AUA Of Its Rights Under The AUA Judgment**

DCL § 276 avoids every transfer made with actual intent to hinder, delay and defraud creditors.   Fraudulent intent can be inferred from circumstances, among them the lack of fair consideration, the close relation between transferor and transferee, the financial condition of the transferor, the position of the transferee as an affiliate of an insolvent corporate transferor, and the threat of litigation. See generally  Salomon v. Kaiser (In re Kaiser), 722 F.2d 1574, 1582-3 (2d Cir. 1983); In re Flutie New York Group, 310 B.R. 31, 59-60 (Bankr. S.D.N.Y.

2010); <u>Breeden v. Bennett (In re Bennett Funding Group, Inc.)</u>, 220 B.R. 743, 755-56 (Bankr. N.D.N.Y. 1997).

Leeward Ltd. and Leeward Inc. are under the common ownership and control of Eric Linde.  When the Financing Statement was filed on February 11, 2016, Eric Linde and/or his counsel were aware of the following facts:  (i) that the AUA Judgment had been entered against Leeward Ltd.; (ii) that the amount of the AUA Judgment against Leeward Ltd. exceeded the amount of the Leeward Ltd. Judgment against AUA;  (iii) that both judgments were on appeal; (iv) that if the AUA Judgment were affirmed on appeal, it would more than offset the Leeward Ltd. Judgment and would therefore satisfy the Leeward Ltd. Judgment; (v) that AUA had served the Restraining Notice on SureTec on January 7, 2016; and (vi) that the Stay Agreement provided for satisfaction of the Leeward Judgment if the larger AUA Judgment was affirmed on appeal.  Finally, Leeward's intent to hinder, delay and defraud is confirmed by its letter to the United States Marshal, received by AUA this morning, asserting that Leeward Inc.'s rights under the purported security interest are superior to AUA's Writ of Execution garnisheeing the Bond proceeds.  (Sclafani Dec. ¶ 43, Ex. N).

The inference is inescapable that they created the  purported security interest and filed the Financing Statement with the actual intent to defraud AUA by a spurious claim that Leeward Inc.'s purported security interest took priority over

AUA's right to set off the AUA Judgment, and thereby to obtain payment under the Bond.

For any and all of these reasons, the conveyance between Leeward Ltd. and Leeward Inc.—which was made without fair consideration, by an insolvent defendant in an action in which a money judgment had been docketed against it, to a corporate affiliate with common ownership and control, with actual intent to hinder, delay, or defraud AUA— should be voided as fraudulent under the New York Debtor and Creditor Law.

### C.   Leeward Is Entitled To Its Attorneys' Fees On This Application

DCL § 276-a provides that a party who prevails in a proceeding to set aside a conveyance made with actual intent to hinder, delay or defraud is entitled to reasonable attorneys fees.  See Gowan v. Novator Credit Mgmt. (In re Dreier LLP), 452 B.R. 467, 482 ( Bankr. S.D.N.Y. 2011); Picard v. Merkin (In re Bernard L. Madoff Inv. Sec. LLC), 440 B.R. 243, 261 (Bankr. S.D.N.Y. 2011).  Leeward Inc. is in privity with Leeward Ltd., and its actual intent to hinder, delay and defraud AUA in enforcing the AUA Judgment by setting off the Leeward Judgment and releasing the Bond is indisputable.  This entire proceeding has been compelled by the creation of the purported security interest with that intent, and DCL § 276-a mandates that AUA recover its attorneys fees from Leeward.

### V.    LEEWARD INC.'S PURPORTED SECURITY INTEREST IN THE BOND AND THE LEEWARD LTD. JUDGMENT IS INVALID AND UNENFORCEABLE UNDER THE NY-UCC

Leeward Inc.'s June 27, 2016 letter to SureTec demands payment under the Bond based upon a purported security interest, as reflected in a UCC Financing Statement, in money due and owing to Leeward Ltd. pursuant to the Bond. However, the mere fact that a UCC Financing Statement was filed does not prove that the debtor has actually granted a secured interest.  Under New York law, a security interest is enforceable when three requirements are met: (1) value has been given; (2) the debtor has rights in the collateral; and (3) the debtor has signed a security agreement that contains a description of the collateral.  See NY-UCC § 9-203.  Here, Leeward Inc. has failed to meet a single one of these requirements, therefore, Leeward Inc.'s purported security interest is unenforceable pursuant to New York Uniform Commercial Code § 9-203(b)(1)-(3).

First, upon information and belief, no security agreement exists giving Leeward Inc. a valid security interest in the Bond.  Without a written security agreement, Leeward Inc. cannot have an enforceable security interest in the Bond. See Lashua v. LaDuke, 272 A.D.2d 750, 752, 707 N.Y.S.2d 542 (3d Dep't 2000); accord Micalden Invs. S.A. v. Rostropovich, 535 F. Supp. 2d 433, 435 (S.D.N.Y. 2008) (this provision of New York's U.C.C. requires "some written evidence of the assignor's intent to grant the security interest"); King v. Tuxedo Enters., Inc., 975

21

F. Supp. 448, 452 (E.D.N.Y. 1997) (same).  Leeward Inc. has produced no security agreement to support the purported security interest, and the Financing Statement does not refer to one.

Second, "in accordance with basic personal property conveyancing principles, the baseline rule is that a security interest attaches only to whatever rights a debtor may have, broad or limited as those rights may be."  NY-UCC § 9-203, Official Comment 6.  As discussed above, full satisfaction of the Leeward Ltd. Judgment is the event that triggers the discharge of the Bond.  The AUA Judgment was in force, unstayed, when the purported security interest was recorded on February 11, 2016.   Because the AUA Judgment has fully satisfied the monetary obligations secured by the Bond, Leeward Ltd. is not entitled to any payment under the Bond.   Therefore, Leeward Inc. is attempting to assert a security interest in collateral that Leeward Ltd. does not have rights to.  For this reason alone, the purported security interest is unenforceable.

