UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

LEEWARD CONSTRUCTION COMPANY,
LTD.,

                Petitioner,

      v.

AMERICAN UNIVERSITY OF ANTIGUA –
COLLEGE OF MEDICINE and MANIPAL
EDUCATION AMERICAS, LLC f/k/a GCLR,
LLC,

                Respondents.

------------------------------------------------------------x

Case No. 1:12-CV-06280-LAK/GWG
(ECF CASE)

Honorable Lewis A. Kaplan
United States District Judge

**DECLARATION OF
LEONARD SCLAFANI**

Leonard Sclafani, being duly sworn, deposes and says:

1.    I am the Senior Vice President and General Counsel of Manipal Education Americas, LLC ("MEA") and unless otherwise stated, I am fully familiar with all the facts and circumstances hereinafter set forth herein.

2.    I make this declaration in support of the application of Defendant American University of Antigua – College of Medicine ("AUA") for an order pursuant to Federal Rule of Civil Procedure 60(b)(5) and Local Civil Rule 54.3(d): (i) declaring that the judgment in favor of Leeward Construction Company, Ltd. ("Leeward, Ltd.") in this action ("Leeward Judgment") was satisfied by set off of a debt that Leeward owed, and owes, to AUA in an amount significantly in excess of the Leeward Judgment (the "Leeward Debt") and, ultimately, by an award in an international arbitration in favor of AUA and against Leeward ("AUA's Award"), and by judgment entered in this Court on May 5, 2015 in *American University of Antigua v.*

*Leeward Construction Co., Ltd.*, 14 cv 841 (DLC) (the "AUA Judgment") (each of which affirmed that, as of 2009, Leeward owed AUA the Leeward Debt), (ii) declaring that the supersedeas bond that AUA caused to be by posted by SureTec Insurance Co. ("Surety") to secure payment of the Leeward Judgment ("Bond") is discharged in accord with its terms, (iii) declaring that a purported security interest in the Leeward Judgment and the Bond that an entity known as Leeward Construction Company, Inc. (not to be confused with the plaintiff, Leeward Ltd in this action and hereinafter referred to as "Leeward Inc.") has now asserted is a void fraudulent transfer, (iv) enjoining Leeward Ltd., its officers, agents, servants, employees, attorneys and any person or entity in active concert or participation with any of them from attempting to recover the proceeds of the Bond from the Surety, and (v) awarding AUA attorneys' fees and costs pursuant to New York Debtor and Creditor Law § 276 or as otherwise provided by law.

## PARTIES

3.      Defendant - Movant American University of Antigua is a corporation organized under the laws of Antigua and Barbuda that owns and operates a University in Antigua.

4.      Plaintiff – Respondent Leeward Construction Co., Ltd. was a corporation organized under the laws of Antigua and Barbuda.  By its own admissions in the numerous proceedings leading up to this application, Leeward Ltd. has not transacted business for approximately 7 years, has no assets (except such that it claims against AUA through the Leeward Judgment), is wholly insolvent and has been so since it closed its doors for business in 2009.  Leeward Ltd. has no offices or place of business in Antigua or elsewhere, having abandoned its rented offices on All Saints Road in Antigua in 2009. To your affirmant's knowledge, Leeward Ltd's corporate registration in Antigua has long since expired.

2

5.      Leeward Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business is in Pennslyvania.

6.      Leeward, Ltd. and Leeward, Inc. are under the common ownership, domination and control of Eric Linde, a citizen of Pennsylvania.

7.      SureTec Insurance Company is a corporation organized under the laws of Texas with its principal place of business in Texas.

## THE OFFSETTING JUDGMENTS

8.      As is evident from the prior proceedings in this action and in the second case before this Court between the parties to which reference is made above, this dispute arises out of a contract between AUA and Leeward, Ltd. for the construction of the main building of AUA's campus in Coolidge, Antigua and the entry of offsetting arbitration awards and subsequent judgments entered in this Court confirming them. By decisions and orders made and entered on June 24, 2016, the United States Court of Appeals for the Second Circuit affirmed both judgments.

9.      In the first of the two international arbitrations between the parties that gave rise to the judgments involved herein, Leeward, Ltd. sought sums that it claimed were due it for delays on the project, work that it was to perform under the contract that AUA hired others to perform, among other other claims.  In June 2012, the arbitrators issued an award against AUA. (the "Leeward, Ltd. Award").  Judgment confirming the Leeward, Ltd. Award was initially entered by this Court on March 26, 2013; an amended and corrected judgment in the amount of $966,026.79 was entered on June 11, 2013. *Leeward Construction Co., Ltd. v. American University of Antigua*, Civil Action No. 12-cv-6280 (LAK), Doc. # 37 (the "Leeward Judgment").  A true copy of the Leeward Judgment is attached hereto as Exhibit A.

