# EXHIBIT B

## STAY AGREEMENT

This Stay Agreement (the "Agreement") is made as of May 8, 2013, by and between Leeward Construction Company, Ltd., an Antiguan corporation ("Leeward") and American University of Antigua – College of Medicine, an Antiguan corporation ("AUA").

WHEREAS, Leeward and AUA conducted an arbitration before the American Arbitration Association International Center for Dispute Resolution under Case No. 50 110 T 00075 11 (the "First Arbitration");

WHEREAS, on June 22, 2012, the tribunal issued an arbitration award in the First Arbitration: (a) in favor of Leeward on certain claims it had asserted against AUA; and (b) in favor of AUA on certain counterclaims it had asserted against Leeward, which award was modified on August 8, 2012 (the "Award");

WHEREAS, the monies due and owing Leeward and AUA pursuant to the Award remain outstanding;

WHEREAS, on August 16, 2012, Leeward filed a Petition to confirm the Award in the United States District Court for the Southern District of New York in a proceeding styled entitled *Leeward Construction Company, Ltd. v. American University of Antigua – College of Medicine, et al.*, Case No. 12-CV-06280 (LAK) (the "Action");

WHEREAS, on March 28, 2013, a Judgment was entered in the Action confirming the Award (the "Judgment"), a copy of which is attached hereto as Exhibit 1;

WHEREAS, on April 24, 2013, Leeward filed a motion to amend the Judgment so as to reduce the Judgment to a money judgment in the net amount due Leeward under the Award, with interest (the "Motion to Amend"), which motion seeks the entry of a proposed Amended

1

Judgment in Leeward's favor in the net amount of $910,804.49 as of April 23, 2013, plus interest at a rate of 7% per annum until paid;

WHEREAS, a second arbitration is pending between Leeward and AUA before the American Arbitration Association International Center for Dispute Resolution under Case No. 50 110 T 00118 13 (the "Second Arbitration");

WHEREAS, Leeward has asserted a claim in the amount of US $30,672.80 (exclusive of interest) against AUA in the Second Arbitration, and AUA has asserted a counterclaim against Leeward in the amount of US $1,334,854.21 (exclusive of interest) in the Second Arbitration; and

WHEREAS, AUA and Leeward have reached an agreement that mutually serves to (a) secure payment by AUA of (i) the Judgment or any Amended Judgment that may be entered and (ii) Leeward's claim in the Second Arbitration; and (b) secure payment by Leeward of AUA's counterclaim in the Second Arbitration to the extent of the monies due Leeward under the Judgment;

NOW, THEREFORE, Leeward and AUA agree as follows:

1. Leeward shall cease any and all efforts to execute on the Judgment, or any Amended Judgment that may be entered (the "Amended Judgment"), pending the issuance of an arbitration award by the tribunal in the Second Arbitration, except that Leeward shall be permitted to file the Motion to Amend to seek entry of an Amended Judgment.

2. Within seven (7) days of execution of this Agreement, the parties shall file a Stipulation and Consent Order staying execution of the Judgment/Amended Judgment in the

form attached hereto as Exhibit 2. Notwithstanding the express intent of Leeward and AUA to seek entry of the Stipulation and Consent Order, Leeward and AUA shall be bound by the mutual obligations set forth in this Agreement regardless of whether the Court enters the Stipulation and Consent Order submitted. Leeward and AUA further agree that both shall cooperate in modifying the form of the Stipulation and Consent Order attached hereto as Exhibit 2 to the extent necessary to facilitate its entry by the Court.

3. To secure payment of the Judgment/Amended Judgment, AUA shall post security in the form of a bond issued by a surety company authorized by the laws of the State of New York to transact business and certified by the New York State Superintendent of Insurance under the provisions of Insurance Law § 1111 or who holds a certificate of authority from the Secretary of the U.S. Treasury. The bond shall be in the amount the amount of $1,073,000.00, which is presently sufficient to fully secure both the Judgment/Amended Judgment and Leeward's claim in the Second Arbitration, plus interest on such Judgment/Amended Judgment and such claim at a rate of 7% per annum through April 23, 2015. To the extent AUA is required to maintain its bond beyond April 23, 2015, AUA shall be obligated to increase the amount of its bond to cover additional interest that may accrue in no less than three (3) month increments, as and when necessary, to ensure that it remains sufficient in amount to fully secure Leeward. If an increase in the amount of the bond becomes necessary and AUA fails to increase the amount of the bond as required, AUA shall be liable for actual attorneys' fees and expenses incurred by Leeward to seek enforcement of this provision.

3

4. Upon issuance of an award by the tribunal in the Second Arbitration, the parties shall determine the net amount due to either Leeward or AUA, taking into consideration: (a) the Judgment/Amended Judgment; and (b) the award, whether in favor of Leeward or AUA, issued in the Second Arbitration.

5. To the extent Leeward is entitled to a net award, such net award, including interest, shall be paid within sixty (60) days of the issuance of the award in the Second Arbitration by AUA and/or from the security posted by AUA pursuant to Paragraph 3 of this Agreement, with the source of such payment being within AUA's sole discretion. Payment shall be to "Lewis & Greer, P.C., as attorney" and shall be in U.S. dollars, only, subject to the following:

(a) If AUA moves to vacate or modify the award issued in the Second Arbitration prior to the expiration of the sixty (60) day period, then AUA shall not be obligated to pay Leeward as set forth in this Paragraph unless and until Leeward posts security in the form of a bond issued by a surety company authorized by the laws of the State of New York to transact business and certified by the New York State Superintendent of Insurance under the provisions of Insurance Law § 1111 or who holds a certificate of authority from the Secretary of the U.S. Treasury, to secure the amount of such payment made to Leeward. Such bond shall remain in place during the pendency of AUA's motion to vacate or modify the award issued in the Second Arbitration. If the award is vacated in full only, such bond shall continue to remain in place through any further proceedings until the claims in the Second Arbitration are finally resolved and confirmed. If Leeward elects payment and posts a bond and AUA's motion to vacate or

4

modify is denied, then AUA agrees to reimburse Leeward for the costs incurred to obtain the bond.

