# EXHIBIT C

## STANDSTILL AGREEMENT

This Agreement (the "Standstill Agreement") is made as of July 11, 2013, by and between Leeward Construction Company, Ltd., an Antiguan corporation ("Leeward") and American University of Antigua – College of Medicine, an Antiguan corporation ("AUA").

WHEREAS, on March 28, 2013, a Judgment was entered by the United States District Court for the Southern District of New York in *Leeward Construction Company, Ltd. v. American University of Antigua – College of Medicine, et al.*, Case No. 12-CV-06280 (LAK), as amended by the Corrected Amended Judgment entered on June 11, 2013 (the "Judgment");

WHEREAS, on April 29, 2013, AUA filed a Notice of Appeal of the Judgment under 2nd Circuit Docket No.: 13-1708 (the "Appeal"), which Appeal is currently due to be perfected on or before August 30, 2013;

WHEREAS, as of May 8, 2013, AUA and Leeward entered into an agreement (the "Stay Agreement") regarding the stay of enforcement of the Judgment pending the resolution of an arbitration between Leeward and AUA before the American Arbitration Association International Center for Dispute Resolution under Case No. 50 110 T 00118 13 (the "Arbitration"), pursuant to which AUA obtained a bond fully securing the Judgment (the "Stay Bond");

WHEREAS, certain disputes arose over the enforceability of the Stay Agreement;

WHEREAS, as a result of those disputes, on June 28, 2013, AUA filed an Order to Show Cause For a Stay of Judgment Enforcement Proceedings, and the Court issued an Order staying execution of the Judgment pending resolution of AUA's application (the "Motion");

1

WHEREAS, AUA has indicated its intention to commence an action for specific performance of the Stay Agreement in the Supreme Court of New York and to seek equitable and/or injunctive relief to stay enforcement of the Judgment; and

WHEREAS, AUA and Leeward mutually agree to avoid the time and expense of litigating their disputes over the Stay Agreement and prosecuting the Appeal for at least one year while they litigate the Arbitration;

NOW, THEREFORE, Leeward and AUA agree as follows:

1. AUA and Leeward agree to delay the prosecution of the Appeal for at least one year by executing and filing a Stipulation pursuant to Local Rule 42.1 to withdraw the appeal without prejudice subject to reinstatement by August 30, 2014.

2. AUA shall replace the Stay Bond with a supersedeas bond in the same amount as the Stay Bond ($1,073,000) (the "Appeal Bond"), which bond shall remain in place pending either: (a) in the event AUA reinstates the Appeal in accordance with Local Rule 42.1, the resolution of the Appeal; or (b) in the event AUA does not reinstate the Appeal in accordance with Local Rule 42.1, the dismissal of the Appeal with prejudice and the issuance of a mandate pursuant to Fed. R. App. Pr. 41.

3. The parties shall cooperate and sign any and all such documents that may be necessary to release the current Stay Bond and/or have the Stay Bond converted to the Appeal Bond, including the Release attached hereto as Exhibit A. The parties shall also cooperate by consenting to the issuance of the stay pending appeal as provided in Paragraph 2 above upon AUA obtaining the Appeal Bond, including executing the Stipulation and Consent Order attached hereto as Exhibit B.

2

4. Leeward shall cease any and all efforts to execute on the Judgment (as amended) so long as the Appeal Bond remains in place.

5. AUA shall withdraw the Motion without prejudice.

6. Subject to the terms of Paragraph 8 herein, AUA and Leeward shall not file any further motions or actions with respect to the Stay Agreement while the time to perfect the Appeal is subject to a Court-approved delay.

7. AUA and Leeward agree to determine by no later than August 1, 2014 whether to seek a further delay to the prosecution of the Appeal, and if so, shall jointly apply to the Second Circuit for such further extension.

