# EXHIBIT F

13-1708-cv

Leeward Construction Co. v. American University of Antigua

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2015

(Argued: January 7, 2016                    Decided: June 24, 2016)

Docket No. 13-1708-cv

LEEWARD CONSTRUCTION COMPANY, LTD.,

*Petitioner-Appellee*,

v.

AMERICAN UNIVERSITY OF ANTIGUA - COLLEGE OF MEDICINE,

*Respondent-Appellant*.[1]

Before: POOLER, HALL and CARNEY, *Circuit Judges*.

American University of Antigua-College of Medicine ("AUA") appeals from the March 26, 2013 memorandum opinion and the March 28, 2013 judgment of the United States District Court for the Southern District of New York (Kaplan,

---

[1] The Clerk of the Court is directed to amend the caption as above.

J.), confirming an international arbitration award entered in favor of Leeward Construction Company. On appeal, AUA principally argues that the district court erred in confirming the award because the arbitration panel failed to fulfill its obligation to produce a reasoned award. We disagree, and hold that an arbitration decision need not contain a line-by-line analysis of damages awarded to be considered a reasoned award. Rather, an arbitration award is a reasoned award when it contains a substantive discussion of the panel's rationale.

This case was heard in tandem with *American University of Antigua-College of Medicine v. Leeward Construction Co.*, No. 15-1595-cv, and we dispose of that case in a separate summary order issued concurrently with this decision.

Affirmed.

---

JAMES M. HIRSCHHORN, Sills Cummis & Gross, P.C., Newark, NJ, *for Respondent-Appellant American University of Antigua-College of Medicine.*

VERONICA A. McMILLAN, Lewis & Greer, P.C., Poughkeepsie, NY, *for Petitioner-Appellee Leeward Construction Company.*

1   POOLER, *Circuit Judge*:

2   American University of Antigua-College of Medicine ("AUA") appeals
3   from the March 26, 2013 memorandum opinion and the March 28, 2013 judgment
4   of the United States District Court for the Southern District of New York (Kaplan,
5   J.), confirming an international arbitration award entered in favor of Leeward
6   Construction Company. On appeal, AUA principally argues that the district
7   court erred in confirming the award because the arbitration panel failed to fulfill
8   its obligation to produce a reasoned award. We disagree, and hold that an
9   arbitration decision need not contain a line-by-line analysis of damages awarded
10  to be considered a reasoned award. Rather, an arbitration award is a reasoned
11  award when it contains a substantive discussion of the panel's rationale. We thus
12  affirm the district court's decision.

13  This case was heard in tandem with *American University of Antigua-College*
14  *of Medicine v. Leeward Construction Co.*, No. 15-1595-cv, and we dispose of that
15  case in a separate summary order issued concurrently with this decision.

16

17

18

3

# BACKGROUND

Leeward and AUA entered into an agreement for Leeward to build a medical school for AUA in Antigua in September 2008 (the "Agreement"). The Agreement provided in relevant part that:

> § 4.6.1 Any Claim arising out of or related to the Contract . . . shall . . . be subject to arbitration.
>
> § 4.6.2 Claims not resolved by mediation shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect. The demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association, and a copy shall be filed with the Architect. Location of any arbitration will be Antigua.

App'x at 67.

In February 2011, Leeward filed an arbitration petition to address certain disputes that arose between the parties during the construction process. Per the Agreement, the parties proceeded to arbitration. While the Agreement is silent as to what form the arbitration award was to take, at a preliminary hearing the arbitral panel decided it would issue a reasoned award. The arbitrators took testimony, both written and oral, and the parties were able to submit proposed

