# EXHIBIT I

# Sills Cummis & Gross
A Professional Corporation

101 Park Avenue
28th Floor
New York, New York 10178
Tel: (212) 643-7000
Fax (212) 643-6500

The Legal Center
One Riverfront Plaza
Newark, NJ 07102
Tel: (973) 643-7000
Fax: (973) 643-6500

James M. Hirschhorn
Member
Admitted In NJ, NY, VA
Direct Dial: 973-643-5288
Email: jhirschhorn@sillscummis.com

600 College Road East
Princeton, NJ 08540
Tel: (609) 227-4600
Fax: (609) 227-4646

June 24, 2016

By Federal Express

SureTec Insurance Co.
 c/o Arthur B. Levine Co., Inc.
370 Lexington Avenue, Suite 1101
New York, New York 10017

> Re: American University of Antigua - College of Medicine v. Leeward Construction Co., Ltd., Civil Action No. 1:14-cv-8410

Dear Sir or Madam:

Reference is made to the Restraining Notice dated January 7, 2016, in connection with the judgment in favor of American University of Antigua in the above captioned matter. For your reference, a copy of the Restraining Notice is enclosed.

This will inform you that the judgment was affirmed by the decision of the United States Court of Appeals for the Second Circuit dated June 24, 2016, a copy of which is enclosed.

American University of Antigua intends to proceed to collect the judgment by, among other means, set-off against any rights that Leeward Construction Co., Ltd. may have in the proceeds of Bond Number 3348489 and/or Bond Number 3349772 entered in the action captioned Leeward Construction Co., Ltd. v. American University of Antigua – College of Medicine, United States District Court for the Southern District of New York, Civil Action No. 12-civ 6280, which are the subject of the Restraining Notice.

# Sills Cummis & Gross
A Professional Corporation

SureTec Insurance Co.
June 24, 2016
Page 2

    Thank you for your cooperation in this matter.

                                      Very truly yours,

                                      James M. Hirschhorn

JMH:tm

Encl.

Cc:    Veronica A. McMillan, Esq. (By Federal Express)
        Leonard Sclafani, Esq.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
AMERICAN UNIVERSITY OF ANTIGUA –
COLLEGE OF MEDICINE,

                Plaintiff,

    v.

LEEWARD CONSTRUCTION COMPANY,
LTD.,

                Defendant.
------------------------------------------------------------x

Case No. 1:14-CV-08410-DLC/GWG
Honorable Denise L. Cote
United States District Judge

**RESTRAINING NOTICE TO GARNISHEE**

**TO:**

**SURETEC INSURANCE CO**
  c/o Arthur B. Levine Co., Inc.
370 Lexington Avenue
New York, New York 10017

GREETING:

    WHEREAS, in an action in the United States District Court for the Southern District of New York between AMERICAN UNIVERSITY OF ANTIGUA – COLLEGE OF MEDICINE, plaintiff and Judgment Creditor, and LEEWARD CONSTRUCTION COMPANY, LTD., defendant and Judgment Debtor; the plaintiff and defendant being all the parties to the action, a Judgment was entered on the 5th day of May, 2015, in favor of AMERICAN UNIVERSITY OF ANTIGUA – COLLEGE OF MEDICINE and against LEEWARD CONSTRUCTION COMPANY, LTD. for the sum of ONE MILLION THREE HUNDRED THIRTY-EIGHT THOUSAND SEVEN HUNDRED TWELVE DOLLARS ($1,338,712), and there is now due thereon the sum of ONE MILLION THREE HUNDRED THIRTY-EIGHT THOUSAND SEVEN HUNDRED TWELVE DOLLARS ($1,338,712), which remains unpaid; and

    WHEREAS, it is believed that you may owe a debt to the Judgment Debtor or are in possession or custody of property in which the judgment debtor may have an interest, including but not limited to the Judgment Debtor's interest in Bond Number 3348489 and/or Bond Number 3349772 entered in the action captioned Leeward Construction Co., Ltd. v. American University of Antigua – College of Medicine, United States District Court for the Southern District of New York, Civil Action No. 12-civv 6280;

