# EXHIBIT L

**From:** Leonard A Sclafani [mailto:las@lasattorneys.com]
**Sent:** Wednesday, June 29, 2016 11:41 AM
**To:** J. Scott Greer
**Cc:** James Hirschhorn
**Subject:** Leeward Construction Company, Ltd v. American University of Antigua College of Medicine

Mr. Greer,

I have called you several times and sent you an email asking that you contact me to arrange for the release of AUA's supersedeas bond in light of the 2nd Circuit decision, which affirmed AUA's judgment as against Leeward Construction Company, Ltd, in an amount more than sufficient to satisfy that entity's judgment against AUA. You have not accepted any of my calls or returned them nor have you responded to my email. Instead, you have served on the surety a demand for payment of the bond over to an entity, Leeward Construction Company, Inc, who you now assert you also represent and that is owned and controlled by the principal of Leeward Construction Company, Ltd. By this email, AUA hereby demands that your client, Leeward Construction Company, Ltd. forthwith provide American University of Antigua College of Medicine with a satisfaction of Leeward's judgment in the above referenced action and a release of the bond. Attached is a Satisfaction of Judgment and a Release of Claim on Bond form for each of Leeward Construction Company, Ltd and Leewrard Construction Company, Inc. Please confirm on receipt of this email that you will have your clients provide the satisfaction and the release of claims on the bond. If I do not receive this confirmation, AUA will seek appropriate legal relief and redress.

Leonard A. Sclafani, Esq.

Law Offices of Leonard A. Sclafani, Esq.
One Battery Park Plaza, 33rd Fl.
New York, New York 10004
212-696-9880

1

# RELEASE OF CLAIM ON BOND

Leeward Construction Company, INC the Obligee on and under that undertaking bond issued by SureTec Insurance Company with bond number 3348489 in the principal amount of one million and seventy-three thousand dollars ($ 1,073,000 ), hereby forever and completely releases and waives any and all claims it could make and/or has made on that bond. This release and waiver is unconditional, and is effective independent of any related agreement or any conditions therein. As a result, the undersigned declares that said bond is exonerated in its entirety. The undersigned further agrees that a facsimile or copy of the signature on this Release shall operate with the same force and effect as the original signature.

Dated: _____, 20\_\_\_\_  Names of Obligee: Leeward Construction Company, INC

Signature Line: _____
Name of Person Signing: _____
Title of Person Signing: _____

## ACKNOWLEDGMENT

STATE OF _____ )
                            ) SS
COUNTY OF _____ )

On _____, 20\_\_\_\_ before me, _____, a Notary Public in and for said State, personally appeared _____, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the within instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _____ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary's signature

## RELEASE OF CLAIM ON BOND

Leeward Construction Company, LTD_____, the Obligee on and under that undertaking bond issued by SureTec Insurance Company_____ with bond number 3348489 in the principal amount of one million and seventy-three thousand_____ dollars ($ 1,073,000 ), hereby forever and completely releases and waives any and all claims it could make and/or has made on that bond. This release and waiver is unconditional, and is effective independent of any related agreement or any conditions therein. As a result, the undersigned declares that said bond is exonerated in its entirety. The undersigned further agrees that a facsimile or copy of the signature on this Release shall operate with the same force and effect as the original signature.

Dated: _____, 20___   Names of Obligee: Leeward Construction Company, LTD

Signature Line: _____
Name of Person Signing: _____
Title of Person Signing: _____

## ACKNOWLEDGMENT

STATE OF _____ )
                      ) SS
COUNTY OF _____ )

On _____, 20___ before me, _____, a Notary Public in and for said State, personally appeared _____, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the within instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _____ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary's signature

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LEEWARD CONSTRUCTION COMPANY, LTD.,

                Plaintiff,
   v.

AMERICAN UNIVERSITY OF ANTIGUA –
COLLEGE OF MEDICINE and MANIPAL
EDUCATION AMERICAS, LLC f/k/a GCLR, LLC,

                Defendants
-----------------------------------------------------------x

Case No. 1:12-CV-06280-LAK/GWG

SATISFACTION OF JUDGMENT

WHEREAS, on June 11, 2013, a corrected and amended judgment was against defendant American University of Antigua College of Medicine (hereinafter sometimes referred to herein as "AUA"), and in favor of plaintiff, Leeward Construction Company, Ltd (hereinafter sometimes referred to herein as "Leeward") in the above captioned action in the sum of $966,026.79 together with interest thereon at the rate of 7% per annum (hereinafter Leeward's Judgment); and,

WHEREAS, on May 5, 2015, judgment was rendered in this Court in the case of *American University of Antigua College of Medicine v. Leeward Construction Company, Ltd*, Index no 1514 cv 8410(DLC) in the amount of $ 1,338,712 in favor of AUA and against Leeward upon the decision and order of this Court of May 1, 2015 (hereinafter "AUA's Judgment"), and

WHEREAS, AUA's Judgment was based on confirmation of an international arbitration award which found that Leeward had wrongfully invoiced, collected and retained the amount of $1,338,712 from AUA in 2008 and 2009 during the

3042465 v2 Satisfaction Piece (LS Draft)

construction project that underlies these proceedings to which Leeward had no entitlement and to which AUA was, and remains, entitled to have returned to it; and,

WHEREAS, Leeward has had the wrongful use and enjoyment of $1,338,712 of AUA's funds, an amount greater than Leeward's Judgment, since 2008 and 2009, and, since then, has owed those sums to AUA as per AUA's Award and the May 1, decision and order of this Court; and,

WHEREAS, as a result of the foregoing, Leeward is not entitled to any interest on Leeward's Judgment or to the receipt of any further sums from AUA in satisfaction in whole or in part of its judgment herein, and

WHEREAS, the amount of AUA's Judgment being more than sufficient to satisfy the judgment against AUA herein, the judgment herein has been paid in full.

NOW, THEREFORE, satisfaction of the judgment herein is hereby acknowledged and the Clerk of the Court is hereby authorized to cancel and discharge the judgment.

Dated: June   , 2016

                                          Lewis & Greer, P.C.
                                          Attorneys for Plaintiff
                                          510 Haight Avenue
                                          Poughkeepsie, New York 12603

                                          By:_____

3042465 v2 Satisfaction Piece (LS Draft)