Third, for the reasons stated in Point IV.A., above, Leeward  Inc. has not given value for the purported security interest.  Here the intended effect of the security interest is to prefer Leeward Inc. to AUA and prevent AUA from using the AUA Judgment to satisfy the Leeward Judgment.   In this circumstance, any purported intercorporate antecedent debt should not be recognized as value.

## VI. AUA IS ENTITLED TO PRELIMINARY INJUNCTIVE RELIEF RESTRAINING LEEWARD'S EFFORT TO COLLECT THE BOND

The three part standard for a temporary restraining order or preliminary injunction is well known:  likelihood of success on the merits, irreparable injury, and a balance of hardships favoring the movant.  Krispy Kreme Doughnut Corp. v. Satellite Donuts, LLC, 725 F. Supp. 2d 389, 393 (S.D.N.Y. 2010), citing Citigroup Global Mkts, Inc. v. VCG Special Opportunities Master Fund, Ltd., 598 F.3d 30, 35 (2d Cir. 2010). Here, for the reasons stated above, AUA has demonstrated a strong likelihood of success on the merits of its claims that the AUA Judgment satisfies the Leeward Judgment and discharges the Bond, and that the purported security interest in the bond asserted by Leeward Inc. is void as a fraudulent conveyance.  The balance of hardships favors AUA; a temporary injunction will preserve the status quo, whereas to deny one risks seeing the proceeds of the Bond disappear.

"Perhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered." Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania, 934 F.2d 30, 34 (2d Cir. 1991) (citations and internal quotation marks omitted).  "As a general matter, because monetary injury can be estimated and compensated, the likelihood of such

23

injury usually does not constitute irreparable harm." <u>Brenntag Int'l Chems., Inc. v.</u> <u>Bank of India</u>, 175 F.3d 245, 249 (citing <u>Jackson Dairy, Inc. v. H.P. Hood & Sons,</u> <u>Inc.</u> 596 F.2d 70, 72 (2d Cir. 1979) (per curiam)).   However, the United States Supreme Court and the Second Circuit have acknowledged that an exception to this rule exists when the defendant is insolvent or on the brink of insolvency.  <u>See</u> <u>Philip Morris USA Inc. v. Scott</u>, 561 U.S. 1301, 1304 (2010) (Scalia, Circuit Justice) (while economic injury usually "is not considered irreparable, . . . that is because money can usually be recovered from the person to whom it is paid.  If the expenditures cannot be recouped, the resulting loss may be irreparable."); <u>CRP/Extell Parcel I, L.P. v. Cuomo</u>, 394 F. App'x 779, 781-782 (2d Cir. 2010) ("[T]he exception to the general rule is rooted in the fact that insolvency may render otherwise compensable harm irreparable because there is a substantial chance that upon final resolution of the action the parties cannot be returned to the positions they previously occupied.") (citations omitted); <u>Chevron Corp. v.</u> <u>Donziger</u>, 974 F. Supp. 2d 362, 638 n. 1808 (S.D.N.Y. 2014) ("Damages are no remedy at all if they cannot be collected, and most courts sensibly conclude that a damage judgment against an insolvent defendant is an inadequate remedy.") (internal citations and quotations omitted).

To be entitled to relief under this exception, a movant must show that the risk of insolvency is likely and imminent.  <u>Id.</u> (citations omitted).  "[M]onetary loss

may support a finding of irreparable harm in situations where the party that might ultimately be ordered to pay the monetary damages is insolvent or facing imminent bankruptcy or is in a perilous financial state." WestLB AG v. BAC Fla. Bank, 2012 U.S. Dist. LEXIS 108594, at *5 (S.D.N.Y. Aug. 2, 2012) (internal quotation marks and citation omitted); see also Centauri Shipping Ltd. v W. Bulk Carriers KS, 528 F. Supp. 2d 186, 194 (S.D.N.Y. 2007) (same).

Here, Leeward has been out of business for seven years and has no assets other than the Judgment it holds against AUA and its interest in the related *supersedeas* bond. AUA has more than carried its burden of demonstrating that Leeward is in a "perilous financial state." As this Court recognized three years ago (Sclafani Dec. ¶ 17), if the Leeward parties are allowed to use the purported security interest to collect on the bond, the proceeds will be dissipated and AUA will be irreparably injured. To make this Court's AUA Judgment have any worth as a remedy, the Court should preserve the status quo by enjoining any further effort by Leeward to collect the Bond until the merits of this application can be decided.

## <u>CONCLUSION</u>

For the forgoing reasons, AUA respectfully requests that an order issue declaring (1) that the Leeward Ltd. Judgment is satisfied, (2) that the Bond is discharged and released, (3) that Leeward Inc.'s purported security interest is void under NY-UCC 9-203, (4) that any purported security interest in the Leeward Ltd. Judgment and Bond granted to Leeward Inc. is void as a fraudulent conveyance under the New York Debtor and Creditor Law and (5) awarding attorneys' fees pursuant to DCL § 276-a.

Respectfully submitted,

SILLS CUMMIS & GROSS P.C.

By: */s/ James M.  Hirschhorn*
         JAMES M. HIRSCHHORN
*Attorneys for Defendant*
*American University in Antigua*
*College of Medicine*

Dated: New York, New York
     July 1, 2016

26