3

10.     As of the date that the Leeward Judgment was entered, the parties had engaged in a second arbitration in which Leeward Ltd. had claimed entitlement to approximately $30,000 US on a claim that it was owed the money as Antigua and Barbuda Sales Taxes that it asserted it had not collected from AUA during the construction project due to an invoicing error that it had learned about from counsel for AUA in the first arbitration between the parties.

11.     AUA had counterclaimed in that second arbitration seeking return of $1,338,712 US, the amount that Leeward had invoiced AUA as Antigua and Barbuda Sales Tax on AUA's construction project in 2008-2009 but that, unbeknownst to AUA until Leeward commenced its second arbitration against AUA, Leeward Ltd. and its principals had pocketed for their own use, having failed to account for or pay over to the Antigua and Barbuda taxing authorities any of those sums.

12.     The amount of AUA's counterclaims for return of the improperly invoiced and retained monies far exceeded the amount of the Leeward Judgment. However, AUA recognized that because Leeward was a defunct entity with no assets, its only hope of collecting any part of an arbitration award on its counterclaim was by way set off against the sums it might owe to Leeward Ltd arising out of the Leeward Judgment, a hope that would be dashed if it paid the Leeward Judgment before it was able to secure an award on its counterclaims in the second arbitration. Accordingly, AUA advised Leeward that it intended to petition the Court for a stay of enforcement of the Leeward Judgment pending the outcome of the second litigation upon posting of adequate security.

13.     Upon this advice, the parties entered into negotiations and, on May 8, 2013, entered into a "Stay Agreement" that provided for the stay of enforcement of the Leeward

Judgment upon AUA's posting of a bond in the sum of $1,073,000. A true copy of the Stay Agreement is attached hereto as Exhibit B.

14.     Most relevant to the within application is paragraph 6 of that agreement. It provided, essentially, that, if AUA succeeded on its counterclaim against Leeward Ltd. in the second arbitration, the award would be set off against the amount due Leeward Ltd. on the Leeward Judgment up to that amount and Leeward would provide both a satisfaction of the Leeward Judgment and a release of AUA's bond.

15.     Paragraph 6 of the Stay Agreement provides as follows:

> To the extent AUA it entitled to a net award, then sixty (60) days after the issuance of an award in the Second Arbitration, the security posted by AUA shall be released and returned to AUA and AUA's award shall be deemed partially satisfied to the extent of the Judgment/Amended Judgment, inclusive of interest, due to Leeward on the date such award is issued. In that event, the Judgment/Amended Judgment against AUA shall be deemed satisfied in full, and Leeward shall thereafter file a Satisfaction of Judgment with the United States District Court for the Southern District of New York, subject to the following: If Leeward moves to vacate or modify the award issued in the Second Arbitration within sixty (60) days of its issuance, then AUA's bond and Leeward's stay of execution on the Judgment/Amended Judgment shall remain in place during the pendency of a motion by Leeward to vacate or modify the award. If the award is vacated in full only, both AUA's bond and Leeward's stay of execution on the Judgment/Amended Judgment shall continue to remain in place until the claims in the Second Arbitration are finally resolved and confirmed. In the event AUA thereafter remains entitled to a net award, the security posted by AUA shall be released and returned to AUA within ten (10) days of any court order denying Leeward's motion to vacate or, if the award is vacated, upon issuance of any confirmed award that results from further proceedings. AUA's award shall be deemed partially satisfied to the extent of the Judgment/Amended Judgment, inclusive of interest, due to Leeward on the date such decision or award is issued. In such event, the Judgment/Amended Judgment against AUA shall be deemed satisfied in full, and Leeward shall thereafter file a Satisfaction of Judgment with the United States District Court for the Southern District of New York.

16.     AUA proceeded to obtain the required bond; however, shortly thereafter, Leeward Ltd. breached the agreement by attempting to enforce its judgment. AUA promptly moved this Court for an order enforcing the terms of the Stay Agreement.