(b.)   If AUA moves to vacate or modify the award issued by the tribunal in the Second Arbitration as provided in subparagraph (a) and Leeward does not elect to post a bond in exchange for receiving payment while AUA pursues such motion, the stay of execution on the Judgment/Amended Judgment shall remain in place, as will AUA's bond securing such Judgment/Amended Judgment, during the pendency of the AUA's motion to vacate or modify the award issued in the Second Arbitration. If the award is vacated in full only, such stay and such bond shall continue to remain in place through any further proceedings until the claims in the Second Arbitration are finally resolved and confirmed. In the event Leeward thereafter remains entitled to a net award, Leeward shall be paid the net award then due it by AUA and/or from the security provided by AUA within ten (10) days of any court order denying AUA's motion to vacate or, if the award is vacated, upon issuance of any confirmed award that results from further proceedings. Upon receipt of payment of the net award plus interest due and owing in accordance with the Paragraph, Leeward shall thereafter file a Satisfaction of Judgment with the United States District Court for the Southern District of New York. In the event AUA and/or the surety fails to make payment within the time frames set forth in this Paragraph, AUA shall be liable for actual attorneys' fees and expenses incurred to collect the Judgment/Amended Judgment that may be entered, including any enforcement action against the surety/bond.

6. To the extent AUA it entitled to a net award, then sixty (60) days after the issuance of an award in the Second Arbitration, the security posted by AUA shall be released and returned to AUA and AUA's award shall be deemed partially satisfied to the extent of the

5

Judgment/Amended Judgment, inclusive of interest, due to Leeward on the date such award is issued. In that event, the Judgment/Amended Judgment against AUA shall be deemed satisfied in full, and Leeward shall thereafter file a Satisfaction of Judgment with the United States District Court for the Southern District of New York, subject to the following: If Leeward moves to vacate or modify the award issued in the Second Arbitration within sixty (60) days of its issuance, then AUA's bond and Leeward's stay of execution on the Judgment/Amended Judgment shall remain in place during the pendency of a motion by Leeward to vacate or modify the award. If the award is vacated in full only, both AUA's bond and Leeward's stay of execution on the Judgment/Amended Judgment shall continue to remain in place until the claims in the Second Arbitration are finally resolved and confirmed. In the event AUA thereafter remains entitled to a net award, the security posted by AUA shall be released and returned to AUA within ten (10) days of any court order denying Leeward's motion to vacate or, if the award is vacated, upon issuance of any confirmed award that results from further proceedings. AUA's award shall be deemed partially satisfied to the extent of the Judgment/Amended Judgment, inclusive of interest, due to Leeward on the date such decision or award is issued. In such event, the Judgment/Amended Judgment against AUA shall be deemed satisfied in full, and Leeward shall thereafter file a Satisfaction of Judgment with the United States District Court for the Southern District of New York.

7.  In consideration of the stay of execution referenced in Paragraph 1 and 2, above, AUA agrees to waive its right to appeal the Judgment/Amended Judgment. Such waiver shall be effective upon full execution of this Agreement.

8. This Agreement constitutes the entire and complete understanding and agreement between the parties hereto concerning the matters set forth herein, and there are no understandings and agreements, oral or otherwise, that are not reflected herein. This Agreement may not be clarified, modified, changed or amended except in a writing signed by each of the parties hereto.

9. Leeward and AUA were represented by counsel and this Agreement was negotiated by counsel. Each party and counsel for each party to this Agreement have reviewed this Agreement and have participated in its drafting and, accordingly, no party shall attempt to invoke the rule of construction to the effect that ambiguities, if any, are to be resolved against the drafting party.

10. If any provision of this Agreement, or the application thereof to any person or circumstance, is invalid or unenforceable in any jurisdiction: (a) a substitute and equitable provision shall be substituted therefore in order to carry out, so far as may be valid and enforceable in such jurisdiction, the intent and purpose of the invalid or unenforceable provision; and (b) the remainder of this Agreement and the application of such provision to other persons or circumstances shall not be affected by such invalidity or unenforceability, nor shall the invalidity or unenforceability of such provisions affect the validity or enforceability of such provision, or the application thereof, in any other jurisdiction.

11. This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to the doctrine of conflicts of law. The Federal and

7

States Courts within the State of New York shall have exclusive jurisdiction over any claim arising from this Agreement, and Leeward and AUA each consent and agree to be subject to the jurisdiction of said Courts for the limited purpose of adjudicating any such disputes arising out of this Agreement. Further, the parties agree that service of any such action commenced pursuant to this paragraph of the Agreement shall be deemed effective if service is made by FedEx upon Leeward to its counsel of record: J. Scott Greer, Esq., Lewis & Greer, P.C., 510 Haight Avenue, Suite 202, Poughkeepsie, New York 12603, and to AUA to its counsel of record: Jonathan S. Jemison, Esq., Sills Cummis & Gross, P.C., 30 Rockefeller Center, New York, New York 10112.

12. This Agreement may be executed in one or more counterparts, each of which shall be an original as against the party who signed it, and all of which shall constitute one and the same instrument. Signatures may be transmitted by facsimile or email.

IN WITNESS WHEREOF, the parties have signed this Agreement as of the date first written above.

Leeward Construction Company, Ltd.,

By: _____
Its: _____

American University of Antigua — College of Medicine

By: _____
Its: _____

8