8. In the event such further extension is not obtained, either because both AUA and Leeward do not consent to any further extension or because the Court will not provide any such further extension, and AUA is obligated to reinstate its Appeal, upon such determination AUA and Leeward immediately shall have the right to commence any legal action or file any motion and, in connection therewith, assert any and all claims and defenses that they would otherwise have had the right to assert as of the date of this Standstill Agreement with respect to the enforcement of the Judgment and/or the Stay Agreement. This right includes, without limitation, AUA's right to seek a stay of the Judgment pending confirmation of any award issued in the Arbitration and AUA's right to commence an action for specific performance of the Stay Agreement or for any other legal or equitable relief to stay enforcement of the Judgment, including the right to seek temporary and preliminary injunctive relief pending the resolution of any such action. In such event, AUA and Leeward further expressly agree that in support of any claim or defense later asserted in any action, neither shall assert or argue that this Standstill Agreement and/or the passage of time that has occurred as a result of the Standstill Agreement

3

are relevant to any such claim or defense or any motion for temporary or preliminary injunctive relief filed in connection therewith. This prohibition includes, without limitation, any argument that AUA is not entitled to specific performance of the Stay Agreement, a stay pending entry of a confirmed award in the Arbitration, and/or a temporary or preliminary injunctive relief staying enforcement of the Judgment on the grounds that it does not have a Stay Bond in place or because of the passage of time that has occurred as a result of this Standstill Agreement.

9. Notwithstanding the foregoing, to the extent AUA seeks to compel specific performance of the Stay Agreement, any such application will condition the grant of a temporary restraining order, preliminary injunction, or other injunctive relief, on the posting of a bond in such amount and on such terms as set forth in the Stay Agreement.

10. This Agreement constitutes the entire and complete understanding and agreement between the parties hereto concerning the matters set forth herein, and there are no understandings and agreements, oral or otherwise, that are not reflected herein. This Agreement may not be clarified, modified, changed or amended except in a writing signed by each of the parties hereto.

11. Leeward and AUA were represented by counsel and this Agreement was negotiated by counsel. Each party and counsel for each party to this Agreement have reviewed this Agreement and have participated in its drafting and, accordingly, no party shall attempt to invoke the rule of construction to the effect that ambiguities, if any, are to be resolved against the drafting party.

12. If any provision of this Agreement, or the application thereof to any person or circumstance, is invalid or unenforceable in any jurisdiction: (a) a substitute and equitable provision shall be substituted therefore in order to carry out, so far as may be valid and

4

enforceable in such jurisdiction, the intent and purpose of the invalid or unenforceable provision; and (b) the remainder of this Agreement and the application of such provision to other persons or circumstances shall not be affected by such invalidity or unenforceability, nor shall the invalidity or unenforceability of such provisions affect the validity or enforceability of such provision, or the application thereof, in any other jurisdiction.

    13.    This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to the doctrine of conflicts of law. The Federal and States Courts within the State of New York shall have exclusive jurisdiction over any claim arising from this Agreement, and Leeward and AUA each consent and agree to be subject to the jurisdiction of said Courts for the limited purpose of adjudicating any such disputes arising out of this Agreement. Further, the parties agree that service of any such action commenced pursuant to this paragraph of the Agreement shall be deemed effective if service is made by FedEx upon Leeward to its counsel of record: J. Scott Greer, Esq., Lewis & Greer, P.C., 510 Haight Avenue, Suite 202, Poughkeepsie, New York 12603, and to AUA to its counsel of record: Jonathan S. Jemison, Esq., Sills Cummis & Gross, P.C., 30 Rockefeller Center, New York, New York 10112.

    14.    In the event either party breaches their obligations under this Standstill Agreement, the non-breaching party shall have the right to seek to file an action for specific performance of this Agreement and shall have the right to take any other action that would have otherwise been stayed as a result of this Agreement.

    15.    This Agreement may be executed in one or more counterparts, each of which shall be an original as against the party who signed it, and all of which shall constitute one and the same instrument. Signatures may be transmitted by facsimile or email.

IN WITNESS WHEREOF, the parties have signed this Agreement as of the date first written above.

Leeward Construction Company, Ltd.,

By: _____

Its: _DIRECTOR_____


American University of Antigua – College of Medicine

By: _____

Its: _Sr. V.P. & Gen. Counsel_

6