1  findings of fact and conclusions of law. The arbitral panel issued its initial award
2  on June 22, 2012 and a modified award on August 8, 2012.
3        In their award, the arbitrators found that the Agreement was a fixed-price
4  contract, subject to additions and deletions that would occur through formal
5  change orders. The arbitrators also found that "both parties waived" the
6  requirement to process additions and deletions through formal change orders.
7  App'x at 132. While the arbitral panel found that Leeward was "only entitled to
8  payment for work performed," it also found that "Leeward is entitled to
9  damages in the amount of EC $232,670.13$^2$ for work that was deleted from the
10 [Agreement] and then assigned to Leeward under Separate Contracts, under the
11 bad faith doctrine." App'x at 133-34. In addition, the award found that Leeward
12 was entitled to overhead and profit for work that was both deleted from the
13 Agreement's scope of work and bid out again, as well as omitted work that was
14 never performed due to changes in the project.
15       The arbitrators also awarded Leeward EC $190,201.19 for various work
16 Leeward argued it had performed that was not part of the original Agreement,
17 and that Leeward had not been paid for (the "Change Order Work"). The

---

[2] "EC" is the Eastern Caribbean dollar. As of June 23, 2016, EC $1.00 was valued at .37 U.S. dollars.

5

arbitrators stated that "[f]rom the evidence presented at trial, the panel finds that Leeward is entitled to the additional EC $190,210.19." App'x at 148.

Leeward then filed a petition to confirm the award in the Southern District of New York, and AUA cross-petitioned to modify the award. The district court granted the petition to confirm and denied the petition to modify. *Leeward Constr. Co. v. Am. Univ. of Antigua-Coll. of Med.*, 12 Civ. 6280 (LAK), 2013 WL 1245549, at *4 (S.D.N.Y. March 26, 2013). As relevant to this appeal, AUA argued that (1) the arbitrators exceeded their powers by failing to issue a reasoned award regarding the Change Order work; and (2) the arbitrators committed misconduct by awarding damages pursuant to the doctrine of bad faith because Leeward never relied on the doctrine during the hearing, depriving it of an opportunity to contest on that ground.

The district court rejected both arguments. It concluded that the award provided sufficient analysis to constitute a reasoned award. *Id.* at *2-3. The district court also found "that there is at least a 'barely colorable justification' for the award rendered and that AUA's challenge therefore fails." *Id.* at *4 (*T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010). This appeal followed.

6

# DISCUSSION

The underlying arbitration falls under the provisions of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517 ("New York Convention"), as implemented by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 201 et seq. The FAA stipulates that when a party timely seeks to confirm an award under the New York Convention, "[t]he court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207. "We review a district court's legal interpretations of the New York Convention as well as its contract interpretation de novo; findings of fact are reviewed for clear error." *VRG Linhas Aereas S.A. v. MatlinPatterson Global Opportunities Partners II L.P.*, 717 F.3d 322, 325 (2d Cir. 2013).

Because the arbitration also took place in Puerto Rico, a territory of the United States, any defenses available under the FAA's domestic provisions are also available. *See Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012). The FAA provides that an arbitration award may be vacated if: (1) the award was procured by corruption, fraud, or undue means; (2) the arbitrators exhibited "evident partiality" or "corruption"; (3) "the

1   arbitrators were guilty of misconduct" in refusing to hear evidence pertinent and

2   material to the controversy; or of any other misbehavior by which the rights of

3   any party have been prejudiced; or (4) the arbitrators exceeded their power. *See* 9

4   U.S.C. § 10(a).

5   "[A]rbitration panel determinations are generally accorded great deference

6   under the FAA." *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 19 (2d Cir. 1997).

7   The party challenging the award "bears the heavy burden of showing that the

8   award falls within a very narrow set of circumstances delineated by statute and

9   case law" that warrant vacatur. *Duferco Int'l Steel Trading v. T. Klaveness Shipping*

10  *A/S*, 333 F.3d 383, 388 (2d Cir. 2003). Indeed, as a general matter, a court is

11  required to enforce the arbitration award as long as there is a "barely colorable

12  justification for the outcome reached." *Banco de Seguros del Estado v. Mut. Marine*

13  *Office, Inc.*, 344 F.3d 255, 260 (2d Cir. 2003) (internal quotation marks omitted).

14  **I.   Reasoned award.**

15  As an initial matter, Leeward contends that the arbitrators were not

16  required to issue a reasoned award, as the Agreement did not call for one.