    NOW TAKE NOTICE, that pursuant to Rule 69 of the Federal Rules of Civil Procedure, and pursuant to Section 5222(b) of the New York Civil Practice Law and Rules, a copy of which is set forth below, **you are hereby forbidden to make or suffer any sale, assignment, transfer or interference with any property** in which the Judgment Debtor has an

1

interest, or to pay over or otherwise dispose of any such debt except as therein provided, except upon direction of the United States Marshal for the Southern District of New York or pursuant to an order of the Court, until the judgment is satisfied or vacated.

TAKE FURTHER NOTICE that this notice also covers all property in which the Judgment Debtor has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the Judgment Debtor.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor is effective only if, at the time of service, he owes a debt to the judgment debtor or he is in the possession or custody of property in which he knows or has reason to believe the judgment debtor has an interest, or if the judgment creditor has stated in the notice that a specified debt is owed by the person served to the judgment debtor or that the judgment debtor has an interest in the specified property in the possession or custody of the person served. All property in which the judgment debtor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debtors of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him, or until the judgment is satisfied or vacated, whichever event first occurs. A judgment creditor who has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor in an amount equal to twice the amount due on the judgment, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE that disobedience of this Restraining Notice is punishable as a contempt of court.**

## NOTICE TO JUDGMENT DEBTOR OR OBLIGOR

Money or property belonging to you may have been taken or held in order to satisfy a judgment or order which has been entered against you. Read this carefully.

### YOU MAY BE ABLE TO GET YOUR MONEY BACK

State and federal laws prevent certain money or property from being taken to satisfy judgments or orders. Such money or property is said to be "exempt." The following is a partial list of money which may be exempt:

2

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans benefits;
10. Ninety percent of your wages or salary earned in the last sixty days;
11. Twenty-five hundred dollars of any bank account containing statutorily exempt payments that were deposited electronically or by direct deposit within the last forty-five days, including, but not limited to, your social security, supplemental security income, veterans benefits, public assistance, workers' compensation, unemployment insurance, public or private pensions, railroad retirement benefits, black lung benefits, or child support payments;
12. Railroad retirement; and
13. Black lung benefits.

If you think that any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment or order. If you claim that any of your money that has been taken or held is exempt, you may contact the person sending this notice.

3

Also, YOU MAY CONSULT AN ATTORNEY, INCLUDING ANY FREE LEGAL SERVICES ORGANIZATION IF YOU QUALIFY. You can also go to court without an attorney to get your money back. Bring this notice with you when you go. You are allowed to try to prove to a judge that your money is exempt from collection under New York civil practice law and rules, sections fifty-two hundred twenty-two-a, fifty-two hundred thirty-nine and fifty-two hundred forty. If you do not have a lawyer, the clerk of the court may give you forms to help you prove your account contains exempt money that the creditor cannot collect. The law (New York civil practice law and rules, article four and sections fifty-two hundred thirty-nine and fifty-two hundred forty) provides a procedure for determination of a claim to an exemption.

Dated: New York, New York
       January 7, 2016

                                        SILLS CUMMIS & GROSS P.C.
                                        Attorneys for Judgment Creditor
                                        American University of Antigua- College of
                                          Medicine

                                        By: _____
                                            James M. Hirschhorn, Esq.
                                            101 Park Avenue
                                            New York, New York 10178
                                            (212) 643-7000

4

15-1595-cv
American University of Antigua v. Leeward Construction Co.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of June, two thousand sixteen.

Present:    ROSEMARY S. POOLER,
            PETER W. HALL,
            SUSAN L. CARNEY,
                        Circuit Judges.

---

AMERICAN UNIVERSITY OF
ANTIGUA-COLLEGE OF MEDICINE,

                          *Petitioner-Appellee*,

                v.                     15-1595-cv

LEEWARD CONSTRUCTION COMPANY, LTD.,

                          *Respondent-Appellant*.