17.     During oral argument on AUA's petition, Your Honor stated that AUA would be irreparably harmed if Leeward were permitted to execute the Leeward Judgment before resolution of the Second Arbitration.   Your Honor stated: "You [Leeward] have a writ of execution which means that you can go grab their property without notice any minute, right? . . . What you have now is court process that allows you to grab their property. . . . Are you telling me you have no intention of doing that?" To which Leeward's counsel responded, "No, I'm not telling you that, your Honor."   Judge Kaplan then continued, "So, obviously you do have an intention of doing that, or at least there's a credible threat that you do.   **In light of what has been said about the status of Leeward, and it seems to me that there is a manifest threat that if you were to do that, the property would be dissipated and that would be the end of it.   It would be irreparable.**" (DE # 48, June 28, 2013 Tr. at 12:10-12, 17-25, 13:1-2) (emphasis added).

18.     However, because the Leeward Judgment had already been rendered in this action and the case closed, the court questioned whether it had jurisdiction to stay the Leeward Judgment, indicating AUA may need to achieve that through collateral litigation.   (June 28, 2013 Tr. at 9:5-18, 19:22-20:8).

19.     Thereafter, on July 11, 2013, the parties agreed to avoid the time and expense of litigating their disputes over the Stay Agreement while the Second Arbitration was pending by entering into a Standstill Agreement.   As was the case with the Stay Agreement, Leeward's

insolvency was the driving force behind the parties' desire to enter into the Standstill Agreement. A true and correct copy of the Standstill Agreement is attached hereto as Exhibit C.

20.     Under the Standstill Agreement, AUA agreed, among other things, to withdraw its motion pending before this Court without prejudice and to convert its existing bond to a *supersedeas* bond, which would effectively stay enforcement of the Leeward Judgment pending a final disposition of AUA's appeal. (*Id.* at ¶¶ 2, 5).

21.     Leeward agreed, among other things, to cease any and all efforts to execute on the Leeward Judgment so long as the *supersedeas* bond remained in place. (*Id.* at ¶ 4).

22.     The *supersedeas* bond was issued by SureTec Insurance Co. in the amount of $1,073,000 to secure the Leeward Ltd. Judgment and interest thereon. Doc. # 45. A true copy of the Bond is attached hereto as Exhibit D. Doc. # 45. The condition of the Bond is that AUA:

> . . . shall satisfy judgment herein in full, if for any reason the appeal is dismissed or if the judgment is affirmed, and shall satisfy in full such modification of the judgment and such costs as the Appellate Court may adjudge and award, then this obligation shall be void, otherwise the same shall be and remain in full force and virtue.

23.     On August, 16, 2013, the Leeward Ltd. Judgment was stayed pending appeal. Doc. # 46.

24.     On September 18, 2013, the arbitrators in the second arbitration between the parties awarded AUA the full $1,338,712 that it had sought ("AUA Award"). The arbitrators denied Leeward's claim.

25.     By that time, AUA had also added additional counterclaims against Leeward Ltd. in that arbitration seeking damages just short of $1,000,000 for construction defects that it had

discovered in Leeward's work on AUA's construction project, which claims the arbitrators determined were neither time barred nor improperly brought in that arbitration.

26.     The Award in AUA's favor was a "Partial Final Award," rendered upon motions by each of the parties for summary judgment on parties' competing Antigua and Barbuda Sales Tax related claims.

27.     AUA's construction defects claims against Leeward Ltd. remained to be arbitrated; however, once Leeward lost on the ABST related claims, it refused to pay its share of the arbitration fees and costs; by then, in excess of $28,000. In doing so, Leeward Ltd. has frustrated AUA in its efforts to advance its construction defects claims because the arbitrators have refused to proceed with further arbitration without receipt of Leeward's payment.

28.     Judgment confirming the AUA Award was entered by this Court on May 5, 2015, in *American University of Antigua v. Leeward Construction Co., Ltd.*, Civil Action No. 14-cv-8410 (DLC), Doc. # 52 ("AUA Judgment"). A copy of the AUA Judgment is attached as <u>Exhibit E</u>.

29.     Leeward, Ltd. filed a notice of appeal from the AUA Judgment. The AUA Judgment was never stayed pending appeal.

30.     The appeals from the two judgments were heard by the United States Court of Appeals for the Second Circuit on January 6, 2016. On June 24, 2016, the Second Circuit affirmed both the Leeward Judgment and the AUA Judgment. *Leeward Construction Co., Ltd. v. American University of Antigua*, No. 13-1708-cv and *American University of Antigua v. Leeward Construction Co., Ltd.*, No 15-1595-cv. Copies of the opinions of the Court of Appeals are attached hereto as <u>Exhibits F and G</u>.

8

31.    The Leeward Judgment provides for the accrual of interest at 7% per annum. From March 23, 2013 through June 30, 2016, the amount of interest computed at 7% simple interest per annum would be $212,221.38.  If that amount were added to the principal sum of the Leeward Judgment, the total amount due would be $1,187,239.17.  That amount is less than the principal sum of the AUA Judgment, which is $1,338,712.00.

32.    In any event, no interest is due on the Leeward Judgment.  Since it invoiced and collected $1,338,712.00 from AUA in 2008 and 2009 as purported ABST and retained that money for its own use, Leeward has had the benefit of AUA's funds in excess of the amount of the Leeward Judgment, with interest and is fully satisfied thereby.

33.    For the reasons stated in the accompanying Memorandum of Law, the AUA Judgment offsets and fully satisfies the Leeward Judgment as a matter of law.  Accordingly, the condition of the Bond that the Leeward Judgment be satisfied has been complied with, and the Bond is discharged in accord with its terms.

34.    On June 27, 2016, this Court issued a Writ of Execution on AUA's behalf to enforce the AUA Judgment.

### LEEWARD'S REFUSAL TO SATISFY THE JUDGMENT

35.    While the appeals of the two judgments were pending, on January 6, 2016, AUA served upon the Surety a Restraining Notice pursuant to Federal Rule of Civil Procedure 69 and New York Civil Practice Law and Rules § 5222.  A copy of the Restraining Notice is attached hereto as Exhibit H.  The Restraining Notice identifies the interest of Leeward, Ltd. in the Bond. It prohibits SureTec from making any disposition of the Bond or its proceeds except to the Sheriff of New York County or the United States Marshal for the Southern District of New York until the earlier of the expiration of one year or until the AUA Judgment is satisfied.

36.     On June 24, 2016, counsel for AUA wrote to SureTec's registered agent, with a copy to counsel for Leeward, Ltd., informing SureTec of the decisions of the Court of Appeals and reiterating that the Restraining Notice remains in force.  A copy of that letter is attached hereto as Exhibit I.

37.     On June 24, 2016 and June 27, 2016, I attempted to contact Lewis Greer, counsel for Leeward, Ltd., by telephone, in order to discuss the final resolution of the two underlying arbitrations by the setoff of the AUA Judgment against the Leeward, Ltd. Judgment.   Mr. Greer's office stated that he was not available.

38.     On June 27, 2016, Mr. Greer served on SureTec and on its registered agent, a demand that SureTec pay the Bond to Leeward, Inc. on the ground of a purported security interest in the money due under the Leeward Judgment and the Bond held by Leeward, Inc.  A copy of that letter is attached as Exhibit J.  A copy of the letter and attachments was received by AUA's counsel by Federal Express on June 28, 2016.

39.     Attached to the foregoing demand letter was a copy of a purported UCC Financing Statement, #  201602118057249, filed with the New York Secretary of State at 1:40 p.m. on February 11, 2016.  A copy of the Financing Statement is attached hereto as Exhibit K. The Financing Statement makes no reference to any underlying security agreement between Leeward, Ltd. and Leeward, Inc.

40.     On June 29, 2016, I emailed Leeward's counsel and requested that Leeward execute an attached Satisfaction of Judgment and Release of Bond.  A copy of the email and attachments is attached hereto as Exhibit L.

41.     On June 29, 2016, counsel for Leeward responded by email that Leeward, Ltd. would not execute a Satisfaction of Judgment or Release of Bond because the purported security

interest of Leeward, Inc. in the Bond is superior to AUA's rights under the AUA Judgment. A copy of that email is attached hereto as Exhibit M.

42.     On June 30, 2016, counsel for Leeward sent a letter to the United States Marshall for the Southern District of New York attempting to execute on the Leeward Judgment and claiming that Leeward Inc.'s purported security interest in the Leeward Judgment prohibits AUA from using the AUA Judgment to offset and satisfy the Leeward Judgment. A copy of that letter is attached as Exhibit N. A copy of the letter and attachments was received by AUA's counsel by Federal Express on July 1, 2016.

43.     On information and belief, Leeward, Ltd. and Leeward, Inc. are affiliated corporations under the common ownership and control of Eric Linde. Linde caused the purported security interest to be created without fair consideration at a time when Leeward, Ltd. was both insolvent and a judgment debtor under the AUA Judgment, with the actual intent to hinder, delay and defraud AUA from using the AUA Judgment to offset and satisfy the Leeward Judgment. For the reasons stated in the accompanying Memorandum of Law, the purported security interest is void as a fraudulent transfer pursuant to New York Debtor and Creditor Law §§ 272, 273, 273-a and 276.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

LEONARD A. SCLAFANI

Dated: July 1, 2016

11