17  Instead, the arbitrators decided in the preliminary hearing order that the award

18  would be a reasoned one. We reject this argument: once the arbitrators stated in

8

the preliminary hearing order that they would provide a reasoned award and neither party objected, a reasoned award was required.

We turn next to what constitutes a "reasoned award," which is an open question in this Circuit. Generally, "[t]he arbitrator's rationale for an award need not be explained." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). Where a reasoned award is required, district courts in our Circuit have generally concluded that the award must contain "something short of findings [of fact] and conclusions [of law] but more than a simple result." *Leeward Constr.*, 2013 WL 1245549, at *3 (alterations in the original)(quoting *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 473 (5th Cir. 2012)); *see also Tully Const. Co./A.J. Pegno Const. Co. v. Canam Steel Corp.*, No. 13 Civ. 3037(PGG), 2015 WL 906128, at *14 (S.D.N.Y. March 2, 2015) (same) (quoting *Fulbrook Capital Mgmt. LLC v. Batson*, No. 14 Civ. 7564(JPO), 2015 WL 321889, at *5 (S.D.N.Y. Jan. 26, 2015); *Carmody Bldg. Corp. v. Richter & Ratner Contracting Corp.*, 08–CV–9633 (SHS), 2013 WL 4437213, at *3 (S.D.N.Y. Aug. 19, 2013) (same); *Am. Centennial Ins. Co. v. Global Int'l Reinsurance Co.*, No. 12 Civ. 1400(PKC), 2012 WL 2821936, at *8-9 (S.D.N.Y. July 9, 2012) (same).

1  The district courts agree with the Circuit courts that have considered the
2  issue. The Fifth Circuit examined what suffices as a "reasoned award" in *Rain CII*
3  *Carbon, LLC v. Conoco Phillips Co.*, 674 F.3d 469 (5th Cir. 2012). There, Conoco
4  Phillips Co. challenged the price formula under a supply agreement between
5  itself and Rain CCI Carbon, LLC. When the parties were unable to agree on a
6  new formula, Conoco submitted the dispute to arbitration. The agreement
7  between the parties called for the arbitrator to provide a "reasoned award." The
8  arbitrator requested both parties to submit draft formats for the award. The
9  arbitrator's eight-page award summarized the contentions of the parties and
10 adopted the price formula that Rain submitted but followed the draft format
11 submitted by Conoco. The award also included two paragraphs from Conoco's
12 draft format. Rain challenged the inclusion of these two paragraphs, and the
13 arbitrator deleted the two Conoco paragraphs as clerical errors. Conoco sought to
14 vacate the award, claiming that the arbitrator exceeded his powers by failing to
15 select only one proposal from the arbitration submissions and by failing to
16 render a "reasoned award."

17 The Fifth Circuit rejected Conoco's arguments. The Fifth Circuit
18 recognized that in a prior opinion, it had described a reasoned award as

10

something short of "findings and conclusions but more than a simple result." *Id.* at 473 (quoting *Sarofim v. Trust Co. of the West*, 440 F.3d 213, 215 (5th Cir. 2006).

The court concluded that:

> Given the deference employed when evaluating arbitral awards, and as all doubts implicated by an award must be resolved in favor of the arbitration, the award in this case is sufficient to withstand Conoco's request for vacatur. Conoco's argument against the award hinges on the summary nature of the arbitrator's statement that, based upon all of the evidence, he found that the initial price formula should remain in effect. Conoco ignores that the preceding paragraph thoroughly delineates Rain's contention that Conoco had failed to show that the initial formula failed to yield market price, a contention that the arbitrator obviously accepted. Conoco would have this court vacate the arbitration award merely because the arbitrator did not reiterate this reason in the following paragraph. Such a narrow approach is inconsistent with the deference owed to arbitral awards and the congressional policy favoring arbitration of commercial disputes, and is also contrary to the interest of finality.

*Id.* at 474.

The Eleventh Circuit also considered the issue of what constitutes a "reasoned award" in *Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836 (11th Cir. 2011). There, the petitioner paid $2 million for a yacht that was never delivered. The Eleventh Circuit described the dispute as a "swearing match" whose

11

resolution depended largely on credibility determinations made by the arbitrators. The parties agreed that the panel would issue a reasoned award. After the hearing, the relevant section of the award issued by the panel consisted of seven sentences setting forth its holdings. The respondents moved to vacate on the ground that the panel exceeded its authority by failing to issue a reasoned award. The Eleventh Circuit disagreed, finding that, whereas a reasoned award is an award that is "provided with or marked by the detailed listing or mention of expressions or statements offered as a justification" for the arbitrators' decision, the award met this criteria because the decision turned primarily upon credibility determinations. *Id.* at 844 (emphasis omitted). The court observed that:

> Generally, an arbitrator need not explain her decision; thus, in a typical arbitration where no specific form of award is requested, arbitrators may provide a "standard award" and simply announce a result.... At the other end of the spectrum, the Arbitration Rules allow parties to request that the arbitrators make "findings of fact and conclusions of law," a relatively exacting standard familiar to the federal courts.
>
> Logically, the varying forms of awards may be considered along a spectrum of increasingly reasoned awards, with a "standard award" requiring the least explanation and "findings of fact and conclusions of law" requiring the most.... [T]herefore, a reasoned

12

award is something short of findings and conclusions but more than a simple result.

*Id.* at 844 (citations and some internal quotation marks omitted).

We agree with our sister Circuits, and hold today that a reasoned award is something more than a line or two of unexplained conclusions, but something less than full findings of fact and conclusions of law on each issue raised before the panel. A reasoned award sets forth the basic reasoning of the arbitral panel on the central issue or issues raised before it. It need not delve into every argument made by the parties. The award here satisfies that standard: while it does not provide a detailed rationale for each and every line of damages awarded, it does set forth the relevant facts, as well as the key factual findings supporting its conclusions. The summary nature of its analytical discussion reflects only that, as the district court found, "[t]he parties had ample opportunity to contest Leeward's entitlement to compensation for change order work, and the summary nature of the discussion in the decision shows that the panel simply accepted Leeward's arguments on this particular point." *Leeward Constr.*, 2013 WL 1245549, at *3. No more is needed.

## II. Bad faith.

AUA next challenges the award on the ground that the arbitrators improperly awarded damages to Leeward under the doctrine of "bad faith." AUA contends that Leeward never presented a "bad faith" doctrine theory to the arbitrators, and thus deprived AUA of the opportunity to defend itself by arguing that bad faith damages were not available under Antiguan law, or by demonstrating that it actually acted in good faith. It also argues that the district court erred when it applied the "barely colorable justification" standard in evaluating the award, because that standard applies only to challenges based on a "manifest disregard of the law" theory.

We find no error in the district court's analysis. The district court properly applied the "barely colorable justification" standard, because the crux of AUA's argument is that the arbitrators exceeded their authority. In our Circuit, such claims are analyzed under the "barely colorable justification" standard. *See U.S. Steel & Carnegie Pension Fund v. Dickinson*, 753 F.2d 250, 252 (2d Cir. 1985) (holding that "if an arbitrator offers even a barely colorable justification for [the] decision, we will not vacate it on the basis of a claim [that] he exceeded his authority by misinterpreting the parties' contract."). The district court correctly

14

1   concluded that while "the arbitrators' reasoning regarding the deleted work

2   awarded to Leeward under separate contracts is questionable and leaves much to

3   be desired, ... there is at least a 'barely colorable justification' for the award

4   rendered and that AUA's challenge therefore fails." *Leeward Constr.*, 2013 WL

5   1245549, at *4. While Leeward did not use the term "bad faith" during the

6   arbitration, it did argue that its damages included the benefit of the profit

7   margins it had originally negotiated for the work, and that appears to be what

8   the arbitrators were referencing in awarding "bad faith" damages. We find no

9   error in the district court's conclusions.

10                            **CONCLUSION**

11       We have examined the remainder of AUA's arguments and find them to

12  be without merit. For the reasons stated above, the judgment of the district court

13  is affirmed.