---

| | |
|---|---|
| Appearing for Appellant: | Veronica A. McMillan, Lewis & Greer, P.C., Poughkeepsie, NY. |
| Appearing for Appellee: | Leonard A. Sclafani, Senior Vice President and General Counsel of American University of Antigua (James M. Hirschhorn, Gregory E. Reid, Sills Cummis & Gross P.C., Newark, NJ, *on the brief*), New York, NY. |

Appeal from the United States District Court for the Southern District of New York (Cote, J.).

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Leeward Construction Company appeals from the May 1, 2015 opinion and order of the United States District Court for the Southern District of New York (Cote, J.) confirming an international arbitral award won against it by American University of Antigua College of Medicine ("AUA"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Leeward commenced an arbitration proceeding to recover monies it claimed were owed to it under the agreement between the parties. AUA counterclaimed, arguing that it was entitled to a refund of all Antigua and Barbuda Sales Tax ("ABST") paid to Leeward during the project, a total of $1,338,723. On September 18, 2014 an arbitration panel issued a decision granting AUA's counterclaim for ABST damages on the basis of unjust enrichment. On October 16, 2014, AUA filed a petition in the Southern District seeking to confirm the award, and Leeward cross-moved to vacate or modify the award. The district court found no ground to deny enforcement of the award, and granted the petition. *Am. Univ. of Antigua Coll. of Med. v. Leeward Constr. Co.*, No. 14cv8410 (DLC), 2015 WL 1958971 (S.D.N.Y. May 1, 2015).

Leeward argues that the arbitrators' award regarding the ABST is beyond the scope of the agreement because the arbitrators enforced Antiguan tax law rather than the agreement between the parties. This argument misses the mark. At bottom, Leeward collected from AUA monies earmarked for the specific purpose of paying the ABST, but instead of paying the ABST apparently kept the money. AUA is not seeking to enforce Antiguan law: it is seeking a refund of monies it paid under the Agreement for a specific purpose and that were never used for that purpose. As the district court aptly stated, "[t]he money may have been earmarked for ABST payments, but that does not make it an ABST payment." *Id.* at *5.

For the same reasons, Leeward's arguments regarding the timeliness of AUA's claims also fail. Even assuming arguendo that the proper procedure for receiving a rebate of the ABST tax is to file a claim with the government within three years, a rebate cannot be sought for monies never paid. Moreover, the arbitration award provided that AUA was to indemnify Leeward should the government try and collect the ABST from Leeward.

Nor did the arbitrators act in manifest disregard of the law. Manifest disregard of the law may, on limited occasions, provide the basis for vacating an arbitral award. However, "it is a doctrine of last resort—its use is limited only to those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 389 (2d Cir. 2003). "A motion to vacate filed in a federal court is not an occasion for de novo review of an arbitral award." *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004).

Instead, to prevail, a party seeking to vacate an arbitral award based on manifest disregard of the law must prove that (1) "the law that was allegedly ignored was clear," as "[a]n

arbitrator obviously cannot be said to disregard a law that is unclear or not clearly applicable;" and (2) the arbitrators erred in their application of the law, and as a result reached an incorrect outcome. *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010). Finally, it must be shown that the arbitrators were aware of the law's existence, and that the law applied to the issue before them. *Id.*

Here, Leeward argues that the arbitral panel erred by declining to apply res judicata, collateral estoppel, claim preclusion and issue preclusion. It points to the dissenting arbitrator, who argued that AUA could, and should, have raised the ABST issue during a previous litigation between the parties. The district court correctly concluded that the arbitral panel "manifestly did not 'ignore' or 'pay no attention to' these doctrines; instead, it explicitly considered and rejected applying both doctrines, and in each case had more than "barely colorable justification." *Am. Univ. of Antigua Coll. of Med.*, 2015 WL 1958971, at *6 (internal quotation marks omitted).

We have considered the remainder of Leeward's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk